CASE NO. 20-15029

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

―――――――

CENTURY INDEMNITY COMPANY, as successor to CCI
Insurance Company as successor to Insurance Company of North
America; ALLIANZ UNDERWRITERS INSURANCE COMPANY;
CHICAGO INSURANCE COMPANY; FIREMAN'S FUND
INSURANCE COMPANY; and THE CONTINENTAL
INSURANCE COMPANY

*Appellants,*

v.

CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES
CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT

*Respondents.*

―――――――

Appeal From The United States District Court,
Eastern District of California, Case No. 2:14-cv-00595-WBS-EFB,
Hon. William B. Shubb

―――――――

## APPELLANTS' EXCERPTS OF RECORD
## VOLUME 3 OF 4

―――――――

**ER-309**

Wood, Smith, Henning & Berman LLP
THOMAS F. VANDENBURG (STATE BAR NO. 163446)
NICHOLAS M. GEDO (STATE BAR NO. 130503)
STRATTON P. CONSTANTINIDES (STATE BAR NO. 305103)
10960 WILSHIRE BLVD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024
TEL: (310) 481-7600 / FAX: (310) 481-7650

*Attorneys for Proposed Intervenors - Appellants,*
*CENTURY INDEMNITY COMPANY, ALLIANZ UNDERWRITERS INSURANCE*
*COMPANY, CHICAGO INSURANCE COMPANY, and FIREMAN'S FUND*
*INSURANCE COMPANY*

Nicolaides Fink Thorpe Michaelides Sullivan LLP
SARA M. THORPE (STATE BAR NO. 146529)
RANDALL P. BERDAN (STATE BAR NO. 199623)
101 MONTGOMERY STREET, SUITE 2300
SAN FRANCISCO, CA 94104
TEL: 415-745-3770 / FAX: 415-745-3771

*Attorneys for Proposed Intervenor - Appellants,*
*THE CONTINENTAL INSURANCE COMPANY*

Dissolved Cr(VI) was detected in groundwater samples collected from 23 of the 46 wells at concentrations ranging from 1.0 to 820 µg/l (Figure 4). The highest Cr(VI) concentrations were reported for groundwater samples collected from wells within or southeast (downgradient) of the former wood processing area, where the soil removal action was completed in November 2011. The shallow Cr(VI) plume with concentrations greater than the MCL of 10 µg/l is still present in the residential area south of A Street. Cr(VI) was detected in the groundwater sample collected from irrigation well RH-A at a concentration of 3.7 µg/l. Cr(VI) was not detected in the groundwater sample collected from irrigation well MP-2.

We prepared graphs to evaluate trends in Cr(VI) and arsenic concentrations in groundwater, since the 2011 soil removal action, to assess whether the RAOs of the soil removal action have been successfully met. We used laboratory analytical results for groundwater samples collected over the last 5 years (2011 to 2016) from wells downgradient of the former processing building to prepare the graphs. We added a trend line to each graph to depict the data trend (increasing, decreasing, or no trend) for each of the selected monitoring wells. The graphs and trend lines were plotted using Microsoft Excel and its linear trend line function that uses the method of least squares to find a line that best fits the data points. Sample concentrations reported as less than the laboratory reporting limit (i.e., non-detect), were plotted as one half of the laboratory reporting limit. The R-squared value shown on each graph is an indication of how well the trend line fits the data—the closer to 1, the better the line fits the data. The trend line can also be used to estimate future concentrations by projecting the line beyond the most recent data point using the equation presented on each graph. Monitoring wells that were evaluated, well depth, well screen information, and trend results are summarized in Table 1. The trend graphs for Cr(VI) and arsenic are in Appendix A.

Of the 28 wells identified downgradient of the 2011 soil removal action area, eight wells have no or insufficient data for both Cr(VI) and arsenic. The Cr(VI) concentration trends for 17 of the 20 other wells are weakly decreasing and for three wells are increasing. Arsenic concentration trends for 16 of the 20 wells are decreasing. The arsenic concentrations for four other wells are increasing in one well, no trend (flat) for one well, and insufficient data for an arsenic trend for two.

In general, the majority of wells (at least 80%) located downgradient from the soil removal action area show decreasing trends for both Cr(VI) and arsenic since the 2011 removal action was completed.

## 4.2    Asphaltic-Concrete Cap

The AC cap was constructed to provide a layer of impervious material that meets requirements for structural integrity and minimizes surface water infiltration (LFR, 2001). The cap was designed to meet the following objectives:

- Provide a physical barrier between surface water and the soil

- Allow for future potential site use by heavy truck traffic
- Provide positive drainage to inlet structures and piping to redirect surface runoff
- To be low-maintenance to retain cap integrity
- Allow for on-site consolidation of affected off-site soil, by grading and stabilizing the soil as a part of sub-grade design.

The AC cap in the southern portion of the site consists of a 1 1/2 –inch-thick AC overlay that was installed in 1994 (LFR, 2005) on existing pavement that was originally installed as part of a 1983 remedial action (LFR, 2001). Approximately 2,300 square yards (sq. yds.) of overlay pavement was installed in the southern portion of the site. In the northern portion of the site, the AC cap was installed in 1994 and consists of 6-inch-thick traffic area pavement and 5-inch-thick non-traffic area pavement. The total area of 6-inch-thick paving was approximately 3,500 sq. yds., and the 5-inch-thick paving totaled approximately 19,350 sq. yds. Drainage improvements were constructed around the perimeter of the Site to collect runoff from the capped areas and direct it to nearby drainage ditches located along the entire Site perimeter.

An AC cap maintenance plan was included in the O&M Agreement (DTSC, 1996). The maintenance plan included the following routine schedule:

- Inspections: detailed visual inspection of cap paving and drainage features with repairs as needed (semiannual; April/October).
- Repair of cracks and fractures: roll pavement to recompact, reseal by application of slurry (every 2 to 3 years).
- Resurface: cap to be periodically resurfaced with minimum 1.5-inch-thick overlay to ensure full pavement integrity.

Based on an evaluation of Cr(VI) concentrations in groundwater samples collected both before and after the AC cap was installed, LFR (2005) concluded that "Concentrations of Cr(VI) dropped at an increased rate following installation of the cap" and that "The cap appears to continue to be effective in preventing further impacts to groundwater." During LFR's 2005 AC cap inspection, it was noted that the cap's AC surface had been maintained in the recent past; the sealing of seams and small cracks in the surface with slurry sealant was evident.

The I/SE Order (DTSC, 2011), describes O&M requirements for the cap that are to be conducted by the "Respondents" (site owners named in the document). Based on documents reviewed for this FYR, it is apparent that the last O&M event for the AC cap was sometime before February 2005 (LFR's AC cap inspection date).

## 5.0     FIVE-YEAR REVIEW PROCESS

USEPA's *Comprehensive Five-Year Review Guidance* (USEPA, revised 2004) outlines the FYR process and the elements required. This section describes the review process and presents the data reviewed as part of this FYR for the former Wickes Forest Industries Facility.

### 5.1     Administrative Components

Deena Stanley is the DTSC Project Manager for the Site and the FYR.

This second FYR consisted of the following general tasks:

- Data and document review;
- Site inspection;
- Community notification; and
- FYR report development

### 5.2     Public Notice

A public notice that the FYR was being conducted for the Site and that a final report will be made available to the public was published in The Reporter, the local newspaper in Vacaville, California, on August 16, 2016. A copy of the public notice is in Appendix B. The notice provided a contact telephone number for Ms. Stanley and DTSC website address for interested parties seeking additional information.

### 5.3     Data and Document Review

Data and documents reviewed for this second FYR included investigation and remediation reports, monitoring data, confirmation reports, applicable soil and groundwater cleanup standards, and other reports listed in Section 11.0 (References) and referenced herein. The DTSC website EnviroStor has nearly all documents available in PDF format (DTSC, 2016).

### 5.4     Site Inspection

The site inspection was conducted on August 17, 2016. In attendance were Deena Stanley, Project Manager for DTSC; David van Over, site owner; and Dan Easter, Senior Geologist with Geocon. The purpose of the inspection was to observe site conditions to help in assessing the protectiveness of the 2011 remedy and AC cap. Weather conditions during the inspection were clear with temperatures in the low 80s (degrees Fahrenheit). Site photographs taken during the inspection are provided in Appendix C.

We walked and observed the site perimeter fence, perimeter drainage ditches, the AC cap, the former wood treatment process building and north warehouse building, and A Street and Holdener Road. Cracks in the AC cap were observed throughout the site. Cracking seemed more abundant on the outer approximately 10 feet of the AC cap where it transitions from the interior of the site to the perimeter fence. This was especially notable along the eastern site boundary where cracks were spaced approximately 6 to 12 inches apart and ranged in width from approximately ⅛ to ¾-inches (Photo No. 1). Cracks in the AC cap in the interior portions of the site were wider spaced than those in the perimeter areas ranging from a few 10s of feet to 50 feet or more (Photo No. 2 and 3). A small portion of the former process building floor space (comprised of soil backfill from the 2011 soil removal action) was being used to store tools and equipment, (Photo No. 4). The southwestern corner of the Site was observable through a cutout in the exterior wall of the old office space area of the former process building. Photo No. 5 shows abundant weeds growing against the building and through/around concrete slabs.

Weeds were abundant along the edge of the AC cap, in areas of the Site where there was no AC pavement, and where the weeds could grow in cracks in the AC cap (Photo Nos. 1, 5, 6, 14, 15, and 16). The perimeter drainage ditches, located outside of the perimeter fence line, were choked with weeds that would likely impede surface water flow from the site during rainfall events. One perimeter ditch between the southern end of the former process building and southern boundary fence was clear of weeds and obstructions (Photo No. 7).

A site interior surface drain inlet located south of the north warehouse building is shown in Photo No. 8. The drain inlet frame and grate have settled resulting in cracks between the frame and the AC cap; a coal-tar-based sealant had been applied to the cracks some time ago and additional settling had since occurred, reopening the cracks. There were weeds in the area that had been recently cut down and left behind. South of the surface drain inlet is a crack in the AC cap that is typical of the cracks in the interior portions of the site. The crack shown in Photo No. 9 is up to ¾-inches wide and at least 15 feet long.

There are two portable buildings north of the north warehouse building on non-traffic rated AC pavement (LFR, 1994). The buildings are on triple-axle trailers and measure approximately 12 feet wide by 60 feet long. Leveling screw jacks are spaced on approximately 6-foot centers on the perimeter of each building. The screw jacks are placed on an approximately 1 by 8-inch piece of wood presumably to spread the building load over a larger area and protect the AC pavement from the screw jack settling into the AC cap (Photo No. 10 and 11).

The areas outside and adjacent to the perimeter fence include drainage ditches, agricultural lands, railroad tracks, A Street, and Holdener Road. The southeastern site boundary along A Street is shown in Photo No. 12. The Site is located behind the large wall of oleander shrubs on the left side of the photo. At the base of the shrubs is a weed-covered drainage ditch that drains northeast. The eastern and

northwestern site boundaries are shown in Photo No. 13 and 14. There are shallow ditches along both of these boundaries that appear to be sloped to drain north (eastern ditch) and northeast (northwestern ditch). However, there are large amounts of weeds completely obscuring the ditches that would impede flow. Photo No. 15 and 16 provide close-up views of the drainage ditches along the eastern and northwestern site boundaries.

## 6.0    TECHNICAL ASSESSMENT

Consistent with USEPA guidance on FYRs (2001, revised 2004), this section evaluates the effectiveness of the implemented remedial action by answering the listed questions.

### Question A - Is the remedy functioning as intended by the decision document?

The 2011 soil removal action was successfully implemented and reported in the *Removal Action Completion Report* (Arcadis, 2012). As described in Section 3.0, the removal action included the removal of COC-impacted soil from within the former process facility building and nearby AST area. Based on the groundwater monitoring data reviewed as part of this FYR, the remedy continues to be protective of public health and the environment by minimizing the migration of COCs from the soil to groundwater.

The AC cap over the Site was designed to be a physical barrier between surface water and COC-impacted soil, and to provide positive drainage to surface inlet structures and piping to redirect surface water runoff. However, a lack of maintenance of the AC cap and surface drainage systems by the site owner has resulted in cracking of the asphalt and obstructed drainage systems. The cracks in the AC cap could allow surface water to penetrate the AC cap and underlying COC-impacted soil, resulting in renewed leaching and transport of COCs to shallow groundwater. The obstructed drainages can prevent positive drainage of surface water runoff from the cap potentially resulting in runoff backing up onto the AC cap and infiltrating the cracks and soil beneath, and contributing to transport of COCs to groundwater. The AC cap and surface drainage systems in their current conditions are not functioning as intended.

### Question B - Are the exposure assumptions, toxicity data, cleanup levels and RAOs used at the time of the remedy selection still valid?

The potential exposure pathways for humans to come into contact with COCs in shallow soil were inhalation, dermal absorption, and ingestion. These potential pathways were eliminated by the removal of COC-impacted soil and construction of the AC cap.  Removal of the most heavily COC-impacted soil, considered to be a potential source of groundwater contamination due to the shallow depth of groundwater at the Site, also minimized the transport of COCs to groundwater—another key removal action objective. These approaches are still considered to be valid as long as the cap is properly maintained.

**Question C - Has any information come to light that could call into question the protectiveness of the remedy?**

Yes, the current condition of the AC cap and surface water drainages calls into question the protectiveness of these components of the remedy. In their current state, the AC cap and drainages are not providing the intended barrier between surface water and COC-impacted soil, and drainage of the site is currently impeded, thereby increasing the likelihood of remobilization of COCs from soil to shallow groundwater. The inaction of the site owner with regard to the O&M of the Site has created an urgent need for sealing the cap and clearing the surface water drainages of weeds and other invasive woody shrubs. This urgency is increased with the approaching rainy season. The exposure pathways remain valid because the land use restrictions and site conditions have not changed since the AC cap was constructed and the soil removal action was implemented. The lack of maintenance of the AC cap and surface drainage systems are issues that need to be corrected as soon as possible because they are not functioning as intended.

## 7.0   ISSUES

The RAOs established for the Site in the RAW (URS, 2010) include: "*Protect existing and potential beneficial uses of groundwater to the extent technically and economically feasible by minimizing the migration of COCs to groundwater*". Objectives of the AC cap include: *Provide a physical barrier between surface water and the soil* and *Provide positive drainage to inlet structures and piping to redirect surface runoff*.

The lack of maintenance of the AC cap and surface drainage systems are issues that should be corrected as soon as possible. Cracking of the AC cap has compromised its integrity and ability to function as a barrier between surface water and the COC-impacted soil.  Abundant weed growth throughout the site perimeter, and to a lesser extent in the interior of the Site, has rendered the drainage systems dysfunctional.

## 8.0    RECOMMENDATIONS AND FOLLOW-UP ACTIONS

The AC cap must be maintained as outlined in the I/SE Order (DTSC, 2011) and O&M Agreement (DTSC, 1996). For the AC cap to be effective in preventing further impacts to groundwater, the integrity of the AC cap must be restored and the surface drainage systems and ditches cleared of weeds and obstructions to function as designed.

Groundwater monitoring and reporting should continue on a semiannual basis.

## 9.0     PROTECTIVENESS STATEMENT

The soil removal action completed in 2011 has minimized impacts to groundwater by removing high concentrations of COC-impacted soil resulting in reduced concentrations of COCs in groundwater. Trend analyses on groundwater samples collected from wells downgradient from the soil removal action show that at least 80% of the wells sampled show decreasing Cr(VI) and arsenic concentration trends over the past five years. However, the lack of maintenance of the AC cap and surface drainage systems has compromised the integrity of the cap and its ability to function as a barrier to exposure pathways critical to protecting human health. Potential exposure pathways that could result in unacceptable risks are not being controlled through O&M of the Site. Additionally, the potential is greatly increased for surface water to penetrate the AC cap and underlying COC-impacted soil, resulting in renewed leaching and transportation of COCs to shallow groundwater. Therefore, the remedial action at the Site is only protective of human health and the environment in the short-term. This determination was made based on the information received and evaluated in the performance of this FYR.

Once the AC cap cracks are mitigated in accordance with I/SE Order (DTSC, 2011) and the O&M Agreement (DTSC, 1996), surface drainages are cleared of weeds, and the AC cap is being regularly maintained, it is expected that the remedy will be protective of human health and the environment as designed.

## 10.0    NEXT FIVE-YEAR REVIEW

The next FYR for the former Wickes Forest Industries is due on November 30, 2021.

## 11.0   REFERENCES

Arcadis, 2012, *Removal Action Completion Report Former Wickes Forest Industries, 147 A Street, Elmira, CA*, April 24.

California Geological Survey, 1981, Wagner, D. L., Jennings, C.W., Bedrossian, T. L., and Bortugno, E. J., *Geologic Map of the Sacramento Quadrangle*, 1:250,000 scale.

California Department of Toxic Substances Control (DTSC), 1996, *Agreement for Operation and Maintenance of the Groundwater Extraction and Treatment System, Storm Water Control System, and the Asphalt Cap at the Former Wickes Forest Industries Facility, Elmira, California*, February 26.

DTSC, 2011, *Imminent or Substantial Endangerment Determination Order and Remedial Action Order, Docket No. I/SE 10/11 – 008*, March 16.

DTSC, 2016, EnviroStor website <http://www.envirostor.dtsc.ca.gov/public/>, accessed September.

Geocon Consultants, Inc., 2016, *First Quarter 2016 Groundwater Monitoring Report, Wickes Forest Industries, 147 A Street, Elmira, California*, June.

Levine-Fricke, 1994, *Remedial Action Plans Final Design Former Wickes Companies, Elmira, California*, May.

Levine-Fricke, 2005, *Asphalt Cap Report Condition, Maintenance, Effectiveness, and Recommendations, Former Wickes Forest Industries Facility, Elmira, California*, March 1.

United States Environmental Protection Agency (USEPA), *Comprehensive Five-Year Review Guidance*, EPA 540-R-01-007, June 2001 (revised May 2004).

URS Corporation, 2008, *Remedial Investigation Report, Wickes Forest Industries, Elmira, California*, July

URS Corporation, 2010, *Removal Action Work Plan Wickes Forest Industries Site Elmira, California*, June.

URS Corporation, 2013, *Semi-Annual Groundwater Monitoring Report*, *Wickes Forest Industries, Elmira, California,* April.

1 | XAVIER BECERRA
Attorney General of California
2 | EDWARD H. OCHOA
Supervising Deputy Attorney General
3 | OLIVIA W. KARLIN, State Bar No. 150432
LAURA J. ZUCKERMAN (Counsel for service)
4 | State Bar No. 161896
Deputy Attorneys General
5 |  1515 Clay Street, 20th Floor
 Oakland, CA 94612
6 |  Telephone: (510) 879-1299
 Fax: (510) 622-2270
7 |  E-mail: Laura.Zuckerman@doj.ca.gov
*Attorneys for Plaintiffs California*
8 | *Department of Toxic Substances Control and the*
*Toxic Substances Control Account*

9

IN THE UNITED STATES DISTRICT COURT

10

FOR THE EASTERN DISTRICT OF CALIFORNIA

11

SACRAMENTO DIVISION

12

13

| | |
|---|---|
| **CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,** | 2:14-cv-00595-WBS-EFB |
| Plaintiffs, | **DECLARATION OF ANTHONY WESTLAKE IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY COURT AGAINST DEFENDANT COLLINS & AIKMAN PRODUCTS, LLC** |
| **v.** | |
| Defendants. | |
| **JIM DOBBAS, INC., a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; WEST COAST WOOD PRESERVING, LLC., a Nevada limited liability company; and COLLINS & AIKMAN PRODUCTS, LLC, a Delaware limited liability company,** | FED. R. CIV. P. 55(b) |
| | Date:          September 23, 2019 |
| | Time:          1:30 p.m. |
| | Place:         Courtroom 5, 14th Floor |
| | 501 I Street |
| | Sacramento, CA  95814 |
| | Trial:          September 13, 2017 |
| Defendants. | Action Filed: March 3, 2014 |
| **AND RELATED COUNTERCLAIMS AND CROSS-CLAIMS** | |

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

DECL. OF ANTHONY WESTLAKE IN SUPPORT OF PLTFS' APPLICATION FOR ENTRY OF DEFAULT
JUDGMENT BY COURT AGAINST DEF. COLLINS & AIKMAN PRODUCTS, LLC (2:14-cv-00595-WBS-EFB)

ER-323

I, Anthony R. Westlake, declare as follows:

1.     The facts stated in this declaration are based on my personal knowledge and on my review of files that the Office of the California Attorney General maintains in the regular course of its official business, and which were created at or near the time of the events they describe. If called as a witness, I could and would competently testify to the following facts:

2.     I am an Administrator I in the Accounting and Reimbursements Division of the Office of the Attorney General, California Department of Justice (hereafter, the "AGO"). My official address is 1300 "I" Street, 8th Floor, Sacramento, California. I have been working at the AGO for the past thirty-five years. I have held this position for approximately 6 months. Prior to being Administrator I, I was the Accounting Officer Specialist/Supervisor for approximately 18 years.

3.     My staff and I have responsibility for accounting and reimbursements, specifically for the AGO's electronic "ProLaw" system. Attorneys and paralegals enter their hours worked on cases into the ProLaw computer program. Within this program, time can be allocated to various cases, tasks, and services performed. In addition, my office can collect and track litigation costs per case.

4.     At the AGO, attorneys, paralegals, and analysts are required, for every case worked on, to enter their hours into the ProLaw case management system. For all open cases handled by the AGO, the hours are entered at or near the time the services are provided in order to accurately reflect the time expended and the name of the legal services provided.

5.     Deputy Attorney General Laura J. Zuckerman has requested an accounting of all attorney and legal staff time and costs through May 31, 2019, entered into ProLaw in the matter of ProLaw Matter Name Jim Dobbas, Inc. (DTSC v.) (Elmira Site), ProLaw Matter ID LA2012602448 ("the Cost Recovery Matter").

6.     In response to this request, with the assistance of my staff, I generated two reports from the ProLaw system: a Cost of Suit Summary report for the Cost Recovery Matter (Exhibit A); and a Matter Time Activity by Professional Type report for the Cost Recovery Matter (Exhibit B).

7.    Exhibit A to this declaration is a true and correct copy of the Cost of Suit Summary report, which contains an accurate accounting record of all costs incurred in the Cost Recovery Matter from the date it was opened, February 17, 2012, through May 31, 2019.

8.    Exhibit A itemizes costs from outside vendors for litigation-related tasks such as travel, deposition transcription, photo printing, expert consulting, witness fees, mediator fees, court fees, receivership fees, and document database management. As can be seen on Exhibit A, as of May 31, 2019, the total "Cost of Suit" for charges such as these was $68,724.57. Although Exhibit A also lists amounts for charges from Ace Messenger and Attorney Service under the heading for Cost of Suit, these charges are made pursuant to a statewide contract between the AGO and Ace Messenger and Attorney Service, and the ProLaw accounting system does not bill those charges to individual matters. In keeping with this practice and as indicated on Exhibit A, these charges have not been allocated to the Cost Recovery Matter, and they are not included in the total costs described in this declaration. Such omitted costs are referred to as "soft costs" in Exhibit A.

9.    Like the Ace Messenger and Attorney Service costs, any cost charges with an asterisk next to the amount are soft costs that have not been billed to the Cost Recovery Matter. As Exhibit A indicates, legal professional travel costs are also considered soft costs and are not billed to the AGO's clients. No soft costs are included in the total costs described in this declaration.

10.    Exhibit B is a true and correct copy of the Matter Time Activity by Professional report in the Cost Recovery Matter, which contains, among other things, a record of the number of hours billed by each timekeeper at the AGO, for the period February 17, 2012, through May 31, 2019.

11.    Exhibit B includes information regarding hourly rates for various professionals (attorney, paralegal, etc.), number of hours worked on this matter, and total cost for those hours from February 17, 2012, through May 31, 2019. The professional rates are established under California Government Code sections 11044 and 11256 and approved by the California Department of Finance.

3

12.     The hourly billable rate for attorneys is $170.00 per hour. For the period February 17, 2012, to May 31, 2019, attorneys billed 3,334.75 hours in this matter, for a total charge of $566,907.50. The hourly billable rate for paralegals, Special Agents, and Special Investigators is $120.00 per hour. Paralegals, Special Agents, and Special Investigators billed 102.75 hours, for a total charge of $12,330.00. The hourly billable rate for legal analysts is $99.00 per hour. Legal analysts billed 68 hours, for a total charge of $6,732.00. As can be seen on Exhibit A, as of May 31, 2019, the total legal costs for the Cost Recovery Matter were $585,969.50.

13.     I am familiar with how the data in Exhibit B is generated.  Office Timekeepers record their time for each day's activities in quarter-hour increments, using the ProLaw computerized system. Except at the end of the month, timekeepers are required to complete their time entries for the week by the end of the following week, though some timekeepers enter their time daily. At the end of the month, timekeepers must have completed their time for that month by close of business on the last day of the month. Timekeepers enter their time directly into the ProLaw program using their computers, and each professional transfers that data electronically to the ProLaw database. ProLaw records the amount of time spent on a particular matter, and it also requires entry of at least one general category of activity such as "Discovery," "Pleadings/Briefs: Preparation & Review," or "Communications & Meetings."

14.     The total amount that the AGO has billed to the Department of Toxic Substances Control ("DTSC") as of May 31, 2019, for its work representing DTSC in the Cost Recovery Matter is $654,694.07, the sum of the totals in Exhibits A and B.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge and that this declaration was executed in Sacramento, California on August 2, 2019.

Anthony R. Westlake
Administrator I
Office of the California Attorney General

4

EXHIBIT A



**XAVIER BECERRA**
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*
1300 I STREET, SACRAMENTO, CA 95814
Billing Inquiries: (916) 210-7048

# Cost of Suit Summary

As of  Aug 8, 2019

| | | |
|---|---|---|
| **MatterID:** LA2012602448 | **Date Opened:** Feb 17, 2012 | **Total Legal Costs:** $585,969.50 |
| **Description:** Jim Dobbas, Inc. (DTSC v.) (Elmira Site) | | **Cost of Suit:** $68,724.57 |
| | | **Grand Total:** $654,694.07 |

*Totals include WIP time.*

*Data shown for transaction dates On or before May 31, 2019*

| Rate | Hrs Wrkd | Amount |
|---|---|---|
| **Matter Time Activity Summary** | | |
| **Analyst** | | |
| **2014-2015** | | |
| $99.00 | 29.75 | $2,945.25 |
| **Total For:** | **2014-2015** | **$2,945.25** |
| **2013-2014** | | |
| $99.00 | 38.00 | $3,762.00 |
| **Total For:** | **2013-2014** | **$3,762.00** |
| **2011-2012** | | |
| $99.00 | 0.25 | $24.75 |
| **Total For:** | **2011-2012** | **$24.75** |
| | **Total for:** **Analyst** | **$6,732.00** |
| **Attorney** | | |
| **2018-2019** | | |
| $170.00 | 216.25 | $36,762.50 |
| **Total For:** | **2018-2019** | **$36,762.50** |
| **2017-2018** | | |
| $170.00 | 230.00 | $39,100.00 |
| **Total For:** | **2017-2018** | **$39,100.00** |
| **2016-2017** | | |
| $170.00 | 311.50 | $52,955.00 |

| Entry No | Journal Date | Vendor # | Vendor | Schedule | Reference | Amount |
|---|---|---|---|---|---|---|
| **Cost of Suit** | | | | | | |
| **49042** | | | | | | |
| **2018-2019** | | | | | | |
| Contract | | | | | | |
| 100659537 | 12/19/18 | 000068411 | Reed Smith Llp | 181437 | 3090606 | $4,969.70 |
| 100665065 | 3/6/19 | 000068411 | Reed Smith Llp | 182331 | 3123357 | $1,170.00 |
| 100668167 | 4/4/19 | 000068411 | Reed Smith Llp | 182667 | 3130763 | $1,833.90 |
| 100669038 | 4/16/19 | 000068411 | Reed Smith Llp | 182831 | 3102303 | $90.00 |
| 100670662 | 5/6/19 | 000068411 | Reed Smith Llp | 183093 | 3141868 | $5,192.25 |
| | | | | | **Totals For:  Contract** | **$13,255.85** |
| | | | | | **Totals For:  2018-2019** | **$13,255.85** |
| **2017-2018** | | | | | | |
| Contract | | | | | | |
| 100623143 | 10/10/17 | 000068411 | Reed Smith Llp | 170650 | 2955995 | $135.00 |
| 100627368 | 12/6/17 | 000068411 | Reed Smith Llp | 171384 | 2967436 | $45.00 |
| 100627369 | 12/6/17 | 000068411 | Reed Smith Llp | 171384 | 2973832 | $405.00 |
| 100632475 | 2/5/18 | 000068411 | Reed Smith Llp | 172031 | 2994011 | $792.00 |
| 100635489 | 3/12/18 | 000068411 | Reed Smith Llp | 172452 | 3002190 | $25.75 |
| 100646307 | 7/26/18 | 000068411 | Reed Smith Llp | 173897 | 3042010 | $5.25 |
| | | | | | **Totals For:  Contract** | **$1,408.00** |

*\* Denotes soft costs which are not included in totals.*

**XAVIER BECERRA**
Attorney General

*State of California*
**DEPARTMENT OF JUSTICE**
1300 I STREET, SACRAMENTO, CA  95814
Billing Inquiries:  (916) 210-7048



# Cost of Suit Summary

As of  Aug 8, 2019

**MatterID:** LA2012602448 **Date Opened:** Feb 17, 2012 **Total Legal Costs:** $585,969.50
**Description:** Jim Dobbas, Inc. (DTSC v.) (Elmira Site) **Cost of Suit:** $68,724.57
**Grand Total:** $654,694.07

| Rate | Hrs Wrkd | Amount |
|---|---|---|
| **Matter Time Activity Summary** | | |
| | **Total For:** **2016-2017** | **$52,955.00** |
| **2015-2016** | | |
| $170.00 | 312.00 | $53,040.00 |
| | **Total For:** **2015-2016** | **$53,040.00** |
| **2014-2015** | | |
| $170.00 | 1,466.25 | $249,262.50 |
| | **Total For:** **2014-2015** | **$249,262.50** |
| **2013-2014** | | |
| $170.00 | 723.25 | $122,952.50 |
| | **Total For:** **2013-2014** | **$122,952.50** |
| **2012-2013** | | |
| $170.00 | 24.50 | $4,165.00 |
| | **Total For:** **2012-2013** | **$4,165.00** |
| **2011-2012** | | |
| $170.00 | 51.00 | $8,670.00 |
| | **Total For:** **2011-2012** | **$8,670.00** |
| | **Total for:** **Attorney** | **$566,907.50** |
| **Paralegal** | | |
| **2018-2019** | | |
| $120.00 | 11.75 | $1,410.00 |
| | **Total For:** **2018-2019** | **$1,410.00** |
| **2017-2018** | | |
| $120.00 | 21.50 | $2,580.00 |

| Entry No | Journal Date | Vendor # | Vendor | Schedule | Reference | Amount | |
|---|---|---|---|---|---|---|---|
| **Cost of Suit** | | | | | | | |
| *Legal Messenger Services-Contracted* | | | | | | | |
| 100647389 | 8/9/18 | 000058297 | Ace Messenger & Atty Srv | 174070 | 228857 | $102.50 | * |
| 100647390 | 8/9/18 | 000058297 | Ace Messenger & Atty Srv | 174070 | 228857 | $262.50 | * |
| | | | **Totals For:  Legal Messenger Services-Contracted** | | | **$0.00** | |
| *Service Training Stand 697 Rentl Car* | | | | | | | |
| 100643730 | 6/20/18 | 000077136 | Citibank | 173643R | 330010994332 | $12.00 | * |
| | | | **Totals For:  Service Training Stand 697 Rentl Car** | | | **$0.00** | |
| | | | **Totals For:  2017-2018** | | | **$1,408.00** | |
| **2016-2017** | | | | | | | |
| **Contract** | | | | | | | |
| 100589982 | 10/4/16 | 000068411 | Reed Smith Llp | 160631 | 2846127 | $228.50 | |
| 100610667 | 6/16/17 | 000068411 | Reed Smith Llp | 163499 | 2919573 | $25.75 | |
| 100612282 | 6/27/17 | 000068411 | Reed Smith Llp | 163657 | 2929628 | $20.00 | |
| | | | | **Totals For:  Contract** | | **$274.25** | |
| **Non Contract Other Costs** | | | | | | | |
| 100609297 | 5/17/17 | 000068411 | Reed Smith Llp | 163162 | 2910129 | $136.00 | |
| | | | | **Totals For:  Non Contract Other Costs** | | **$136.00** | |
| | | | | **Totals For:  2016-2017** | | **$410.25** | |
| **2015-2016** | | | | | | | |
| **Contract** | | | | | | | |
| * Denotes soft costs which are not included in totals. | | | | | | | |

**XAVIER BECERRA**
**Attorney General**



*State of California*
*DEPARTMENT OF JUSTICE*
1300 I STREET, SACRAMENTO, CA  95814
Billing Inquiries:  (916) 210-7048

# Cost of Suit Summary

As of  Aug 8, 2019

**MatterID:** LA2012602448   **Date Opened:** Feb 17, 2012   **Total Legal Costs:** $585,969.50
**Description:** Jim Dobbas, Inc. (DTSC v.) (Elmira Site)   **Cost of Suit:** $68,724.57
**Grand Total:** $654,694.07

| Rate | Hrs Wrkd | Amount |
|---|---|---|
| **Matter Time Activity Summary** | | |
| **Total For:** | **2017-2018** | **$2,580.00** |
| **2014-2015** | | |
| $120.00 | 63.00 | $7,560.00 |
| **Total For:** | **2014-2015** | **$7,560.00** |
| **Total for:** | **Paralegal** | **$11,550.00** |
| **Special Agent** | | |
| **2016-2017** | | |
| $120.00 | 3.50 | $420.00 |
| **Total For:** | **2016-2017** | **$420.00** |
| **Total for:** | **Special Agent** | **$420.00** |
| **Special Investigator** | | |
| **2015-2016** | | |
| $120.00 | 3.00 | $360.00 |
| **Total For:** | **2015-2016** | **$360.00** |
| **Total for:** | **Special Investigator** | **$360.00** |
| **Total Legal Costs** | | **$585,969.50** |

| Entry No | Journal Date | Vendor # | Vendor | Schedule | Reference | Amount | |
|---|---|---|---|---|---|---|---|
| **Cost of Suit** | | | | | | | |
| 100554686 | 11/9/15 | 000068411 | Reed Smith Llp | 150942 | 2722469 | $136.50 | |
| 100559597 | 12/21/15 | 000068411 | Reed Smith Llp | 151407 | 2762323 | $148.50 | |
| 100561333 | 1/11/16 | 000068411 | Reed Smith Llp | 151629 | 2753203 | $1,089.11 | |
| 100565009 | 2/19/16 | 000068411 | Reed Smith Llp | 152091 | 2773806 | $90.00 | |
| 100570445 | 4/8/16 | 000068411 | Reed Smith Llp | 152731 | 2791029 | $293.75 | |
| | | | | **Totals For:  Contract** | | **$1,757.86** | |
| **Non Contract Other Costs** | | | | | | | |
| 100575223 | 5/11/16 | 000068411 | Reed Smith Llp | 153149 | 2801210 | $22.25 | |
| | | | | **Totals For:  Non Contract Other Costs** | | **$22.25** | |
| | | | | **Totals For:  2015-2016** | | **$1,780.11** | |
| **2014-2015** | | | | | | | |
| **Admission Fees** | | | | | | | |
| 100537873 | 4/6/15 | 000020363 | Usdc Eastern Dist | 142760L | JIMDOBBASINC | $200.00 | * |
| | | | | **Totals For:  Admission Fees** | | **$0.00** | |
| **Contract** | | | | | | | |
| 100525105 | 11/12/14 | 000074884 | Toeroek Associates Inc | 141153 | 000001 | $92.56 | |
| 100534304 | 2/10/15 | 000074884 | Toeroek Associates Inc | 142136 | 0005 | $3,900.29 | |
| 100535738 | 3/5/15 | 000074884 | Toeroek Associates Inc | 142405 | 00004 | $7,134.62 | |
| 100536658 | 3/19/15 | 000074884 | Toeroek | 142575 | 00003R | $6,978.19 | |

* Denotes soft costs which are not included in totals.

**XAVIER BECERRA**
Attorney General



*State of California*
**DEPARTMENT OF JUSTICE**
1300 I STREET, SACRAMENTO, CA  95814
Billing Inquiries:  (916) 210-7048

# Cost of Suit Summary

As of  Aug 8, 2019

**MatterID:** LA2012602448       **Date Opened:** Feb 17, 2012
**Description:** Jim Dobbas, Inc. (DTSC v.) (Elmira Site)

**Total Legal Costs:** $585,969.50
**Cost of Suit:** $68,724.57
**Grand Total:** $654,694.07

| Entry No | Journal Date | Vendor # | Vendor | Schedule | Reference | Amount | |
|---|---|---|---|---|---|---|---|
| | | | **Cost of Suit** | | | | |
| | | | Associates Inc | | | | |
| 100536660 | 3/19/15 | 000074884 | Toeroek Associates Inc | 142575 | 000002R | $11,968.34 | |
| 100554398 | 11/10/15 | 000068411 | Reed Smith Llp | 144378 | 2661722 | $101.20 | |
| 100554399 | 11/10/15 | 000068411 | Reed Smith Llp | 144378 | 2667951 | $261.60 | |
| 100554400 | 11/10/15 | 000068411 | Reed Smith Llp | 144378 | 2681988 | $50.30 | |
| 100554401 | 11/10/15 | 000068411 | Reed Smith Llp | 144378 | 2688074 | $54.70 | |
| 100554402 | 11/10/15 | 000068411 | Reed Smith Llp | 144378 | 2715862 | $325.85 | |
| | | | | | **Totals For:  Contract** | **$30,867.65** | |
| **Contracted Attorney Fees** | | | | | | | |
| 100535840 | 3/12/15 | 000075472 | Pinckney Weidinger Urban | 142490 | 7739 | $8,012.26 | |
| 100553438 | 11/2/15 | 000075472 | Pinckney Weidinger Urban | 144356 | 8063 | $491.05 | |
| | | | | | **Totals For:  Contracted Attorney Fees** | **$8,503.31** | |
| **Legal Messenger Services-Contracted** | | | | | | | |
| 100531213 | 1/15/15 | 000058297 | Ace Messenger & Atty Srv | 141844 | 141323 | $250.00 | * |
| 100537097 | 3/20/15 | 000058297 | Ace Messenger & Atty Srv | 142582 | 145275 | $33.25 | * |
| 100544735 | 6/23/15 | 000058297 | Ace Messenger & Atty Srv | 143643 | 150485 | $111.40 | * |
| | | | | | **Totals For:  Legal Messenger Services-Contracted** | **$0.00** | |
| **Non Contract Court Related Costs** | | | | | | | |
| * Denotes soft costs which are not included in totals. | | | | | | | |

**XAVIER BECERRA**
*Attorney General*

*State of California*
***DEPARTMENT OF JUSTICE***
**1300 I STREET, SACRAMENTO, CA 95814**
Billing Inquiries: (916) 210-7048



# Cost of Suit Summary

As of  Aug 8, 2019

**MatterID:** LA2012602448   **Date Opened:** Feb 17, 2012   **Total Legal Costs:** $585,969.50
**Description:** Jim Dobbas, Inc. (DTSC v.) (Elmira Site)   **Cost of Suit:** $68,724.57
**Grand Total:** $654,694.07

| Entry No | Journal Date | Vendor # | Vendor | Schedule | Reference | Amount | |
|---|---|---|---|---|---|---|---|
| | | | **Cost of Suit** | | | | |
| 100542156 | 5/26/15 | 000073664 | The Gallagher Law Group | 143324 | 15-809-02 | $942.50 | |
| 100542157 | 5/26/15 | 000073664 | The Gallagher Law Group | 143324 | 15-809-03 | $4,745.00 | |
| 100542168 | 5/26/15 | 000073664 | The Gallagher Law Group | 143324 | 15-809-031 | $1,982.50 | |
| 100544154 | 6/18/15 | 000073664 | The Gallagher Law Group | 143589 | 15-809-041 | $877.50 | |
| 100544155 | 6/18/15 | 000073664 | The Gallagher Law Group | 143589 | 15-809-04 | $1,657.50 | |
| 100546379 | 7/29/15 | 000073664 | The Gallagher Law Group | 143904 | 15-809-05 | $877.50 | |
| | | | | | **Totals For:  Non Contract Court Related Costs** | **$11,082.50** | |
| **Non Contract Transcript Fees** | | | | | | | |
| 100549357 | 9/8/15 | 000056827 | Personal Court Reporters | 144180 | 46664 | $956.90 | |
| 100606227 | 4/24/17 | 000012705 | Delaware Secretary | 144834R | DOBBAS/ELMIR | $20.00 | |
| | | | | | **Totals For:  Non Contract Transcript Fees** | **$976.90** | |
| **Non Contract Witness Fees** | | | | | | | |
| 100534822 | 2/26/15 | 000075437 | Stephen Ryan | 142327L | JIMDOBBASINC | $40.00 | |
| | | | | | **Totals For:  Non Contract Witness Fees** | **$40.00** | |
| **Photocopy Charges/Case Costs** | | | | | | | |
| 100544734 | 6/18/15 | 000012705 | Delaware Secretary | 143602L | JIM DOBBAS | $160.00 | * |

* Denotes soft costs which are not included in totals.



**XAVIER BECERRA**
Attorney General

State of California
*DEPARTMENT OF JUSTICE*
1300 I STREET, SACRAMENTO, CA 95814
Billing Inquiries: (916) 210-7048

# Cost of Suit Summary

As of  Aug 8, 2019

**MatterID:** LA2012602448   **Date Opened:** Feb 17, 2012   **Total Legal Costs:** $585,969.50
**Description:** Jim Dobbas, Inc. (DTSC v.) (Elmira Site)   **Cost of Suit:** $68,724.57
**Grand Total:** $654,694.07

| Entry No | Journal Date | Vendor # | Vendor | Schedule | Reference | Amount | |
|---|---|---|---|---|---|---|---|
| | | | **Cost of Suit** | | | | |
| | | | Totals For:  Photocopy Charges/Case Costs | | | $0.00 | |
| | | | | | Totals For:  2014-2015 | $51,470.36 | |
| **2013-2014** | | | | | | | |
| **Admission Fees** | | | | | | | |
| 100499837 | 12/20/13 | 000020329 | Us Dist Crt Estn Dis | 131475L | ADMISSIONFEE | $200.00 | * |
| | | | | | Totals For:  Admission Fees | $0.00 | |
| **Legal Messenger Services-Contracted** | | | | | | | |
| 100512212 | 5/29/14 | 000058297 | Ace Messenger & Atty Srv | 133184 | 130285 | $360.00 | * |
| 100512237 | 5/29/14 | 000058297 | Ace Messenger & Atty Srv | 133184 | 130285 | $250.00 | * |
| | | | | | Totals For:  Legal Messenger Services-Contracted | $0.00 | |
| **Non Contract Court Related Costs** | | | | | | | |
| 100509688 | 4/25/14 | 000065731 | Us Bank Corp Pmt Systems | 132825 | 044555639792 | $400.00 | |
| | | | | | Totals For:  Non Contract Court Related Costs | $400.00 | |
| **Photocopy Charges/Case Costs** | | | | | | | |
| 100497977 | 11/21/13 | 000065731 | Us Bank Corp Pmt Systems | 131173 | 044555639792 | $40.00 | * |
| 100498529 | 12/10/13 | 000012705 | Delaware Secretary | 131350L | VANOVERVDTSC | $116.00 | * |
| 100500439 | 1/9/14 | 000012705 | Delaware Secretary | 131638L | VANOVERVDTSC | $100.00 | * |

* Denotes soft costs which are not included in totals.

XAVIER BECERRA
Attorney General

State of California
DEPARTMENT OF JUSTICE
1300 I STREET, SACRAMENTO, CA  95814
Billing Inquiries:  (916) 210-7048



# Cost of Suit Summary

As of  Aug 8, 2019

**MatterID:** LA2012602448   **Date Opened:** Feb 17, 2012   **Total Legal Costs:** $585,969.50
**Description:**  Jim Dobbas, Inc. (DTSC v.) (Elmira Site)   **Cost of Suit:** $68,724.57
**Grand Total:** $654,694.07

| Entry No | Journal Date | Vendor # | Vendor | Schedule | Reference | Amount | |
|---|---|---|---|---|---|---|---|
| | | | **Cost of Suit** | | | | |
| 100503462 | 2/18/14 | 000065731 | Us Bank Corp Pmt Systems | 132071 | 044555639792 | $60.00 | * |
| 100504123 | 2/20/14 | 000012705 | Delaware Secretary | 131979L | D VANOVER | $80.00 | * |
| 100504149 | 2/20/14 | 000069229 | Nevada Sec Of State | 131980L | D VANOVER | $90.00 | * |
| 100507087 | 3/21/14 | 000026906 | State Of Michigan | 132465L | D VAN OVER | $18.00 | * |
| 100507092 | 3/24/14 | 000026768 | Us Bankruptcy Ct E Dist | 132463L | VANOVERVDTSC | $57.50 | * |
| 100509951 | 4/25/14 | 000065731 | Us Bank Corp Pmt Systems | 132825 | 044555639792 | $40.00 | * |
| | | | **Totals For:  Photocopy Charges/Case Costs** | | | $0.00 | |
| **Photocopy Charges/Case Costs (Adjustment)** | | | | | | | |
| 100496700 | 10/22/13 | 000038864 | Kern County Recorder | 130851L | DTSCVVANOVER | $41.50 | * |
| | | | **Totals For:  Photocopy Charges/Case Costs (Adjustment)** | | | $0.00 | |
| | | | | | **Totals For:  2013-2014** | **$400.00** | |
| **2012-2013** | | | | | | | |
| **Legal Messenger Services-Contracted** | | | | | | | |
| 100496698 | 5/28/13 | 000058297 | Ace Messenger & Atty Srv | 122804 | 25932 | $3,137.71 | * |
| | | | **Totals For:  Legal Messenger Services-Contracted** | | | $0.00 | |
| | | | | | **Totals For:  2012-2013** | **$0.00** | |

* Denotes soft costs which are not included in totals.

XAVIER BECERRA
Attorney General

State of California
DEPARTMENT OF JUSTICE
1300 I STREET, SACRAMENTO, CA  95814
Billing Inquiries:  (916) 210-7048



# Cost of Suit Summary

As of  Aug 8, 2019

**MatterID:** LA2012602448     **Date Opened:** Feb 17, 2012     **Total Legal Costs:** $585,969.50
**Description:** Jim Dobbas, Inc. (DTSC v.) (Elmira Site)     **Cost of Suit:** $68,724.57
     **Grand Total:** $654,694.07

| Entry No | Journal Date | Vendor # | Vendor | Schedule | Reference | Amount | |
|---|---|---|---|---|---|---|---|
| | | | **Cost of Suit** | | | | |
| | | | **Totals For:  49042** | | | **$68,724.57** | |
| **49043** | | | | | | | |
| **2013-2014** | | | | | | | |
| **Photocopy Charges/Case Costs** | | | | | | | |
| 100495058 | 10/22/13 | 000038864 | Kern County Recorder | 130851L | DTSCVVANOVER | $41.50 | * |
| | | | **Totals For:  Photocopy Charges/Case Costs** | | | **$0.00** | |
| **Photocopy Charges/Case Costs (Adjustment)** | | | | | | | |
| 100496699 | 10/22/13 | 000038864 | Kern County Recorder | 130851L | DTSCVVANOVER | ($41.50) | * |
| | | | **Totals For:  Photocopy Charges/Case Costs (Adjustment)** | | | **$0.00** | |
| | | | **Totals For:  2013-2014** | | | **$0.00** | |
| **2012-2013** | | | | | | | |
| **Legal Messenger Services-Contracted** | | | | | | | |
| 100483709 | 5/28/13 | 000058297 | Ace Messenger & Atty Srv | 122804 | 25932 | $3,137.71 | * |
| 100496697 | 5/28/13 | 000058297 | Ace Messenger & Atty Srv | 122804 | 25932 | ($3,137.71) | * |
| | | | **Totals For:  Legal Messenger Services-Contracted** | | | **$0.00** | |
| | | | **Totals For:  2012-2013** | | | **$0.00** | |
| | | | **Totals For:  49043** | | | **$0.00** | |
| | | | **Cost of Suit Total:** | | | **$68,724.57** | |

\* Denotes soft costs which are not included in totals.

# EXHIBIT B

**XAVIER BECERRA**
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*
1300 I STREET, SACRAMENTO, CA 95814
Billing Inquiries: (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

**Matter ID:** LA2012602448          **Date Opened:** 02/17/2012
**Description:** Jim Dobbas, Inc. (DTSC v.) (Elmira Site)

**Professional Type:** Analyst

**Fiscal Year:** 2014

**Professional:** Catalina A. Martinez

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 501764159 | 7/7/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 4.00 | $99.00 | $396.00 | | 7/31/14 |
| 501795662 | 9/2/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 5.00 | $99.00 | $495.00 | | 9/30/14 |
| 501795664 | 9/3/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 2.00 | $99.00 | $198.00 | | 9/30/14 |
| 501887896 | 1/22/15 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 6.00 | $99.00 | $594.00 | | 1/31/15 |
| 501887889 | 1/23/15 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 5.00 | $99.00 | $495.00 | | 1/31/15 |
| 501901974 | 2/11/15 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 0.50 | $99.00 | $49.50 | | 2/28/15 |
| 501912768 | 2/18/15 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 5.00 | $99.00 | $495.00 | | 2/28/15 |
| 501906258 | 2/20/15 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 0.50 | $99.00 | $49.50 | | 2/28/15 |
| 501989578 | 6/17/15 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 1.50 | $99.00 | $148.50 | | 6/30/15 |
| | | | | **Catalina A. Martinez Totals:** | **29.50** | | **$2,920.50** | | |

**Professional:** Scott De Medeiros

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 302023626 | 7/16/14 | PR-ENV:430 | 49042 | Contract/Document Preparation | 0.25 | $99.00 | $24.75 | | 7/31/14 |
| | | | | **Scott De Medeiros Totals:** | **0.25** | | **$24.75** | | |
| | | | | **2014 Totals:** | **29.75** | | **$2,945.25** | | |

**Fiscal Year:** 2013

**Professional:** Catalina A. Martinez

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 501615962 | 11/13/13 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 0.25 | $99.00 | $24.75 | | 11/30/13 |
| 501691074 | 3/28/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 0.25 | $99.00 | $24.75 | | 3/31/14 |
| 501699920 | 4/2/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 6.00 | $99.00 | $594.00 | | 4/30/14 |
| 501699924 | 4/3/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 7.00 | $99.00 | $693.00 | | 4/30/14 |
| 501699936 | 4/4/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 7.00 | $99.00 | $693.00 | | 4/30/14 |
| 501704443 | 4/7/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 5.00 | $99.00 | $495.00 | | 4/30/14 |
| 501704447 | 4/8/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 5.00 | $99.00 | $495.00 | | 4/30/14 |
| 501709730 | 4/18/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 5.00 | $99.00 | $495.00 | | 4/30/14 |
| 501714252 | 4/21/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 2.00 | $99.00 | $198.00 | | 4/30/14 |

*State of California*
***DEPARTMENT OF JUSTICE***
**1300 I STREET, SACRAMENTO, CA 95814**
**Billing Inquiries: (916) 210-7048**



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 501714303 | 4/22/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 0.25 | $99.00 | $24.75 | | 4/30/14 |
| 501723407 | 5/6/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 0.25 | $99.00 | $24.75 | | 5/31/14 |
| | | | | **Catalina A. Martinez Totals:** | **38.00** | | **$3,762.00** | | |
| | | | | **2013 Totals:** | **38.00** | | **$3,762.00** | | |
| **Fiscal Year: 2011** | | | | | | | | | |
| **Professional: Catalina A. Martinez** | | | | | | | | | |
| 108033484 | 2/27/12 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | -0.25 | $99.00 | ($24.75) | ADJ | 11/30/13 |
| 108033485 | 2/27/12 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 0.25 | $99.00 | $24.75 | ADJ | 11/30/13 |
| 601447630 | 2/27/12 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | 0.25 | $99.00 | $24.75 | | 2/29/12 |
| | | | | **Catalina A. Martinez Totals:** | **0.25** | | **$24.75** | | |
| | | | | **2011 Totals:** | **0.25** | | **$24.75** | | |
| | | | | **Analyst Totals:** | **68.00** | | **$6,732.00** | | |

*XAVIER BECERRA*
*Attorney General*




*State of California*
*DEPARTMENT OF JUSTICE*
1300 I STREET, SACRAMENTO, CA  95814
Billing Inquiries:  (916) 210-7048

# Matter Time Activity By Professional Type

On or before May 31, 2019

**Matter ID:  LA2012602448**  **Date Opened:  02/17/2012**
**Description:  Jim Dobbas, Inc. (DTSC v.) (Elmira Site)**

**Professional Type:  Attorney**

**Fiscal Year:  2018**

**Professional:  Don Robinson**

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 110469143 | 11/13/18 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 11/30/18 |
| 110535638 | 1/3/19 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 1/31/19 |
| 110546481 | 1/9/19 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 1/31/19 |
| 110546484 | 1/9/19 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 1/31/19 |
| 110556057 | 1/15/19 | PR-ENV:430 | 49042 | Communications & Meetings | 2.50 | $170.00 | $425.00 | | 1/31/19 |
| 110564946 | 1/30/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 1/31/19 |
| 110601730 | 2/5/19 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 2/28/19 |
| 110714973 | 3/6/19 | PR-ENV:430 | 49042 | Communications & Meetings | 1.25 | $170.00 | $212.50 | | 3/31/19 |
| 110714981 | 3/7/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 3/31/19 |
| | | | | **Don Robinson Totals:** | **12.25** | | **$2,082.50** | | |
| **Professional:  Edward H. Ochoa** | | | | | | | | | |
| 110797091 | 5/1/19 | PR-ENV:430 | 49042 | Supervision & Review | 0.50 | $170.00 | $85.00 | | 5/31/19 |
| | | | | **Edward H. Ochoa Totals:** | **0.50** | | **$85.00** | | |
| **Professional:  James R. Potter** | | | | | | | | | |
| 602684048 | 1/10/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 1/31/19 |
| 602688670 | 1/15/19 | PR-ENV:430 | 49042 | Communications & Meetings | 3.00 | $170.00 | $510.00 | | 1/31/19 |
| 602688722 | 1/18/19 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 1/31/19 |
| 602696007 | 1/31/19 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 2.00 | $170.00 | $340.00 | | 1/31/19 |
| 502855645 | 2/5/19 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 2/28/19 |
| 502855698 | 2/7/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 2/28/19 |
| 602711478 | 2/12/19 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 1.00 | $170.00 | $170.00 | | 2/28/19 |
| 602722492 | 2/21/19 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 0.25 | $170.00 | $42.50 | | 2/28/19 |
| 110633186 | 2/26/19 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 1.00 | $170.00 | $170.00 | | 2/28/19 |
| 502909096 | 4/12/19 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 0.25 | $170.00 | $42.50 | | 4/30/19 |
| | | | | **James R. Potter Totals:** | **10.25** | | **$1,742.50** | | |

**XAVIER BECERRA**
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*
1300 I STREET, SACRAMENTO, CA 95814
Billing Inquiries: (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

**Professional: Laura J. Zuckerman**

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 900500353 | 1/22/19 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 1/31/19 |
| 900502566 | 1/29/19 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 1/31/19 |
| 900503307 | 1/31/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 1/31/19 |
| 900505707 | 2/6/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 2/28/19 |
| 900506242 | 2/8/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 2/28/19 |
| 900507359 | 2/12/19 | PR-ENV:430 | 49042 | Communications & Meetings | 1.75 | $170.00 | $297.50 | | 2/28/19 |
| 900509445 | 2/19/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 2/28/19 |
| 900511642 | 2/26/19 | PR-ENV:430 | 49042 | Communications & Meetings | 3.00 | $170.00 | $510.00 | | 2/28/19 |
| 900512706 | 2/28/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 2/28/19 |
| 900514717 | 3/6/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 3/31/19 |
| 900514917 | 3/7/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 3/31/19 |
| 900516176 | 3/12/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 3/31/19 |
| 900517312 | 3/15/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 3/31/19 |
| 900517997 | 3/18/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 3/31/19 |
| 900524454 | 4/5/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 4/30/19 |
| 900524938 | 4/9/19 | PR-ENV:430 | 49042 | Communications & Meetings | 2.00 | $170.00 | $340.00 | | 4/30/19 |
| 900525320 | 4/10/19 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 4/30/19 |
| 900525655 | 4/11/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 4/30/19 |
| 900526036 | 4/12/19 | PR-ENV:430 | 49042 | Communications & Meetings | 2.00 | $170.00 | $340.00 | | 4/30/19 |
| 900527029 | 4/15/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 4/30/19 |
| 900527762 | 4/17/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 4/30/19 |
| 900528522 | 4/19/19 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 4/30/19 |
| 900530424 | 4/24/19 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 3.00 | $170.00 | $510.00 | | 4/30/19 |
| 900531112 | 4/26/19 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 0.25 | $170.00 | $42.50 | | 4/30/19 |
| 900532029 | 4/29/19 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 0.50 | $170.00 | $85.00 | | 4/30/19 |
| 900532572 | 4/30/19 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.25 | $170.00 | $382.50 | | 4/30/19 |
| 900533194 | 5/1/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 5/31/19 |
| 900534328 | 5/3/19 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 5/31/19 |
| 900534743 | 5/6/19 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 3.25 | $170.00 | $552.50 | | 5/31/19 |




**XAVIER BECERRA**
**Attorney General**

*State of California*
*DEPARTMENT OF JUSTICE*
1300 I STREET, SACRAMENTO, CA 95814
Billing Inquiries: (916) 210-7048

# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 900537335 | 5/14/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 5/31/19 |
| 900537631 | 5/15/19 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 4.00 | $170.00 | $680.00 | | 5/31/19 |
| 900539843 | 5/21/19 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 5/31/19 |
| 900540745 | 5/23/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 5/31/19 |
| 900543710 | 5/31/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 5/31/19 |
| | | | | **Laura J. Zuckerman Totals:** | **35.00** | | **$5,950.00** | | |
| **Professional:  Marilyn H. Levin** | | | | | | | | | |
| 602678535 | 1/3/19 | PR-NRS:420 | 49042 | Investigation/Case Evaluation/Research | 2.00 | $170.00 | $340.00 | | 1/31/19 |
| 602679627 | 1/9/19 | PR-NRS:420 | 49042 | Investigation/Case Evaluation/Research | 1.00 | $170.00 | $170.00 | | 1/31/19 |
| | | | | **Marilyn H. Levin Totals:** | **3.00** | | **$510.00** | | |
| **Professional:  Olivia W. Karlin** | | | | | | | | | |
| 602547917 | 7/17/18 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 7/31/18 |
| 602609112 | 10/10/18 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 10/31/18 |
| 602609114 | 10/10/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 10/31/18 |
| 602610221 | 10/11/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 10/31/18 |
| 602610711 | 10/11/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 10/31/18 |
| 602610743 | 10/12/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 10/31/18 |
| 602610953 | 10/12/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 10/31/18 |
| 602625025 | 10/22/18 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 10/31/18 |
| 602629901 | 11/5/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 11/30/18 |
| 602631556 | 11/6/18 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 11/30/18 |
| 602631557 | 11/6/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 11/30/18 |
| 602631559 | 11/6/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 11/30/18 |
| 602631561 | 11/6/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 11/30/18 |
| 602631562 | 11/6/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 11/30/18 |
| 602631568 | 11/7/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 11/30/18 |
| 602631572 | 11/7/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 11/30/18 |
| 602632597 | 11/8/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 11/30/18 |
| 602633629 | 11/9/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 11/30/18 |
| 602633671 | 11/9/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 11/30/18 |




**XAVIER BECERRA**
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*
1300 I STREET, SACRAMENTO, CA  95814
Billing Inquiries:  (916) 210-7048

# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 602633728 | 11/9/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 11/30/18 |
| 602635888 | 11/13/18 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 11/30/18 |
| 602635894 | 11/14/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 11/30/18 |
| 602635895 | 11/14/18 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 11/30/18 |
| 602635897 | 11/14/18 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 11/30/18 |
| 602639379 | 11/19/18 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 11/30/18 |
| 602639566 | 11/19/18 | PR-ENV:430 | 49042 | Communications & Meetings | 2.00 | $170.00 | $340.00 | | 11/30/18 |
| 602639775 | 11/19/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 11/30/18 |
| 602647427 | 11/28/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 11/30/18 |
| 602670057 | 1/2/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 1/31/19 |
| 602670233 | 1/2/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 1/31/19 |
| 602671495 | 1/2/19 | PR-ENV:430 | 49042 | Communications & Meetings | 4.00 | $170.00 | $680.00 | | 1/31/19 |
| 602671493 | 1/3/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 1/31/19 |
| 602671499 | 1/3/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 1/31/19 |
| 602671502 | 1/3/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 1/31/19 |
| 602671504 | 1/3/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 1/31/19 |
| 602671507 | 1/3/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 1/31/19 |
| 602671630 | 1/3/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 1/31/19 |
| 602671641 | 1/3/19 | PR-ENV:430 | 49042 | Communications & Meetings | 4.25 | $170.00 | $722.50 | | 1/31/19 |
| 602673916 | 1/7/19 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 1/31/19 |
| 602676028 | 1/9/19 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 1/31/19 |
| 602676346 | 1/9/19 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 1/31/19 |
| 602677234 | 1/9/19 | PR-ENV:430 | 49042 | Communications & Meetings | 3.00 | $170.00 | $510.00 | | 1/31/19 |
| 602676345 | 1/10/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 1/31/19 |
| 602677051 | 1/10/19 | PR-ENV:430 | 49042 | Communications & Meetings | 2.00 | $170.00 | $340.00 | | 1/31/19 |
| 602677053 | 1/10/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 1/31/19 |
| 602689704 | 1/14/19 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 1/31/19 |
| 602681385 | 1/15/19 | PR-ENV:430 | 49042 | Communications & Meetings | 1.25 | $170.00 | $212.50 | | 1/31/19 |
| 602681392 | 1/15/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 1/31/19 |
| 602681394 | 1/15/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 1/31/19 |



**XAVIER BECERRA**
**Attorney General**

*State of California*
*DEPARTMENT OF JUSTICE*
**1300 I STREET, SACRAMENTO, CA  95814**
**Billing Inquiries:  (916) 210-7048**

# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 602681395 | 1/15/19 | PR-ENV:430 | 49042 | Communications & Meetings | 1.75 | $170.00 | $297.50 | | 1/31/19 |
| 602681399 | 1/15/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 1/31/19 |
| 602681400 | 1/15/19 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 1/31/19 |
| 602681697 | 1/16/19 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 1/31/19 |
| 602681700 | 1/16/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 1/31/19 |
| 602681704 | 1/16/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 1/31/19 |
| 602682054 | 1/16/19 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 1/31/19 |
| 602689670 | 1/17/19 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 1/31/19 |
| 602689675 | 1/17/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 1/31/19 |
| 602684539 | 1/18/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 1/31/19 |
| 602684543 | 1/18/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 1/31/19 |
| 602695102 | 1/22/19 | PR-ENV:430 | 49042 | Communications & Meetings | 4.00 | $170.00 | $680.00 | | 1/31/19 |
| 602695114 | 1/22/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 1/31/19 |
| 602695117 | 1/22/19 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 1/31/19 |
| 602687077 | 1/23/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 1/31/19 |
| 602687107 | 1/23/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 1/31/19 |
| 602695099 | 1/25/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 1/31/19 |
| 602693242 | 1/29/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 1/31/19 |
| 602693243 | 1/29/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 1/31/19 |
| 602693246 | 1/29/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 1/31/19 |
| 602694037 | 1/29/19 | PR-ENV:430 | 49042 | Communications & Meetings | 2.50 | $170.00 | $425.00 | | 1/31/19 |
| 602694669 | 1/30/19 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 1/31/19 |
| 602694657 | 1/31/19 | PR-ENV:430 | 49042 | Communications & Meetings | 2.50 | $170.00 | $425.00 | | 1/31/19 |
| 602694661 | 1/31/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 1/31/19 |
| 602696407 | 2/1/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 2/28/19 |
| 602696408 | 2/1/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 2/28/19 |
| 602696410 | 2/1/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 2/28/19 |
| 602696411 | 2/1/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 2/28/19 |
| 602701153 | 2/1/19 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 1.00 | $170.00 | $170.00 | | 2/28/19 |
| 602698010 | 2/4/19 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 4.00 | $170.00 | $680.00 | | 2/28/19 |

**XAVIER BECERRA**
**Attorney General**

*State of California*
*DEPARTMENT OF JUSTICE*
1300 I STREET, SACRAMENTO, CA 95814
Billing Inquiries: (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 602698013 | 2/4/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 2/28/19 |
| 602699697 | 2/5/19 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 2/28/19 |
| 602699962 | 2/5/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 2/28/19 |
| 602700427 | 2/6/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 2/28/19 |
| 602701113 | 2/7/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 2/28/19 |
| 602701145 | 2/7/19 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 2/28/19 |
| 602701440 | 2/7/19 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 2/28/19 |
| 602702454 | 2/8/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 2/28/19 |
| 602705459 | 2/12/19 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 2/28/19 |
| 602705462 | 2/12/19 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 2/28/19 |
| 602719020 | 2/19/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 2/28/19 |
| 602710047 | 2/21/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 2/28/19 |
| 602713357 | 2/22/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 2/28/19 |
| 602713871 | 2/25/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 2/28/19 |
| 602713970 | 2/25/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 2/28/19 |
| 602713974 | 2/25/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 2/28/19 |
| 602716077 | 2/26/19 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 2/28/19 |
| 602716079 | 2/26/19 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 2/28/19 |
| 602716080 | 2/26/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 2/28/19 |
| 602716144 | 2/27/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 2/28/19 |
| 602719036 | 2/28/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 2/28/19 |
| 602723675 | 3/1/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 3/31/19 |
| 602727544 | 3/5/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 3/31/19 |
| 602727547 | 3/6/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 3/31/19 |
| 602733873 | 3/6/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 3/31/19 |
| 602729959 | 3/7/19 | PR-ENV:430 | 49042 | Communications & Meetings | 1.25 | $170.00 | $212.50 | | 3/31/19 |
| 502858921 | 3/12/19 | PR-ENV:430 | 49042 | Communications & Meetings | 2.00 | $170.00 | $340.00 | | 3/31/19 |
| 502859047 | 3/12/19 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 3/31/19 |
| 502860193 | 3/14/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 3/31/19 |
| 502864809 | 3/18/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 3/31/19 |

**XAVIER BECERRA**
*Attorney General*



*State of California*
**DEPARTMENT OF JUSTICE**
1300 I STREET, SACRAMENTO, CA  95814
Billing Inquiries:  (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 502864812 | 3/18/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 3/31/19 |
| 502890967 | 4/4/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 4/30/19 |
| 502890524 | 4/5/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 4/30/19 |
| 502890974 | 4/5/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 4/30/19 |
| 502891302 | 4/5/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 4/30/19 |
| 502896130 | 4/9/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 4/30/19 |
| 502896131 | 4/9/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 4/30/19 |
| 502896520 | 4/9/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 4/30/19 |
| 502896587 | 4/10/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 4/30/19 |
| 502899579 | 4/11/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 4/30/19 |
| 502899584 | 4/11/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 4/30/19 |
| 502899930 | 4/11/19 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 4/30/19 |
| 502899574 | 4/12/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 4/30/19 |
| 502899576 | 4/12/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 4/30/19 |
| 502899589 | 4/12/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 4/30/19 |
| 502899913 | 4/12/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 4/30/19 |
| 502899916 | 4/12/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 4/30/19 |
| 502901829 | 4/12/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 4/30/19 |
| 502901832 | 4/12/19 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 4/30/19 |
| 502901837 | 4/12/19 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 4/30/19 |
| 502902286 | 4/15/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 4/30/19 |
| 502902287 | 4/15/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 4/30/19 |
| 502902695 | 4/15/19 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 4.50 | $170.00 | $765.00 | | 4/30/19 |
| 502902696 | 4/15/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 4/30/19 |
| 502905188 | 4/16/19 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 5.50 | $170.00 | $935.00 | | 4/30/19 |
| 502906153 | 4/17/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 4/30/19 |
| 502906173 | 4/17/19 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 4/30/19 |
| 502906177 | 4/17/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 4/30/19 |
| 502907027 | 4/17/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 4/30/19 |
| 502907602 | 4/18/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 4/30/19 |




**XAVIER BECERRA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**
1300 I STREET, SACRAMENTO, CA  95814
Billing Inquiries:  (916) 210-7048

# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---------|------|---------|--------|------|-------------|------|--------|-------|----------------|
| 502907888 | 4/18/19 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 4/30/19 |
| 502907896 | 4/18/19 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.25 | $170.00 | $212.50 | | 4/30/19 |
| 502922070 | 4/23/19 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 5.00 | $170.00 | $850.00 | | 4/30/19 |
| 502925848 | 4/30/19 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 4/30/19 |
| 502925852 | 4/30/19 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 4/30/19 |
| 502925899 | 5/1/19 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 5/31/19 |
| 502926368 | 5/1/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 5/31/19 |
| 502928323 | 5/2/19 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 6.00 | $170.00 | $1,020.00 | | 5/31/19 |
| 502931630 | 5/6/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 5/31/19 |
| 502932525 | 5/6/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 5/31/19 |
| 502932721 | 5/6/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 5/31/19 |
| 502942612 | 5/14/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 5/31/19 |
| 502943519 | 5/14/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 5/31/19 |
| 502944238 | 5/14/19 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.75 | $170.00 | $127.50 | | 5/31/19 |
| 502948614 | 5/16/19 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.25 | $170.00 | $212.50 | | 5/31/19 |
| 502949107 | 5/17/19 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.75 | $170.00 | $127.50 | | 5/31/19 |
| 502954356 | 5/21/19 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.50 | $170.00 | $425.00 | | 5/31/19 |
| 502954396 | 5/21/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 5/31/19 |
| 502954722 | 5/22/19 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 4.50 | $170.00 | $765.00 | | 5/31/19 |
| 502963264 | 5/23/19 | PR-ENV:430 | 49042 | Communications & Meetings | 2.50 | $170.00 | $425.00 | | 5/31/19 |
| 502964112 | 5/23/19 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 5/31/19 |
| 502962293 | 5/29/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 5/31/19 |
| 502962295 | 5/29/19 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 5/31/19 |
| 502968114 | 5/31/19 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 5/31/19 |
| | | | | **Olivia W. Karlin Totals:** | **155.25** | | **$26,392.50** | | |
| | | | | **2018 Totals:** | **216.25** | | **$36,762.50** | | |
| **Fiscal Year:  2017** | | | | | | | | | |
| **Professional:  Laura J. Zuckerman** | | | | | | | | | |
| 900321917 | 7/5/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 7/31/17 |
| 900322349 | 7/6/17 | PR-ENV:430 | 49042 | Communications & Meetings | 2.50 | $170.00 | $425.00 | | 7/31/17 |




XAVIER BECERRA
Attorney General

State of California
DEPARTMENT OF JUSTICE
1300 I STREET, SACRAMENTO, CA  95814
Billing Inquiries:  (916) 210-7048

# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 900322591 | 7/7/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 7/31/17 |
| 900323746 | 7/12/17 | PR-ENV:430 | 49042 | Settlement | 2.00 | $170.00 | $340.00 | | 7/31/17 |
| 900325031 | 7/14/17 | PR-ENV:430 | 49042 | Settlement | 0.50 | $170.00 | $85.00 | | 7/31/17 |
| 900325596 | 7/18/17 | PR-ENV:430 | 49042 | Settlement | 0.50 | $170.00 | $85.00 | | 7/31/17 |
| 900326160 | 7/19/17 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 7/31/17 |
| 900327462 | 7/24/17 | PR-ENV:430 | 49042 | Settlement | 0.75 | $170.00 | $127.50 | | 7/31/17 |
| 900328403 | 7/26/17 | PR-ENV:430 | 49042 | Settlement | 1.00 | $170.00 | $170.00 | | 7/31/17 |
| 900329356 | 7/28/17 | PR-ENV:430 | 49042 | Settlement | 2.75 | $170.00 | $467.50 | | 7/31/17 |
| 900329849 | 7/31/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 7/31/17 |
| 900333008 | 8/10/17 | PR-ENV:430 | 49042 | Settlement | 1.50 | $170.00 | $255.00 | | 8/31/17 |
| 900337250 | 8/24/17 | PR-ENV:430 | 49042 | Settlement | 0.50 | $170.00 | $85.00 | | 8/31/17 |
| 900340714 | 9/5/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 9/30/17 |
| 900343767 | 9/15/17 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 9/30/17 |
| 900353097 | 10/16/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 10/31/17 |
| 900353649 | 10/17/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 10/31/17 |
| 900354821 | 10/20/17 | PR-ENV:430 | 49042 | Communications & Meetings | 2.00 | $170.00 | $340.00 | | 10/31/17 |
| 900356222 | 10/25/17 | PR-ENV:430 | 49042 | Communications & Meetings | 2.00 | $170.00 | $340.00 | | 10/31/17 |
| 900357214 | 10/27/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 10/31/17 |
| 900357660 | 10/30/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 10/31/17 |
| 900360676 | 11/7/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 11/30/17 |
| 900373765 | 12/21/17 | PR-ENV:430 | 49042 | Settlement | 0.50 | $170.00 | $85.00 | | 12/31/17 |
| 900374988 | 12/26/17 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 12/31/17 |
| 900377778 | 1/8/18 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.25 | $170.00 | $212.50 | | 1/31/18 |
| 900379985 | 1/16/18 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 1/31/18 |
| 900380155 | 1/17/18 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 1/31/18 |
| 900382488 | 1/23/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 1/31/18 |
| 900385103 | 1/30/18 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 1/31/18 |
| 900385794 | 1/30/18 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.00 | $170.00 | $340.00 | | 1/31/18 |
| 900385797 | 1/31/18 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 1/31/18 |
| 900386256 | 2/1/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 2/28/18 |

**XAVIER BECERRA**
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*
1300 I STREET, SACRAMENTO, CA  95814
Billing Inquiries:  (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 900386874 | 2/2/18 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 2/28/18 |
| 900387333 | 2/5/18 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 2/28/18 |
| 900387770 | 2/6/18 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 2/28/18 |
| 900387771 | 2/6/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 2/28/18 |
| 900388018 | 2/7/18 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.25 | $170.00 | $212.50 | | 2/28/18 |
| 900388685 | 2/9/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 2/28/18 |
| 900389538 | 2/12/18 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 2/28/18 |
| 900389869 | 2/13/18 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 2/28/18 |
| 900390288 | 2/14/18 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 2/28/18 |
| 900390732 | 2/15/18 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.75 | $170.00 | $127.50 | | 2/28/18 |
| 900391372 | 2/16/18 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.50 | $170.00 | $425.00 | | 2/28/18 |
| 900398699 | 3/13/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 3/31/18 |
| 900399351 | 3/15/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 3/31/18 |
| 900401943 | 3/19/18 | PR-ENV:430 | 49042 | Court Proceedings | 7.00 | $170.00 | $1,190.00 | | 3/31/18 |
| 900402431 | 3/23/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 3/31/18 |
| 900403837 | 3/28/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 3/31/18 |
| 900409405 | 4/13/18 | PR-ENV:430 | 49042 | Contract/Document Preparation | 0.50 | $170.00 | $85.00 | | 4/30/18 |
| 900415124 | 4/30/18 | PR-ENV:430 | 49042 | Contract/Document Preparation | 0.25 | $170.00 | $42.50 | | 4/30/18 |
| 900416873 | 5/3/18 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 5/31/18 |
| 900418403 | 5/9/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 5/31/18 |
| 900423801 | 5/24/18 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 6.00 | $170.00 | $1,020.00 | | 5/31/18 |
| 900424999 | 5/25/18 | PR-ENV:430 | 49042 | Court Proceedings | 1.50 | $170.00 | $255.00 | | 5/31/18 |
| 900425004 | 5/29/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 5/31/18 |
| 900425844 | 5/30/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 5/31/18 |
| 900426163 | 5/31/18 | PR-ENV:430 | 49042 | Contract/Document Preparation | 0.50 | $170.00 | $85.00 | | 5/31/18 |
| 900426911 | 6/1/18 | PR-ENV:430 | 49042 | Contract/Document Preparation | 0.50 | $170.00 | $85.00 | | 6/30/18 |
| 900427688 | 6/5/18 | PR-ENV:430 | 49042 | Contract/Document Preparation | 0.25 | $170.00 | $42.50 | | 6/30/18 |
| 900434515 | 6/22/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 6/30/18 |
| | | | | **Laura J. Zuckerman Totals:** | **60.50** | | **$10,285.00** | | |

**Professional:  Margarita Padilla**

**XAVIER BECERRA**
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*
1300 I STREET, SACRAMENTO, CA  95814
Billing Inquiries:  (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 900330241 | 7/28/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 7/31/17 |
| | | | | **Margarita Padilla Totals:** | **0.50** | | **$85.00** | | |
| **Professional:  Olivia W. Karlin** | | | | | | | | | |
| 502479795 | 7/5/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 7/31/17 |
| 502479993 | 7/5/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 7/31/17 |
| 502480645 | 7/6/17 | PR-ENV:430 | 49042 | Court Proceedings | 0.50 | $170.00 | $85.00 | | 7/31/17 |
| 502480878 | 7/6/17 | PR-ENV:430 | 49042 | Communications & Meetings | 1.25 | $170.00 | $212.50 | | 7/31/17 |
| 502481787 | 7/7/17 | PR-ENV:430 | 49042 | Communications & Meetings | 2.00 | $170.00 | $340.00 | | 7/31/17 |
| 502482461 | 7/7/17 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 7/31/17 |
| 502482462 | 7/7/17 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 7/31/17 |
| 502482381 | 7/10/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 7/31/17 |
| 502482815 | 7/10/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 7/31/17 |
| 502484969 | 7/10/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 7/31/17 |
| 502484113 | 7/11/17 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 7/31/17 |
| 502484371 | 7/12/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 4.00 | $170.00 | $680.00 | | 7/31/17 |
| 502486207 | 7/13/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.00 | $170.00 | $340.00 | | 7/31/17 |
| 502490169 | 7/13/17 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 7/31/17 |
| 502490170 | 7/13/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 7/31/17 |
| 502486206 | 7/14/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 7/31/17 |
| 502492576 | 7/17/17 | PR-ENV:430 | 49042 | Court Proceedings | 0.50 | $170.00 | $85.00 | | 7/31/17 |
| 502489700 | 7/18/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 7/31/17 |
| 502489396 | 7/19/17 | PR-ENV:430 | 49042 | Communications & Meetings | 2.75 | $170.00 | $467.50 | | 7/31/17 |
| 502490160 | 7/20/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.00 | $170.00 | $340.00 | | 7/31/17 |
| 502492897 | 7/24/17 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 7/31/17 |
| 502494846 | 7/26/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.00 | $170.00 | $340.00 | | 7/31/17 |
| 502495201 | 7/27/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 7/31/17 |
| 502495202 | 7/27/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.00 | $170.00 | $340.00 | | 7/31/17 |
| 502496235 | 7/27/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 7/31/17 |
| 502496229 | 7/28/17 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 7/31/17 |
| 502496679 | 7/28/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 7/31/17 |

**XAVIER BECERRA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**
1300 I STREET, SACRAMENTO, CA 95814
Billing Inquiries: (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 502498028 | 7/31/17 | PR-ENV:430 | 49042 | Settlement | 1.00 | $170.00 | $170.00 | | 7/31/17 |
| 502502552 | 8/3/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 8/31/17 |
| 502505747 | 8/8/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 8/31/17 |
| 502506483 | 8/10/17 | PR-ENV:430 | 49042 | Communications & Meetings | 1.75 | $170.00 | $297.50 | | 8/31/17 |
| 502506698 | 8/10/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 8/31/17 |
| 502506701 | 8/10/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 8/31/17 |
| 502515513 | 8/22/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 8/31/17 |
| 502516330 | 8/23/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 8/31/17 |
| 502518883 | 8/25/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 8/31/17 |
| 502529147 | 9/5/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.75 | $170.00 | $127.50 | | 9/30/17 |
| 502534826 | 9/18/17 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 9/30/17 |
| 502540334 | 9/18/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 9/30/17 |
| 502535889 | 9/19/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 9/30/17 |
| 502540291 | 9/20/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 9/30/17 |
| 502540317 | 9/25/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 9/30/17 |
| 502546196 | 9/29/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 9/30/17 |
| 502547041 | 10/2/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 10/31/17 |
| 502548375 | 10/3/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 10/31/17 |
| 502548376 | 10/4/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 10/31/17 |
| 502551785 | 10/9/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 10/31/17 |
| 502556464 | 10/11/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 10/31/17 |
| 502556481 | 10/11/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 10/31/17 |
| 502556516 | 10/16/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 10/31/17 |
| 502556964 | 10/16/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.75 | $170.00 | $127.50 | | 10/31/17 |
| 502558632 | 10/16/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 10/31/17 |
| 502558620 | 10/17/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 10/31/17 |
| 502558621 | 10/17/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 10/31/17 |
| 502558622 | 10/18/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 10/31/17 |
| 502560175 | 10/20/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 10/31/17 |
| 502560588 | 10/20/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 10/31/17 |

**XAVIER BECERRA**
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*
1300 I STREET, SACRAMENTO, CA  95814
Billing Inquiries:  (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 502560590 | 10/20/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 10/31/17 |
| 502560861 | 10/20/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 10/31/17 |
| 502560960 | 10/20/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 10/31/17 |
| 502564012 | 10/25/17 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 10/31/17 |
| 502564056 | 10/25/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 10/31/17 |
| 502564589 | 10/26/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 10/31/17 |
| 502565054 | 10/26/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 10/31/17 |
| 502566458 | 10/27/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 10/31/17 |
| 502567058 | 10/30/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 10/31/17 |
| 502567731 | 10/30/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 10/31/17 |
| 502567733 | 10/30/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.75 | $170.00 | $127.50 | | 10/31/17 |
| 502569806 | 10/31/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 10/31/17 |
| 502573605 | 11/6/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 11/30/17 |
| 502580036 | 11/15/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 11/30/17 |
| 502587211 | 11/27/17 | PR-ENV:430 | 49042 | Communications & Meetings | 1.25 | $170.00 | $212.50 | | 11/30/17 |
| 502592653 | 12/1/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.75 | $170.00 | $127.50 | | 12/31/17 |
| 502593694 | 12/4/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 4.50 | $170.00 | $765.00 | | 12/31/17 |
| 502597110 | 12/5/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 12/31/17 |
| 502596869 | 12/6/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 12/31/17 |
| 502604101 | 12/18/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 3.00 | $170.00 | $510.00 | | 12/31/17 |
| 502606565 | 12/19/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 12/31/17 |
| 502606620 | 12/21/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 12/31/17 |
| 502607329 | 12/21/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 12/31/17 |
| 502609749 | 12/26/17 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 12/31/17 |
| 110015262 | 12/27/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.00 | $170.00 | $340.00 | | 12/31/17 |
| 502615216 | 1/2/18 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 1/31/18 |
| 502615732 | 1/3/18 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.00 | $170.00 | $340.00 | | 1/31/18 |
| 502618623 | 1/8/18 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 1/31/18 |
| 502621483 | 1/11/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 1/31/18 |
| 502624709 | 1/11/18 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 1/31/18 |

ER-351

(AMM001)



**XAVIER BECERRA**
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*
1300 I STREET, SACRAMENTO, CA 95814
Billing Inquiries: (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 502624694 | 1/12/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 1/31/18 |
| 502624618 | 1/16/18 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.00 | $170.00 | $340.00 | | 1/31/18 |
| 502625050 | 1/17/18 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 3.00 | $170.00 | $510.00 | | 1/31/18 |
| 502626610 | 1/18/18 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 1/31/18 |
| 502637476 | 1/31/18 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.25 | $170.00 | $212.50 | | 1/31/18 |
| 502638792 | 2/1/18 | PR-ENV:430 | 49042 | Communications & Meetings | 2.00 | $170.00 | $340.00 | | 2/28/18 |
| 502641989 | 2/1/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 2/28/18 |
| 502644857 | 2/1/18 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 2/28/18 |
| 502644755 | 2/2/18 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 2/28/18 |
| 502644854 | 2/2/18 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 2/28/18 |
| 502641978 | 2/5/18 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 2/28/18 |
| 502642138 | 2/5/18 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 2/28/18 |
| 502643736 | 2/6/18 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 2/28/18 |
| 502644003 | 2/6/18 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 2/28/18 |
| 502644006 | 2/6/18 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 2/28/18 |
| 502644024 | 2/7/18 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 2/28/18 |
| 502644756 | 2/7/18 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 2/28/18 |
| 502645937 | 2/9/18 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 2/28/18 |
| 502646161 | 2/9/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 2/28/18 |
| 502646970 | 2/12/18 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 2/28/18 |
| 502648466 | 2/13/18 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 2/28/18 |
| 502648621 | 2/14/18 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 2/28/18 |
| 502648934 | 2/14/18 | PR-ENV:430 | 49042 | Communications & Meetings | 3.25 | $170.00 | $552.50 | | 2/28/18 |
| 502649672 | 2/15/18 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 2/28/18 |
| 502649923 | 2/15/18 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 2/28/18 |
| 502652447 | 2/16/18 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 2/28/18 |
| 502652481 | 2/16/18 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 2/28/18 |
| 502655792 | 2/20/18 | PR-ENV:430 | 49042 | Communications & Meetings | 5.00 | $170.00 | $850.00 | | 2/28/18 |
| 502658243 | 2/21/18 | PR-ENV:430 | 49042 | Communications & Meetings | 6.00 | $170.00 | $1,020.00 | | 2/28/18 |
| 502658187 | 2/22/18 | PR-ENV:430 | 49042 | Communications & Meetings | 5.25 | $170.00 | $892.50 | | 2/28/18 |

**XAVIER BECERRA**
*Attorney General*



*State of California*
*DEPARTMENT OF JUSTICE*
1300 I STREET, SACRAMENTO, CA  95814
Billing Inquiries:  (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 502665684 | 2/23/18 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 2/28/18 |
| 502665943 | 2/23/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 2/28/18 |
| 502665949 | 2/23/18 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 2/28/18 |
| 502665687 | 2/26/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 2/28/18 |
| 502664494 | 2/27/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 2/28/18 |
| 502667418 | 3/2/18 | PR-ENV:430 | 49042 | Communications & Meetings | 2.50 | $170.00 | $425.00 | | 3/31/18 |
| 502668328 | 3/5/18 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 3/31/18 |
| 502668416 | 3/5/18 | PR-ENV:430 | 49042 | Communications & Meetings | 4.00 | $170.00 | $680.00 | | 3/31/18 |
| 502676077 | 3/9/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 3/31/18 |
| 502672894 | 3/12/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 3/31/18 |
| 502675435 | 3/13/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 3/31/18 |
| 502675967 | 3/15/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 3/31/18 |
| 502680439 | 3/16/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 3/31/18 |
| 502680441 | 3/20/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 3/31/18 |
| 502680444 | 3/21/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 3/31/18 |
| 502680605 | 3/21/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 3/31/18 |
| 502680632 | 3/21/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 3/31/18 |
| 502680707 | 3/21/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 3/31/18 |
| 502681109 | 3/21/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 3/31/18 |
| 502681107 | 3/22/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 3/31/18 |
| 502681111 | 3/22/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 3/31/18 |
| 502681113 | 3/22/18 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 3/31/18 |
| 502681373 | 3/22/18 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 3/31/18 |
| 502681416 | 3/22/18 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 3/31/18 |
| 502681484 | 3/22/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 3/31/18 |
| 602447114 | 3/23/18 | PR-ENV:430 | 49042 | Communications & Meetings | 2.50 | $170.00 | $425.00 | | 3/31/18 |
| 602448492 | 3/26/18 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 3/31/18 |
| 602450874 | 3/26/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 3/31/18 |
| 602450985 | 3/26/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 3/31/18 |
| 602452012 | 3/26/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 3/31/18 |

ER 353

**XAVIER BECERRA**
*Attorney General*

*State of California*
***DEPARTMENT OF JUSTICE***
1300 I STREET, SACRAMENTO, CA  95814
Billing Inquiries:  (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 602450872 | 3/27/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 3/31/18 |
| 602453059 | 3/29/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 3/31/18 |
| 602473546 | 4/17/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 4/30/18 |
| 602473787 | 4/18/18 | PR-ENV:430 | 49042 | Communications & Meetings | 2.00 | $170.00 | $340.00 | | 4/30/18 |
| 602478998 | 4/23/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 4/30/18 |
| 602481622 | 4/27/18 | PR-ENV:430 | 49042 | Communications & Meetings | 2.50 | $170.00 | $425.00 | | 4/30/18 |
| 602483309 | 4/30/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 4/30/18 |
| 602487097 | 5/2/18 | PR-ENV:430 | 49042 | Communications & Meetings | 1.25 | $170.00 | $212.50 | | 5/31/18 |
| 602491758 | 5/9/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 5/31/18 |
| 602491761 | 5/9/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 5/31/18 |
| 602503139 | 5/22/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 5/31/18 |
| 602503791 | 5/23/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 5/31/18 |
| 602503793 | 5/23/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 5/31/18 |
| 602504358 | 5/24/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 5/31/18 |
| 602504614 | 5/24/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 5/31/18 |
| 602513582 | 6/5/18 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 6/30/18 |
| 602515127 | 6/5/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 6/30/18 |
| 602516477 | 6/6/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 6/30/18 |
| 110235351 | 6/8/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 6/30/18 |
| 602527881 | 6/19/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 6/30/18 |
| 602527882 | 6/20/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 6/30/18 |
| 110254068 | 6/22/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 6/30/18 |
| 602528492 | 6/22/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 6/30/18 |
| | | | | **Olivia W. Karlin Totals:** | **168.00** | | **$28,560.00** | | |
| **Professional: Sarah E. Morrison** | | | | | | | | | |
| 109815063 | 7/6/17 | PR-ENV:430 | 49042 | Supervision & Review | 1.00 | $170.00 | $170.00 | | 7/31/17 |
| | | | | **Sarah E. Morrison Totals:** | **1.00** | | **$170.00** | | |
| | | | | **2017 Totals:** | **230.00** | | **$39,100.00** | | |
| **Fiscal Year:  2016** | | | | | | | | | |
| **Professional:  Laura J. Zuckerman** | | | | | | | | | |

**XAVIER BECERRA**
**Attorney General**

*State of California*
*DEPARTMENT OF JUSTICE*
**1300 I STREET, SACRAMENTO, CA  95814**
**Billing Inquiries:  (916) 210-7048**



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 900218459 | 7/3/16 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 7/31/16 |
| 900220128 | 7/12/16 | PR-ENV:430 | 49042 | Settlement | 2.25 | $170.00 | $382.50 | | 7/31/16 |
| 900223511 | 7/25/16 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 7/31/16 |
| 900223513 | 7/25/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 7/31/16 |
| 900223788 | 7/26/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 7/31/16 |
| 900223790 | 7/26/16 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.75 | $170.00 | $127.50 | | 7/31/16 |
| 900224261 | 7/27/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 7/31/16 |
| 900224325 | 7/27/16 | PR-ENV:430 | 49042 | Contract/Document Preparation | 1.00 | $170.00 | $170.00 | | 7/31/16 |
| 900224508 | 7/28/16 | PR-ENV:430 | 49042 | Communications & Meetings | 1.25 | $170.00 | $212.50 | | 7/31/16 |
| 900224947 | 7/29/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 7/31/16 |
| 900225495 | 8/1/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 8/31/16 |
| 900227094 | 8/8/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 8/31/16 |
| 900227813 | 8/11/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 8/31/16 |
| 900228861 | 8/15/16 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 8/31/16 |
| 900229198 | 8/16/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 8/31/16 |
| 900230490 | 8/22/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 8/31/16 |
| 900231280 | 8/23/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 8/31/16 |
| 900231376 | 8/24/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 8/31/16 |
| 900232648 | 8/29/16 | PR-ENV:430 | 49042 | Settlement | 1.50 | $170.00 | $255.00 | | 8/31/16 |
| 900233313 | 8/30/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 8/31/16 |
| 900234551 | 9/2/16 | PR-ENV:430 | 49042 | Settlement | 0.50 | $170.00 | $85.00 | | 9/30/16 |
| 900234833 | 9/6/16 | PR-ENV:430 | 49042 | Settlement | 0.50 | $170.00 | $85.00 | | 9/30/16 |
| 900235282 | 9/7/16 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 9/30/16 |
| 900237149 | 9/15/16 | PR-ENV:430 | 49042 | Settlement | 0.75 | $170.00 | $127.50 | | 9/30/16 |
| 900237369 | 9/16/16 | PR-ENV:430 | 49042 | Settlement | 0.75 | $170.00 | $127.50 | | 9/30/16 |
| 900238311 | 9/19/16 | PR-ENV:430 | 49042 | Settlement | 1.00 | $170.00 | $170.00 | | 9/30/16 |
| 900241625 | 9/29/16 | PR-ENV:430 | 49042 | Settlement | 0.50 | $170.00 | $85.00 | | 9/30/16 |
| 900243020 | 10/3/16 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 10/31/16 |
| 900243660 | 10/5/16 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 10/31/16 |
| 900244495 | 10/10/16 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 10/31/16 |

**XAVIER BECERRA**
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*
1300 I STREET, SACRAMENTO, CA  95814
Billing Inquiries:  (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 900244749 | 10/11/16 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.25 | $170.00 | $212.50 | | 10/31/16 |
| 900245251 | 10/13/16 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.25 | $170.00 | $382.50 | | 10/31/16 |
| 900246550 | 10/18/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 10/31/16 |
| 900249271 | 10/27/16 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 10/31/16 |
| 900250691 | 10/31/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 10/31/16 |
| 900251932 | 11/4/16 | PR-ENV:430 | 49042 | Settlement | 0.50 | $170.00 | $85.00 | | 11/30/16 |
| 900256048 | 11/22/16 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 11/30/16 |
| 900257533 | 11/29/16 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.75 | $170.00 | $127.50 | | 11/30/16 |
| 900258965 | 12/2/16 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 12/31/16 |
| 900261894 | 12/15/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 12/31/16 |
| 900263848 | 12/21/16 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.75 | $170.00 | $297.50 | | 12/31/16 |
| 900264232 | 12/22/16 | PR-ENV:430 | 49042 | Settlement | 1.00 | $170.00 | $170.00 | | 12/31/16 |
| 900268274 | 1/10/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 1/31/17 |
| 900268521 | 1/11/17 | PR-ENV:430 | 49042 | Settlement | 1.00 | $170.00 | $170.00 | | 1/31/17 |
| 900270405 | 1/18/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 1/31/17 |
| 900270567 | 1/19/17 | PR-ENV:430 | 49042 | Settlement | 1.50 | $170.00 | $255.00 | | 1/31/17 |
| 900271694 | 1/23/17 | PR-ENV:430 | 49042 | Settlement | 0.50 | $170.00 | $85.00 | | 1/31/17 |
| 900272742 | 1/26/17 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 1/31/17 |
| 900273667 | 1/30/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.25 | $170.00 | $212.50 | | 1/31/17 |
| 900274876 | 1/31/17 | PR-ENV:430 | 49042 | Settlement | 1.50 | $170.00 | $255.00 | | 1/31/17 |
| 900274879 | 2/1/17 | PR-ENV:430 | 49042 | Settlement | 2.50 | $170.00 | $425.00 | | 2/28/17 |
| 900275590 | 2/2/17 | PR-ENV:430 | 49042 | Settlement | 1.00 | $170.00 | $170.00 | | 2/28/17 |
| 900277220 | 2/10/17 | PR-ENV:430 | 49042 | Communications & Meetings | 1.25 | $170.00 | $212.50 | | 2/28/17 |
| 900278422 | 2/14/17 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 2/28/17 |
| 900280685 | 2/22/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 2/28/17 |
| 900281500 | 2/24/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 2/28/17 |
| 900282101 | 2/27/17 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 2/28/17 |
| 900282960 | 2/28/17 | PR-ENV:430 | 49042 | Settlement | 0.75 | $170.00 | $127.50 | | 2/28/17 |
| 900283334 | 3/1/17 | PR-ENV:430 | 49042 | Settlement | 1.25 | $170.00 | $212.50 | | 3/31/17 |
| 900283760 | 3/2/17 | PR-ENV:430 | 49042 | Contract/Document Preparation | 0.75 | $170.00 | $127.50 | | 3/31/17 |

**XAVIER BECERRA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**
1300 I STREET, SACRAMENTO, CA 95814
Billing Inquiries: (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 900284255 | 3/3/17 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 3/31/17 |
| 900284956 | 3/6/17 | PR-ENV:430 | 49042 | Contract/Document Preparation | 0.25 | $170.00 | $42.50 | | 3/31/17 |
| 900285600 | 3/9/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 3/31/17 |
| 900288552 | 3/17/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 3/31/17 |
| 900295821 | 4/12/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 4/30/17 |
| 900295822 | 4/13/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 4/30/17 |
| 900297289 | 4/17/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 4/30/17 |
| 900297545 | 4/18/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.50 | $170.00 | $425.00 | | 4/30/17 |
| 900297955 | 4/19/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.75 | $170.00 | $297.50 | | 4/30/17 |
| 900298797 | 4/21/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.25 | $170.00 | $212.50 | | 4/30/17 |
| 900299196 | 4/24/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 7.00 | $170.00 | $1,190.00 | | 4/30/17 |
| 900299698 | 4/25/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 5.75 | $170.00 | $977.50 | | 4/30/17 |
| 900300441 | 4/26/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.50 | $170.00 | $425.00 | | 4/30/17 |
| 900300433 | 4/27/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.75 | $170.00 | $297.50 | | 4/30/17 |
| 900301172 | 4/28/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 4/30/17 |
| 900301634 | 4/30/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 4/30/17 |
| 900301786 | 5/1/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.75 | $170.00 | $297.50 | | 5/31/17 |
| 900302451 | 5/2/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 4.00 | $170.00 | $680.00 | | 5/31/17 |
| 900302906 | 5/3/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 5.00 | $170.00 | $850.00 | | 5/31/17 |
| 900303150 | 5/4/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 3.50 | $170.00 | $595.00 | | 5/31/17 |
| 900303673 | 5/5/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 6.25 | $170.00 | $1,062.50 | | 5/31/17 |
| 900306136 | 5/15/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 5/31/17 |
| 900311372 | 5/31/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 5/31/17 |
| 900311843 | 6/1/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 6/30/17 |
| 900312662 | 6/5/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.75 | $170.00 | $127.50 | | 6/30/17 |
| 900312812 | 6/6/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.75 | $170.00 | $127.50 | | 6/30/17 |
| 900313068 | 6/7/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.25 | $170.00 | $382.50 | | 6/30/17 |
| 900313644 | 6/8/17 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 6/30/17 |
| 900313853 | 6/9/17 | PR-ENV:430 | 49042 | Settlement | 0.50 | $170.00 | $85.00 | | 6/30/17 |
| 900317153 | 6/19/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 6/30/17 |

**XAVIER BECERRA**
*Attorney General*



State of California
*DEPARTMENT OF JUSTICE*
1300 I STREET, SACRAMENTO, CA  95814
Billing Inquiries:  (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 900318615 | 6/23/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 6/30/17 |
| 900319321 | 6/26/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 6/30/17 |
| 900319789 | 6/27/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 6/30/17 |
| 900320301 | 6/29/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 6/30/17 |
| 900321273 | 6/30/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 6/30/17 |
| | | | | **Laura J. Zuckerman Totals:** | **101.75** | | **$17,297.50** | | |
| **Professional:  Margarita Padilla** | | | | | | | | | |
| 900224454 | 7/26/16 | PR-ENV:430 | 49042 | Supervision & Review | 0.50 | $170.00 | $85.00 | | 7/31/16 |
| 900224389 | 7/27/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 7/31/16 |
| 900224670 | 7/28/16 | PR-ENV:430 | 49042 | Supervision & Review | 0.25 | $170.00 | $42.50 | | 7/31/16 |
| 900229972 | 8/9/16 | PR-ENV:430 | 49042 | Supervision & Review | 0.25 | $170.00 | $42.50 | | 8/31/16 |
| | | | | **Margarita Padilla Totals:** | **1.50** | | **$255.00** | | |
| **Professional:  Olivia W. Karlin** | | | | | | | | | |
| 502231364 | 7/12/16 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 7/31/16 |
| 502233932 | 7/25/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 7/31/16 |
| 602170121 | 7/26/16 | PR-ENV:430 | 49042 | Alternative Dispute Resolution | 0.75 | $170.00 | $127.50 | | 7/31/16 |
| 602170068 | 7/27/16 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 7/31/16 |
| 602171014 | 7/28/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 7/31/16 |
| 602170060 | 7/28/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 7/31/16 |
| 602170036 | 7/29/16 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 7/31/16 |
| 602171223 | 8/1/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 8/31/16 |
| 502241980 | 8/5/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 8/31/16 |
| 502242814 | 8/6/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 8/31/16 |
| 502244818 | 8/8/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 8/31/16 |
| 502244819 | 8/8/16 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 3.25 | $170.00 | $552.50 | | 8/31/16 |
| 502244464 | 8/9/16 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 7.00 | $170.00 | $1,190.00 | | 8/31/16 |
| 502244832 | 8/10/16 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.75 | $170.00 | $297.50 | | 8/31/16 |
| 502245651 | 8/11/16 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 4.00 | $170.00 | $680.00 | | 8/31/16 |
| 502258173 | 8/22/16 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 4.00 | $170.00 | $680.00 | | 8/31/16 |
| 502254614 | 8/23/16 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 8/31/16 |

**XAVIER BECERRA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**
1300 I STREET, SACRAMENTO, CA 95814
Billing Inquiries: (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 502257836 | 8/29/16 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 8/31/16 |
| 502259673 | 8/30/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 8/31/16 |
| 502262481 | 9/2/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 9/30/16 |
| 502264377 | 9/6/16 | PR-ENV:430 | 49042 | Communications & Meetings | 1.25 | $170.00 | $212.50 | | 9/30/16 |
| 502270089 | 9/14/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 9/30/16 |
| 502270660 | 9/15/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 9/30/16 |
| 502270662 | 9/15/16 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 9/30/16 |
| 502270664 | 9/16/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 9/30/16 |
| 502279840 | 9/19/16 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 9/30/16 |
| 502275237 | 9/21/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 9/30/16 |
| 502279838 | 9/29/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 9/30/16 |
| 502294539 | 10/20/16 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.50 | $170.00 | $425.00 | | 10/31/16 |
| 502297072 | 10/21/16 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 10/31/16 |
| 502300780 | 10/28/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 10/31/16 |
| 502300884 | 10/28/16 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 10/31/16 |
| 502301861 | 10/28/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 10/31/16 |
| 502301862 | 10/31/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 10/31/16 |
| 502302156 | 10/31/16 | PR-ENV:430 | 49042 | Communications & Meetings | 1.25 | $170.00 | $212.50 | | 10/31/16 |
| 502306721 | 11/4/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 11/30/16 |
| 502325594 | 12/2/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 12/31/16 |
| 502331645 | 12/12/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 12/31/16 |
| 502338070 | 12/21/16 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 5.00 | $170.00 | $850.00 | | 12/31/16 |
| 502338527 | 12/22/16 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 3.00 | $170.00 | $510.00 | | 12/31/16 |
| 502344899 | 1/4/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 1/31/17 |
| 502345738 | 1/5/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.00 | $170.00 | $340.00 | | 1/31/17 |
| 502348178 | 1/9/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 1/31/17 |
| 502355370 | 1/9/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.00 | $170.00 | $340.00 | | 1/31/17 |
| 502349414 | 1/10/17 | PR-ENV:430 | 49042 | Court Proceedings | 0.50 | $170.00 | $85.00 | | 1/31/17 |
| 502349829 | 1/10/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.00 | $170.00 | $340.00 | | 1/31/17 |
| 502349415 | 1/11/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 4.50 | $170.00 | $765.00 | | 1/31/17 |

(AMM001)

*State of California*
**DEPARTMENT OF JUSTICE**
1300 I STREET, SACRAMENTO, CA 95814
Billing Inquiries: (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 502360791 | 1/17/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 1/31/17 |
| 502354009 | 1/18/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 1/31/17 |
| 502354697 | 1/19/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 3.00 | $170.00 | $510.00 | | 1/31/17 |
| 502356010 | 1/20/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 1/31/17 |
| 502356944 | 1/23/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 1/31/17 |
| 502357572 | 1/23/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.75 | $170.00 | $127.50 | | 1/31/17 |
| 502359349 | 1/25/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.00 | $170.00 | $340.00 | | 1/31/17 |
| 502362846 | 1/30/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 1/31/17 |
| 502365085 | 1/31/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 1/31/17 |
| 502365109 | 1/31/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 1/31/17 |
| 502365563 | 2/1/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 2/28/17 |
| 502365893 | 2/1/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.25 | $170.00 | $212.50 | | 2/28/17 |
| 502366981 | 2/2/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 2/28/17 |
| 502370315 | 2/7/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 2/28/17 |
| 502380143 | 2/22/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 2/28/17 |
| 502380144 | 2/22/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 2/28/17 |
| 502380215 | 2/22/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 2/28/17 |
| 502380142 | 2/23/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 2/28/17 |
| 502380996 | 2/24/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 2/28/17 |
| 502382581 | 2/24/17 | PR-ENV:430 | 49042 | Communications & Meetings | 1.25 | $170.00 | $212.50 | | 2/28/17 |
| 502383047 | 2/27/17 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 2/28/17 |
| 502383050 | 2/27/17 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 2/28/17 |
| 502385021 | 2/27/17 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 2/28/17 |
| 502385160 | 2/28/17 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 2/28/17 |
| 502385162 | 2/28/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 2/28/17 |
| 502385202 | 3/1/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 3/31/17 |
| 502385790 | 3/1/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 3.50 | $170.00 | $595.00 | | 3/31/17 |
| 502386758 | 3/2/17 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 3/31/17 |
| 502386759 | 3/2/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 3/31/17 |
| 502387029 | 3/2/17 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 3/31/17 |

**XAVIER BECERRA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**
1300 I STREET, SACRAMENTO, CA 95814
Billing Inquiries: (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---------|------|---------|--------|------|-------------|------|--------|-------|----------------|
| 502387887 | 3/3/17 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 3/31/17 |
| 502387890 | 3/3/17 | PR-ENV:430 | 49042 | Communications & Meetings | 1.25 | $170.00 | $212.50 | | 3/31/17 |
| 502388508 | 3/6/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 3/31/17 |
| 502389773 | 3/7/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 3/31/17 |
| 502389836 | 3/7/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 3/31/17 |
| 502389913 | 3/8/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 3/31/17 |
| 502390218 | 3/8/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 3/31/17 |
| 502390748 | 3/9/17 | PR-ENV:430 | 49042 | Communications & Meetings | 1.25 | $170.00 | $212.50 | | 3/31/17 |
| 502390749 | 3/9/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 3/31/17 |
| 502391718 | 3/10/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 3/31/17 |
| 502393112 | 3/10/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 3/31/17 |
| 502393751 | 3/13/17 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 3/31/17 |
| 502393754 | 3/13/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 3/31/17 |
| 502395220 | 3/13/17 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 3/31/17 |
| 502395509 | 3/15/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 3/31/17 |
| 502396372 | 3/16/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 3/31/17 |
| 502396637 | 3/16/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 3/31/17 |
| 502396638 | 3/16/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 3/31/17 |
| 502397826 | 3/17/17 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 3/31/17 |
| 502404519 | 3/22/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 3/31/17 |
| 502406293 | 3/28/17 | PR-ENV:430 | 49042 | Communications & Meetings | 1.25 | $170.00 | $212.50 | | 3/31/17 |
| 502408122 | 3/30/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 3/31/17 |
| 502414177 | 4/10/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.25 | $170.00 | $212.50 | | 4/30/17 |
| 502414476 | 4/10/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 4/30/17 |
| 502416432 | 4/13/17 | PR-ENV:430 | 49042 | Communications & Meetings | 2.00 | $170.00 | $340.00 | | 4/30/17 |
| 502420771 | 4/18/17 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 4/30/17 |
| 502420774 | 4/18/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 5.00 | $170.00 | $850.00 | | 4/30/17 |
| 502420769 | 4/19/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.00 | $170.00 | $340.00 | | 4/30/17 |
| 502421287 | 4/19/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 4/30/17 |
| 502422524 | 4/20/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 4/30/17 |

**XAVIER BECERRA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**
1300 I STREET, SACRAMENTO, CA  95814
Billing Inquiries:  (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 502422768 | 4/21/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 5.00 | $170.00 | $850.00 | | 4/30/17 |
| 502424160 | 4/24/17 | PR-ENV:430 | 49042 | Communications & Meetings | 4.25 | $170.00 | $722.50 | | 4/30/17 |
| 502425930 | 4/24/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 4/30/17 |
| 502426020 | 4/24/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.00 | $170.00 | $340.00 | | 4/30/17 |
| 502425939 | 4/25/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 4.00 | $170.00 | $680.00 | | 4/30/17 |
| 502425941 | 4/26/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 4.00 | $170.00 | $680.00 | | 4/30/17 |
| 502433005 | 5/1/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 4.00 | $170.00 | $680.00 | | 5/31/17 |
| 502432047 | 5/2/17 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 5/31/17 |
| 502432158 | 5/2/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 6.50 | $170.00 | $1,105.00 | | 5/31/17 |
| 502431919 | 5/3/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.00 | $170.00 | $340.00 | | 5/31/17 |
| 502432159 | 5/3/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 4.00 | $170.00 | $680.00 | | 5/31/17 |
| 502432773 | 5/4/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 5.00 | $170.00 | $850.00 | | 5/31/17 |
| 502433975 | 5/5/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 4.25 | $170.00 | $722.50 | | 5/31/17 |
| 502435060 | 5/8/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 5/31/17 |
| 502437570 | 5/11/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 5/31/17 |
| 502439912 | 5/15/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 5/31/17 |
| 502453342 | 5/31/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 5/31/17 |
| 502453818 | 6/1/17 | PR-ENV:430 | 49042 | Communications & Meetings | 2.50 | $170.00 | $425.00 | | 6/30/17 |
| 502456161 | 6/5/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 3.50 | $170.00 | $595.00 | | 6/30/17 |
| 502460851 | 6/7/17 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 6/30/17 |
| 502459298 | 6/8/17 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 6/30/17 |
| 502459460 | 6/8/17 | PR-ENV:430 | 49042 | Court Proceedings | 0.25 | $170.00 | $42.50 | | 6/30/17 |
| 502460846 | 6/8/17 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 6/30/17 |
| 502459491 | 6/9/17 | PR-ENV:430 | 49042 | Communications & Meetings | 1.25 | $170.00 | $212.50 | | 6/30/17 |
| 502466244 | 6/19/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 6/30/17 |
| 502469017 | 6/20/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 6/30/17 |
| 502469015 | 6/21/17 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 6/30/17 |
| 502469190 | 6/21/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 6/30/17 |
| 502469284 | 6/21/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 6/30/17 |
| 502469285 | 6/21/17 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 6/30/17 |

**XAVIER BECERRA**
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*
1300 I STREET, SACRAMENTO, CA 95814
Billing Inquiries: (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 502471350 | 6/22/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 6/30/17 |
| 502471296 | 6/23/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.00 | $170.00 | $340.00 | | 6/30/17 |
| 502471726 | 6/23/17 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.50 | $170.00 | $425.00 | | 6/30/17 |
| 502475059 | 6/27/17 | PR-ENV:430 | 49042 | Communications & Meetings | 2.50 | $170.00 | $425.00 | | 6/30/17 |
| 502475330 | 6/27/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 6/30/17 |
| 502475532 | 6/27/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 6/30/17 |
| 502475345 | 6/28/17 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 6/30/17 |
| 502475480 | 6/28/17 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 6/30/17 |
| 502476104 | 6/29/17 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 6/30/17 |
| 502476235 | 6/29/17 | PR-ENV:430 | 49042 | Communications & Meetings | 3.00 | $170.00 | $510.00 | | 6/30/17 |
| | | | | **Olivia W. Karlin Totals:** | **199.00** | | **$33,830.00** | | |
| **Professional: Sarah E. Morrison** | | | | | | | | | |
| 109499526 | 10/28/16 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 10/31/16 |
| 109598704 | 1/18/17 | PR-ENV:430 | 49042 | Supervision & Review | 1.00 | $170.00 | $170.00 | | 1/31/17 |
| 109606134 | 1/24/17 | PR-ENV:430 | 49042 | Supervision & Review | 1.00 | $170.00 | $170.00 | | 1/31/17 |
| 109606139 | 1/25/17 | PR-ENV:430 | 49042 | Supervision & Review | 1.00 | $170.00 | $170.00 | | 1/31/17 |
| 109606169 | 1/30/17 | PR-ENV:430 | 49042 | Supervision & Review | 0.50 | $170.00 | $85.00 | | 1/31/17 |
| 109606186 | 1/31/17 | PR-ENV:430 | 49042 | Settlement | 0.50 | $170.00 | $85.00 | | 1/31/17 |
| 109620204 | 2/1/17 | PR-ENV:430 | 49042 | Supervision & Review | 0.50 | $170.00 | $85.00 | | 2/28/17 |
| 109720243 | 4/24/17 | PR-ENV:430 | 49042 | Supervision & Review | 0.50 | $170.00 | $85.00 | | 4/30/17 |
| 109720246 | 4/25/17 | PR-ENV:430 | 49042 | Supervision & Review | 0.50 | $170.00 | $85.00 | | 4/30/17 |
| 109720279 | 4/30/17 | PR-ENV:430 | 49042 | Supervision & Review | 1.50 | $170.00 | $255.00 | | 4/30/17 |
| 109734035 | 5/1/17 | PR-ENV:430 | 49042 | Supervision & Review | 1.50 | $170.00 | $255.00 | | 5/31/17 |
| 109791500 | 6/23/17 | PR-ENV:430 | 49042 | Supervision & Review | 0.50 | $170.00 | $85.00 | | 6/30/17 |
| | | | | **Sarah E. Morrison Totals:** | **9.25** | | **$1,572.50** | | |
| | | | | **2016 Totals:** | **311.50** | | **$52,955.00** | | |
| **Fiscal Year: 2015** | | | | | | | | | |
| **Professional: Dennis L. Beck, Jr.** | | | | | | | | | |
| 302088868 | 7/1/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 7/31/15 |
| 302088874 | 7/1/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.75 | $170.00 | $297.50 | | 7/31/15 |

**XAVIER BECERRA**
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*
1300 I STREET, SACRAMENTO, CA  95814
Billing Inquiries:  (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 302089366 | 7/2/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 7/31/15 |
| 302089967 | 7/2/15 | PR-ENV:430 | 49042 | Contract/Document Preparation | 2.75 | $170.00 | $467.50 | | 7/31/15 |
| 302090018 | 7/2/15 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 0.50 | $170.00 | $85.00 | | 7/31/15 |
| 302091028 | 7/3/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 4.00 | $170.00 | $680.00 | | 7/31/15 |
| 302091030 | 7/3/15 | PR-ENV:430 | 49042 | Communications & Meetings | 2.00 | $170.00 | $340.00 | | 7/31/15 |
| 302091564 | 7/6/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 4.75 | $170.00 | $807.50 | | 7/31/15 |
| 302095918 | 7/7/15 | PR-ENV:430 | 49042 | Contract/Document Preparation | 1.00 | $170.00 | $170.00 | | 7/31/15 |
| 302095959 | 7/8/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 4.50 | $170.00 | $765.00 | | 7/31/15 |
| 302095962 | 7/8/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 7/31/15 |
| 302098848 | 7/10/15 | PR-ENV:430 | 49042 | Court Proceedings | 0.50 | $170.00 | $85.00 | | 7/31/15 |
| 302095734 | 7/13/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.25 | $170.00 | $212.50 | | 7/31/15 |
| 302096170 | 7/14/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 7/31/15 |
| 302097610 | 7/15/15 | PR-ENV:430 | 49042 | Court Proceedings | 1.00 | $170.00 | $170.00 | | 7/31/15 |
| 302098104 | 7/16/15 | PR-ENV:430 | 49042 | Court Proceedings | 0.75 | $170.00 | $127.50 | | 7/31/15 |
| 302099000 | 7/17/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 7/31/15 |
| 302101601 | 7/21/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 7/31/15 |
| 302102575 | 7/22/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 7/31/15 |
| 302103152 | 7/23/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 7/31/15 |
| 302103835 | 7/24/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 7/31/15 |
| 302123601 | 8/24/15 | PR-ENV:430 | 49042 | Court Proceedings | 0.50 | $170.00 | $85.00 | | 8/31/15 |
| 302124964 | 8/25/15 | PR-ENV:430 | 49042 | Court Proceedings | 0.50 | $170.00 | $85.00 | | 8/31/15 |
| 302125013 | 8/26/15 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 0.50 | $170.00 | $85.00 | | 8/31/15 |
| 302137433 | 9/14/15 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 0.75 | $170.00 | $127.50 | | 9/30/15 |
| 302146592 | 9/15/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 9/30/15 |
| 302146594 | 9/18/15 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 0.50 | $170.00 | $85.00 | | 9/30/15 |
| 302169356 | 10/28/15 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 10/31/15 |
| 302215494 | 12/22/15 | PR-ENV:430 | 49042 | Settlement | 0.50 | $170.00 | $85.00 | | 12/31/15 |
| | | | | **Dennis L. Beck, Jr. Totals:** | **33.25** | | **$5,652.50** | | |
| **Professional:  Laura J. Zuckerman** | | | | | | | | | |
| 990675931 | 7/2/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 7/31/15 |

**XAVIER BECERRA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**
1300 I STREET, SACRAMENTO, CA  95814
Billing Inquiries:  (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 990676854 | 7/7/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 7/31/15 |
| 990676941 | 7/8/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 7/31/15 |
| 990677085 | 7/8/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.25 | $170.00 | $212.50 | | 7/31/15 |
| 990678550 | 7/14/15 | PR-ENV:430 | 49042 | Settlement | 1.75 | $170.00 | $297.50 | | 7/31/15 |
| 990678758 | 7/15/15 | PR-ENV:430 | 49042 | Settlement | 4.25 | $170.00 | $722.50 | | 7/31/15 |
| 990679194 | 7/16/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 7/31/15 |
| 990680349 | 7/20/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 7/31/15 |
| 990680377 | 7/20/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 7/31/15 |
| 990680682 | 7/21/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 7/31/15 |
| 990680963 | 7/22/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 7/31/15 |
| 990681343 | 7/23/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.00 | $170.00 | $340.00 | | 7/31/15 |
| 990681929 | 7/24/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 3.00 | $170.00 | $510.00 | | 7/31/15 |
| 990687316 | 8/6/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 8/31/15 |
| 990688211 | 8/19/15 | PR-ENV:430 | 49042 | Court Proceedings | 1.00 | $170.00 | $170.00 | | 8/31/15 |
| 990688742 | 8/20/15 | PR-ENV:430 | 49042 | Court Proceedings | 1.50 | $170.00 | $255.00 | | 8/31/15 |
| 990689485 | 8/21/15 | PR-ENV:430 | 49042 | Court Proceedings | 1.00 | $170.00 | $170.00 | | 8/31/15 |
| 990689699 | 8/24/15 | PR-ENV:430 | 49042 | Court Proceedings | 8.50 | $170.00 | $1,445.00 | | 8/31/15 |
| 990690272 | 8/25/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 3.50 | $170.00 | $595.00 | | 8/31/15 |
| 990691442 | 8/28/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 8/31/15 |
| 990693454 | 9/3/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 9/30/15 |
| 990695260 | 9/11/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 9/30/15 |
| 990695831 | 9/14/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.25 | $170.00 | $382.50 | | 9/30/15 |
| 990696286 | 9/15/15 | PR-ENV:430 | 49042 | Settlement | 2.25 | $170.00 | $382.50 | | 9/30/15 |
| 990696596 | 9/16/15 | PR-ENV:430 | 49042 | Settlement | 1.25 | $170.00 | $212.50 | | 9/30/15 |
| 990696932 | 9/17/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 3.75 | $170.00 | $637.50 | | 9/30/15 |
| 990697413 | 9/18/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.75 | $170.00 | $467.50 | | 9/30/15 |
| 990697727 | 9/18/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 9/30/15 |
| 990698046 | 9/21/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 9/30/15 |
| 990699420 | 9/25/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 9/30/15 |
| 990700403 | 9/29/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.25 | $170.00 | $212.50 | | 9/30/15 |

ER 365

**XAVIER BECERRA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**
1300 I STREET, SACRAMENTO, CA  95814
Billing Inquiries:  (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 990700803 | 9/30/15 | PR-ENV:430 | 49042 | Contract/Document Preparation | 0.25 | $170.00 | $42.50 | | 9/30/15 |
| 990706878 | 10/20/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 10/31/15 |
| 990709769 | 10/29/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 10/31/15 |
| 990711267 | 11/2/15 | PR-ENV:430 | 49042 | Court Proceedings | 0.50 | $170.00 | $85.00 | | 11/30/15 |
| 990717023 | 11/16/15 | PR-ENV:430 | 49042 | Settlement | 1.25 | $170.00 | $212.50 | | 11/30/15 |
| 990717330 | 11/17/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 11/30/15 |
| 990717636 | 11/18/15 | PR-ENV:430 | 49042 | Court Proceedings | 0.25 | $170.00 | $42.50 | | 11/30/15 |
| 990722931 | 12/8/15 | PR-ENV:430 | 49042 | Settlement | 1.00 | $170.00 | $170.00 | | 12/31/15 |
| 990723206 | 12/9/15 | PR-ENV:430 | 49042 | Settlement | 0.50 | $170.00 | $85.00 | | 12/31/15 |
| 990724040 | 12/10/15 | PR-ENV:430 | 49042 | Settlement | 2.50 | $170.00 | $425.00 | | 12/31/15 |
| 990724241 | 12/11/15 | PR-ENV:430 | 49042 | Settlement | 1.00 | $170.00 | $170.00 | | 12/31/15 |
| 990724535 | 12/14/15 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 12/31/15 |
| 990725011 | 12/15/15 | PR-ENV:430 | 49042 | Settlement | 1.25 | $170.00 | $212.50 | | 12/31/15 |
| 990725229 | 12/16/15 | PR-ENV:430 | 49042 | Settlement | 2.00 | $170.00 | $340.00 | | 12/31/15 |
| 990728230 | 12/24/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 12/31/15 |
| 990728231 | 12/28/15 | PR-ENV:430 | 49042 | Settlement | 0.50 | $170.00 | $85.00 | | 12/31/15 |
| 990728720 | 12/29/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.75 | $170.00 | $297.50 | | 12/31/15 |
| 990731262 | 12/30/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 12/31/15 |
| 990731590 | 12/31/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.75 | $170.00 | $127.50 | | 12/31/15 |
| 990731904 | 1/4/16 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 1/31/16 |
| 990732573 | 1/6/16 | PR-ENV:430 | 49042 | Settlement | 1.50 | $170.00 | $255.00 | | 1/31/16 |
| 990732890 | 1/7/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 1/31/16 |
| 990733167 | 1/8/16 | PR-ENV:430 | 49042 | Settlement | 1.50 | $170.00 | $255.00 | | 1/31/16 |
| 990735525 | 1/15/16 | PR-ENV:430 | 49042 | Settlement | 0.50 | $170.00 | $85.00 | | 1/31/16 |
| 990735989 | 1/19/16 | PR-ENV:430 | 49042 | Settlement | 1.50 | $170.00 | $255.00 | | 1/31/16 |
| 990736335 | 1/20/16 | PR-ENV:430 | 49042 | Court Proceedings | 0.25 | $170.00 | $42.50 | | 1/31/16 |
| 900213439 | 2/22/16 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 2/29/16 |
| 900214882 | 2/26/16 | PR-ENV:430 | 49042 | Settlement | 1.50 | $170.00 | $255.00 | | 2/29/16 |
| 990757111 | 4/6/16 | PR-ENV:430 | 49042 | Settlement | 0.75 | $170.00 | $127.50 | | 4/30/16 |
| 990758261 | 4/11/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 4/30/16 |

**XAVIER BECERRA**
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*
1300 I STREET, SACRAMENTO, CA 95814
Billing Inquiries: (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 990762341 | 4/26/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 4/30/16 |
| 990765105 | 4/28/16 | PR-ENV:430 | 49042 | Settlement | 0.50 | $170.00 | $85.00 | | 4/30/16 |
| 990765585 | 4/29/16 | PR-ENV:430 | 49042 | Settlement | 7.00 | $170.00 | $1,190.00 | | 4/30/16 |
| 990766771 | 5/3/16 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 5/31/16 |
| 990767953 | 5/9/16 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 5/31/16 |
| 990769419 | 5/13/16 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 5/31/16 |
| 990770705 | 5/18/16 | PR-ENV:430 | 49042 | Settlement | 0.75 | $170.00 | $127.50 | | 5/31/16 |
| 990771033 | 5/19/16 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 5/31/16 |
| 990771487 | 5/20/16 | PR-ENV:430 | 49042 | Settlement | 0.50 | $170.00 | $85.00 | | 5/31/16 |
| 990772967 | 5/25/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 5/31/16 |
| 990773231 | 5/26/16 | PR-ENV:430 | 49042 | Settlement | 0.50 | $170.00 | $85.00 | | 5/31/16 |
| 990773763 | 5/27/16 | PR-ENV:430 | 49042 | Settlement | 0.75 | $170.00 | $127.50 | | 5/31/16 |
| 990774337 | 5/31/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 5/31/16 |
| 990780343 | 6/15/16 | PR-ENV:430 | 49042 | Settlement | 1.25 | $170.00 | $212.50 | | 6/30/16 |
| 990780927 | 6/16/16 | PR-ENV:430 | 49042 | Settlement | 2.50 | $170.00 | $425.00 | | 6/30/16 |
| 990781517 | 6/17/16 | PR-ENV:430 | 49042 | Settlement | 2.00 | $170.00 | $340.00 | | 6/30/16 |
| | | | | **Laura J. Zuckerman Totals:** | **96.25** | | **$16,362.50** | | |
| **Professional: Margarita Padilla** | | | | | | | | | |
| 990676816 | 7/3/15 | PR-ENV:430 | 49042 | Supervision & Review | 1.25 | $170.00 | $212.50 | | 7/31/15 |
| 990682708 | 7/24/15 | PR-ENV:430 | 49042 | Supervision & Review | 0.25 | $170.00 | $42.50 | | 7/31/15 |
| 990775089 | 5/25/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 5/31/16 |
| | | | | **Margarita Padilla Totals:** | **2.00** | | **$340.00** | | |
| **Professional: Olivia W. Karlin** | | | | | | | | | |
| 502000967 | 7/1/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 7/31/15 |
| 502000969 | 7/1/15 | PR-ENV:430 | 49042 | Communications & Meetings | 2.00 | $170.00 | $340.00 | | 7/31/15 |
| 502001029 | 7/1/15 | PR-ENV:430 | 49042 | Settlement | 1.50 | $170.00 | $255.00 | | 7/31/15 |
| 502001623 | 7/2/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 7/31/15 |
| 502001624 | 7/2/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 4.00 | $170.00 | $680.00 | | 7/31/15 |
| 502004082 | 7/2/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 7/31/15 |
| 502002562 | 7/3/15 | PR-ENV:430 | 49042 | Communications & Meetings | 2.00 | $170.00 | $340.00 | | 7/31/15 |

ER 367

(AMM001)

**XAVIER BECERRA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**
**1300 I STREET, SACRAMENTO, CA 95814**
Billing Inquiries: (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 502002842 | 7/6/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 7/31/15 |
| 502002843 | 7/6/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 7/31/15 |
| 502007010 | 7/6/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 3.50 | $170.00 | $595.00 | | 7/31/15 |
| 502004078 | 7/7/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 5.00 | $170.00 | $850.00 | | 7/31/15 |
| 502004079 | 7/7/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 7/31/15 |
| 502004413 | 7/8/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 7/31/15 |
| 502004415 | 7/8/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 3.00 | $170.00 | $510.00 | | 7/31/15 |
| 502007013 | 7/13/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 4.00 | $170.00 | $680.00 | | 7/31/15 |
| 502009813 | 7/14/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 7/31/15 |
| 502008606 | 7/15/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 7/31/15 |
| 502009809 | 7/15/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 7/31/15 |
| 502009811 | 7/15/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 7/31/15 |
| 502008600 | 7/16/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 7/31/15 |
| 502009800 | 7/16/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.25 | $170.00 | $382.50 | | 7/31/15 |
| 502011953 | 7/20/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 7.00 | $170.00 | $1,190.00 | | 7/31/15 |
| 502015055 | 7/21/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 3.00 | $170.00 | $510.00 | | 7/31/15 |
| 502015053 | 7/22/15 | PR-ENV:430 | 49042 | Communications & Meetings | 2.00 | $170.00 | $340.00 | | 7/31/15 |
| 502015424 | 7/23/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 5.00 | $170.00 | $850.00 | | 7/31/15 |
| 502017160 | 7/24/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 5.00 | $170.00 | $850.00 | | 7/31/15 |
| 502022090 | 7/27/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 7/31/15 |
| 502024385 | 7/28/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 7/31/15 |
| 502025627 | 7/28/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 7/31/15 |
| 502025631 | 7/28/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 7/31/15 |
| 502023997 | 7/30/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 7/31/15 |
| 502025584 | 7/30/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 7/31/15 |
| 502025738 | 7/31/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 6.00 | $170.00 | $1,020.00 | | 7/31/15 |
| 502029974 | 8/3/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 8/31/15 |
| 502033899 | 8/4/15 | PR-ENV:430 | 49042 | Communications & Meetings | 2.00 | $170.00 | $340.00 | | 8/31/15 |
| 502034396 | 8/5/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.50 | $170.00 | $425.00 | | 8/31/15 |
| 502033854 | 8/11/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 8/31/15 |

**XAVIER BECERRA**
*Attorney General*



*State of California*
*DEPARTMENT OF JUSTICE*
1300 I STREET, SACRAMENTO, CA 95814
Billing Inquiries: (916) 210-7048

# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 502038258 | 8/19/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 8/31/15 |
| 502040125 | 8/19/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 8/31/15 |
| 502040124 | 8/20/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 8/31/15 |
| 502040126 | 8/20/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 8/31/15 |
| 502040405 | 8/21/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 8/31/15 |
| 502041839 | 8/24/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 8/31/15 |
| 502042019 | 8/24/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 8/31/15 |
| 502042384 | 8/24/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 8/31/15 |
| 502043450 | 8/25/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.00 | $170.00 | $340.00 | | 8/31/15 |
| 502043451 | 8/25/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 8/31/15 |
| 502043593 | 8/26/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 8/31/15 |
| 502047120 | 8/28/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 4.50 | $170.00 | $765.00 | | 8/31/15 |
| 502047539 | 8/31/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 3.25 | $170.00 | $552.50 | | 8/31/15 |
| 502047572 | 8/31/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 8/31/15 |
| 502049770 | 9/1/15 | PR-ENV:430 | 49042 | Communications & Meetings | 2.50 | $170.00 | $425.00 | | 9/30/15 |
| 502049774 | 9/2/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 9/30/15 |
| 502050280 | 9/2/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 9/30/15 |
| 502050342 | 9/2/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 9/30/15 |
| 502050966 | 9/2/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.00 | $170.00 | $340.00 | | 9/30/15 |
| 502050525 | 9/3/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 9/30/15 |
| 502050866 | 9/3/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.00 | $170.00 | $340.00 | | 9/30/15 |
| 502053342 | 9/9/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 9/30/15 |
| 502053880 | 9/9/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 9/30/15 |
| 502054229 | 9/10/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 9/30/15 |
| 502054945 | 9/11/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.75 | $170.00 | $297.50 | | 9/30/15 |
| 502055523 | 9/11/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 9/30/15 |
| 502059491 | 9/15/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 3.00 | $170.00 | $510.00 | | 9/30/15 |
| 502059508 | 9/15/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 9/30/15 |
| 502059477 | 9/17/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 9/30/15 |
| 502059833 | 9/18/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 9/30/15 |

**XAVIER BECERRA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**
1300 I STREET, SACRAMENTO, CA 95814
Billing Inquiries: (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 502061132 | 9/21/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 9/30/15 |
| 502062295 | 9/22/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 9/30/15 |
| 502067747 | 9/22/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 9/30/15 |
| 502065722 | 9/25/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 9/30/15 |
| 502065755 | 9/25/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 9/30/15 |
| 502067743 | 9/28/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 9/30/15 |
| 502067748 | 9/29/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 9/30/15 |
| 502070917 | 10/2/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 10/31/15 |
| 502072135 | 10/5/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 10/31/15 |
| 502072136 | 10/5/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 10/31/15 |
| 502073282 | 10/7/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 10/31/15 |
| 502073535 | 10/7/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 10/31/15 |
| 502082639 | 10/20/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 10/31/15 |
| 502089201 | 10/29/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 10/31/15 |
| 502092410 | 11/2/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 11/30/15 |
| 602009363 | 11/5/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 11/30/15 |
| 602011875 | 11/6/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 11/30/15 |
| 602009366 | 11/9/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 11/30/15 |
| 602011747 | 11/10/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 11/30/15 |
| 602015811 | 11/16/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 11/30/15 |
| 602016558 | 11/16/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 11/30/15 |
| 602018856 | 11/17/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 11/30/15 |
| 602024218 | 11/18/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 11/30/15 |
| 602040444 | 12/8/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 12/31/15 |
| 602041211 | 12/9/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.75 | $170.00 | $297.50 | | 12/31/15 |
| 602042003 | 12/10/15 | PR-ENV:430 | 49042 | Communications & Meetings | 2.50 | $170.00 | $425.00 | | 12/31/15 |
| 602042258 | 12/10/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 12/31/15 |
| 602043345 | 12/11/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 12/31/15 |
| 602045136 | 12/14/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 12/31/15 |
| 602045255 | 12/14/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.25 | $170.00 | $212.50 | | 12/31/15 |

ER 370

(AMM001)

**XAVIER BECERRA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**
1300 I STREET, SACRAMENTO, CA  95814
Billing Inquiries:  (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 602047853 | 12/15/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 12/31/15 |
| 602047901 | 12/16/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 12/31/15 |
| 602048613 | 12/16/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 12/31/15 |
| 602059489 | 12/22/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 12/31/15 |
| 602056611 | 12/23/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 12/31/15 |
| 602057937 | 12/24/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 12/31/15 |
| 602057938 | 12/24/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 12/31/15 |
| 602059467 | 12/28/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 12/31/15 |
| 602059472 | 12/28/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 12/31/15 |
| 602059505 | 12/29/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 12/31/15 |
| 602066924 | 1/5/16 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.00 | $170.00 | $340.00 | | 1/31/16 |
| 602068911 | 1/6/16 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 1/31/16 |
| 602069963 | 1/8/16 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 1/31/16 |
| 602073765 | 1/12/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 1/31/16 |
| 502098745 | 1/19/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 1/31/16 |
| 502125846 | 2/26/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 2/29/16 |
| 502126135 | 2/26/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 2/29/16 |
| 502155142 | 4/6/16 | PR-ENV:430 | 49042 | Communications & Meetings | 2.50 | $170.00 | $425.00 | | 4/30/16 |
| 502158904 | 4/12/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 4/30/16 |
| 502158911 | 4/12/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 4/30/16 |
| 502158906 | 4/13/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 4/30/16 |
| 502164107 | 4/20/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 4/30/16 |
| 502164351 | 4/20/16 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 4/30/16 |
| 502169073 | 4/26/16 | PR-ENV:430 | 49042 | Communications & Meetings | 1.25 | $170.00 | $212.50 | | 4/30/16 |
| 502169074 | 4/26/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 4/30/16 |
| 502170028 | 4/27/16 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 4/30/16 |
| 502170614 | 4/28/16 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 4/30/16 |
| 502171173 | 4/29/16 | PR-ENV:430 | 49042 | Alternative Dispute Resolution | 2.50 | $170.00 | $425.00 | | 4/30/16 |
| 502175734 | 5/3/16 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 5/31/16 |
| 502177669 | 5/6/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 5/31/16 |

ER-371

(AMM001)

**XAVIER BECERRA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**
1300 I STREET, SACRAMENTO, CA 95814
Billing Inquiries: (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 502186880 | 5/18/16 | PR-ENV:430 | 49042 | Communications & Meetings | 3.00 | $170.00 | $510.00 | | 5/31/16 |
| 502187298 | 5/19/16 | PR-ENV:430 | 49042 | Communications & Meetings | 1.25 | $170.00 | $212.50 | | 5/31/16 |
| 502188236 | 5/20/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 5/31/16 |
| 502193517 | 5/23/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 5/31/16 |
| 502191724 | 5/25/16 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 5/31/16 |
| 502193492 | 5/27/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 5/31/16 |
| 502202864 | 6/8/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 6/30/16 |
| 502207705 | 6/15/16 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 6/30/16 |
| 502207707 | 6/15/16 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 6/30/16 |
| 502208255 | 6/16/16 | PR-ENV:430 | 49042 | Communications & Meetings | 1.25 | $170.00 | $212.50 | | 6/30/16 |
| 502209266 | 6/17/16 | PR-ENV:430 | 49042 | Communications & Meetings | 3.00 | $170.00 | $510.00 | | 6/30/16 |
| | | | | **Olivia W. Karlin Totals:** | **174.00** | | **$29,580.00** | | |
| **Professional: Sarah E. Morrison** | | | | | | | | | |
| 108876814 | 7/1/15 | PR-ENV:430 | 49042 | Supervision & Review | 0.50 | $170.00 | $85.00 | | 7/31/15 |
| 108870208 | 7/2/15 | PR-ENV:430 | 49042 | Supervision & Review | 0.50 | $170.00 | $85.00 | | 7/31/15 |
| 108889825 | 7/16/15 | PR-ENV:430 | 49042 | Supervision & Review | 2.00 | $170.00 | $340.00 | | 7/31/15 |
| 108930014 | 8/19/15 | PR-ENV:430 | 49042 | Supervision & Review | 0.50 | $170.00 | $85.00 | | 8/31/15 |
| 108944203 | 9/2/15 | PR-ENV:430 | 49042 | Supervision & Review | 2.00 | $170.00 | $340.00 | | 9/30/15 |
| 109317981 | 6/15/16 | PR-ENV:430 | 49042 | Supervision & Review | 0.50 | $170.00 | $85.00 | | 6/30/16 |
| 109317999 | 6/16/16 | PR-ENV:430 | 49042 | Supervision & Review | 0.50 | $170.00 | $85.00 | | 6/30/16 |
| | | | | **Sarah E. Morrison Totals:** | **6.50** | | **$1,105.00** | | |
| | | | | **2015 Totals:** | **312.00** | | **$53,040.00** | | |
| **Fiscal Year: 2014** | | | | | | | | | |
| **Professional: Dennis A. Ragen** | | | | | | | | | |
| 700898970 | 6/29/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 6/30/15 |
| | | | | **Dennis A. Ragen Totals:** | **0.75** | | **$127.50** | | |
| **Professional: Dennis L. Beck, Jr.** | | | | | | | | | |
| 302006003 | 7/1/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 7/31/14 |
| 302006123 | 7/1/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 7/31/14 |
| 302006582 | 7/2/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 7/31/14 |

**XAVIER BECERRA**
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*
1300 I STREET, SACRAMENTO, CA  95814
Billing Inquiries:  (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 302016972 | 7/2/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 2.50 | $170.00 | $425.00 | | 7/31/14 |
| 302017038 | 7/3/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 3.75 | $170.00 | $637.50 | | 7/31/14 |
| 302017043 | 7/3/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.00 | $170.00 | $340.00 | | 7/31/14 |
| 302010059 | 7/7/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 7/31/14 |
| 302019249 | 7/14/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 7/31/14 |
| 302028124 | 7/15/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 7/31/14 |
| 302029214 | 7/16/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 7/31/14 |
| 302025144 | 7/17/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 7/31/14 |
| 302027135 | 7/18/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 7/31/14 |
| 108324327 | 7/29/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 7/31/14 |
| 108324363 | 7/31/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 7/31/14 |
| 108333539 | 8/1/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 8/31/14 |
| 108333541 | 8/1/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.00 | $170.00 | $340.00 | | 8/31/14 |
| 108341296 | 8/4/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.25 | $170.00 | $212.50 | | 8/31/14 |
| 108345404 | 8/7/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 8/31/14 |
| 108338660 | 8/8/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 8/31/14 |
| 108338473 | 8/11/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.75 | $170.00 | $127.50 | | 8/31/14 |
| 108351062 | 8/12/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 8/31/14 |
| 108352952 | 8/13/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 8/31/14 |
| 108353008 | 8/15/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 8/31/14 |
| 108350676 | 8/18/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 8/31/14 |
| 108360303 | 8/19/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 8/31/14 |
| 108360586 | 8/20/14 | PR-ENV:430 | 49042 | Court Proceedings | 0.25 | $170.00 | $42.50 | | 8/31/14 |
| 108360622 | 8/21/14 | PR-ENV:430 | 49042 | Court Proceedings | 0.25 | $170.00 | $42.50 | | 8/31/14 |
| 108360691 | 8/22/14 | PR-ENV:430 | 49042 | Court Proceedings | 0.25 | $170.00 | $42.50 | | 8/31/14 |
| 108373728 | 8/28/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.75 | $170.00 | $127.50 | | 8/31/14 |
| 108373798 | 8/29/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 8/31/14 |
| 108394623 | 9/5/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 9/30/14 |
| 108395506 | 9/8/14 | PR-ENV:430 | 49042 | Court Proceedings | 6.00 | $170.00 | $1,020.00 | | 9/30/14 |
| 108409915 | 9/16/14 | PR-ENV:430 | 49042 | Court Proceedings | 0.25 | $170.00 | $42.50 | | 9/30/14 |

**XAVIER BECERRA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**
1300 I STREET, SACRAMENTO, CA  95814
Billing Inquiries:  (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 108404533 | 9/19/14 | PR-ENV:430 | 49042 | Court Proceedings | 2.00 | $170.00 | $340.00 | | 9/30/14 |
| 108421625 | 9/22/14 | PR-ENV:430 | 49042 | Court Proceedings | 0.25 | $170.00 | $42.50 | | 9/30/14 |
| 108413741 | 9/25/14 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 9/30/14 |
| 108422020 | 9/25/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.50 | $170.00 | $425.00 | | 9/30/14 |
| 108422102 | 9/26/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 4.00 | $170.00 | $680.00 | | 9/30/14 |
| 108422110 | 9/26/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.75 | $170.00 | $297.50 | | 9/30/14 |
| 108422091 | 9/27/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 9/30/14 |
| 108424550 | 9/29/14 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 9/30/14 |
| 108424560 | 9/29/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.25 | $170.00 | $212.50 | | 9/30/14 |
| 108424563 | 9/29/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 1.50 | $170.00 | $255.00 | | 9/30/14 |
| 108421778 | 9/30/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 9/30/14 |
| 108424661 | 9/30/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 9/30/14 |
| 108424662 | 9/30/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 9/30/14 |
| 108429862 | 10/2/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 10/31/14 |
| 108429867 | 10/2/14 | PR-ENV:430 | 49042 | Court Proceedings | 0.25 | $170.00 | $42.50 | | 10/31/14 |
| 108430399 | 10/3/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.75 | $170.00 | $127.50 | | 10/31/14 |
| 108431163 | 10/3/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 10/31/14 |
| 108424858 | 10/6/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 10/31/14 |
| 108424862 | 10/6/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.25 | $170.00 | $212.50 | | 10/31/14 |
| 108443976 | 10/7/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 3.00 | $170.00 | $510.00 | | 10/31/14 |
| 108436302 | 10/8/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 4.00 | $170.00 | $680.00 | | 10/31/14 |
| 108448462 | 10/9/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 3.00 | $170.00 | $510.00 | | 10/31/14 |
| 108448471 | 10/9/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 10/31/14 |
| 108448634 | 10/10/14 | PR-ENV:430 | 49042 | Settlement | 0.50 | $170.00 | $85.00 | | 10/31/14 |
| 108448654 | 10/10/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 4.50 | $170.00 | $765.00 | | 10/31/14 |
| 108443065 | 10/13/14 | PR-ENV:430 | 49042 | Settlement | 0.50 | $170.00 | $85.00 | | 10/31/14 |
| 108443067 | 10/13/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 10/31/14 |
| 108443184 | 10/13/14 | PR-ENV:430 | 49042 | Court Proceedings | 0.25 | $170.00 | $42.50 | | 10/31/14 |
| 108443273 | 10/13/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 10/31/14 |
| 108444407 | 10/14/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 10/31/14 |

**XAVIER BECERRA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**
1300 I STREET, SACRAMENTO, CA  95814
Billing Inquiries:  (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 108457000 | 10/15/14 | PR-ENV:430 | 49042 | Court Proceedings | 0.50 | $170.00 | $85.00 | | 10/31/14 |
| 108457039 | 10/15/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 10/31/14 |
| 108457063 | 10/15/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.00 | $170.00 | $340.00 | | 10/31/14 |
| 108447478 | 10/16/14 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 10/31/14 |
| 108461063 | 10/16/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 10/31/14 |
| 108461118 | 10/16/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 1.00 | $170.00 | $170.00 | | 10/31/14 |
| 108463296 | 10/17/14 | PR-ENV:430 | 49042 | Court Proceedings | 0.50 | $170.00 | $85.00 | | 10/31/14 |
| 108463308 | 10/17/14 | PR-ENV:430 | 49042 | Settlement | 1.00 | $170.00 | $170.00 | | 10/31/14 |
| 108463325 | 10/17/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 10/31/14 |
| 108454010 | 10/20/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 10/31/14 |
| 108455783 | 10/20/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 10/31/14 |
| 108456194 | 10/21/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 1.50 | $170.00 | $255.00 | | 10/31/14 |
| 108456417 | 10/21/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 4.00 | $170.00 | $680.00 | | 10/31/14 |
| 108458017 | 10/22/14 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 10/31/14 |
| 108458019 | 10/22/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 3.75 | $170.00 | $637.50 | | 10/31/14 |
| 108480248 | 10/23/14 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 10/31/14 |
| 108480261 | 10/23/14 | PR-ENV:430 | 49042 | Court Proceedings | 0.50 | $170.00 | $85.00 | | 10/31/14 |
| 108480352 | 10/23/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 3.50 | $170.00 | $595.00 | | 10/31/14 |
| 108480209 | 10/24/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 10/31/14 |
| 108480356 | 10/24/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.50 | $170.00 | $425.00 | | 10/31/14 |
| 108479906 | 10/27/14 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 10/31/14 |
| 108479914 | 10/27/14 | PR-ENV:430 | 49042 | Court Proceedings | 0.25 | $170.00 | $42.50 | | 10/31/14 |
| 108480010 | 10/28/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 10/31/14 |
| 108480057 | 10/29/14 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 10/31/14 |
| 108480100 | 10/30/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 10/31/14 |
| 108479770 | 10/31/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 10/31/14 |
| 108484578 | 11/3/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 11/30/14 |
| 108486255 | 11/3/14 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 11/30/14 |
| 108486278 | 11/4/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 11/30/14 |
| 108486281 | 11/4/14 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 11/30/14 |



**XAVIER BECERRA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**
1300 I STREET, SACRAMENTO, CA  95814
Billing Inquiries:  (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 108488260 | 11/4/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.75 | $170.00 | $297.50 | | 11/30/14 |
| 108489033 | 11/5/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 11/30/14 |
| 108489646 | 11/5/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 11/30/14 |
| 108489671 | 11/5/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 1.00 | $170.00 | $170.00 | | 11/30/14 |
| 108491652 | 11/6/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 3.75 | $170.00 | $637.50 | | 11/30/14 |
| 108492194 | 11/6/14 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 11/30/14 |
| 108496023 | 11/7/14 | PR-ENV:430 | 49042 | Communications & Meetings | 1.25 | $170.00 | $212.50 | | 11/30/14 |
| 108498524 | 11/11/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 11/30/14 |
| 108498796 | 11/12/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 11/30/14 |
| 108499241 | 11/12/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.75 | $170.00 | $127.50 | | 11/30/14 |
| 108499984 | 11/12/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 11/30/14 |
| 108501131 | 11/13/14 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 11/30/14 |
| 108501721 | 11/13/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.00 | $170.00 | $340.00 | | 11/30/14 |
| 108505448 | 11/14/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 11/30/14 |
| 108505466 | 11/14/14 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 11/30/14 |
| 108506061 | 11/17/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 11/30/14 |
| 108507854 | 11/18/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 11/30/14 |
| 108509102 | 11/18/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 11/30/14 |
| 108510950 | 11/19/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 11/30/14 |
| 108510953 | 11/19/14 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 11/30/14 |
| 108510963 | 11/19/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 1.00 | $170.00 | $170.00 | | 11/30/14 |
| 108514234 | 11/20/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 11/30/14 |
| 108514841 | 11/21/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 11/30/14 |
| 108521978 | 11/25/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 11/30/14 |
| 108522093 | 11/25/14 | PR-ENV:430 | 49042 | Court Proceedings | 0.25 | $170.00 | $42.50 | | 11/30/14 |
| 108522934 | 11/26/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 11/30/14 |
| 108531679 | 12/1/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 12/31/14 |
| 108531609 | 12/2/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 12/31/14 |
| 108535404 | 12/5/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 12/31/14 |
| 108535406 | 12/5/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 12/31/14 |




**XAVIER BECERRA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**
1300 I STREET, SACRAMENTO, CA  95814
Billing Inquiries:  (916) 210-7048

# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 108538026 | 12/8/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 4.00 | $170.00 | $680.00 | | 12/31/14 |
| 108538228 | 12/8/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 12/31/14 |
| 108543114 | 12/9/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 12/31/14 |
| 108543163 | 12/10/14 | PR-ENV:430 | 49042 | Court Proceedings | 1.00 | $170.00 | $170.00 | | 12/31/14 |
| 108543172 | 12/10/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 12/31/14 |
| 108544733 | 12/11/14 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 12/31/14 |
| 108544744 | 12/11/14 | PR-ENV:430 | 49042 | Court Proceedings | 0.25 | $170.00 | $42.50 | | 12/31/14 |
| 108545683 | 12/12/14 | PR-ENV:430 | 49042 | Court Proceedings | 0.25 | $170.00 | $42.50 | | 12/31/14 |
| 108547924 | 12/12/14 | PR-ENV:430 | 49042 | Alternative Dispute Resolution | 0.25 | $170.00 | $42.50 | | 12/31/14 |
| 108552349 | 12/15/14 | PR-ENV:430 | 49042 | Court Proceedings | 0.50 | $170.00 | $85.00 | | 12/31/14 |
| 108552417 | 12/16/14 | PR-ENV:430 | 49042 | Court Proceedings | 0.25 | $170.00 | $42.50 | | 12/31/14 |
| 108552873 | 12/17/14 | PR-ENV:430 | 49042 | Communications & Meetings | 1.75 | $170.00 | $297.50 | | 12/31/14 |
| 108556605 | 12/18/14 | PR-ENV:430 | 49042 | Discovery | 1.50 | $170.00 | $255.00 | | 12/31/14 |
| 108556627 | 12/18/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 12/31/14 |
| 108556637 | 12/18/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 12/31/14 |
| 108556670 | 12/18/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.75 | $170.00 | $127.50 | | 12/31/14 |
| 108556599 | 12/19/14 | PR-ENV:430 | 49042 | Discovery | 0.25 | $170.00 | $42.50 | | 12/31/14 |
| 108557479 | 12/19/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.75 | $170.00 | $127.50 | | 12/31/14 |
| 108569194 | 12/23/14 | PR-ENV:430 | 49042 | Contract/Document Preparation | 0.50 | $170.00 | $85.00 | | 12/31/14 |
| 108569224 | 12/23/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 12/31/14 |
| 108569327 | 12/23/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 12/31/14 |
| 108569335 | 12/26/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 12/31/14 |
| 108578533 | 12/29/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 4.00 | $170.00 | $680.00 | | 12/31/14 |
| 108578617 | 12/29/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 12/31/14 |
| 108578780 | 12/30/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 12/31/14 |
| 108578799 | 12/30/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 12/31/14 |
| 108578584 | 12/31/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 12/31/14 |
| 108578603 | 12/31/14 | PR-ENV:430 | 49042 | Court Proceedings | 0.25 | $170.00 | $42.50 | | 12/31/14 |
| 108586797 | 1/2/15 | PR-ENV:430 | 49042 | Alternative Dispute Resolution | 0.25 | $170.00 | $42.50 | | 1/31/15 |
| 108578470 | 1/5/15 | PR-ENV:430 | 49042 | Court Proceedings | 0.50 | $170.00 | $85.00 | | 1/31/15 |

**XAVIER BECERRA**
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*
1300 I STREET, SACRAMENTO, CA  95814
Billing Inquiries:  (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 108579696 | 1/5/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.25 | $170.00 | $212.50 | | 1/31/15 |
| 108581786 | 1/6/15 | PR-ENV:430 | 49042 | Court Proceedings | 0.25 | $170.00 | $42.50 | | 1/31/15 |
| 108592826 | 1/7/15 | PR-ENV:430 | 49042 | Court Proceedings | 0.25 | $170.00 | $42.50 | | 1/31/15 |
| 108586169 | 1/8/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 1/31/15 |
| 108597219 | 1/9/15 | PR-ENV:430 | 49042 | Court Proceedings | 0.25 | $170.00 | $42.50 | | 1/31/15 |
| 108592855 | 1/11/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 1/31/15 |
| 108592869 | 1/12/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 1/31/15 |
| 108592941 | 1/13/15 | PR-ENV:430 | 49042 | Alternative Dispute Resolution | 0.25 | $170.00 | $42.50 | | 1/31/15 |
| 108592964 | 1/13/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 1/31/15 |
| 108594825 | 1/14/15 | PR-ENV:430 | 49042 | Alternative Dispute Resolution | 0.50 | $170.00 | $85.00 | | 1/31/15 |
| 108594830 | 1/14/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 1/31/15 |
| 108595560 | 1/15/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.50 | $170.00 | $425.00 | | 1/31/15 |
| 108596548 | 1/15/15 | PR-ENV:430 | 49042 | Alternative Dispute Resolution | 0.50 | $170.00 | $85.00 | | 1/31/15 |
| 108596598 | 1/15/15 | PR-ENV:430 | 49042 | Discovery | 1.00 | $170.00 | $170.00 | | 1/31/15 |
| 108597194 | 1/16/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 1/31/15 |
| 108608233 | 1/16/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 1/31/15 |
| 108599005 | 1/18/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 1/31/15 |
| 108599006 | 1/19/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 1/31/15 |
| 108599748 | 1/20/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.25 | $170.00 | $212.50 | | 1/31/15 |
| 108600300 | 1/20/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.00 | $170.00 | $340.00 | | 1/31/15 |
| 108602046 | 1/20/15 | PR-ENV:430 | 49042 | Alternative Dispute Resolution | 0.50 | $170.00 | $85.00 | | 1/31/15 |
| 108603926 | 1/21/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 1/31/15 |
| 108603931 | 1/21/15 | PR-ENV:430 | 49042 | Alternative Dispute Resolution | 0.25 | $170.00 | $42.50 | | 1/31/15 |
| 108603933 | 1/21/15 | PR-ENV:430 | 49042 | Discovery | 0.25 | $170.00 | $42.50 | | 1/31/15 |
| 108604083 | 1/21/15 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 0.50 | $170.00 | $85.00 | | 1/31/15 |
| 108604088 | 1/21/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 1/31/15 |
| 108607492 | 1/22/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.25 | $170.00 | $212.50 | | 1/31/15 |
| 108608169 | 1/23/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 1/31/15 |
| 108612710 | 1/26/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 1/31/15 |
| 108615947 | 1/27/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 1/31/15 |

ER-378

(AMM001)

**XAVIER BECERRA**
**Attorney General**

*State of California*
*DEPARTMENT OF JUSTICE*
1300 I STREET, SACRAMENTO, CA 95814
Billing Inquiries: (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 108615968 | 1/27/15 | PR-ENV:430 | 49042 | Alternative Dispute Resolution | 0.25 | $170.00 | $42.50 | | 1/31/15 |
| 108615983 | 1/27/15 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 0.25 | $170.00 | $42.50 | | 1/31/15 |
| 108616563 | 1/28/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 1/31/15 |
| 108617134 | 1/28/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 1/31/15 |
| 108619216 | 1/29/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 1/31/15 |
| 108620128 | 1/29/15 | PR-ENV:430 | 49042 | Alternative Dispute Resolution | 0.25 | $170.00 | $42.50 | | 1/31/15 |
| 108626356 | 2/2/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.25 | $170.00 | $212.50 | | 2/28/15 |
| 108626887 | 2/2/15 | PR-ENV:430 | 49042 | Discovery | 0.25 | $170.00 | $42.50 | | 2/28/15 |
| 108626920 | 2/2/15 | PR-ENV:430 | 49042 | Alternative Dispute Resolution | 0.25 | $170.00 | $42.50 | | 2/28/15 |
| 108630678 | 2/4/15 | PR-ENV:430 | 49042 | Court Proceedings | 0.25 | $170.00 | $42.50 | | 2/28/15 |
| 108630681 | 2/4/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 2/28/15 |
| 108631138 | 2/4/15 | PR-ENV:430 | 49042 | Court Proceedings | 0.50 | $170.00 | $85.00 | | 2/28/15 |
| 108631997 | 2/4/15 | PR-ENV:430 | 49042 | Discovery | 0.25 | $170.00 | $42.50 | | 2/28/15 |
| 108632549 | 2/5/15 | PR-ENV:430 | 49042 | Discovery | 0.50 | $170.00 | $85.00 | | 2/28/15 |
| 108632715 | 2/5/15 | PR-ENV:430 | 49042 | Alternative Dispute Resolution | 0.25 | $170.00 | $42.50 | | 2/28/15 |
| 108634680 | 2/5/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 2/28/15 |
| 108634693 | 2/5/15 | PR-ENV:430 | 49042 | Court Proceedings | 0.50 | $170.00 | $85.00 | | 2/28/15 |
| 108634739 | 2/6/15 | PR-ENV:430 | 49042 | Discovery | 0.25 | $170.00 | $42.50 | | 2/28/15 |
| 108634769 | 2/6/15 | PR-ENV:430 | 49042 | Court Proceedings | 0.50 | $170.00 | $85.00 | | 2/28/15 |
| 108638129 | 2/6/15 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 0.50 | $170.00 | $85.00 | | 2/28/15 |
| 108644016 | 2/11/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 2/28/15 |
| 108644639 | 2/11/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 2/28/15 |
| 108644662 | 2/11/15 | PR-ENV:430 | 49042 | Court Proceedings | 0.25 | $170.00 | $42.50 | | 2/28/15 |
| 108644682 | 2/11/15 | PR-ENV:430 | 49042 | Alternative Dispute Resolution | 0.25 | $170.00 | $42.50 | | 2/28/15 |
| 108646261 | 2/12/15 | PR-ENV:430 | 49042 | Alternative Dispute Resolution | 4.50 | $170.00 | $765.00 | | 2/28/15 |
| 108657618 | 2/12/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 2/28/15 |
| 108657620 | 2/12/15 | PR-ENV:430 | 49042 | Court Proceedings | 0.25 | $170.00 | $42.50 | | 2/28/15 |
| 108657479 | 2/13/15 | PR-ENV:430 | 49042 | Settlement | 0.50 | $170.00 | $85.00 | | 2/28/15 |
| 108657537 | 2/13/15 | PR-ENV:430 | 49042 | Court Proceedings | 0.25 | $170.00 | $42.50 | | 2/28/15 |
| 108653399 | 2/17/15 | PR-ENV:430 | 49042 | Settlement | 5.00 | $170.00 | $850.00 | | 2/28/15 |

ER 379

**XAVIER BECERRA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**
1300 I STREET, SACRAMENTO, CA 95814
Billing Inquiries: (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 108653405 | 2/17/15 | PR-ENV:430 | 49042 | Alternative Dispute Resolution | 1.50 | $170.00 | $255.00 | | 2/28/15 |
| 108654940 | 2/18/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 2/28/15 |
| 108654945 | 2/18/15 | PR-ENV:430 | 49042 | Alternative Dispute Resolution | 5.25 | $170.00 | $892.50 | | 2/28/15 |
| 108664031 | 2/19/15 | PR-ENV:430 | 49042 | Settlement | 3.00 | $170.00 | $510.00 | | 2/28/15 |
| 108664056 | 2/19/15 | PR-ENV:430 | 49042 | Alternative Dispute Resolution | 1.00 | $170.00 | $170.00 | | 2/28/15 |
| 108658642 | 2/20/15 | PR-ENV:430 | 49042 | Settlement | 1.75 | $170.00 | $297.50 | | 2/28/15 |
| 108664055 | 2/20/15 | PR-ENV:430 | 49042 | Alternative Dispute Resolution | 2.75 | $170.00 | $467.50 | | 2/28/15 |
| 108664059 | 2/20/15 | PR-ENV:430 | 49042 | Court Proceedings | 0.50 | $170.00 | $85.00 | | 2/28/15 |
| 108664061 | 2/20/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 2/28/15 |
| 108664063 | 2/21/15 | PR-ENV:430 | 49042 | Alternative Dispute Resolution | 0.25 | $170.00 | $42.50 | | 2/28/15 |
| 108661065 | 2/23/15 | PR-ENV:430 | 49042 | Settlement | 1.00 | $170.00 | $170.00 | | 2/28/15 |
| 108663801 | 2/23/15 | PR-ENV:430 | 49042 | Alternative Dispute Resolution | 2.00 | $170.00 | $340.00 | | 2/28/15 |
| 108664639 | 2/24/15 | PR-ENV:430 | 49042 | Alternative Dispute Resolution | 0.50 | $170.00 | $85.00 | | 2/28/15 |
| 108665828 | 2/24/15 | PR-ENV:430 | 49042 | Alternative Dispute Resolution | 4.00 | $170.00 | $680.00 | | 2/28/15 |
| 108665838 | 2/24/15 | PR-ENV:430 | 49042 | Settlement | 1.50 | $170.00 | $255.00 | | 2/28/15 |
| 108666810 | 2/25/15 | PR-ENV:430 | 49042 | Alternative Dispute Resolution | 2.50 | $170.00 | $425.00 | | 2/28/15 |
| 108667645 | 2/25/15 | PR-ENV:430 | 49042 | Settlement | 1.50 | $170.00 | $255.00 | | 2/28/15 |
| 108668639 | 2/26/15 | PR-ENV:430 | 49042 | Settlement | 2.25 | $170.00 | $382.50 | | 2/28/15 |
| 108671870 | 2/26/15 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 1.00 | $170.00 | $170.00 | | 2/28/15 |
| 108671885 | 2/26/15 | PR-ENV:430 | 49042 | Court Proceedings | 0.25 | $170.00 | $42.50 | | 2/28/15 |
| 108671901 | 2/26/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 2/28/15 |
| 108673299 | 2/27/15 | PR-ENV:430 | 49042 | Court Proceedings | 1.00 | $170.00 | $170.00 | | 2/28/15 |
| 108673348 | 2/27/15 | PR-ENV:430 | 49042 | Settlement | 1.00 | $170.00 | $170.00 | | 2/28/15 |
| 108673386 | 2/27/15 | PR-ENV:430 | 49042 | Alternative Dispute Resolution | 0.75 | $170.00 | $127.50 | | 2/28/15 |
| 108673483 | 2/27/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 2/28/15 |
| 108674600 | 2/28/15 | PR-ENV:430 | 49042 | Alternative Dispute Resolution | 5.00 | $170.00 | $850.00 | | 2/28/15 |
| 108683918 | 3/1/15 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 1.00 | $170.00 | $170.00 | | 3/31/15 |
| 108683935 | 3/2/15 | PR-ENV:430 | 49042 | Alternative Dispute Resolution | 9.00 | $170.00 | $1,530.00 | | 3/31/15 |
| 108685989 | 3/2/15 | PR-ENV:430 | 49042 | Settlement | 0.50 | $170.00 | $85.00 | | 3/31/15 |
| 108685991 | 3/2/15 | PR-ENV:430 | 49042 | Court Proceedings | 0.25 | $170.00 | $42.50 | | 3/31/15 |

*XAVIER BECERRA*
**Attorney General**

*State of California*
**DEPARTMENT OF JUSTICE**
1300 I STREET, SACRAMENTO, CA  95814
Billing Inquiries:  (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 108685965 | 3/3/15 | PR-ENV:430 | 49042 | Alternative Dispute Resolution | 12.00 | $170.00 | $2,040.00 | | 3/31/15 |
| 108686001 | 3/3/15 | PR-ENV:430 | 49042 | Court Proceedings | 0.50 | $170.00 | $85.00 | | 3/31/15 |
| 108686457 | 3/4/15 | PR-ENV:430 | 49042 | Settlement | 2.50 | $170.00 | $425.00 | | 3/31/15 |
| 108686691 | 3/4/15 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 0.50 | $170.00 | $85.00 | | 3/31/15 |
| 108686763 | 3/4/15 | PR-ENV:430 | 49042 | Alternative Dispute Resolution | 0.50 | $170.00 | $85.00 | | 3/31/15 |
| 108687645 | 3/5/15 | PR-ENV:430 | 49042 | Alternative Dispute Resolution | 0.25 | $170.00 | $42.50 | | 3/31/15 |
| 108688137 | 3/5/15 | PR-ENV:430 | 49042 | Settlement | 1.00 | $170.00 | $170.00 | | 3/31/15 |
| 108688149 | 3/5/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 3/31/15 |
| 108690358 | 3/6/15 | PR-ENV:430 | 49042 | Court Proceedings | 0.25 | $170.00 | $42.50 | | 3/31/15 |
| 108690368 | 3/6/15 | PR-ENV:430 | 49042 | Settlement | 1.50 | $170.00 | $255.00 | | 3/31/15 |
| 108690652 | 3/6/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 3/31/15 |
| 108691254 | 3/6/15 | PR-ENV:430 | 49042 | Court Proceedings | 0.25 | $170.00 | $42.50 | | 3/31/15 |
| 108695412 | 3/9/15 | PR-ENV:430 | 49042 | Settlement | 2.00 | $170.00 | $340.00 | | 3/31/15 |
| 108695769 | 3/10/15 | PR-ENV:430 | 49042 | Alternative Dispute Resolution | 3.00 | $170.00 | $510.00 | | 3/31/15 |
| 108697175 | 3/11/15 | PR-ENV:430 | 49042 | Settlement | 2.00 | $170.00 | $340.00 | | 3/31/15 |
| 108699591 | 3/12/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 3/31/15 |
| 108702342 | 3/13/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 3/31/15 |
| 108702551 | 3/13/15 | PR-ENV:430 | 49042 | Settlement | 0.50 | $170.00 | $85.00 | | 3/31/15 |
| 108704286 | 3/16/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.00 | $170.00 | $340.00 | | 3/31/15 |
| 108706183 | 3/16/15 | PR-ENV:430 | 49042 | Settlement | 2.50 | $170.00 | $425.00 | | 3/31/15 |
| 108707987 | 3/17/15 | PR-ENV:430 | 49042 | Settlement | 3.75 | $170.00 | $637.50 | | 3/31/15 |
| 108710628 | 3/17/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.00 | $170.00 | $340.00 | | 3/31/15 |
| 108713177 | 3/18/15 | PR-ENV:430 | 49042 | Settlement | 3.25 | $170.00 | $552.50 | | 3/31/15 |
| 108713184 | 3/18/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.50 | $170.00 | $425.00 | | 3/31/15 |
| 108714724 | 3/19/15 | PR-ENV:430 | 49042 | Settlement | 3.00 | $170.00 | $510.00 | | 3/31/15 |
| 108714733 | 3/19/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 3.00 | $170.00 | $510.00 | | 3/31/15 |
| 108714770 | 3/19/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 3/31/15 |
| 108717164 | 3/20/15 | PR-ENV:430 | 49042 | Court Proceedings | 1.00 | $170.00 | $170.00 | | 3/31/15 |
| 108717204 | 3/20/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 3/31/15 |
| 108729401 | 3/23/15 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 3/31/15 |

XAVIER BECERRA
Attorney General

State of California
DEPARTMENT OF JUSTICE
1300 I STREET, SACRAMENTO, CA 95814
Billing Inquiries: (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 108729402 | 3/23/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 3/31/15 |
| 108729413 | 3/23/15 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 0.25 | $170.00 | $42.50 | | 3/31/15 |
| 108729441 | 3/23/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 3/31/15 |
| 108730286 | 3/24/15 | PR-ENV:430 | 49042 | Settlement | 2.00 | $170.00 | $340.00 | | 3/31/15 |
| 108732353 | 3/25/15 | PR-ENV:430 | 49042 | Settlement | 1.75 | $170.00 | $297.50 | | 3/31/15 |
| 108732476 | 3/25/15 | PR-ENV:430 | 49042 | Court Proceedings | 0.25 | $170.00 | $42.50 | | 3/31/15 |
| 108735406 | 3/26/15 | PR-ENV:430 | 49042 | Settlement | 0.75 | $170.00 | $127.50 | | 3/31/15 |
| 108735424 | 3/26/15 | PR-ENV:430 | 49042 | Court Proceedings | 0.25 | $170.00 | $42.50 | | 3/31/15 |
| 108736141 | 3/27/15 | PR-ENV:430 | 49042 | Settlement | 1.25 | $170.00 | $212.50 | | 3/31/15 |
| 108743576 | 3/30/15 | PR-ENV:430 | 49042 | Settlement | 1.00 | $170.00 | $170.00 | | 3/31/15 |
| 108773603 | 4/6/15 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 4/30/15 |
| 108773644 | 4/8/15 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 4/30/15 |
| 108774830 | 4/15/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 4/30/15 |
| 302037257 | 4/20/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 4/30/15 |
| 302037377 | 4/20/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 4/30/15 |
| 302038964 | 4/21/15 | PR-ENV:430 | 49042 | Settlement | 0.50 | $170.00 | $85.00 | | 4/30/15 |
| 302042993 | 4/22/15 | PR-ENV:430 | 49042 | Alternative Dispute Resolution | 1.00 | $170.00 | $170.00 | | 4/30/15 |
| 302043010 | 4/22/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 4/30/15 |
| 302040454 | 4/23/15 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 4/30/15 |
| 302040456 | 4/23/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 4/30/15 |
| 302046120 | 4/24/15 | PR-ENV:430 | 49042 | Settlement | 2.00 | $170.00 | $340.00 | | 4/30/15 |
| 302046123 | 4/24/15 | PR-ENV:430 | 49042 | Alternative Dispute Resolution | 0.25 | $170.00 | $42.50 | | 4/30/15 |
| 302041692 | 4/26/15 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 4/30/15 |
| 302042961 | 4/27/15 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 4/30/15 |
| 302042962 | 4/27/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 4/30/15 |
| 302042963 | 4/27/15 | PR-ENV:430 | 49042 | Contract/Document Preparation | 0.75 | $170.00 | $127.50 | | 4/30/15 |
| 302044664 | 4/29/15 | PR-ENV:430 | 49042 | Alternative Dispute Resolution | 0.25 | $170.00 | $42.50 | | 4/30/15 |
| 302046070 | 4/30/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.00 | $170.00 | $340.00 | | 4/30/15 |
| 302046605 | 5/1/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 5/31/15 |
| 302047472 | 5/1/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 5/31/15 |

ER 382

(AMM001)

**XAVIER BECERRA**
**Attorney General**

State of California
DEPARTMENT OF JUSTICE
1300 I STREET, SACRAMENTO, CA  95814
Billing Inquiries:  (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 302048158 | 5/4/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 5/31/15 |
| 302050952 | 5/7/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 5/31/15 |
| 302050953 | 5/7/15 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 5/31/15 |
| 302052938 | 5/11/15 | PR-ENV:430 | 49042 | Settlement | 1.25 | $170.00 | $212.50 | | 5/31/15 |
| 302057070 | 5/11/15 | PR-ENV:430 | 49042 | Court Proceedings | 1.00 | $170.00 | $170.00 | | 5/31/15 |
| 302057418 | 5/12/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 5/31/15 |
| 302057431 | 5/13/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 5/31/15 |
| 302059709 | 5/14/15 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 5/31/15 |
| 302059714 | 5/14/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 5/31/15 |
| 302057331 | 5/18/15 | PR-ENV:430 | 49042 | Settlement | 1.00 | $170.00 | $170.00 | | 5/31/15 |
| 302057962 | 5/19/15 | PR-ENV:430 | 49042 | Settlement | 1.25 | $170.00 | $212.50 | | 5/31/15 |
| 302063936 | 5/20/15 | PR-ENV:430 | 49042 | Settlement | 1.00 | $170.00 | $170.00 | | 5/31/15 |
| 302060120 | 5/21/15 | PR-ENV:430 | 49042 | Settlement | 1.00 | $170.00 | $170.00 | | 5/31/15 |
| 302060612 | 5/22/15 | PR-ENV:430 | 49042 | Settlement | 3.00 | $170.00 | $510.00 | | 5/31/15 |
| 302062175 | 5/26/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 5/31/15 |
| 302062603 | 5/26/15 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 5/31/15 |
| 302063570 | 5/27/15 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 5/31/15 |
| 302064571 | 5/28/15 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 5/31/15 |
| 302064574 | 5/28/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.00 | $170.00 | $340.00 | | 5/31/15 |
| 302066975 | 6/1/15 | PR-ENV:430 | 49042 | Settlement | 0.50 | $170.00 | $85.00 | | 6/30/15 |
| 302066979 | 6/1/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 6/30/15 |
| 302068019 | 6/2/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.00 | $170.00 | $340.00 | | 6/30/15 |
| 302068210 | 6/2/15 | PR-ENV:430 | 49042 | Settlement | 0.75 | $170.00 | $127.50 | | 6/30/15 |
| 302068644 | 6/3/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 6/30/15 |
| 302068648 | 6/3/15 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 6/30/15 |
| 302070024 | 6/4/15 | PR-ENV:430 | 49042 | Settlement | 0.50 | $170.00 | $85.00 | | 6/30/15 |
| 302070647 | 6/5/15 | PR-ENV:430 | 49042 | Settlement | 0.75 | $170.00 | $127.50 | | 6/30/15 |
| 302072974 | 6/8/15 | PR-ENV:430 | 49042 | Settlement | 0.75 | $170.00 | $127.50 | | 6/30/15 |
| 302073048 | 6/8/15 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 0.50 | $170.00 | $85.00 | | 6/30/15 |
| 302073063 | 6/9/15 | PR-ENV:430 | 49042 | Settlement | 0.50 | $170.00 | $85.00 | | 6/30/15 |

ER 383

(AMM001)

**XAVIER BECERRA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**
1300 I STREET, SACRAMENTO, CA 95814
Billing Inquiries: (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---------|------|---------|--------|------|--------------|------|--------|-------|----------------|
| 302073268 | 6/10/15 | PR-ENV:430 | 49042 | Settlement | 1.00 | $170.00 | $170.00 | | 6/30/15 |
| 302073403 | 6/10/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.75 | $170.00 | $127.50 | | 6/30/15 |
| 302073468 | 6/10/15 | PR-ENV:430 | 49042 | Contract/Document Preparation | 1.00 | $170.00 | $170.00 | | 6/30/15 |
| 302074116 | 6/11/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 6/30/15 |
| 302074482 | 6/11/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 6/30/15 |
| 302075471 | 6/12/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 3.00 | $170.00 | $510.00 | | 6/30/15 |
| 302075622 | 6/12/15 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 6/30/15 |
| 302077037 | 6/15/15 | PR-ENV:430 | 49042 | Settlement | 1.00 | $170.00 | $170.00 | | 6/30/15 |
| 302077652 | 6/16/15 | PR-ENV:430 | 49042 | Settlement | 2.00 | $170.00 | $340.00 | | 6/30/15 |
| 302077684 | 6/16/15 | PR-ENV:430 | 49042 | Court Proceedings | 0.25 | $170.00 | $42.50 | | 6/30/15 |
| 302078005 | 6/17/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.75 | $170.00 | $127.50 | | 6/30/15 |
| 302078643 | 6/17/15 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 0.75 | $170.00 | $127.50 | | 6/30/15 |
| 302079604 | 6/18/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.25 | $170.00 | $212.50 | | 6/30/15 |
| 302081297 | 6/19/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 6/30/15 |
| 302081300 | 6/19/15 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 1.50 | $170.00 | $255.00 | | 6/30/15 |
| 302082021 | 6/22/15 | PR-ENV:430 | 49042 | Settlement | 0.50 | $170.00 | $85.00 | | 6/30/15 |
| 302082022 | 6/22/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 6/30/15 |
| 302083499 | 6/23/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.75 | $170.00 | $297.50 | | 6/30/15 |
| 302084765 | 6/25/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 6/30/15 |
| 302085225 | 6/25/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.25 | $170.00 | $212.50 | | 6/30/15 |
| 302085540 | 6/26/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.25 | $170.00 | $212.50 | | 6/30/15 |
| 302086788 | 6/29/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 4.50 | $170.00 | $765.00 | | 6/30/15 |
| 302087122 | 6/29/15 | PR-ENV:430 | 49042 | Contract/Document Preparation | 1.50 | $170.00 | $255.00 | | 6/30/15 |
| 302087711 | 6/30/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 4.75 | $170.00 | $807.50 | | 6/30/15 |
| 302088120 | 6/30/15 | PR-ENV:430 | 49042 | Settlement | 1.25 | $170.00 | $212.50 | | 6/30/15 |
| 302088584 | 6/30/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 6/30/15 |
| 302088642 | 6/30/15 | PR-ENV:430 | 49042 | Settlement | 0.50 | $170.00 | $85.00 | | 6/30/15 |
| | | | | **Dennis L. Beck, Jr. Totals:** | **370.25** | | **$62,942.50** | | |
| **Professional: Harrison M. Pollak** | | | | | | | | | |
| 990637311 | 2/11/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 2/28/15 |

ER 384

(AMM001)




**XAVIER BECERRA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**
1300 I STREET, SACRAMENTO, CA  95814
Billing Inquiries:  (916) 210-7048

# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| | | | | **Harrison M. Pollak Totals:** | **0.50** | | **$85.00** | | |
| **Professional:  James R. Potter** | | | | | | | | | |
| 501771326 | 7/29/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 7/31/14 |
| 501884019 | 1/16/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.25 | $170.00 | $212.50 | | 1/31/15 |
| 108604817 | 1/19/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.75 | $170.00 | $127.50 | | 1/31/15 |
| 501888061 | 1/23/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.75 | $170.00 | $297.50 | | 1/31/15 |
| 108631216 | 2/3/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 2/28/15 |
| 501923541 | 3/16/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 3/31/15 |
| | | | | **James R. Potter Totals:** | **4.75** | | **$807.50** | | |
| **Professional:  Laura J. Zuckerman** | | | | | | | | | |
| 990633729 | 1/29/15 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 2.25 | $170.00 | $382.50 | | 1/31/15 |
| 990635376 | 2/2/15 | PR-ENV:430 | 49042 | Communications & Meetings | 2.00 | $170.00 | $340.00 | | 2/28/15 |
| 990635569 | 2/3/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 2/28/15 |
| 990635843 | 2/4/15 | PR-ENV:430 | 49042 | Discovery | 0.75 | $170.00 | $127.50 | | 2/28/15 |
| 990635939 | 2/5/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 2/28/15 |
| 990636508 | 2/6/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.75 | $170.00 | $297.50 | | 2/28/15 |
| 990636667 | 2/9/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 2/28/15 |
| 990636968 | 2/10/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 2/28/15 |
| 990637302 | 2/11/15 | PR-ENV:430 | 49042 | Communications & Meetings | 2.00 | $170.00 | $340.00 | | 2/28/15 |
| 990637600 | 2/12/15 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 2.50 | $170.00 | $425.00 | | 2/28/15 |
| 990637982 | 2/13/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.75 | $170.00 | $297.50 | | 2/28/15 |
| 990638377 | 2/16/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 2/28/15 |
| 990638809 | 2/17/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.75 | $170.00 | $467.50 | | 2/28/15 |
| 990638895 | 2/18/15 | PR-ENV:430 | 49042 | Communications & Meetings | 2.50 | $170.00 | $425.00 | | 2/28/15 |
| 990639459 | 2/19/15 | PR-ENV:430 | 49042 | Discovery | 3.50 | $170.00 | $595.00 | | 2/28/15 |
| 990639460 | 2/19/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 3.75 | $170.00 | $637.50 | | 2/28/15 |
| 990639669 | 2/20/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 6.50 | $170.00 | $1,105.00 | | 2/28/15 |
| 990640301 | 2/23/15 | PR-ENV:430 | 49042 | Settlement | 0.50 | $170.00 | $85.00 | | 2/28/15 |
| 990640433 | 2/23/15 | PR-ENV:430 | 49042 | Court Proceedings | 3.50 | $170.00 | $595.00 | | 2/28/15 |
| 990640619 | 2/24/15 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 2/28/15 |

ER 385

**XAVIER BECERRA**
*Attorney General*



*State of California*
**DEPARTMENT OF JUSTICE**
1300 I STREET, SACRAMENTO, CA 95814
Billing Inquiries: (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 990640620 | 2/24/15 | PR-ENV:430 | 49042 | Court Proceedings | 2.50 | $170.00 | $425.00 | | 2/28/15 |
| 990640839 | 2/25/15 | PR-ENV:430 | 49042 | Settlement | 0.75 | $170.00 | $127.50 | | 2/28/15 |
| 990641179 | 2/26/15 | PR-ENV:430 | 49042 | Court Proceedings | 0.75 | $170.00 | $127.50 | | 2/28/15 |
| 990641488 | 2/27/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 2/28/15 |
| 990641532 | 2/27/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.75 | $170.00 | $467.50 | | 2/28/15 |
| 990642611 | 3/2/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 3/31/15 |
| 990643120 | 3/3/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 3/31/15 |
| 990643121 | 3/3/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 3/31/15 |
| 990643478 | 3/5/15 | PR-ENV:430 | 49042 | Settlement | 0.50 | $170.00 | $85.00 | | 3/31/15 |
| 990643479 | 3/5/15 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 4.50 | $170.00 | $765.00 | | 3/31/15 |
| 990643830 | 3/6/15 | PR-ENV:430 | 49042 | Settlement | 4.50 | $170.00 | $765.00 | | 3/31/15 |
| 990644123 | 3/9/15 | PR-ENV:430 | 49042 | Settlement | 3.25 | $170.00 | $552.50 | | 3/31/15 |
| 990644408 | 3/10/15 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 3/31/15 |
| 990644694 | 3/11/15 | PR-ENV:430 | 49042 | Settlement | 1.50 | $170.00 | $255.00 | | 3/31/15 |
| 990644985 | 3/12/15 | PR-ENV:430 | 49042 | Settlement | 2.75 | $170.00 | $467.50 | | 3/31/15 |
| 990645385 | 3/13/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 3/31/15 |
| 990646080 | 3/16/15 | PR-ENV:430 | 49042 | Settlement | 2.25 | $170.00 | $382.50 | | 3/31/15 |
| 990646190 | 3/17/15 | PR-ENV:430 | 49042 | Settlement | 0.75 | $170.00 | $127.50 | | 3/31/15 |
| 990646495 | 3/18/15 | PR-ENV:430 | 49042 | Settlement | 1.75 | $170.00 | $297.50 | | 3/31/15 |
| 990646708 | 3/19/15 | PR-ENV:430 | 49042 | Settlement | 1.25 | $170.00 | $212.50 | | 3/31/15 |
| 990647325 | 3/20/15 | PR-ENV:430 | 49042 | Settlement | 2.00 | $170.00 | $340.00 | | 3/31/15 |
| 990647873 | 3/23/15 | PR-ENV:430 | 49042 | Settlement | 1.25 | $170.00 | $212.50 | | 3/31/15 |
| 990648236 | 3/24/15 | PR-ENV:430 | 49042 | Settlement | 0.50 | $170.00 | $85.00 | | 3/31/15 |
| 990648328 | 3/25/15 | PR-ENV:430 | 49042 | Settlement | 2.00 | $170.00 | $340.00 | | 3/31/15 |
| 990648329 | 3/25/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.00 | $170.00 | $340.00 | | 3/31/15 |
| 990648832 | 3/26/15 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 3/31/15 |
| 990649275 | 3/27/15 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 3/31/15 |
| 990653020 | 4/13/15 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 5.00 | $170.00 | $850.00 | | 4/30/15 |
| 990653347 | 4/14/15 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 4/30/15 |
| 990653606 | 4/15/15 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 1.00 | $170.00 | $170.00 | | 4/30/15 |

**XAVIER BECERRA**
*Attorney General*



*State of California*
***DEPARTMENT OF JUSTICE***
1300 I STREET, SACRAMENTO, CA  95814
Billing Inquiries:  (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 990653721 | 4/15/15 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 4/30/15 |
| 990655100 | 4/21/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 4/30/15 |
| 990655991 | 4/23/15 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 0.50 | $170.00 | $85.00 | | 4/30/15 |
| 990656387 | 4/24/15 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 1.50 | $170.00 | $255.00 | | 4/30/15 |
| 990656865 | 4/27/15 | PR-ENV:430 | 49042 | Settlement | 0.75 | $170.00 | $127.50 | | 4/30/15 |
| 990658026 | 4/30/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 4/30/15 |
| 990658223 | 4/30/15 | PR-ENV:430 | 49042 | Contract/Document Preparation | 0.25 | $170.00 | $42.50 | | 4/30/15 |
| 990658986 | 5/1/15 | PR-ENV:430 | 49042 | Settlement | 1.50 | $170.00 | $255.00 | | 5/31/15 |
| 990660126 | 5/6/15 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 5/31/15 |
| 990661621 | 5/12/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 5/31/15 |
| | | | | **Laura J. Zuckerman Totals:** | **93.50** | | **$15,895.00** | | |
| **Professional:  Margarita Padilla** | | | | | | | | | |
| 990632611 | 1/16/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 1/31/15 |
| 990634131 | 1/20/15 | PR-ENV:430 | 49042 | Supervision & Review | 3.50 | $170.00 | $595.00 | | 1/31/15 |
| 990634069 | 1/21/15 | PR-ENV:430 | 49042 | Supervision & Review | 0.50 | $170.00 | $85.00 | | 1/31/15 |
| 990633993 | 1/22/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 1/31/15 |
| 990633884 | 1/23/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 1/31/15 |
| 990642213 | 2/19/15 | PR-ENV:430 | 49042 | Supervision & Review | 2.00 | $170.00 | $340.00 | | 2/28/15 |
| 990642339 | 2/20/15 | PR-ENV:430 | 49042 | Supervision & Review | 0.25 | $170.00 | $42.50 | | 2/28/15 |
| 990645847 | 3/3/15 | PR-ENV:430 | 49042 | Supervision & Review | 0.50 | $170.00 | $85.00 | | 3/31/15 |
| 990645867 | 3/4/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 3/31/15 |
| 990645931 | 3/5/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 3/31/15 |
| 990653797 | 4/10/15 | PR-ENV:430 | 49042 | Supervision & Review | 0.25 | $170.00 | $42.50 | | 4/30/15 |
| | | | | **Margarita Padilla Totals:** | **8.50** | | **$1,445.00** | | |
| **Professional:  Megan K. Hey** | | | | | | | | | |
| 501926973 | 3/20/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 3/31/15 |
| | | | | **Megan K. Hey Totals:** | **0.75** | | **$127.50** | | |
| **Professional:  Olivia W. Karlin** | | | | | | | | | |
| 501883801 | 1/16/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 6.00 | $170.00 | $1,020.00 | | 1/31/15 |
| 501885614 | 1/17/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 5.00 | $170.00 | $850.00 | | 1/31/15 |

**XAVIER BECERRA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**
1300 I STREET, SACRAMENTO, CA 95814
Billing Inquiries: (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 501886148 | 1/19/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.50 | $170.00 | $425.00 | | 1/31/15 |
| 501886150 | 1/20/15 | PR-ENV:430 | 49042 | Communications & Meetings | 2.50 | $170.00 | $425.00 | | 1/31/15 |
| 501886142 | 1/22/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 1/31/15 |
| 501886456 | 1/22/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 4.00 | $170.00 | $680.00 | | 1/31/15 |
| 501887602 | 1/23/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 1/31/15 |
| 501892627 | 1/29/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 1/31/15 |
| 501895074 | 2/2/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 2/28/15 |
| 501895395 | 2/2/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.75 | $170.00 | $467.50 | | 2/28/15 |
| 501896638 | 2/3/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 6.00 | $170.00 | $1,020.00 | | 2/28/15 |
| 501897686 | 2/4/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 6.50 | $170.00 | $1,105.00 | | 2/28/15 |
| 501897999 | 2/5/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 2/28/15 |
| 501898000 | 2/5/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 7.25 | $170.00 | $1,232.50 | | 2/28/15 |
| 501900664 | 2/10/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 2/28/15 |
| 501900665 | 2/10/15 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 5.50 | $170.00 | $935.00 | | 2/28/15 |
| 501901520 | 2/11/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 3.75 | $170.00 | $637.50 | | 2/28/15 |
| 501901529 | 2/11/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 2/28/15 |
| 501901772 | 2/12/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 5.50 | $170.00 | $935.00 | | 2/28/15 |
| 501901927 | 2/12/15 | PR-ENV:430 | 49042 | Communications & Meetings | 2.00 | $170.00 | $340.00 | | 2/28/15 |
| 501902489 | 2/13/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 5.00 | $170.00 | $850.00 | | 2/28/15 |
| 501905775 | 2/13/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 2/28/15 |
| 501905388 | 2/17/15 | PR-ENV:430 | 49042 | Communications & Meetings | 3.00 | $170.00 | $510.00 | | 2/28/15 |
| 501905389 | 2/17/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 3.25 | $170.00 | $552.50 | | 2/28/15 |
| 501905767 | 2/19/15 | PR-ENV:430 | 49042 | Communications & Meetings | 3.00 | $170.00 | $510.00 | | 2/28/15 |
| 501905768 | 2/19/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 2/28/15 |
| 501907827 | 2/20/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 2/28/15 |
| 501907829 | 2/20/15 | PR-ENV:430 | 49042 | Settlement | 5.00 | $170.00 | $850.00 | | 2/28/15 |
| 501907465 | 2/21/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 2/28/15 |
| 501907729 | 2/23/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 2/28/15 |
| 501907773 | 2/23/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.75 | $170.00 | $127.50 | | 2/28/15 |
| 501907774 | 2/23/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 2/28/15 |

**XAVIER BECERRA**
*Attorney General*



*State of California*
***DEPARTMENT OF JUSTICE***
**1300 I STREET, SACRAMENTO, CA 95814**
**Billing Inquiries: (916) 210-7048**



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 501909251 | 2/24/15 | PR-ENV:430 | 49042 | Communications & Meetings | 4.00 | $170.00 | $680.00 | | 2/28/15 |
| 501910092 | 2/24/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 2/28/15 |
| 501909247 | 2/25/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 2/28/15 |
| 501910083 | 2/25/15 | PR-ENV:430 | 49042 | Settlement | 1.50 | $170.00 | $255.00 | | 2/28/15 |
| 501910090 | 2/25/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 2/28/15 |
| 501910072 | 2/26/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 2/28/15 |
| 501911605 | 2/26/15 | PR-ENV:430 | 49042 | Court Proceedings | 1.00 | $170.00 | $170.00 | | 2/28/15 |
| 501911606 | 2/26/15 | PR-ENV:430 | 49042 | Settlement | 0.50 | $170.00 | $85.00 | | 2/28/15 |
| 501911596 | 2/27/15 | PR-ENV:430 | 49042 | Settlement | 1.50 | $170.00 | $255.00 | | 2/28/15 |
| 501911598 | 2/27/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 2/28/15 |
| 501911601 | 2/27/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 2/28/15 |
| 501913862 | 2/27/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 2/28/15 |
| 501913855 | 2/28/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 2/28/15 |
| 501915819 | 3/2/15 | PR-ENV:430 | 49042 | Settlement | 7.00 | $170.00 | $1,190.00 | | 3/31/15 |
| 501915817 | 3/3/15 | PR-ENV:430 | 49042 | Settlement | 8.50 | $170.00 | $1,445.00 | | 3/31/15 |
| 501916054 | 3/4/15 | PR-ENV:430 | 49042 | Settlement | 4.00 | $170.00 | $680.00 | | 3/31/15 |
| 501916056 | 3/4/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 3/31/15 |
| 501917292 | 3/4/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.50 | $170.00 | $425.00 | | 3/31/15 |
| 501917293 | 3/4/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 3/31/15 |
| 501917294 | 3/4/15 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 3/31/15 |
| 501917279 | 3/5/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 7.00 | $170.00 | $1,190.00 | | 3/31/15 |
| 501917280 | 3/5/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.75 | $170.00 | $127.50 | | 3/31/15 |
| 501917282 | 3/5/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 3/31/15 |
| 501917284 | 3/6/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 5.50 | $170.00 | $935.00 | | 3/31/15 |
| 501917285 | 3/6/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 3/31/15 |
| 501917598 | 3/6/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 3/31/15 |
| 501917603 | 3/6/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 3/31/15 |
| 501920398 | 3/9/15 | PR-ENV:430 | 49042 | Settlement | 1.00 | $170.00 | $170.00 | | 3/31/15 |
| 501920400 | 3/10/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 3/31/15 |
| 501920420 | 3/10/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 3/31/15 |

ER 389    (AMM001)

**XAVIER BECERRA**
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*
1300 I STREET, SACRAMENTO, CA 95814
Billing Inquiries: (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 501920403 | 3/12/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 3.00 | $170.00 | $510.00 | | 3/31/15 |
| 501924854 | 3/12/15 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 3/31/15 |
| 501924926 | 3/16/15 | PR-ENV:430 | 49042 | Communications & Meetings | 4.00 | $170.00 | $680.00 | | 3/31/15 |
| 501925341 | 3/16/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.00 | $170.00 | $340.00 | | 3/31/15 |
| 501924829 | 3/17/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 4.00 | $170.00 | $680.00 | | 3/31/15 |
| 501924831 | 3/17/15 | PR-ENV:430 | 49042 | Settlement | 2.50 | $170.00 | $425.00 | | 3/31/15 |
| 501924832 | 3/18/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 3/31/15 |
| 501924834 | 3/18/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 3/31/15 |
| 501925782 | 3/19/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 3/31/15 |
| 501926175 | 3/19/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 3/31/15 |
| 501926198 | 3/19/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 3/31/15 |
| 501928364 | 3/19/15 | PR-ENV:430 | 49042 | Communications & Meetings | 2.00 | $170.00 | $340.00 | | 3/31/15 |
| 501928368 | 3/19/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 3/31/15 |
| 501937081 | 3/19/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 3/31/15 |
| 501937082 | 3/19/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 3/31/15 |
| 501928346 | 3/23/15 | PR-ENV:430 | 49042 | Settlement | 1.50 | $170.00 | $255.00 | | 3/31/15 |
| 501928371 | 3/23/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 3/31/15 |
| 501933672 | 3/23/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 3/31/15 |
| 501933674 | 3/23/15 | PR-ENV:430 | 49042 | Communications & Meetings | 2.50 | $170.00 | $425.00 | | 3/31/15 |
| 501930270 | 3/24/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 3/31/15 |
| 501930268 | 3/25/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 3/31/15 |
| 501932861 | 3/25/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 3/31/15 |
| 501933695 | 3/26/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 3/31/15 |
| 501932772 | 3/27/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 3/31/15 |
| 501933736 | 3/27/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 3/31/15 |
| 501934261 | 3/30/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 3/31/15 |
| 501939484 | 4/1/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 4/30/15 |
| 501939319 | 4/7/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 4/30/15 |
| 501939320 | 4/7/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 4/30/15 |
| 501943796 | 4/7/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 4/30/15 |

**XAVIER BECERRA**
*Attorney General*



*State of California*
**DEPARTMENT OF JUSTICE**
**1300 I STREET, SACRAMENTO, CA 95814**
**Billing Inquiries: (916) 210-7048**



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---------|------|---------|--------|------|--------------|------|--------|-------|----------------|
| 501939480 | 4/8/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 4/30/15 |
| 501939790 | 4/8/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 4/30/15 |
| 501943805 | 4/8/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.00 | $170.00 | $340.00 | | 4/30/15 |
| 501943809 | 4/8/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 4/30/15 |
| 501943798 | 4/9/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 4/30/15 |
| 501943801 | 4/9/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 4/30/15 |
| 501943807 | 4/14/15 | PR-ENV:430 | 49042 | Communications & Meetings | 3.00 | $170.00 | $510.00 | | 4/30/15 |
| 501947144 | 4/20/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.50 | $170.00 | $425.00 | | 4/30/15 |
| 501947273 | 4/20/15 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 1.00 | $170.00 | $170.00 | | 4/30/15 |
| 501957061 | 4/21/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 4/30/15 |
| 501957069 | 4/21/15 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 1.00 | $170.00 | $170.00 | | 4/30/15 |
| 501957100 | 4/21/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 4/30/15 |
| 501949483 | 4/22/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.25 | $170.00 | $212.50 | | 4/30/15 |
| 501951691 | 4/23/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 4/30/15 |
| 501951479 | 4/24/15 | PR-ENV:430 | 49042 | Contract/Document Preparation | 0.75 | $170.00 | $127.50 | | 4/30/15 |
| 501951483 | 4/24/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 4/30/15 |
| 501951485 | 4/24/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 4/30/15 |
| 501952550 | 4/24/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 4/30/15 |
| 501955496 | 4/24/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 4/30/15 |
| 501955514 | 4/24/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 4/30/15 |
| 501952548 | 4/27/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 4/30/15 |
| 501952867 | 4/27/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 4/30/15 |
| 501957175 | 4/28/15 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 0.50 | $170.00 | $85.00 | | 4/30/15 |
| 501955457 | 4/30/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 4/30/15 |
| 501957183 | 5/1/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 5/31/15 |
| 501957186 | 5/1/15 | PR-ENV:430 | 49042 | Communications & Meetings | 2.00 | $170.00 | $340.00 | | 5/31/15 |
| 501957958 | 5/1/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 5/31/15 |
| 501958507 | 5/1/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.25 | $170.00 | $212.50 | | 5/31/15 |
| 501958509 | 5/4/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.00 | $170.00 | $340.00 | | 5/31/15 |
| 501961637 | 5/4/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 5/31/15 |

ER-391

**XAVIER BECERRA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**
1300 I STREET, SACRAMENTO, CA  95814
Billing Inquiries:  (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 501960859 | 5/5/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 5/31/15 |
| 501961027 | 5/6/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 5/31/15 |
| 501960895 | 5/7/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.25 | $170.00 | $382.50 | | 5/31/15 |
| 501961640 | 5/7/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 5/31/15 |
| 501962564 | 5/7/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 5/31/15 |
| 501967743 | 5/8/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 5/31/15 |
| 501967747 | 5/11/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 5/31/15 |
| 501964628 | 5/12/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 5/31/15 |
| 501967733 | 5/18/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 5/31/15 |
| 501968133 | 5/18/15 | PR-ENV:430 | 49042 | Alternative Dispute Resolution | 1.00 | $170.00 | $170.00 | | 5/31/15 |
| 501970771 | 5/18/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 5/31/15 |
| 501969469 | 5/19/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.00 | $170.00 | $340.00 | | 5/31/15 |
| 501969631 | 5/19/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 5/31/15 |
| 501972993 | 5/19/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 5/31/15 |
| 501969634 | 5/20/15 | PR-ENV:430 | 49042 | Settlement | 1.50 | $170.00 | $255.00 | | 5/31/15 |
| 501969635 | 5/20/15 | PR-ENV:430 | 49042 | Settlement | 1.00 | $170.00 | $170.00 | | 5/31/15 |
| 501970736 | 5/21/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.25 | $170.00 | $212.50 | | 5/31/15 |
| 501970737 | 5/21/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 5/31/15 |
| 501973002 | 5/26/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 5/31/15 |
| 501973341 | 5/26/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 5/31/15 |
| 501977944 | 5/28/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 5/31/15 |
| 501978871 | 6/1/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 6/30/15 |
| 501982095 | 6/1/15 | PR-ENV:430 | 49042 | Contract/Document Preparation | 0.50 | $170.00 | $85.00 | | 6/30/15 |
| 501980285 | 6/2/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 6/30/15 |
| 501980286 | 6/2/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 6/30/15 |
| 501982071 | 6/4/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 6/30/15 |
| 501982088 | 6/4/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 6/30/15 |
| 501982070 | 6/5/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 6/30/15 |
| 501982894 | 6/8/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 6/30/15 |
| 501984333 | 6/9/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 6/30/15 |




**XAVIER BECERRA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**
1300 I STREET, SACRAMENTO, CA  95814
Billing Inquiries:  (916) 210-7048

# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 501985212 | 6/10/15 | PR-ENV:430 | 49042 | Communications & Meetings | 2.00 | $170.00 | $340.00 | | 6/30/15 |
| 501986835 | 6/10/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 6/30/15 |
| 501986175 | 6/12/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 6/30/15 |
| 501986183 | 6/12/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.75 | $170.00 | $127.50 | | 6/30/15 |
| 501986810 | 6/12/15 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 6/30/15 |
| 501988255 | 6/15/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 6/30/15 |
| 501989312 | 6/16/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 6/30/15 |
| 501989314 | 6/16/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.75 | $170.00 | $127.50 | | 6/30/15 |
| 501989557 | 6/17/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 6/30/15 |
| 501991346 | 6/19/15 | PR-ENV:430 | 49042 | Communications & Meetings | 2.00 | $170.00 | $340.00 | | 6/30/15 |
| 501993159 | 6/22/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 6/30/15 |
| 501995161 | 6/23/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 6/30/15 |
| 501997041 | 6/25/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 6/30/15 |
| 501998511 | 6/29/15 | PR-ENV:430 | 49042 | Court Proceedings | 1.50 | $170.00 | $255.00 | | 6/30/15 |
| 501998784 | 6/29/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 6/30/15 |
| 501998911 | 6/30/15 | PR-ENV:430 | 49042 | Communications & Meetings | 3.50 | $170.00 | $595.00 | | 6/30/15 |
| | | | | **Olivia W. Karlin Totals:** | **269.75** | | **$45,857.50** | | |
| **Professional:  Paul C. Epstein** | | | | | | | | | |
| 601855752 | 10/1/14 | CV-T&C:180 | 49042 | OSG Research | 2.25 | $170.00 | $382.50 | | 10/31/14 |
| 601855759 | 10/2/14 | CV-T&C:180 | 49042 | OSG Research | 4.25 | $170.00 | $722.50 | | 10/31/14 |
| 601859787 | 10/6/14 | CV-T&C:180 | 49042 | OSG Research | 2.75 | $170.00 | $467.50 | | 10/31/14 |
| | | | | **Paul C. Epstein Totals:** | **9.25** | | **$1,572.50** | | |
| **Professional:  Sarah E. Morrison** | | | | | | | | | |
| 302018201 | 7/2/14 | PR-ENV:430 | 49042 | Supervision & Review | 3.50 | $170.00 | $595.00 | | 7/31/14 |
| 108359268 | 8/15/14 | PR-ENV:430 | 49042 | Supervision & Review | 0.50 | $170.00 | $85.00 | | 8/31/14 |
| 108372407 | 8/18/14 | PR-ENV:430 | 49042 | Supervision & Review | 0.50 | $170.00 | $85.00 | | 8/31/14 |
| 108372425 | 8/19/14 | PR-ENV:430 | 49042 | Supervision & Review | 0.50 | $170.00 | $85.00 | | 8/31/14 |
| 108372413 | 8/22/14 | PR-ENV:430 | 49042 | Supervision & Review | 0.50 | $170.00 | $85.00 | | 8/31/14 |
| 108369029 | 8/28/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 8/31/14 |
| 108376251 | 9/2/14 | PR-ENV:430 | 49042 | Supervision & Review | 0.50 | $170.00 | $85.00 | | 9/30/14 |

**XAVIER BECERRA**
*Attorney General*



*State of California*
*DEPARTMENT OF JUSTICE*
1300 I STREET, SACRAMENTO, CA  95814
Billing Inquiries:  (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 108414333 | 9/25/14 | PR-ENV:430 | 49042 | Supervision & Review | 0.50 | $170.00 | $85.00 | | 9/30/14 |
| 108426810 | 9/26/14 | PR-ENV:430 | 49042 | Supervision & Review | 3.00 | $170.00 | $510.00 | | 9/30/14 |
| 108426805 | 9/27/14 | PR-ENV:430 | 49042 | Supervision & Review | 3.00 | $170.00 | $510.00 | | 9/30/14 |
| 108420229 | 9/29/14 | PR-ENV:430 | 49042 | Supervision & Review | 2.00 | $170.00 | $340.00 | | 9/30/14 |
| 108423738 | 9/30/14 | PR-ENV:430 | 49042 | Supervision & Review | 0.50 | $170.00 | $85.00 | | 9/30/14 |
| 108426829 | 10/1/14 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 10/31/14 |
| 108440809 | 10/3/14 | PR-ENV:430 | 49042 | Supervision & Review | 1.00 | $170.00 | $170.00 | | 10/31/14 |
| 108432538 | 10/6/14 | PR-ENV:430 | 49042 | Supervision & Review | 0.50 | $170.00 | $85.00 | | 10/31/14 |
| 108445096 | 10/14/14 | PR-ENV:430 | 49042 | Supervision & Review | 0.50 | $170.00 | $85.00 | | 10/31/14 |
| 108446616 | 10/15/14 | PR-ENV:430 | 49042 | Supervision & Review | 0.50 | $170.00 | $85.00 | | 10/31/14 |
| 108467589 | 10/16/14 | PR-ENV:430 | 49042 | Supervision & Review | 0.50 | $170.00 | $85.00 | | 10/31/14 |
| 108483077 | 10/29/14 | PR-ENV:430 | 49042 | Supervision & Review | 0.50 | $170.00 | $85.00 | | 10/31/14 |
| 108489869 | 11/5/14 | PR-ENV:430 | 49042 | Supervision & Review | 0.50 | $170.00 | $85.00 | | 11/30/14 |
| 108497812 | 11/10/14 | PR-ENV:430 | 49042 | Supervision & Review | 0.50 | $170.00 | $85.00 | | 11/30/14 |
| 108500175 | 11/12/14 | PR-ENV:430 | 49042 | Supervision & Review | 0.50 | $170.00 | $85.00 | | 11/30/14 |
| 108515781 | 11/13/14 | PR-ENV:430 | 49042 | Supervision & Review | 2.00 | $170.00 | $340.00 | | 11/30/14 |
| 108515820 | 11/14/14 | PR-ENV:430 | 49042 | Supervision & Review | 0.50 | $170.00 | $85.00 | | 11/30/14 |
| 108507305 | 11/17/14 | PR-ENV:430 | 49042 | Supervision & Review | 0.50 | $170.00 | $85.00 | | 11/30/14 |
| 108524762 | 11/19/14 | PR-ENV:430 | 49042 | Supervision & Review | 0.50 | $170.00 | $85.00 | | 11/30/14 |
| 108610786 | 1/14/15 | PR-ENV:430 | 49042 | Supervision & Review | 0.50 | $170.00 | $85.00 | | 1/31/15 |
| 108610807 | 1/16/15 | PR-ENV:430 | 49042 | Supervision & Review | 3.50 | $170.00 | $595.00 | | 1/31/15 |
| 108623538 | 1/20/15 | PR-ENV:430 | 49042 | Supervision & Review | 0.50 | $170.00 | $85.00 | | 1/31/15 |
| 108623549 | 1/22/15 | PR-ENV:430 | 49042 | Supervision & Review | 0.50 | $170.00 | $85.00 | | 1/31/15 |
| 108703462 | 3/2/15 | PR-ENV:430 | 49042 | Supervision & Review | 2.00 | $170.00 | $340.00 | | 3/31/15 |
| 108703548 | 3/4/15 | PR-ENV:430 | 49042 | Supervision & Review | 1.50 | $170.00 | $255.00 | | 3/31/15 |
| 108718034 | 3/9/15 | PR-ENV:430 | 49042 | Supervision & Review | 2.00 | $170.00 | $340.00 | | 3/31/15 |
| 108739538 | 3/17/15 | PR-ENV:430 | 49042 | Supervision & Review | 1.00 | $170.00 | $170.00 | | 3/31/15 |
| 108739554 | 3/19/15 | PR-ENV:430 | 49042 | Supervision & Review | 1.00 | $170.00 | $170.00 | | 3/31/15 |
| 108747985 | 3/26/15 | PR-ENV:430 | 49042 | Supervision & Review | 0.50 | $170.00 | $85.00 | | 3/31/15 |
| 108802922 | 5/1/15 | PR-ENV:430 | 49042 | Supervision & Review | 1.00 | $170.00 | $170.00 | | 5/31/15 |

**XAVIER BECERRA**
*Attorney General*

*State of California*
***DEPARTMENT OF JUSTICE***
1300 I STREET, SACRAMENTO, CA 95814
Billing Inquiries: (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---------|------|---------|--------|------|--------------|------|--------|-------|----------------|
| | | | | **Sarah E. Morrison Totals:** | **39.50** | | **$6,715.00** | | |
| **Professional: Thomas G. Heller** | | | | | | | | | |
| 501757645 | 7/1/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 9.25 | $170.00 | $1,572.50 | | 7/31/14 |
| 501757646 | 7/2/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 9.50 | $170.00 | $1,615.00 | | 7/31/14 |
| 501757647 | 7/3/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 10.00 | $170.00 | $1,700.00 | | 7/31/14 |
| 501757649 | 7/4/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.00 | $170.00 | $340.00 | | 7/31/14 |
| 501757650 | 7/4/14 | PR-ENV:430 | 49042 | Discovery | 3.00 | $170.00 | $510.00 | | 7/31/14 |
| 501757651 | 7/5/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 5.50 | $170.00 | $935.00 | | 7/31/14 |
| 501757652 | 7/6/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 6.00 | $170.00 | $1,020.00 | | 7/31/14 |
| 501757654 | 7/7/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 8.00 | $170.00 | $1,360.00 | | 7/31/14 |
| 302014071 | 7/8/14 | PR-ENV:430 | 49042 | Discovery | 6.25 | $170.00 | $1,062.50 | | 7/31/14 |
| 302014080 | 7/9/14 | PR-ENV:430 | 49042 | Discovery | 6.50 | $170.00 | $1,105.00 | | 7/31/14 |
| 501760537 | 7/10/14 | PR-ENV:430 | 49042 | Discovery | 8.75 | $170.00 | $1,487.50 | | 7/31/14 |
| 501760538 | 7/11/14 | PR-ENV:430 | 49042 | Discovery | 5.00 | $170.00 | $850.00 | | 7/31/14 |
| 501760540 | 7/13/14 | PR-ENV:430 | 49042 | Discovery | 2.50 | $170.00 | $425.00 | | 7/31/14 |
| 501769254 | 7/18/14 | PR-ENV:430 | 49042 | Discovery | 7.00 | $170.00 | $1,190.00 | | 7/31/14 |
| 501766462 | 7/21/14 | PR-ENV:430 | 49042 | Discovery | 6.50 | $170.00 | $1,105.00 | | 7/31/14 |
| 501766460 | 7/22/14 | PR-ENV:430 | 49042 | Discovery | 7.00 | $170.00 | $1,190.00 | | 7/31/14 |
| 108312289 | 7/23/14 | PR-ENV:430 | 49042 | Discovery | 7.50 | $170.00 | $1,275.00 | | 7/31/14 |
| 108312286 | 7/24/14 | PR-ENV:430 | 49042 | Discovery | 8.75 | $170.00 | $1,487.50 | | 7/31/14 |
| 108312283 | 7/25/14 | PR-ENV:430 | 49042 | Discovery | 6.75 | $170.00 | $1,147.50 | | 7/31/14 |
| 501771292 | 7/28/14 | PR-ENV:430 | 49042 | Discovery | 8.00 | $170.00 | $1,360.00 | | 7/31/14 |
| 501771308 | 7/29/14 | PR-ENV:430 | 49042 | Discovery | 8.00 | $170.00 | $1,360.00 | | 7/31/14 |
| 501774753 | 7/30/14 | PR-ENV:430 | 49042 | Discovery | 8.00 | $170.00 | $1,360.00 | | 7/31/14 |
| 501774760 | 7/31/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 7/31/14 |
| 501774775 | 8/1/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.75 | $170.00 | $297.50 | | 8/31/14 |
| 501779542 | 8/4/14 | PR-ENV:430 | 49042 | Discovery | 3.25 | $170.00 | $552.50 | | 8/31/14 |
| 501779550 | 8/5/14 | PR-ENV:430 | 49042 | Discovery | 6.50 | $170.00 | $1,105.00 | | 8/31/14 |
| 501779600 | 8/6/14 | PR-ENV:430 | 49042 | Discovery | 4.50 | $170.00 | $765.00 | | 8/31/14 |
| 501779610 | 8/7/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 3.50 | $170.00 | $595.00 | | 8/31/14 |




**XAVIER BECERRA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**
1300 I STREET, SACRAMENTO, CA  95814
Billing Inquiries:  (916) 210-7048

# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 501779612 | 8/8/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 8/31/14 |
| 501779615 | 8/8/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 2.75 | $170.00 | $467.50 | | 8/31/14 |
| 501779521 | 8/11/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 8/31/14 |
| 501779619 | 8/12/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 8/31/14 |
| 108347054 | 8/13/14 | PR-ENV:430 | 49042 | Discovery | 1.50 | $170.00 | $255.00 | | 8/31/14 |
| 108347106 | 8/14/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 8/31/14 |
| 108347117 | 8/15/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 8/31/14 |
| 108347122 | 8/15/14 | PR-ENV:430 | 49042 | Discovery | 0.50 | $170.00 | $85.00 | | 8/31/14 |
| 501783945 | 8/18/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.75 | $170.00 | $127.50 | | 8/31/14 |
| 501783948 | 8/18/14 | PR-ENV:430 | 49042 | Discovery | 1.00 | $170.00 | $170.00 | | 8/31/14 |
| 501784697 | 8/19/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.75 | $170.00 | $127.50 | | 8/31/14 |
| 501784700 | 8/19/14 | PR-ENV:430 | 49042 | Discovery | 0.75 | $170.00 | $127.50 | | 8/31/14 |
| 501785371 | 8/20/14 | PR-ENV:430 | 49042 | Discovery | 0.75 | $170.00 | $127.50 | | 8/31/14 |
| 501785372 | 8/20/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 8/31/14 |
| 501787127 | 8/21/14 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 8/31/14 |
| 501787137 | 8/21/14 | PR-ENV:430 | 49042 | Contract/Document Preparation | 7.00 | $170.00 | $1,190.00 | | 8/31/14 |
| 501787139 | 8/22/14 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 8/31/14 |
| 501791511 | 8/25/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.25 | $170.00 | $212.50 | | 8/31/14 |
| 501791513 | 8/26/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 8/31/14 |
| 501791528 | 8/27/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 9.00 | $170.00 | $1,530.00 | | 8/31/14 |
| 501791530 | 8/28/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.50 | $170.00 | $425.00 | | 8/31/14 |
| 501793927 | 8/29/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 3.50 | $170.00 | $595.00 | | 8/31/14 |
| 501795798 | 9/2/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 9/30/14 |
| 501795799 | 9/2/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 9/30/14 |
| 501795795 | 9/4/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 9/30/14 |
| 501795796 | 9/4/14 | PR-ENV:430 | 49042 | Discovery | 0.25 | $170.00 | $42.50 | | 9/30/14 |
| 501796557 | 9/5/14 | PR-ENV:430 | 49042 | Court Proceedings | 2.50 | $170.00 | $425.00 | | 9/30/14 |
| 501798747 | 9/8/14 | PR-ENV:430 | 49042 | Court Proceedings | 8.00 | $170.00 | $1,360.00 | | 9/30/14 |
| 501798749 | 9/8/14 | PR-ENV:430 | 49042 | Discovery | 0.50 | $170.00 | $85.00 | | 9/30/14 |
| 108390653 | 9/10/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 9/30/14 |

ER 396

**XAVIER BECERRA**
*Attorney General*



*State of California*
**DEPARTMENT OF JUSTICE**
1300 I STREET, SACRAMENTO, CA 95814
Billing Inquiries: (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 108392356 | 9/11/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 9/30/14 |
| 501800692 | 9/12/14 | PR-ENV:430 | 49042 | Discovery | 0.25 | $170.00 | $42.50 | | 9/30/14 |
| 501802477 | 9/15/14 | PR-ENV:430 | 49042 | Discovery | 1.00 | $170.00 | $170.00 | | 9/30/14 |
| 501802463 | 9/16/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 9/30/14 |
| 501802466 | 9/16/14 | PR-ENV:430 | 49042 | Discovery | 0.50 | $170.00 | $85.00 | | 9/30/14 |
| 501804437 | 9/17/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 9/30/14 |
| 501804428 | 9/18/14 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 9/30/14 |
| 108414695 | 9/19/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 9/30/14 |
| 108414700 | 9/19/14 | PR-ENV:430 | 49042 | Discovery | 0.25 | $170.00 | $42.50 | | 9/30/14 |
| 108414726 | 9/23/14 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 9/30/14 |
| 108414750 | 9/25/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 5.50 | $170.00 | $935.00 | | 9/30/14 |
| 108414752 | 9/25/14 | PR-ENV:430 | 49042 | Discovery | 0.50 | $170.00 | $85.00 | | 9/30/14 |
| 108414784 | 9/25/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 9/30/14 |
| 501815414 | 9/26/14 | PR-ENV:430 | 49042 | Discovery | 0.25 | $170.00 | $42.50 | | 9/30/14 |
| 501815424 | 9/30/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 9/30/14 |
| 501817548 | 10/2/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.00 | $170.00 | $340.00 | | 10/31/14 |
| 501817550 | 10/2/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 10/31/14 |
| 501817624 | 10/3/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 4.50 | $170.00 | $765.00 | | 10/31/14 |
| 501817554 | 10/5/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 10/31/14 |
| 501823543 | 10/8/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 10/31/14 |
| 501823630 | 10/9/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 10/31/14 |
| 501823638 | 10/13/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 10/31/14 |
| 501823635 | 10/14/14 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 10/31/14 |
| 501823634 | 10/14/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 6.75 | $170.00 | $1,147.50 | | 10/31/14 |
| 108478323 | 10/27/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 1.00 | $170.00 | $170.00 | | 10/31/14 |
| 108478294 | 10/28/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 3.50 | $170.00 | $595.00 | | 10/31/14 |
| 108478263 | 10/29/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.00 | $170.00 | $340.00 | | 10/31/14 |
| 108478232 | 10/30/14 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 10/31/14 |
| 501836052 | 10/31/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 10/31/14 |
| 108504882 | 11/3/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 11/30/14 |



**XAVIER BECERRA**
*Attorney General*

**State of California**
*DEPARTMENT OF JUSTICE*
**1300 I STREET, SACRAMENTO, CA  95814**
**Billing Inquiries:  (916) 210-7048**

# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 108504890 | 11/4/14 | PR-ENV:430 | 49042 | Contract/Document Preparation | 3.00 | $170.00 | $510.00 | | 11/30/14 |
| 108504901 | 11/5/14 | PR-ENV:430 | 49042 | Contract/Document Preparation | 5.00 | $170.00 | $850.00 | | 11/30/14 |
| 108505719 | 11/6/14 | PR-ENV:430 | 49042 | Contract/Document Preparation | 5.00 | $170.00 | $850.00 | | 11/30/14 |
| 108505735 | 11/7/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 5.00 | $170.00 | $850.00 | | 11/30/14 |
| 501845613 | 11/10/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 7.75 | $170.00 | $1,317.50 | | 11/30/14 |
| 501845615 | 11/10/14 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 11/30/14 |
| 501842929 | 11/11/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 11/30/14 |
| 501845558 | 11/12/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 8.00 | $170.00 | $1,360.00 | | 11/30/14 |
| 501845543 | 11/13/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 7.75 | $170.00 | $1,317.50 | | 11/30/14 |
| 501845551 | 11/13/14 | PR-ENV:430 | 49042 | Settlement | 0.50 | $170.00 | $85.00 | | 11/30/14 |
| 501845369 | 11/14/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 5.75 | $170.00 | $977.50 | | 11/30/14 |
| 501845523 | 11/14/14 | PR-ENV:430 | 49042 | Settlement | 0.50 | $170.00 | $85.00 | | 11/30/14 |
| 108512080 | 11/17/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 11/30/14 |
| 108512158 | 11/18/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 3.50 | $170.00 | $595.00 | | 11/30/14 |
| 108512161 | 11/18/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 11/30/14 |
| 108512163 | 11/18/14 | PR-ENV:430 | 49042 | Settlement | 0.50 | $170.00 | $85.00 | | 11/30/14 |
| 108512212 | 11/19/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 11/30/14 |
| 108512215 | 11/19/14 | PR-ENV:430 | 49042 | Contract/Document Preparation | 1.00 | $170.00 | $170.00 | | 11/30/14 |
| 108512219 | 11/19/14 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 11/30/14 |
| 501850270 | 11/20/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 11/30/14 |
| 501850288 | 11/21/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 1.00 | $170.00 | $170.00 | | 11/30/14 |
| 501855471 | 11/24/14 | PR-ENV:430 | 49042 | Discovery | 3.00 | $170.00 | $510.00 | | 11/30/14 |
| 501855509 | 11/25/14 | PR-ENV:430 | 49042 | Discovery | 2.00 | $170.00 | $340.00 | | 11/30/14 |
| 501854805 | 11/26/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 11/30/14 |
| 108532745 | 12/1/14 | PR-ENV:430 | 49042 | Discovery | 1.75 | $170.00 | $297.50 | | 12/31/14 |
| 108532749 | 12/1/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 12/31/14 |
| 108532783 | 12/2/14 | PR-ENV:430 | 49042 | Discovery | 5.50 | $170.00 | $935.00 | | 12/31/14 |
| 108532699 | 12/3/14 | PR-ENV:430 | 49042 | Discovery | 2.50 | $170.00 | $425.00 | | 12/31/14 |
| 501858323 | 12/4/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 4.75 | $170.00 | $807.50 | | 12/31/14 |
| 501858749 | 12/5/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.00 | $170.00 | $340.00 | | 12/31/14 |

**XAVIER BECERRA**
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*
**1300 I STREET, SACRAMENTO, CA  95814**
**Billing Inquiries:  (916) 210-7048**



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 501858752 | 12/5/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 2.00 | $170.00 | $340.00 | | 12/31/14 |
| 501858755 | 12/5/14 | PR-ENV:430 | 49042 | Discovery | 0.50 | $170.00 | $85.00 | | 12/31/14 |
| 501859989 | 12/8/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 12/31/14 |
| 501860303 | 12/9/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 2.75 | $170.00 | $467.50 | | 12/31/14 |
| 501861041 | 12/10/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 5.25 | $170.00 | $892.50 | | 12/31/14 |
| 501863159 | 12/11/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.50 | $170.00 | $85.00 | | 12/31/14 |
| 501863161 | 12/11/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 6.75 | $170.00 | $1,147.50 | | 12/31/14 |
| 501863151 | 12/12/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 4.50 | $170.00 | $765.00 | | 12/31/14 |
| 501865595 | 12/15/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 6.75 | $170.00 | $1,147.50 | | 12/31/14 |
| 501865600 | 12/15/14 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 12/31/14 |
| 501865602 | 12/16/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 7.50 | $170.00 | $1,275.00 | | 12/31/14 |
| 501868205 | 12/17/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 7.00 | $170.00 | $1,190.00 | | 12/31/14 |
| 501868198 | 12/18/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 6.00 | $170.00 | $1,020.00 | | 12/31/14 |
| 501868179 | 12/19/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 5.00 | $170.00 | $850.00 | | 12/31/14 |
| 501870374 | 12/22/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 12/31/14 |
| 501871581 | 12/23/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 8.00 | $170.00 | $1,360.00 | | 12/31/14 |
| 501871572 | 12/24/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 12/31/14 |
| 501871580 | 12/26/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 7.25 | $170.00 | $1,232.50 | | 12/31/14 |
| 501875615 | 12/29/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 8.50 | $170.00 | $1,445.00 | | 12/31/14 |
| 501875613 | 12/30/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 4.00 | $170.00 | $680.00 | | 12/31/14 |
| 501875128 | 12/31/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.75 | $170.00 | $297.50 | | 12/31/14 |
| 501879572 | 1/2/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 7.25 | $170.00 | $1,232.50 | | 1/31/15 |
| 501881637 | 1/5/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 8.50 | $170.00 | $1,445.00 | | 1/31/15 |
| 501881634 | 1/6/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 7.75 | $170.00 | $1,317.50 | | 1/31/15 |
| 501881603 | 1/7/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 4.50 | $170.00 | $765.00 | | 1/31/15 |
| 501881590 | 1/8/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 1/31/15 |
| 501881641 | 1/11/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.00 | $170.00 | $340.00 | | 1/31/15 |
| 501887777 | 1/12/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 9.00 | $170.00 | $1,530.00 | | 1/31/15 |
| 501887785 | 1/13/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 8.50 | $170.00 | $1,445.00 | | 1/31/15 |
| 501887789 | 1/14/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 9.00 | $170.00 | $1,530.00 | | 1/31/15 |

**XAVIER BECERRA**
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*
**1300 I STREET, SACRAMENTO, CA  95814**
**Billing Inquiries:  (916) 210-7048**



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 501887794 | 1/15/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 8.00 | $170.00 | $1,360.00 | | 1/31/15 |
| 501887798 | 1/16/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 9.00 | $170.00 | $1,530.00 | | 1/31/15 |
| 501887805 | 1/17/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 4.50 | $170.00 | $765.00 | | 1/31/15 |
| 501887750 | 1/18/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 5.00 | $170.00 | $850.00 | | 1/31/15 |
| 501887718 | 1/19/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 7.00 | $170.00 | $1,190.00 | | 1/31/15 |
| 501899093 | 1/20/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 9.50 | $170.00 | $1,615.00 | | 1/31/15 |
| 501887710 | 1/21/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 10.50 | $170.00 | $1,785.00 | | 1/31/15 |
| 501887705 | 1/22/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 9.50 | $170.00 | $1,615.00 | | 1/31/15 |
| 501887702 | 1/23/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 7.50 | $170.00 | $1,275.00 | | 1/31/15 |
| 501890227 | 1/26/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 5.50 | $170.00 | $935.00 | | 1/31/15 |
| 501895016 | 1/27/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 5.00 | $170.00 | $850.00 | | 1/31/15 |
| 501895018 | 1/28/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 6.00 | $170.00 | $1,020.00 | | 1/31/15 |
| 501895023 | 1/29/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 5.00 | $170.00 | $850.00 | | 1/31/15 |
| 501893489 | 1/30/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.25 | $170.00 | $382.50 | | 1/31/15 |
| 501903172 | 2/2/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 3.00 | $170.00 | $510.00 | | 2/28/15 |
| 501903213 | 2/3/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 2/28/15 |
| 501900460 | 2/4/15 | PR-ENV:430 | 49042 | Discovery | 1.00 | $170.00 | $170.00 | | 2/28/15 |
| 501903225 | 2/5/15 | PR-ENV:430 | 49042 | Discovery | 0.50 | $170.00 | $85.00 | | 2/28/15 |
| 501903246 | 2/6/15 | PR-ENV:430 | 49042 | Discovery | 2.00 | $170.00 | $340.00 | | 2/28/15 |
| 501903247 | 2/6/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.75 | $170.00 | $467.50 | | 2/28/15 |
| 501900444 | 2/9/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 7.00 | $170.00 | $1,190.00 | | 2/28/15 |
| 501900452 | 2/10/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 6.00 | $170.00 | $1,020.00 | | 2/28/15 |
| 501903274 | 2/11/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 5.00 | $170.00 | $850.00 | | 2/28/15 |
| 501903264 | 2/12/15 | PR-ENV:430 | 49042 | Discovery | 1.00 | $170.00 | $170.00 | | 2/28/15 |
| 501903268 | 2/12/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 5.50 | $170.00 | $935.00 | | 2/28/15 |
| 501903248 | 2/13/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 7.00 | $170.00 | $1,190.00 | | 2/28/15 |
| 501903250 | 2/13/15 | PR-ENV:430 | 49042 | Discovery | 0.75 | $170.00 | $127.50 | | 2/28/15 |
| 501911885 | 2/14/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 2/28/15 |
| 501911913 | 2/17/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 6.75 | $170.00 | $1,147.50 | | 2/28/15 |
| 501911915 | 2/18/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 7.00 | $170.00 | $1,190.00 | | 2/28/15 |

**XAVIER BECERRA**
*Attorney General*



*State of California*
**DEPARTMENT OF JUSTICE**
1300 I STREET, SACRAMENTO, CA 95814
Billing Inquiries: (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 501911899 | 2/19/15 | PR-ENV:430 | 49042 | Discovery | 10.50 | $170.00 | $1,785.00 | | 2/28/15 |
| 501911902 | 2/20/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 11.00 | $170.00 | $1,870.00 | | 2/28/15 |
| 501911926 | 2/23/15 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 3.00 | $170.00 | $510.00 | | 2/28/15 |
| 501911918 | 2/25/15 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 2/28/15 |
| | | | | **Thomas G. Heller Totals:** | **668.75** | | **$113,687.50** | | |
| | | | | **2014 Totals:** | **1,466.25** | | **$249,262.50** | | |
| **Fiscal Year: 2013** | | | | | | | | | |
| **Professional: Dennis L. Beck, Jr.** | | | | | | | | | |
| 301937217 | 2/28/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 2/28/14 |
| 301937749 | 2/28/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.75 | $170.00 | $297.50 | | 2/28/14 |
| 301939025 | 3/3/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.00 | $170.00 | $340.00 | | 3/31/14 |
| 301940717 | 3/4/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 3/31/14 |
| 301945735 | 3/4/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 0.50 | $170.00 | $85.00 | | 3/31/14 |
| 301945701 | 3/6/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 0.50 | $170.00 | $85.00 | | 3/31/14 |
| 301945783 | 3/13/14 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 3/31/14 |
| 301951490 | 3/13/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 1.00 | $170.00 | $170.00 | | 3/31/14 |
| 301946846 | 3/14/14 | PR-ENV:430 | 49042 | Communications & Meetings | 3.00 | $170.00 | $510.00 | | 3/31/14 |
| 301950085 | 3/19/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 0.50 | $170.00 | $85.00 | | 3/31/14 |
| 301952209 | 3/20/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 3/31/14 |
| 301954541 | 3/26/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 0.50 | $170.00 | $85.00 | | 3/31/14 |
| 301961237 | 4/4/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 4/30/14 |
| 301962259 | 4/7/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 4/30/14 |
| 301969858 | 4/8/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 4/30/14 |
| 301963775 | 4/9/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 4/30/14 |
| 301965018 | 4/10/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 4/30/14 |
| 301965343 | 4/11/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 4/30/14 |
| 301967478 | 4/14/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 4/30/14 |
| 301970150 | 4/18/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 4/30/14 |
| 301972063 | 4/21/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 4/30/14 |
| 301973476 | 4/23/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 4/30/14 |

**XAVIER BECERRA**
*Attorney General*




*State of California*
***DEPARTMENT OF JUSTICE***
1300 I STREET, SACRAMENTO, CA  95814
Billing Inquiries:  (916) 210-7048

# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 301973497 | 4/24/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 4/30/14 |
| 301974249 | 4/25/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 4/30/14 |
| 301978237 | 4/29/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 4/30/14 |
| 301979617 | 4/30/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 4/30/14 |
| 301982210 | 5/1/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 5/31/14 |
| 301982551 | 5/2/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 5/31/14 |
| 301984235 | 5/6/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 5/31/14 |
| 301984240 | 5/7/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 5/31/14 |
| 301986885 | 5/9/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 5/31/14 |
| 301987627 | 5/12/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 5/31/14 |
| 301993946 | 5/15/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 5/31/14 |
| 301994950 | 5/16/14 | PR-ENV:430 | 49042 | Communications & Meetings | 1.25 | $170.00 | $212.50 | | 5/31/14 |
| 301991316 | 5/19/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 5/31/14 |
| 301992695 | 5/20/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 5/31/14 |
| 301994434 | 5/22/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 5/31/14 |
| 301995090 | 5/23/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 5/31/14 |
| 301997727 | 5/27/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 5/31/14 |
| 301997771 | 5/28/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 0.75 | $170.00 | $127.50 | | 5/31/14 |
| 302000284 | 5/30/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 5/31/14 |
| 302001644 | 6/2/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 6/30/14 |
| 302001703 | 6/3/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 6/30/14 |
| 108250080 | 6/4/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 6/30/14 |
| 108251671 | 6/5/14 | PR-ENV:430 | 49042 | Communications & Meetings | 1.25 | $170.00 | $212.50 | | 6/30/14 |
| 108253906 | 6/6/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 6/30/14 |
| 108276686 | 6/9/14 | PR-ENV:430 | 49042 | Settlement | 0.25 | $170.00 | $42.50 | | 6/30/14 |
| 108258416 | 6/10/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 6/30/14 |
| 108260499 | 6/11/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 6/30/14 |
| 108262276 | 6/12/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.25 | $170.00 | $42.50 | | 6/30/14 |
| 108282053 | 6/13/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 6/30/14 |
| 108306800 | 6/16/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 1.00 | $170.00 | $170.00 | | 6/30/14 |

**XAVIER BECERRA**
*Attorney General*

State of California
*DEPARTMENT OF JUSTICE*
1300 I STREET, SACRAMENTO, CA 95814
Billing Inquiries: (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 108277137 | 6/17/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 6/30/14 |
| 108279773 | 6/18/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 6/30/14 |
| 108281813 | 6/20/14 | PR-ENV:430 | 49042 | Communications & Meetings | 1.25 | $170.00 | $212.50 | | 6/30/14 |
| 108289717 | 6/23/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 6/30/14 |
| 108291530 | 6/24/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 6/30/14 |
| 302003202 | 6/26/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 6/30/14 |
| 302004223 | 6/27/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 6/30/14 |
| 302005340 | 6/30/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 6/30/14 |
| | | | | **Dennis L. Beck, Jr. Totals:** | **32.25** | | **$5,482.50** | | |
| **Professional: Sarah E. Morrison** | | | | | | | | | |
| 108228537 | 5/6/14 | PR-ENV:430 | 49042 | Supervision & Review | 0.50 | $170.00 | $85.00 | | 5/31/14 |
| 108237012 | 5/13/14 | PR-ENV:430 | 49042 | Supervision & Review | 1.00 | $170.00 | $170.00 | | 5/31/14 |
| 108237035 | 5/15/14 | PR-ENV:430 | 49042 | Supervision & Review | 0.50 | $170.00 | $85.00 | | 5/31/14 |
| 108248152 | 5/29/14 | PR-ENV:430 | 49042 | Supervision & Review | 1.00 | $170.00 | $170.00 | | 5/31/14 |
| 108300454 | 6/23/14 | PR-ENV:430 | 49042 | Supervision & Review | 0.50 | $170.00 | $85.00 | | 6/30/14 |
| | | | | **Sarah E. Morrison Totals:** | **3.50** | | **$595.00** | | |
| **Professional: Thomas G. Heller** | | | | | | | | | |
| 108033508 | 7/5/13 | PR-ENV:430 | 49043 | Communications & Meetings | -0.25 | $170.00 | ($42.50) | ADJ | 11/30/13 |
| 108033509 | 7/5/13 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | ADJ | 11/30/13 |
| 501526376 | 7/5/13 | PR-ENV:430 | 49043 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 7/31/13 |
| 107893689 | 7/8/13 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | 2.00 | $170.00 | $340.00 | | 7/31/13 |
| 108033512 | 7/8/13 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | -2.00 | $170.00 | ($340.00) | ADJ | 11/30/13 |
| 108033513 | 7/8/13 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 2.00 | $170.00 | $340.00 | ADJ | 11/30/13 |
| 107893702 | 7/9/13 | PR-ENV:430 | 49043 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 7/31/13 |
| 108033514 | 7/9/13 | PR-ENV:430 | 49043 | Communications & Meetings | -0.25 | $170.00 | ($42.50) | ADJ | 11/30/13 |
| 108033515 | 7/9/13 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | ADJ | 11/30/13 |
| 108033510 | 7/12/13 | PR-ENV:430 | 49043 | Communications & Meetings | -0.50 | $170.00 | ($85.00) | ADJ | 11/30/13 |
| 108033511 | 7/12/13 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | ADJ | 11/30/13 |
| 501533785 | 7/12/13 | PR-ENV:430 | 49043 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 7/31/13 |
| 108033506 | 7/19/13 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | -0.25 | $170.00 | ($42.50) | ADJ | 11/30/13 |

XAVIER BECERRA
Attorney General



State of California
DEPARTMENT OF JUSTICE
1300 I STREET, SACRAMENTO, CA  95814
Billing Inquiries:  (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 108033507 | 7/19/13 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 0.25 | $170.00 | $42.50 | ADJ | 11/30/13 |
| 501536456 | 7/19/13 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | 0.25 | $170.00 | $42.50 | | 7/31/13 |
| 108033504 | 7/22/13 | PR-ENV:430 | 49043 | Discovery | -0.50 | $170.00 | ($85.00) | ADJ | 11/30/13 |
| 108033505 | 7/22/13 | PR-ENV:430 | 49042 | Discovery | 0.50 | $170.00 | $85.00 | ADJ | 11/30/13 |
| 501536486 | 7/22/13 | PR-ENV:430 | 49043 | Discovery | 0.50 | $170.00 | $85.00 | | 7/31/13 |
| 108033516 | 8/8/13 | PR-ENV:430 | 49043 | Communications & Meetings | -0.25 | $170.00 | ($42.50) | ADJ | 11/30/13 |
| 108033517 | 8/8/13 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | ADJ | 11/30/13 |
| 501549945 | 8/8/13 | PR-ENV:430 | 49043 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 8/31/13 |
| 108033518 | 9/17/13 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | -3.50 | $170.00 | ($595.00) | ADJ | 11/30/13 |
| 108033519 | 9/17/13 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 3.50 | $170.00 | $595.00 | ADJ | 11/30/13 |
| 501572820 | 9/17/13 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | 3.50 | $170.00 | $595.00 | | 9/30/13 |
| 108033520 | 9/18/13 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | -6.00 | $170.00 | ($1,020.00) | ADJ | 11/30/13 |
| 108033521 | 9/18/13 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 6.00 | $170.00 | $1,020.00 | ADJ | 11/30/13 |
| 501572823 | 9/18/13 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | 6.00 | $170.00 | $1,020.00 | | 9/30/13 |
| 108033524 | 9/19/13 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | -8.50 | $170.00 | ($1,445.00) | ADJ | 11/30/13 |
| 108033525 | 9/19/13 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 8.50 | $170.00 | $1,445.00 | ADJ | 11/30/13 |
| 501572828 | 9/19/13 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | 8.50 | $170.00 | $1,445.00 | | 9/30/13 |
| 108033528 | 9/20/13 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | -7.00 | $170.00 | ($1,190.00) | ADJ | 11/30/13 |
| 108033529 | 9/20/13 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 7.00 | $170.00 | $1,190.00 | ADJ | 11/30/13 |
| 501572829 | 9/20/13 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | 7.00 | $170.00 | $1,190.00 | | 9/30/13 |
| 108033532 | 9/24/13 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | -6.75 | $170.00 | ($1,147.50) | ADJ | 11/30/13 |
| 108033533 | 9/24/13 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 6.75 | $170.00 | $1,147.50 | ADJ | 11/30/13 |
| 501577496 | 9/24/13 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | 6.75 | $170.00 | $1,147.50 | | 9/30/13 |
| 108033530 | 9/25/13 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | -7.00 | $170.00 | ($1,190.00) | ADJ | 11/30/13 |
| 108033531 | 9/25/13 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 7.00 | $170.00 | $1,190.00 | ADJ | 11/30/13 |
| 501577492 | 9/25/13 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | 7.00 | $170.00 | $1,190.00 | | 9/30/13 |
| 108033526 | 9/26/13 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | -7.50 | $170.00 | ($1,275.00) | ADJ | 11/30/13 |
| 108033527 | 9/26/13 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 7.50 | $170.00 | $1,275.00 | ADJ | 11/30/13 |
| 501577462 | 9/26/13 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | 7.50 | $170.00 | $1,275.00 | | 9/30/13 |
| 108033522 | 9/27/13 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | -5.75 | $170.00 | ($977.50) | ADJ | 11/30/13 |

ER 404

**XAVIER BECERRA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**
1300 I STREET, SACRAMENTO, CA  95814
Billing Inquiries:  (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 108033523 | 9/27/13 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 5.75 | $170.00 | $977.50 | ADJ | 11/30/13 |
| 501577464 | 9/27/13 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | 5.75 | $170.00 | $977.50 | | 9/30/13 |
| 108033534 | 9/30/13 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | -4.25 | $170.00 | ($722.50) | ADJ | 11/30/13 |
| 108033535 | 9/30/13 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 4.25 | $170.00 | $722.50 | ADJ | 11/30/13 |
| 501580908 | 9/30/13 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | 4.25 | $170.00 | $722.50 | | 9/30/13 |
| 108033550 | 10/1/13 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | -5.00 | $170.00 | ($850.00) | ADJ | 11/30/13 |
| 108033551 | 10/1/13 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 5.00 | $170.00 | $850.00 | ADJ | 11/30/13 |
| 501582837 | 10/1/13 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | 5.00 | $170.00 | $850.00 | | 10/31/13 |
| 108033536 | 10/4/13 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | -0.25 | $170.00 | ($42.50) | ADJ | 11/30/13 |
| 108033537 | 10/4/13 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 0.25 | $170.00 | $42.50 | ADJ | 11/30/13 |
| 501582825 | 10/4/13 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | 0.25 | $170.00 | $42.50 | | 10/31/13 |
| 108033540 | 10/8/13 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | -7.00 | $170.00 | ($1,190.00) | ADJ | 11/30/13 |
| 108033541 | 10/8/13 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 7.00 | $170.00 | $1,190.00 | ADJ | 11/30/13 |
| 501585945 | 10/8/13 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | 7.00 | $170.00 | $1,190.00 | | 10/31/13 |
| 108033554 | 10/9/13 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | -8.75 | $170.00 | ($1,487.50) | ADJ | 11/30/13 |
| 108033555 | 10/9/13 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 8.75 | $170.00 | $1,487.50 | ADJ | 11/30/13 |
| 501585947 | 10/9/13 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | 8.75 | $170.00 | $1,487.50 | | 10/31/13 |
| 108033542 | 10/10/13 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | -5.75 | $170.00 | ($977.50) | ADJ | 11/30/13 |
| 108033543 | 10/10/13 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 5.75 | $170.00 | $977.50 | ADJ | 11/30/13 |
| 501585902 | 10/10/13 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | 5.75 | $170.00 | $977.50 | | 10/31/13 |
| 108033552 | 10/11/13 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | -7.00 | $170.00 | ($1,190.00) | ADJ | 11/30/13 |
| 108033553 | 10/11/13 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 7.00 | $170.00 | $1,190.00 | ADJ | 11/30/13 |
| 501590864 | 10/11/13 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | 7.00 | $170.00 | $1,190.00 | | 10/31/13 |
| 108033538 | 10/14/13 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | -7.00 | $170.00 | ($1,190.00) | ADJ | 11/30/13 |
| 108033539 | 10/14/13 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 7.00 | $170.00 | $1,190.00 | ADJ | 11/30/13 |
| 501590854 | 10/14/13 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | 7.00 | $170.00 | $1,190.00 | | 10/31/13 |
| 108033546 | 10/15/13 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | -7.00 | $170.00 | ($1,190.00) | ADJ | 11/30/13 |
| 108033547 | 10/15/13 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 7.00 | $170.00 | $1,190.00 | ADJ | 11/30/13 |
| 501590849 | 10/15/13 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | 7.00 | $170.00 | $1,190.00 | | 10/31/13 |
| 108033544 | 10/16/13 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | -5.75 | $170.00 | ($977.50) | ADJ | 11/30/13 |

**XAVIER BECERRA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**
1300 I STREET, SACRAMENTO, CA  95814
Billing Inquiries:  (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 108033545 | 10/16/13 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 5.75 | $170.00 | $977.50 | ADJ | 11/30/13 |
| 501590839 | 10/16/13 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | 5.75 | $170.00 | $977.50 | | 10/31/13 |
| 108033548 | 10/17/13 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | -4.00 | $170.00 | ($680.00) | ADJ | 11/30/13 |
| 108033549 | 10/17/13 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 4.00 | $170.00 | $680.00 | ADJ | 11/30/13 |
| 501590818 | 10/17/13 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | 4.00 | $170.00 | $680.00 | | 10/31/13 |
| 501606302 | 11/5/13 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 3.00 | $170.00 | $510.00 | | 11/30/13 |
| 501606287 | 11/6/13 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.25 | $170.00 | $382.50 | | 11/30/13 |
| 501606262 | 11/7/13 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 2.75 | $170.00 | $467.50 | | 11/30/13 |
| 501606306 | 11/8/13 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 5.00 | $170.00 | $850.00 | | 11/30/13 |
| 501610655 | 11/12/13 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 5.00 | $170.00 | $850.00 | | 11/30/13 |
| 501610665 | 11/13/13 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 6.50 | $170.00 | $1,105.00 | | 11/30/13 |
| 501610693 | 11/14/13 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 7.00 | $170.00 | $1,190.00 | | 11/30/13 |
| 501609349 | 11/15/13 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 3.00 | $170.00 | $510.00 | | 11/30/13 |
| 501610628 | 11/18/13 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 11/30/13 |
| 501611920 | 11/19/13 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 2.50 | $170.00 | $425.00 | | 11/30/13 |
| 501611897 | 11/20/13 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 0.25 | $170.00 | $42.50 | | 11/30/13 |
| 501613942 | 11/21/13 | PR-ENV:430 | 49042 | Communications & Meetings | 1.25 | $170.00 | $212.50 | | 11/30/13 |
| 501614001 | 11/22/13 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 11/30/13 |
| 501619215 | 12/2/13 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 12/31/13 |
| 108044178 | 12/3/13 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 6.25 | $170.00 | $1,062.50 | | 12/31/13 |
| 108044196 | 12/4/13 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 7.25 | $170.00 | $1,232.50 | | 12/31/13 |
| 501621655 | 12/5/13 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 2.25 | $170.00 | $382.50 | | 12/31/13 |
| 501621660 | 12/6/13 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $170.00 | $127.50 | | 12/31/13 |
| 501626285 | 12/13/13 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 12/31/13 |
| 501629561 | 12/18/13 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 12/31/13 |
| 501631325 | 12/20/13 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 3.00 | $170.00 | $510.00 | | 12/31/13 |
| 501633124 | 12/23/13 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 7.25 | $170.00 | $1,232.50 | | 12/31/13 |
| 501634012 | 12/26/13 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 3.00 | $170.00 | $510.00 | | 12/31/13 |
| 501635570 | 12/31/13 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 2.50 | $170.00 | $425.00 | | 12/31/13 |
| 501637037 | 1/2/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 7.00 | $170.00 | $1,190.00 | | 1/31/14 |

**XAVIER BECERRA**
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*
1300 I STREET, SACRAMENTO, CA 95814
Billing Inquiries: (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 501637031 | 1/3/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 5.25 | $170.00 | $892.50 | | 1/31/14 |
| 501637750 | 1/6/14 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 1/31/14 |
| 108072435 | 1/7/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 1/31/14 |
| 108072434 | 1/8/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 2.00 | $170.00 | $340.00 | | 1/31/14 |
| 108072413 | 1/9/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 1/31/14 |
| 501648556 | 1/17/14 | PR-ENV:430 | 49042 | Communications & Meetings | 3.50 | $170.00 | $595.00 | | 1/31/14 |
| 501649380 | 1/21/14 | PR-ENV:430 | 49042 | Communications & Meetings | 4.25 | $170.00 | $722.50 | | 1/31/14 |
| 501649410 | 1/22/14 | PR-ENV:430 | 49042 | Communications & Meetings | 4.00 | $170.00 | $680.00 | | 1/31/14 |
| 501649378 | 1/23/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 4.00 | $170.00 | $680.00 | | 1/31/14 |
| 108095110 | 1/24/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 4.00 | $170.00 | $680.00 | | 1/31/14 |
| 108095099 | 1/28/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 4.00 | $170.00 | $680.00 | | 1/31/14 |
| 108094987 | 1/29/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 3.75 | $170.00 | $637.50 | | 1/31/14 |
| 501652914 | 1/30/14 | PR-ENV:430 | 49042 | Communications & Meetings | 2.25 | $170.00 | $382.50 | | 1/31/14 |
| 501654185 | 1/31/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 4.75 | $170.00 | $807.50 | | 1/31/14 |
| 501656733 | 2/3/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 3.75 | $170.00 | $637.50 | | 2/28/14 |
| 501657681 | 2/4/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 2/28/14 |
| 501659775 | 2/5/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.75 | $170.00 | $127.50 | | 2/28/14 |
| 501659787 | 2/7/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 2/28/14 |
| 501661877 | 2/10/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 2/28/14 |
| 501661881 | 2/11/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 2/28/14 |
| 501665719 | 2/12/14 | PR-ENV:430 | 49042 | Discovery | 4.25 | $170.00 | $722.50 | | 2/28/14 |
| 501665729 | 2/13/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 6.25 | $170.00 | $1,062.50 | | 2/28/14 |
| 501665709 | 2/14/14 | PR-ENV:430 | 49042 | Discovery | 5.75 | $170.00 | $977.50 | | 2/28/14 |
| 501665733 | 2/18/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 5.25 | $170.00 | $892.50 | | 2/28/14 |
| 501666845 | 2/19/14 | PR-ENV:430 | 49042 | Discovery | 5.25 | $170.00 | $892.50 | | 2/28/14 |
| 501667825 | 2/20/14 | PR-ENV:430 | 49042 | Discovery | 7.75 | $170.00 | $1,317.50 | | 2/28/14 |
| 501669350 | 2/21/14 | PR-ENV:430 | 49042 | Discovery | 8.25 | $170.00 | $1,402.50 | | 2/28/14 |
| 501670819 | 2/24/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 2/28/14 |
| 501670831 | 2/25/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 6.75 | $170.00 | $1,147.50 | | 2/28/14 |
| 501672109 | 2/26/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 7.50 | $170.00 | $1,275.00 | | 2/28/14 |

**XAVIER BECERRA**
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*
1300 I STREET, SACRAMENTO, CA  95814
Billing Inquiries:  (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 501674427 | 2/27/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 5.50 | $170.00 | $935.00 | | 2/28/14 |
| 501674368 | 2/28/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 3.50 | $170.00 | $595.00 | | 2/28/14 |
| 501677296 | 3/3/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 5.75 | $170.00 | $977.50 | | 3/31/14 |
| 501677292 | 3/4/14 | PR-ENV:430 | 49042 | Discovery | 4.50 | $170.00 | $765.00 | | 3/31/14 |
| 501679642 | 3/5/14 | PR-ENV:430 | 49042 | Discovery | 5.50 | $170.00 | $935.00 | | 3/31/14 |
| 501679612 | 3/6/14 | PR-ENV:430 | 49042 | Discovery | 1.75 | $170.00 | $297.50 | | 3/31/14 |
| 501679626 | 3/7/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 3/31/14 |
| 501681225 | 3/11/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 3.50 | $170.00 | $595.00 | | 3/31/14 |
| 501682633 | 3/12/14 | PR-ENV:430 | 49042 | Communications & Meetings | 4.00 | $170.00 | $680.00 | | 3/31/14 |
| 501682773 | 3/13/14 | PR-ENV:430 | 49042 | Communications & Meetings | 5.25 | $170.00 | $892.50 | | 3/31/14 |
| 501684452 | 3/14/14 | PR-ENV:430 | 49042 | Communications & Meetings | 8.25 | $170.00 | $1,402.50 | | 3/31/14 |
| 501687091 | 3/16/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 2.00 | $170.00 | $340.00 | | 3/31/14 |
| 501687092 | 3/17/14 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 0.50 | $170.00 | $85.00 | | 3/31/14 |
| 501689764 | 3/19/14 | PR-ENV:430 | 49042 | Discovery | 2.75 | $170.00 | $467.50 | | 3/31/14 |
| 108169931 | 3/20/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 4.00 | $170.00 | $680.00 | | 3/31/14 |
| 501689741 | 3/21/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.75 | $170.00 | $127.50 | | 3/31/14 |
| 601769178 | 3/25/14 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 3/31/14 |
| 601769175 | 3/26/14 | PR-ENV:430 | 49042 | Discovery | 1.75 | $170.00 | $297.50 | | 3/31/14 |
| 501691702 | 3/28/14 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 3/31/14 |
| 501693365 | 4/1/14 | PR-ENV:430 | 49042 | Discovery | 4.50 | $170.00 | $765.00 | | 4/30/14 |
| 501695500 | 4/2/14 | PR-ENV:430 | 49042 | Discovery | 4.50 | $170.00 | $765.00 | | 4/30/14 |
| 501695464 | 4/3/14 | PR-ENV:430 | 49042 | Discovery | 6.25 | $170.00 | $1,062.50 | | 4/30/14 |
| 501695502 | 4/4/14 | PR-ENV:430 | 49042 | Discovery | 0.25 | $170.00 | $42.50 | | 4/30/14 |
| 501696813 | 4/4/14 | PR-ENV:430 | 49042 | Discovery | 2.00 | $170.00 | $340.00 | | 4/30/14 |
| 501696817 | 4/6/14 | PR-ENV:430 | 49042 | Discovery | 1.50 | $170.00 | $255.00 | | 4/30/14 |
| 501696818 | 4/7/14 | PR-ENV:430 | 49042 | Discovery | 3.50 | $170.00 | $595.00 | | 4/30/14 |
| 501697150 | 4/8/14 | PR-ENV:430 | 49042 | Discovery | 6.50 | $170.00 | $1,105.00 | | 4/30/14 |
| 501697968 | 4/9/14 | PR-ENV:430 | 49042 | Discovery | 6.75 | $170.00 | $1,147.50 | | 4/30/14 |
| 501700053 | 4/10/14 | PR-ENV:430 | 49042 | Discovery | 7.75 | $170.00 | $1,317.50 | | 4/30/14 |
| 501700063 | 4/11/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 7.25 | $170.00 | $1,232.50 | | 4/30/14 |

ER 408

**XAVIER BECERRA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**
1300 I STREET, SACRAMENTO, CA 95814
Billing Inquiries: (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 501700915 | 4/14/14 | PR-ENV:430 | 49042 | Discovery | 6.50 | $170.00 | $1,105.00 | | 4/30/14 |
| 501701695 | 4/15/14 | PR-ENV:430 | 49042 | Discovery | 6.50 | $170.00 | $1,105.00 | | 4/30/14 |
| 501704435 | 4/16/14 | PR-ENV:430 | 49042 | Discovery | 7.25 | $170.00 | $1,232.50 | | 4/30/14 |
| 501704432 | 4/17/14 | PR-ENV:430 | 49042 | Discovery | 8.25 | $170.00 | $1,402.50 | | 4/30/14 |
| 501705898 | 4/18/14 | PR-ENV:430 | 49042 | Discovery | 3.00 | $170.00 | $510.00 | | 4/30/14 |
| 501705902 | 4/21/14 | PR-ENV:430 | 49042 | Discovery | 1.00 | $170.00 | $170.00 | | 4/30/14 |
| 501706971 | 4/22/14 | PR-ENV:430 | 49042 | Discovery | 1.50 | $170.00 | $255.00 | | 4/30/14 |
| 501706957 | 4/23/14 | PR-ENV:430 | 49042 | Discovery | 5.50 | $170.00 | $935.00 | | 4/30/14 |
| 501707985 | 4/24/14 | PR-ENV:430 | 49042 | Discovery | 8.25 | $170.00 | $1,402.50 | | 4/30/14 |
| 501708366 | 4/25/14 | PR-ENV:430 | 49042 | Discovery | 4.25 | $170.00 | $722.50 | | 4/30/14 |
| 501709417 | 4/27/14 | PR-ENV:430 | 49042 | Discovery | 1.00 | $170.00 | $170.00 | | 4/30/14 |
| 501711330 | 4/28/14 | PR-ENV:430 | 49042 | Discovery | 8.25 | $170.00 | $1,402.50 | | 4/30/14 |
| 501713033 | 4/29/14 | PR-ENV:430 | 49042 | Discovery | 7.50 | $170.00 | $1,275.00 | | 4/30/14 |
| 501713035 | 4/30/14 | PR-ENV:430 | 49042 | Discovery | 6.50 | $170.00 | $1,105.00 | | 4/30/14 |
| 501715096 | 5/1/14 | PR-ENV:430 | 49042 | Discovery | 8.50 | $170.00 | $1,445.00 | | 5/31/14 |
| 501715103 | 5/2/14 | PR-ENV:430 | 49042 | Discovery | 7.50 | $170.00 | $1,275.00 | | 5/31/14 |
| 501719141 | 5/5/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 5/31/14 |
| 501719154 | 5/6/14 | PR-ENV:430 | 49042 | Discovery | 8.50 | $170.00 | $1,445.00 | | 5/31/14 |
| 501719158 | 5/7/14 | PR-ENV:430 | 49042 | Discovery | 7.25 | $170.00 | $1,232.50 | | 5/31/14 |
| 501720732 | 5/8/14 | PR-ENV:430 | 49042 | Discovery | 6.50 | $170.00 | $1,105.00 | | 5/31/14 |
| 501719160 | 5/9/14 | PR-ENV:430 | 49042 | Discovery | 5.25 | $170.00 | $892.50 | | 5/31/14 |
| 501720137 | 5/12/14 | PR-ENV:430 | 49042 | Discovery | 7.00 | $170.00 | $1,190.00 | | 5/31/14 |
| 501720779 | 5/13/14 | PR-ENV:430 | 49042 | Discovery | 6.50 | $170.00 | $1,105.00 | | 5/31/14 |
| 108226969 | 5/14/14 | PR-ENV:430 | 49042 | Discovery | 7.75 | $170.00 | $1,317.50 | | 5/31/14 |
| 108226964 | 5/15/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 8.00 | $170.00 | $1,360.00 | | 5/31/14 |
| 501725259 | 5/16/14 | PR-ENV:430 | 49042 | Discovery | 4.25 | $170.00 | $722.50 | | 5/31/14 |
| 501725176 | 5/19/14 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 5/31/14 |
| 501726436 | 5/20/14 | PR-ENV:430 | 49042 | Discovery | 5.75 | $170.00 | $977.50 | | 5/31/14 |
| 501726433 | 5/21/14 | PR-ENV:430 | 49042 | Discovery | 6.00 | $170.00 | $1,020.00 | | 5/31/14 |
| 501727290 | 5/22/14 | PR-ENV:430 | 49042 | Discovery | 2.50 | $170.00 | $425.00 | | 5/31/14 |

**XAVIER BECERRA**
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*
1300 I STREET, SACRAMENTO, CA 95814
Billing Inquiries: (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 501728554 | 5/23/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 5.00 | $170.00 | $850.00 | | 5/31/14 |
| 108242787 | 5/27/14 | PR-ENV:430 | 49042 | Discovery | 6.50 | $170.00 | $1,105.00 | | 5/31/14 |
| 108242758 | 5/28/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 6.75 | $170.00 | $1,147.50 | | 5/31/14 |
| 501733104 | 5/29/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.50 | $170.00 | $425.00 | | 5/31/14 |
| 501733070 | 5/30/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 4.50 | $170.00 | $765.00 | | 5/31/14 |
| 108248238 | 6/2/14 | PR-ENV:430 | 49042 | Contract/Document Preparation | 1.00 | $170.00 | $170.00 | | 6/30/14 |
| 108250744 | 6/3/14 | PR-ENV:430 | 49042 | Contract/Document Preparation | 6.75 | $170.00 | $1,147.50 | | 6/30/14 |
| 108250753 | 6/4/14 | PR-ENV:430 | 49042 | Contract/Document Preparation | 5.25 | $170.00 | $892.50 | | 6/30/14 |
| 501738042 | 6/5/14 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 6/30/14 |
| 501739145 | 6/9/14 | PR-ENV:430 | 49042 | Discovery | 7.50 | $170.00 | $1,275.00 | | 6/30/14 |
| 501740218 | 6/10/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 6/30/14 |
| 501740219 | 6/10/14 | PR-ENV:430 | 49042 | Discovery | 2.50 | $170.00 | $425.00 | | 6/30/14 |
| 501741908 | 6/11/14 | PR-ENV:430 | 49042 | Discovery | 3.00 | $170.00 | $510.00 | | 6/30/14 |
| 501741911 | 6/11/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 6/30/14 |
| 501741835 | 6/12/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 3.00 | $170.00 | $510.00 | | 6/30/14 |
| 501741837 | 6/12/14 | PR-ENV:430 | 49042 | Discovery | 2.00 | $170.00 | $340.00 | | 6/30/14 |
| 108267804 | 6/13/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.50 | $170.00 | $425.00 | | 6/30/14 |
| 108267807 | 6/13/14 | PR-ENV:430 | 49042 | Discovery | 3.25 | $170.00 | $552.50 | | 6/30/14 |
| 501744261 | 6/15/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 6/30/14 |
| 501744262 | 6/16/14 | PR-ENV:430 | 49042 | Discovery | 0.75 | $170.00 | $127.50 | | 6/30/14 |
| 108279356 | 6/17/14 | PR-ENV:430 | 49042 | Discovery | 4.50 | $170.00 | $765.00 | | 6/30/14 |
| 108279361 | 6/17/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.75 | $170.00 | $467.50 | | 6/30/14 |
| 108279330 | 6/18/14 | PR-ENV:430 | 49042 | Discovery | 3.50 | $170.00 | $595.00 | | 6/30/14 |
| 108279350 | 6/18/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.50 | $170.00 | $425.00 | | 6/30/14 |
| 501747560 | 6/19/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 9.00 | $170.00 | $1,530.00 | | 6/30/14 |
| 501747556 | 6/20/14 | PR-ENV:430 | 49042 | Discovery | 4.25 | $170.00 | $722.50 | | 6/30/14 |
| 501747558 | 6/20/14 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 3.25 | $170.00 | $552.50 | | 6/30/14 |
| | | | | **Thomas G. Heller Totals:** | **683.00** | | **$116,110.00** | | |
| **Professional: Timothy R. Patterson** | | | | | | | | | |
| 700722949 | 2/18/14 | PR-ENV:430 | 49042 | Supervision & Review | 0.25 | $170.00 | $42.50 | | 2/28/14 |

**XAVIER BECERRA**
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*
1300 I STREET, SACRAMENTO, CA 95814
Billing Inquiries: (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 700723472 | 2/19/14 | PR-ENV:430 | 49042 | Supervision & Review | 1.00 | $170.00 | $170.00 | | 2/28/14 |
| 700723540 | 2/20/14 | PR-ENV:430 | 49042 | Supervision & Review | 2.00 | $170.00 | $340.00 | | 2/28/14 |
| 700725061 | 2/21/14 | PR-ENV:430 | 49042 | Supervision & Review | 0.25 | $170.00 | $42.50 | | 2/28/14 |
| 700726033 | 2/25/14 | PR-ENV:430 | 49042 | Supervision & Review | 0.50 | $170.00 | $85.00 | | 2/28/14 |
| 700726588 | 2/26/14 | PR-ENV:430 | 49042 | Supervision & Review | 0.25 | $170.00 | $42.50 | | 2/28/14 |
| 700726798 | 2/27/14 | PR-ENV:430 | 49042 | Supervision & Review | 0.25 | $170.00 | $42.50 | | 2/28/14 |
| | | | | **Timothy R. Patterson Totals:** | **4.50** | | **$765.00** | | |
| | | | | **2013 Totals:** | **723.25** | | **$122,952.50** | | |
| **Fiscal Year: 2012** | | | | | | | | | |
| **Professional: Thomas G. Heller** | | | | | | | | | |
| 108046107 | 7/25/12 | PR-ENV:430 | 49043 | Communications & Meetings | -0.25 | $170.00 | ($42.50) | ADJ | 11/30/13 |
| 108046123 | 7/25/12 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | ADJ | 11/30/13 |
| 501323222 | 7/25/12 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 7/31/12 |
| 108046032 | 8/30/12 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | ADJ | 11/30/13 |
| 108046176 | 8/30/12 | PR-ENV:430 | 49043 | Communications & Meetings | -0.25 | $170.00 | ($42.50) | ADJ | 11/30/13 |
| 501344961 | 8/30/12 | PR-ENV:430 | 49043 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 8/31/12 |
| 108046005 | 11/2/12 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | ADJ | 11/30/13 |
| 108046112 | 11/2/12 | PR-ENV:430 | 49043 | Communications & Meetings | -0.50 | $170.00 | ($85.00) | ADJ | 11/30/13 |
| 501381835 | 11/2/12 | PR-ENV:430 | 49043 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 11/30/13 |
| 108045967 | 12/26/12 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 0.50 | $170.00 | $85.00 | ADJ | 11/30/13 |
| 108046000 | 12/26/12 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | -0.50 | $170.00 | ($85.00) | ADJ | 11/30/13 |
| 501411461 | 12/26/12 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | 0.50 | $170.00 | $85.00 | | 12/31/12 |
| 108046111 | 1/2/13 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | -1.00 | $170.00 | ($170.00) | ADJ | 11/30/13 |
| 108046163 | 1/2/13 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | 1.00 | $170.00 | $170.00 | ADJ | 11/30/13 |
| 501416206 | 1/2/13 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | 1.00 | $170.00 | $170.00 | | 1/31/13 |
| 108045987 | 1/7/13 | PR-ENV:430 | 49042 | Discovery | 0.50 | $170.00 | $85.00 | ADJ | 11/30/13 |
| 108046066 | 1/7/13 | PR-ENV:430 | 49043 | Discovery | -0.50 | $170.00 | ($85.00) | ADJ | 11/30/13 |
| 501417840 | 1/7/13 | PR-ENV:430 | 49043 | Discovery | 0.50 | $170.00 | $85.00 | | 1/31/13 |
| 108033465 | 1/8/13 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | ADJ | 11/30/13 |
| 108046039 | 1/8/13 | PR-ENV:430 | 49043 | Communications & Meetings | -0.25 | $170.00 | ($42.50) | ADJ | 11/30/13 |

**XAVIER BECERRA**
*Attorney General*

State of California
*DEPARTMENT OF JUSTICE*
1300 I STREET, SACRAMENTO, CA 95814
Billing Inquiries: (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 501417255 | 1/8/13 | PR-ENV:430 | 49043 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 1/31/13 |
| 108033466 | 2/26/13 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | -0.50 | $170.00 | ($85.00) | ADJ | 11/30/13 |
| 108033467 | 2/26/13 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 0.50 | $170.00 | $85.00 | ADJ | 11/30/13 |
| 501447290 | 2/26/13 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | 0.50 | $170.00 | $85.00 | | 2/28/13 |
| 108033488 | 3/1/13 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | -1.50 | $170.00 | ($255.00) | ADJ | 11/30/13 |
| 108033489 | 3/1/13 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 1.50 | $170.00 | $255.00 | ADJ | 11/30/13 |
| 501450761 | 3/1/13 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | 1.50 | $170.00 | $255.00 | | 3/31/13 |
| 108033490 | 3/4/13 | PR-ENV:430 | 49043 | Communications & Meetings | -0.25 | $170.00 | ($42.50) | ADJ | 11/30/13 |
| 108033491 | 3/4/13 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | ADJ | 11/30/13 |
| 501454259 | 3/4/13 | PR-ENV:430 | 49043 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 3/31/13 |
| 108033468 | 3/25/13 | PR-ENV:430 | 49043 | Communications & Meetings | -0.25 | $170.00 | ($42.50) | ADJ | 11/30/13 |
| 108033469 | 3/25/13 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | ADJ | 11/30/13 |
| 501468428 | 3/25/13 | PR-ENV:430 | 49043 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 3/31/13 |
| 108033492 | 4/26/13 | PR-ENV:430 | 49043 | Communications & Meetings | -0.25 | $170.00 | ($42.50) | ADJ | 11/30/13 |
| 108033493 | 4/26/13 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | ADJ | 11/30/13 |
| 501487346 | 4/26/13 | PR-ENV:430 | 49043 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 4/30/13 |
| 108033494 | 5/31/13 | PR-ENV:430 | 49043 | Discovery | -0.25 | $170.00 | ($42.50) | ADJ | 11/30/13 |
| 108033495 | 5/31/13 | PR-ENV:430 | 49042 | Discovery | 0.25 | $170.00 | $42.50 | ADJ | 11/30/13 |
| 501505714 | 5/31/13 | PR-ENV:430 | 49043 | Discovery | 0.25 | $170.00 | $42.50 | | 5/31/13 |
| 108033496 | 6/7/13 | PR-ENV:430 | 49043 | Discovery | -5.50 | $170.00 | ($935.00) | ADJ | 11/30/13 |
| 108033497 | 6/7/13 | PR-ENV:430 | 49042 | Discovery | 5.50 | $170.00 | $935.00 | ADJ | 11/30/13 |
| 501514140 | 6/7/13 | PR-ENV:430 | 49043 | Discovery | 5.50 | $170.00 | $935.00 | | 6/30/13 |
| 108033500 | 6/10/13 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | -6.50 | $170.00 | ($1,105.00) | ADJ | 11/30/13 |
| 108033501 | 6/10/13 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 6.50 | $170.00 | $1,105.00 | ADJ | 11/30/13 |
| 501516608 | 6/10/13 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | 6.50 | $170.00 | $1,105.00 | | 6/30/13 |
| 108033498 | 6/11/13 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | -6.00 | $170.00 | ($1,020.00) | ADJ | 11/30/13 |
| 108033499 | 6/11/13 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 6.00 | $170.00 | $1,020.00 | ADJ | 11/30/13 |
| 501516609 | 6/11/13 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | 6.00 | $170.00 | $1,020.00 | | 6/30/13 |
| 108033502 | 6/17/13 | PR-ENV:430 | 49043 | Communications & Meetings | -0.25 | $170.00 | ($42.50) | ADJ | 11/30/13 |
| 108033503 | 6/17/13 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | ADJ | 11/30/13 |

ER-412

**XAVIER BECERRA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**
1300 I STREET, SACRAMENTO, CA 95814
Billing Inquiries: (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 501515631 | 6/17/13 | PR-ENV:430 | 49043 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 6/30/13 |
| | | | | **Thomas G. Heller Totals:** | **24.50** | | **$4,165.00** | | |
| | | | | **2012 Totals:** | **24.50** | | **$4,165.00** | | |
| **Fiscal Year: 2011** | | | | | | | | | |
| **Professional: Thomas G. Heller** | | | | | | | | | |
| 107351347 | 2/27/12 | PR-ENV:430 | 49043 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 2/29/12 |
| 107351357 | 2/27/12 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | 5.25 | $170.00 | $892.50 | | 2/29/12 |
| 108033478 | 2/27/12 | PR-ENV:430 | 49043 | Communications & Meetings | -0.50 | $170.00 | ($85.00) | ADJ | 11/30/13 |
| 108033479 | 2/27/12 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | ADJ | 11/30/13 |
| 108033480 | 2/27/12 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | -5.25 | $170.00 | ($892.50) | ADJ | 11/30/13 |
| 108033481 | 2/27/12 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 5.25 | $170.00 | $892.50 | ADJ | 11/30/13 |
| 108033482 | 2/28/12 | PR-ENV:430 | 49043 | Communications & Meetings | -0.50 | $170.00 | ($85.00) | ADJ | 11/30/13 |
| 108033483 | 2/28/12 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | ADJ | 11/30/13 |
| 601444277 | 2/28/12 | PR-ENV:430 | 49043 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 2/29/12 |
| 107351282 | 2/29/12 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | | 2/29/12 |
| 108033486 | 2/29/12 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | -1.00 | $170.00 | ($170.00) | ADJ | 11/30/13 |
| 108033487 | 2/29/12 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $170.00 | $170.00 | ADJ | 11/30/13 |
| 108033470 | 3/1/12 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | -4.50 | $170.00 | ($765.00) | ADJ | 11/30/13 |
| 108033471 | 3/1/12 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 4.50 | $170.00 | $765.00 | ADJ | 11/30/13 |
| 601455100 | 3/1/12 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | 4.50 | $170.00 | $765.00 | | 3/31/12 |
| 108045949 | 3/2/12 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 7.00 | $170.00 | $1,190.00 | ADJ | 11/30/13 |
| 108046055 | 3/2/12 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | -7.00 | $170.00 | ($1,190.00) | ADJ | 11/30/13 |
| 601455283 | 3/2/12 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | 7.00 | $170.00 | $1,190.00 | | 3/31/12 |
| 108046071 | 3/6/12 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | -2.00 | $170.00 | ($340.00) | ADJ | 11/30/13 |
| 108046117 | 3/6/12 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | -4.75 | $170.00 | ($807.50) | ADJ | 11/30/13 |
| 108046172 | 3/6/12 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 4.75 | $170.00 | $807.50 | ADJ | 11/30/13 |
| 108046174 | 3/6/12 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 2.00 | $170.00 | $340.00 | ADJ | 11/30/13 |
| 501242878 | 3/6/12 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | 2.00 | $170.00 | $340.00 | | 3/31/12 |
| 501243741 | 3/6/12 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | 4.75 | $170.00 | $807.50 | | 3/31/12 |
| 108045975 | 3/7/12 | PR-ENV:430 | 49043 | Communications & Meetings | -0.25 | $170.00 | ($42.50) | ADJ | 11/30/13 |

ER 413

**XAVIER BECERRA**
*Attorney General*

State of California
*DEPARTMENT OF JUSTICE*
1300 I STREET, SACRAMENTO, CA 95814
Billing Inquiries: (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---------|------|---------|--------|------|--------------|------|--------|-------|----------------|
| 108046063 | 3/7/12 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | ADJ | 11/30/13 |
| 501243775 | 3/7/12 | PR-ENV:430 | 49043 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 3/31/12 |
| 108046021 | 3/8/12 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | -1.50 | $170.00 | ($255.00) | ADJ | 11/30/13 |
| 108046056 | 3/8/12 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | ADJ | 11/30/13 |
| 501242865 | 3/8/12 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 3/31/12 |
| 108045946 | 3/9/12 | PR-ENV:430 | 49043 | Communications & Meetings | -0.50 | $170.00 | ($85.00) | ADJ | 11/30/13 |
| 108046062 | 3/9/12 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | ADJ | 11/30/13 |
| 501241658 | 3/9/12 | PR-ENV:430 | 49043 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 3/31/12 |
| 108046023 | 3/13/12 | PR-ENV:430 | 49043 | Communications & Meetings | -0.50 | $170.00 | ($85.00) | ADJ | 11/30/13 |
| 108046085 | 3/13/12 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | ADJ | 11/30/13 |
| 501242823 | 3/13/12 | PR-ENV:430 | 49043 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 3/31/12 |
| 108046077 | 3/14/12 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | -0.25 | $170.00 | ($42.50) | ADJ | 11/30/13 |
| 108046140 | 3/14/12 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 0.25 | $170.00 | $42.50 | ADJ | 11/30/13 |
| 501243571 | 3/14/12 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | 0.25 | $170.00 | $42.50 | | 3/31/12 |
| 108033472 | 3/20/12 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | -3.50 | $170.00 | ($595.00) | ADJ | 11/30/13 |
| 108033473 | 3/20/12 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 3.50 | $170.00 | $595.00 | ADJ | 11/30/13 |
| 501246759 | 3/20/12 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | 3.50 | $170.00 | $595.00 | | 3/31/12 |
| 108033474 | 3/21/12 | PR-ENV:430 | 49043 | Communications & Meetings | -0.50 | $170.00 | ($85.00) | ADJ | 11/30/13 |
| 108033475 | 3/21/12 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | ADJ | 11/30/13 |
| 501250249 | 3/21/12 | PR-ENV:430 | 49043 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 3/31/12 |
| 108045936 | 3/22/12 | PR-ENV:430 | 49042 | Communications & Meetings | 1.00 | $170.00 | $170.00 | ADJ | 11/30/13 |
| 108046135 | 3/22/12 | PR-ENV:430 | 49043 | Communications & Meetings | -1.00 | $170.00 | ($170.00) | ADJ | 11/30/13 |
| 501250282 | 3/22/12 | PR-ENV:430 | 49043 | Communications & Meetings | 1.00 | $170.00 | $170.00 | | 3/31/12 |
| 108033476 | 3/26/12 | PR-ENV:430 | 49043 | Communications & Meetings | -1.50 | $170.00 | ($255.00) | ADJ | 11/30/13 |
| 108033477 | 3/26/12 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $170.00 | $255.00 | ADJ | 11/30/13 |
| 501250230 | 3/26/12 | PR-ENV:430 | 49043 | Communications & Meetings | 1.50 | $170.00 | $255.00 | | 3/31/12 |
| 108046010 | 4/3/12 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | ADJ | 11/30/13 |
| 108046155 | 4/3/12 | PR-ENV:430 | 49043 | Communications & Meetings | -0.50 | $170.00 | ($85.00) | ADJ | 11/30/13 |
| 501260701 | 4/3/12 | PR-ENV:430 | 49043 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 4/30/12 |
| 108045929 | 4/4/12 | PR-ENV:430 | 49043 | Communications & Meetings | -2.00 | $170.00 | ($340.00) | ADJ | 11/30/13 |

ER 414

(AMM001)

**XAVIER BECERRA**
**Attorney General**

State of California
**DEPARTMENT OF JUSTICE**
1300 I STREET, SACRAMENTO, CA 95814
Billing Inquiries: (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 108046164 | 4/4/12 | PR-ENV:430 | 49042 | Communications & Meetings | 2.00 | $170.00 | $340.00 | ADJ | 11/30/13 |
| 501260621 | 4/4/12 | PR-ENV:430 | 49043 | Communications & Meetings | 2.00 | $170.00 | $340.00 | | 4/30/12 |
| 108046013 | 4/5/12 | PR-ENV:430 | 49042 | Communications & Meetings | -0.25 | $170.00 | ($42.50) | ADJ | 11/30/13 |
| 108046142 | 4/5/12 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | ADJ | 11/30/13 |
| 501260598 | 4/5/12 | PR-ENV:430 | 49043 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 4/30/12 |
| 108046074 | 4/10/12 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | -0.25 | $170.00 | ($42.50) | ADJ | 11/30/13 |
| 108046097 | 4/10/12 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 0.25 | $170.00 | $42.50 | ADJ | 11/30/13 |
| 501260533 | 4/10/12 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | 0.25 | $170.00 | $42.50 | | 4/30/12 |
| 108045963 | 4/13/12 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 2.25 | $170.00 | $382.50 | ADJ | 11/30/13 |
| 108045972 | 4/13/12 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | -2.25 | $170.00 | ($382.50) | ADJ | 11/30/13 |
| 501260552 | 4/13/12 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | 2.25 | $170.00 | $382.50 | | 4/30/12 |
| 108046014 | 4/17/12 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | -0.75 | $170.00 | ($127.50) | ADJ | 11/30/13 |
| 108046133 | 4/17/12 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 0.75 | $170.00 | $127.50 | ADJ | 11/30/13 |
| 501263345 | 4/17/12 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | 0.75 | $170.00 | $127.50 | | 4/30/12 |
| 108045960 | 4/18/12 | PR-ENV:430 | 49042 | Discovery | 3.50 | $170.00 | $595.00 | ADJ | 11/30/13 |
| 108045966 | 4/18/12 | PR-ENV:430 | 49043 | Discovery | -3.50 | $170.00 | ($595.00) | ADJ | 11/30/13 |
| 501267281 | 4/18/12 | PR-ENV:430 | 49043 | Discovery | 3.50 | $170.00 | $595.00 | | 4/30/12 |
| 108045937 | 4/19/12 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | -1.50 | $170.00 | ($255.00) | ADJ | 11/30/13 |
| 108045979 | 4/19/12 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 1.50 | $170.00 | $255.00 | ADJ | 11/30/13 |
| 501267300 | 4/19/12 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | 1.50 | $170.00 | $255.00 | | 4/30/12 |
| 108046051 | 4/23/12 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | ADJ | 11/30/13 |
| 108046091 | 4/23/12 | PR-ENV:430 | 49043 | Communications & Meetings | -0.50 | $170.00 | ($85.00) | ADJ | 11/30/13 |
| 501271955 | 4/23/12 | PR-ENV:430 | 49043 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 4/30/12 |
| 108045955 | 4/25/12 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | -1.50 | $170.00 | ($255.00) | ADJ | 11/30/13 |
| 108046146 | 4/25/12 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | ADJ | 11/30/13 |
| 501267334 | 4/25/12 | PR-ENV:430 | 49043 | Pleadings/Briefs: Preparation & Review | 1.50 | $170.00 | $255.00 | | 4/30/12 |
| 108045944 | 4/26/12 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 0.75 | $170.00 | $127.50 | ADJ | 11/30/13 |
| 108046024 | 4/26/12 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | -0.75 | $170.00 | ($127.50) | ADJ | 11/30/13 |
| 501271929 | 4/26/12 | PR-ENV:430 | 49043 | Investigation/Case Evaluation/Research | 0.75 | $170.00 | $127.50 | | 4/30/12 |
| 108045959 | 5/11/12 | PR-ENV:430 | 49043 | Communications & Meetings | -0.50 | $170.00 | ($85.00) | ADJ | 11/30/13 |

**XAVIER BECERRA**
*Attorney General*

*State of California*
***DEPARTMENT OF JUSTICE***
**1300 I STREET, SACRAMENTO, CA  95814**
**Billing Inquiries:  (916) 210-7048**



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 108045982 | 5/11/12 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $170.00 | $85.00 | ADJ | 11/30/13 |
| 501281831 | 5/11/12 | PR-ENV:430 | 49043 | Communications & Meetings | 0.50 | $170.00 | $85.00 | | 5/31/13 |
| 108046018 | 5/16/12 | PR-ENV:430 | 49043 | Communications & Meetings | -1.25 | $170.00 | ($212.50) | ADJ | 11/30/13 |
| 108046126 | 5/16/12 | PR-ENV:430 | 49042 | Communications & Meetings | 1.25 | $170.00 | $212.50 | ADJ | 11/30/13 |
| 501280807 | 5/16/12 | PR-ENV:430 | 49043 | Communications & Meetings | 1.25 | $170.00 | $212.50 | | 5/31/12 |
| 108046045 | 5/30/12 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | ADJ | 11/30/13 |
| 108046113 | 5/30/12 | PR-ENV:430 | 49043 | Communications & Meetings | -0.25 | $170.00 | ($42.50) | ADJ | 11/30/13 |
| 501287765 | 5/30/12 | PR-ENV:430 | 49043 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 5/31/12 |
| 108046027 | 6/19/12 | PR-ENV:430 | 49043 | Communications & Meetings | -0.25 | $170.00 | ($42.50) | ADJ | 11/30/13 |
| 108046118 | 6/19/12 | PR-ENV:430 | 49042 | Communications & Meetings | 0.25 | $170.00 | $42.50 | ADJ | 11/30/13 |
| 501303192 | 6/19/12 | PR-ENV:430 | 49043 | Communications & Meetings | 0.25 | $170.00 | $42.50 | | 6/30/12 |
| | | | | **Thomas G. Heller Totals:** | **51.00** | | **$8,670.00** | | |
| | | | | **2011 Totals:** | **51.00** | | **$8,670.00** | | |
| | | | | **Attorney Totals:** | **3,334.75** | | **$566,907.50** | | |

ER 416

(AMM001)

**XAVIER BECERRA**
**Attorney General**

*State of California*
*DEPARTMENT OF JUSTICE*
1300 I STREET, SACRAMENTO, CA 95814
Billing Inquiries: (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

**Matter ID:** LA2012602448     **Date Opened:** 02/17/2012
**Description:** Jim Dobbas, Inc. (DTSC v.) (Elmira Site)

**Professional Type: Paralegal**

**Fiscal Year: 2018**

**Professional: Ivett Villapudua**

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 602684846 | 1/8/19 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 2.50 | $120.00 | $300.00 | | 1/31/19 |
| 602684864 | 1/9/19 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 2.25 | $120.00 | $270.00 | | 1/31/19 |
| 602684884 | 1/10/19 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 6.25 | $120.00 | $750.00 | | 1/31/19 |
| 602684897 | 1/11/19 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 0.50 | $120.00 | $60.00 | | 1/31/19 |
| 602690073 | 1/16/19 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 0.25 | $120.00 | $30.00 | | 1/31/19 |
| | | | | **Ivett Villapudua Totals:** | **11.75** | | **$1,410.00** | | |
| | | | | **2018 Totals:** | **11.75** | | **$1,410.00** | | |

**Fiscal Year: 2017**

**Professional: Ivett Villapudua**

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 502652885 | 2/6/18 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 2.50 | $120.00 | $300.00 | | 2/28/18 |
| 502652939 | 2/7/18 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.00 | $120.00 | $120.00 | | 2/28/18 |
| 502652949 | 2/8/18 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 3.00 | $120.00 | $360.00 | | 2/28/18 |
| 502652968 | 2/9/18 | PR-ENV:430 | 49042 | Pleadings/Briefs: Preparation & Review | 1.25 | $120.00 | $150.00 | | 2/28/18 |
| 602512469 | 5/23/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $120.00 | $60.00 | | 5/31/18 |
| 602512472 | 5/23/18 | PR-ENV:430 | 49042 | Communications & Meetings | 1.25 | $120.00 | $150.00 | | 5/31/18 |
| 602512482 | 5/23/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $120.00 | $90.00 | | 5/31/18 |
| 602512487 | 5/23/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $120.00 | $60.00 | | 5/31/18 |
| 602512533 | 5/24/18 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $120.00 | $180.00 | | 5/31/18 |
| 602512543 | 5/24/18 | PR-ENV:430 | 49042 | Communications & Meetings | 2.00 | $120.00 | $240.00 | | 5/31/18 |
| 602512549 | 5/24/18 | PR-ENV:430 | 49042 | Communications & Meetings | 1.50 | $120.00 | $180.00 | | 5/31/18 |
| 602512568 | 5/25/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.75 | $120.00 | $90.00 | | 5/31/18 |
| 602512606 | 5/30/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $120.00 | $60.00 | | 5/31/18 |
| 602512609 | 5/30/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $120.00 | $60.00 | | 5/31/18 |
| 602512610 | 5/30/18 | PR-ENV:430 | 49042 | Communications & Meetings | 3.50 | $120.00 | $420.00 | | 5/31/18 |
| 602512620 | 5/30/18 | PR-ENV:430 | 49042 | Communications & Meetings | 0.50 | $120.00 | $60.00 | | 5/31/18 |

**XAVIER BECERRA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**
1300 I STREET, SACRAMENTO, CA  95814
Billing Inquiries:  (916) 210-7048



# Matter Time Activity By Professional Type

On or before May 31, 2019

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| | | | | **Ivett Villapudua Totals:** | **21.50** | | **$2,580.00** | | |
| | | | | **2017 Totals:** | **21.50** | | **$2,580.00** | | |
| **Fiscal Year:  2014** | | | | | | | | | |
| **Professional:  Pege Kramer-Amann** | | | | | | | | | |
| 990655919 | 4/20/15 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 4.00 | $120.00 | $480.00 | | 4/30/15 |
| 990655916 | 4/22/15 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 8.00 | $120.00 | $960.00 | | 4/30/15 |
| 990657723 | 4/23/15 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 8.00 | $120.00 | $960.00 | | 4/30/15 |
| 990657724 | 4/24/15 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 8.00 | $120.00 | $960.00 | | 4/30/15 |
| 990657727 | 4/27/15 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 8.00 | $120.00 | $960.00 | | 4/30/15 |
| 990657761 | 4/28/15 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 8.00 | $120.00 | $960.00 | | 4/30/15 |
| 990657760 | 4/29/15 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 8.00 | $120.00 | $960.00 | | 4/30/15 |
| 990657850 | 4/30/15 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 1.00 | $120.00 | $120.00 | | 4/30/15 |
| 990658050 | 5/1/15 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 8.00 | $120.00 | $960.00 | | 5/31/15 |
| 990660476 | 5/7/15 | PR-ENV:430 | 49042 | Investigation/Case Evaluation/Research | 2.00 | $120.00 | $240.00 | | 5/31/15 |
| | | | | **Pege Kramer-Amann Totals:** | **63.00** | | **$7,560.00** | | |
| | | | | **2014 Totals:** | **63.00** | | **$7,560.00** | | |
| | | | | **Paralegal Totals:** | **96.25** | | **$11,550.00** | | |

*XAVIER BECERRA*
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**
**1300 I STREET, SACRAMENTO, CA  95814**
**Billing Inquiries:  (916) 210-7048**



# Matter Time Activity By Professional Type

On or before May 31, 2019

**Matter ID:  LA2012602448**                    **Date Opened:  02/17/2012**
**Description:  Jim Dobbas, Inc. (DTSC v.) (Elmira Site)**

**Professional Type:  Special Agent**

**Fiscal Year:  2016**

**Professional:  Jesus Mejia**

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 109503090 | 10/19/16 | PR-ENV:430 | 49042 | DLE Investigative Services-DLE USE ONLY | 3.50 | $120.00 | $420.00 | | 10/31/16 |
| | | | | **Jesus Mejia Totals:** | **3.50** | | **$420.00** | | |
| | | | | **2016 Totals:** | **3.50** | | **$420.00** | | |
| | | | | **Special Agent Totals:** | **3.50** | | **$420.00** | | |

**XAVIER BECERRA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**
**1300 I STREET, SACRAMENTO, CA  95814**
**Billing Inquiries:  (916) 210-7048**

## Matter Time Activity By Professional Type

On or before May 31, 2019

**Matter ID:  LA2012602448**                    **Date Opened:  02/17/2012**
**Description:  Jim Dobbas, Inc. (DTSC v.) (Elmira Site)**

Professional Type:  **Special Investigator**

Fiscal Year:  **2015**

Professional:  **Danny I Kim**

| Trans # | Date | Section | Client | Task | Hours Worked | Rate | Amount | Adj ? | Statement Date |
|---|---|---|---|---|---|---|---|---|---|
| 109336077 | 6/15/16 | PR-ENV:430 | 49042 | DLE Investigative Services-DLE USE ONLY | 3.00 | $120.00 | $360.00 | | 6/30/16 |
| | | | | **Danny I Kim Totals:** | **3.00** | | **$360.00** | | |
| | | | | **2015 Totals:** | **3.00** | | **$360.00** | | |
| | | | | **Special Investigator Totals:** | **3.00** | | **$360.00** | | |
| | | | | **LA2012602448 Totals:** | **3,505.50** | | **$585,969.50** | | |

1  XAVIER BECERRA
   Attorney General of California
2  EDWARD H. OCHOA
   Supervising Deputy Attorney General
3  OLIVIA W. KARLIN, State Bar No. 150432
   LAURA J. ZUCKERMAN (Counsel for service)
4  State Bar No. 161896
   Deputy Attorneys General
5    1515 Clay Street, 20th Floor
     Oakland, CA 94612
6    Telephone: (510) 879-1299
     Fax: (510) 622-2270
7    E-mail: Laura.Zuckerman@doj.ca.gov
   *Attorneys for Plaintiffs California*
8  *Department of Toxic Substances Control and the*
   *Toxic Substances Control Account*
9
                    IN THE UNITED STATES DISTRICT COURT
10
                   FOR THE EASTERN DISTRICT OF CALIFORNIA
11
                          SACRAMENTO DIVISION
12

13

14  **CALIFORNIA DEPARTMENT OF TOXIC**       2:14-cv-00595-WBS-EFB
    **SUBSTANCES CONTROL and the TOXIC**
15  **SUBSTANCES CONTROL ACCOUNT,**          **DECLARATION OF ROBIN MCGINNIS**
                                             **IN SUPPORT OF PLAINTIFFS'**
16                              Plaintiffs,  **APPLICATION FOR ENTRY OF**
                                             **DEFAULT JUDGMENT BY COURT**
17       v.                                  **AGAINST DEFENDANT COLLINS &**
                                             **AIKMAN PRODUCTS, LLC**
18                              Defendants.

19                                           FED.R.CIV.P. 55(b)

20  **JIM DOBBAS, INC., a California**        Date:      September 23, 2019
    **corporation; CONTINENTAL RAIL, INC.,** Time:      1:30 p.m.
21  **a Delaware corporation; DAVID VAN**    Place:     Courtroom 5, 14th Floor
    **OVER, individually; PACIFIC WOOD**                501 I Street
22  **PRESERVING, a dissolved California**              Sacramento, CA  95814
    **corporation; WEST COAST WOOD**
23  **PRESERVING, LLC., a Nevada limited**   Action Filed: March 3, 2014
    **liability company; and COLLINS &**
24  **AIKMAN PRODUCTS, LLC, a Delaware**
    **limited liability company,**
25                              Defendants.

26  **AND RELATED COUNTERCLAIMS AND**
    **CROSS-CLAIMS**
27

28
                                        1
DECL. OF ROBIN MCGINNIS IN SUPPORT OF PLFS' APPLICATION FOR ENTRY OF DEFAULT
JUDGMENT BY COURT AGAINST DEF. COLLINS & AIKMAN PRODUCTS, LLC (2:14-cv-00595-WBS-EFB)

ER-421

I, Robin McGinnis, declare as follows:

1.     I make this declaration in support of the Application for Entry of Default Judgment By Court Against Defendant Collins & Aikman Products, LLC, filed by Plaintiffs California Department of Toxic Substances Control and the Toxic Substances Control Account (collectively, "DTSC"). The facts stated in this declaration are based on my personal knowledge and on my review of files which DTSC maintains in the regular course of business. If called as a witness, I could and would competently testify to the following:

**Background and Qualifications**

2.     I am employed as Senior Staff Counsel at DTSC, a position I have held since February 26, 2018. I am the DTSC attorney assigned to the Wickes site located at the intersection of A Street and Holdener Road, Elmira, Solano County, California, and identified by Solano County Assessor's Parcel Numbers 142-010-130, 142-010-140, and 142-042-010 that is the subject of this action (the "Site"). It is my role to protect California's interests and fulfill DTSC's responsibilities at the Site by providing legal support regarding the removal, remedial, and other actions related to the cleanup of the Site pursuant to section 104 of CERCLA and the National Oil and Hazardous Substances Pollution Contingency Plan. 42 U.S.C. § 9604; 40 C.F.R. Part 300, *et seq*. I also oversee the efforts of the Attorney General's Office to recover DTSC's costs.

3.     I was first assigned to the Site on March 1, 2019, and have served as Senior Staff Counsel for the Site since then. During that time, my work has included, but was not limited to, the following: conferring with outside counsel and Collins & Aikman Products, LLC's receiver in Delaware; researching insurance coverage; drafting legal research memoranda; and reviewing pleadings and tender letters to insurance companies.

4.     Prior to my assignment to the Site, beginning on March 16, 2016, Senior Staff Counsel Vivian Murai was assigned to the Site. Ms. Murai's work relating to the Site included, but was not limited to, the following: assisting outside counsel in negotiating a consent judgment; reviewing a motion for summary judgment; researching potential insurance coverage; and drafting required public notices.

5.     Prior to Ms. Murai's assignment to the Site, Senior Staff Counsel Marilee Hanson

2

DECL. OF ROBIN MCGINNIS IN SUPPORT OF PLTFS' APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY COURT AGAINST DEF. COLLINS & AIKMAN PRODUCTS, LLC (2:14-cv-00595-WBS-EFB)

**ER-422**

1   was assigned to the Site from November 18, 2005, until Ms. Murai's assignment.  Ms. Hanson's

2   work relating to the Site included, but was not limited to, the following:  drafting a referral to the

3   Attorney General's Office at the California Department of Justice (the "AGO"); conferring with

4   the AGO, defendants, and their counsel, the State of California Central Valley Regional Water

5   Quality Control Board, and the County of Solano; advising DTSC staff; working on Imminent

6   and Substantial Endangerment Determination, Docket Number I/SE 06/07-011, and Imminent or

7   Substantial Endangerment Determination Order and Remedial Action Order, Docket Number

8   I/SE 10/11-008; working on access agreements; preparing a Notice of Intent to Place Lien and

9   draft lien; preparing for a lien hearing; drafting and finalizing a Satisfaction of Lien; reviewing

10  bankruptcy filings; gathering documents in preparation for litigation; meeting with defendants

11  and the AGO in Los Angeles, California; reviewing cost documentation to support DTSC's claim

12  for damages; reviewing pleadings, including a motion for summary judgment and associated

13  declarations; attending hearings; attending a mediation in Los Angeles, California; assisting in

14  negotiating consent decrees; and drafting required public notices.

15         6.     Staff Counsel Joshua Cleaver worked on the Site from December 19, 2014, to

16  February 23, 2015.  Mr. Cleaver's work included, but was not limited to, assisting with the

17  drafting of a motion for summary judgment.

18         7.     DTSC continues to incur costs, and will continue to do so in the future, for legal

19  support of a variety of types, both from OLC counsel and from outside counsel, regarding the

20  response actions at the Site.

21         I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true

22  and correct to the best of my knowledge and that this declaration was executed in Sacramento,

23  California on August 9, 2019.

24

25                                              Robin McGinnis
                                                Senior Staff Counsel
26                                              California Department of Toxic Substances Control

27

28

                                                3

DECL. OF ROBIN MCGINNIS IN SUPPORT OF PLTFS' APPLICATION FOR ENTRY OF DEFAULT
JUDGMENT BY COURT AGAINST DEF. COLLINS & AIKMAN PRODUCTS, LLC (2:14-cv-00595-WBS-EFB)

1   XAVIER BECERRA
    Attorney General of California
2   EDWARD H. OCHOA
    Supervising Deputy Attorney General
3   OLIVIA W. KARLIN, State Bar No. 150432
    LAURA J. ZUCKERMAN (Counsel for service)
4   State Bar No. 161896
    Deputy Attorneys General
5   1515 Clay Street, 20th Floor
    Oakland, CA 94612
6   Telephone:  (510) 879-1299
    Fax:  (510) 622-2270
7   E-mail:  Laura.Zuckerman@doj.ca.gov
    *Attorneys for Plaintiffs California*
8   *Department of Toxic Substances Control and the*
    *Toxic Substances Control Account*
9
                    IN THE UNITED STATES DISTRICT COURT
10
                    FOR THE EASTERN DISTRICT OF CALIFORNIA
11
                          SACRAMENTO DIVISION
12

13

14  | **CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,** | **2:14-cv-00595-WBS-EFB** |
    |---|---|

15                                          **MEMORANDUM OF POINTS AND
                                            AUTHORITIES IN SUPPORT OF**
16                     **Plaintiffs,**       **PLAINTIFFS' APPLICATION FOR
                                            ENTRY OF DEFAULT JUDGMENT BY
                                            COURT AGAINST DEFENDANT**
17          **v.**                           **COLLINS & AIKMAN PRODUCTS, LLC**

18  **JIM DOBBAS, INC., a California
    corporation; CONTINENTAL RAIL, INC.,**   FED. R. CIV. P. 55(b)
19  **a Delaware corporation; DAVID VAN
    OVER, individually; PACIFIC WOOD**       Date:  September 23, 2019
20  **PRESERVING, a dissolved California**    Time: 1:30 p.m.
    **corporation; WEST COAST WOOD**          Place: Courtroom 5, 14th Floor
21  **PRESERVING, LLC., a Nevada limited**           501 I Street, Sacramento, CA  95814
    **liability company; and COLLINS &**
22  **AIKMAN PRODUCTS, LLC, a Delaware**      Action Filed:  March 3, 2014
    **limited liability company,**
23
                     **Defendants.**
24

25  _____
    **AND RELATED COUNTERCLAIMS AND
26  CROSS CLAIMS**

27

28

MEMO. OF POINTS AND AUTHORITIES IN SUPPORT OF PLTFS' APPLIC. FOR ENTRY OF DEFAULT
JUDGMENT BY COURT AGAINST DEF. COLLINS & AIKMAN PRODUCTS, LLC (2:14-cv-00595-WBS-EFB)

**ER-424**

**TABLE OF CONTENTS**

                                                                    **Page**

INTRODUCTION ........................................................................................ 1

STATEMENT OF FACTS ......................................................................... 2

    I.    SITE HISTORY ........................................................................ 2

    II.   PROCEDURAL HISTORY. ........................................................ 4

ARGUMENT ............................................................................................. 5

    I.    C&A PRODUCTS IS LIABLE FOR DTSC'S RESPONSE COSTS UNDER
        CERCLA SECTION 107 ........................................................ 5

        A.   DTSC Has Established Its Prima Facie Case Under CERCLA. ............... 6

            1.   The Site Is a "Facility." ................................................ 6

            2.   A Release or Threatened Release of Hazardous Substances
                Occurred at the Site. .............................................. 7

            3.   DTSC Incurred Costs in Response to the Releases and
                Threatened Releases at the Site. ......................... 7

            4.   C&A Products Was an Owner or Operator or Both of the
                Site at the Time of Disposal of Hazardous Substances at the
                Site, and Thus Is a Responsible Party Under CERCLA. ................ 9

        B.   CERCLA Imposes Strict Liability on Responsible Parties. ...................... 10

        C.   None of The Three Statutory Affirmative Defenses to Liability Is
            Available Here. ......................................................... 10

        D.   CERCLA Imposes Joint and Several Liability on Responsible
            Parties. .................................................................... 10

    II.   DTSC IS ENTITLED TO DECLARATORY RELIEF UNDER CERCLA ON C&A
        PRODUCTS'S LIABILITY FOR FUTURE RESPONSE COSTS. ......................... 11

    III.  DTSC'S RESPONSE COSTS ARE RECOVERABLE UNDER CERCLA. ................... 11

        A.   DTSC Is Presumed to Have Acted Consistently with the NCP. ............... 11

        B.   DTSC's Costs Are Response Costs of the Type Recoverable under
            CERCLA. ................................................................. 12

        C.   DTSC Response Costs Are Adequately Documented, Calculated,
            and Presented. ......................................................... 13

        D.   DTSC Is Entitled to Prejudgment Interest on its Unreimbursed
            Response Costs Plus Attorneys' Fees. ................................ 14

        E.   C&A Products Cannot Show That DTSC's Response Costs Were
            Inconsistent with the National Contingency Plan. ..................... 15

CONCLUSION ........................................................................................ 16

i

MEMO. OF POINTS & AUTHORITIES IN SUPPORT OF PLTFS' APPLIC. FOR ENTRY OF DEFAULT
JUDGMENT AGAINST DEF. COLLINS & AIKMAN PRODUCTS, LLC (2:14-cv-00595-WBS-EFB)

**ER-425**

1

## TABLE OF AUTHORITIES

2

**Page**

3

CASES

4

*3550 Stevens Creek Associates v. Barclays Bank*
5
 915 F.2d 1355 (9th Cir. 1990)................................................................6, 10

6

*Asarco LLC v. Atlantic Richfield Co.*
 866 F.3d 1108 (9th Cir. 2017)........................................................................5

7

*Burlington Northern & Santa Fe Ry Co. v. United States*
8
 556 U.S. 599 (2009) ...............................................................................11, 15

9

*California ex rel. Cal. Dept. of Toxic Substances Control v. Neville Chem. Co.*
 213 F.Supp. 2d 1134 (C.D. Cal. 2002)..................................................12, 13
10

11

*California ex. rel. Cal. Dept. of Toxic Substances Control v. Neville Chem. Co.*
 358 F.3d 661 (9th Cir. 2004).........................................................8, 10, 12

12

*Carson Harbor Village, Ltd. v. Unocal Corp.*
13
 270 F.3d 863 (9th Cir. 2001).............................................................6, 9, 10

*Carson Harbor Village Ltd. v. Unocal Corp.*
14
 287 F.Supp.2d 1118 (C.D. Cal. 2003) .........................................................10

15

*In re First T.D. & Invest., Inc.*
16
 253 F.3d 520 (9th Cir. 2001)..........................................................................2

17

*Levin Metals Corp. v. Parr-Richmond Terminal Co.*
 799 F.2d 1312 (9th Cir. 1986).....................................................................10
18

19

*Lincoln Property Ltd. v. Higgens*
 823 F.Supp. 1528 (E.D. Cal. 1992)...............................................................7
20

21

*Louisiana-Pacific Corp. v. Beazer Materials & Services*
 811 F.Supp. 1421 (E.D. Cal. 1993)...............................................................8

22

*O'Neil v. Picillo*
23
 682 F.Supp. 706 (D.R.I. 1988) ...................................................................15

24

*State of Cal. Dept. of Toxic Substances Control v. Snydergeneral Corp.*
 876 F.Supp. 222 (E.D. Cal. 1994).................................................................8
25

26

*Uniroyal Chemical Co., Inc. v. Deltech Corp.*
 160 F.3d 238 (5th Cir. 1998).........................................................................6

27

*United States v. American Cyanamid*
28
 786 F.Supp. 153 (D.R.I. 1992)...................................................................15

ii

MEMO. OF POINTS & AUTHORITIES IN SUPPORT OF PLTFS' APPLIC. FOR ENTRY OF DEFAULT
JUDGMENT AGAINST DEF. COLLINS & AIKMAN PRODUCTS, LLC (2:14-cv-00595-WBS-EFB)

**ER-426**

1

## TABLE OF AUTHORITIES
### (continued)

2
**Page**

3    *United States v. Carolina Transformer Co.*
4        739 F.Supp. 1030 (E.D.N.C. 1989)...................................................................7

5    *United States v. Chapman*
6        146 F.3d 1166 (9th Cir. 1998)...............................................6, 8, 12, 13, 15

7    *United States v. Chromalloy Am. Corp.*
         158 F.3d 345 (5th Cir. 1998).......................................................................13

8    *United States v. Findett Corp.*
9        220 F.3d 842 (8th Cir. 2000).......................................................................13

10   *United States v. Gurley*
         43 F.3d 1188 (8th Cir. 1994).......................................................................12

11   *United States v. Hunter*
12       70 F.Supp.2d 1100 (C.D. Cal. 1999) ...........................................................6

13   *United States v. R.W. Meyer, Inc.*
         889 F.2d 1497 (6th Cir. 1989)......................................................................14
14

15   *United States v. W.R. Grace & Co.*
         280 F.Supp. 2d 1149 (D. Mont. 2003) .........................................................14

16   *United States v. W.R. Grace & Co.*
17       429 F.3d 1224 (9th Cir. 2006)......................................................................15

18   *Washington State Dept. of Transp. v. Washington Natural Gas Co.*
         59 F.3d 793 (9th Cir. 1995).....................................................................6, 15
19

20   **STATUTES**

21   Delaware Code
         § 18-805 ..........................................................................................................5

22   42 United States Code
23       § 9601(8)..........................................................................................................7
         § 9601(9)..........................................................................................................6
24       § 9601(22)........................................................................................................7
         § 9601(23)........................................................................................................8
25       § 9601(24)........................................................................................................8
         § 9601(25)..............................................................................................3, 7, 12
26       § 9607(a)...................................................................................................12, 15
         § 9607(a)(2).....................................................................................................9
27       § 9607(a)(4)...............................................................................................12, 15
28

iii
MEMO. OF POINTS & AUTHORITIES IN SUPPORT OF PLTFS' APPLIC. FOR ENTRY OF DEFAULT
JUDGMENT AGAINST DEF. COLLINS & AIKMAN PRODUCTS, LLC (2:14-cv-00595-WBS-EFB)

**ER-427**

**TABLE OF AUTHORITIES**
(continued)

Page

42 United States Code
    § 9607(a)(4)(A) ...................................................................................6, 8, 11, 12
    § 9613(g)(2) ........................................................................................................11
    § 9613(j)(2) .........................................................................................................15

**OTHER AUTHORITIES**

40 C.F.R., § 300.1 ..............................................................................................12

40 C.F.R., § 302.4 ................................................................................................7

iv

MEMO. OF POINTS & AUTHORITIES IN SUPPORT OF PLTFS' APPLIC. FOR ENTRY OF DEFAULT
JUDGMENT AGAINST DEF. COLLINS & AIKMAN PRODUCTS, LLC (2:14-cv-00595-WBS-EFB)

ER-428

**INTRODUCTION**

Plaintiffs California Department of Toxic Substances Control and the Toxic Substances Control Account (collectively, "DTSC") have spent over $3 million in unreimbursed taxpayer funds responding to soil and groundwater contamination at a privately-owned, former wood treatment and preserving facility in Elmira, California.  This property, located at the intersection of A Street and Holdener Road, Elmira, Solano County, California, and identified by Solano County Assessor's Parcel Numbers 142-010-130, 142-010-140, and 142-042-010 (the "Site"), was contaminated by spills of hazardous substances used at the Site.  As the state agency with authority to address the release or threatened release of hazardous substances, DTSC took action at the Site because the contamination threatened public health and the environment, and because one of the companies responsible, Collins & Aikman Products Co., the predecessor to defendant Collins & Aikman Products LLC ("C&A Products"), filed for bankruptcy in 2005 and stopped its environmental cleanup of the Site.

DTSC had ordered C&A Products to clean up the Site, but C&A Products failed to complete the task after entering bankruptcy in 2005.  Because subsequent owners also refused to do the necessary cleanup, DTSC had to expend public funds to stabilize the Site, excavate soil, install an asphalt cap over the contaminated soil, construct a building and a drainage system over another contaminated area of the Site, install and operate a groundwater extraction and treatment system, and perform groundwater monitoring.  DTSC seeks recovery of these past expenditures, as well as future costs it may be required to incur at the Site.

Having spent public funds on privately-created contamination on private property, in 2014 DTSC filed this action seeking cost recovery under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9601-9675 ("CERCLA"), and under state environmental law.  DTSC settled with all the solvent defendants in the case.  Defendant C&A Products never appeared in this action, and DTSC duly sought and obtained entry from the clerk of C&A Products's default.[1]  DTSC now seeks judgment in the amount of $3,219,449.85 for its

---

[1] The clerk entered the default against C&A Products on March 26, 2015.  Docket No. 129.  After the clerk entered the default, DTSC obtained settlements from the remaining solvent

1

1   unreimbursed response costs, including attorneys' fees, and interest, together with a declaration

2   that C&A Products is jointly and severally liable for DTSC's future response costs related to the

3   Site.

4                              **STATEMENT OF FACTS**

5   **I.   SITE HISTORY**

6        From approximately 1972 to 1982, wood-preserving operations were conducted at the Site.

7   At various times since 1972, including in 1979 and 1980, hazardous substances within the

8   definition of CERCLA section 101(22) were released at the Site.  These hazardous substances

9   included arsenic, chromium, and copper, which are constituents of the wood preserving chemicals

10  used at the Site.  *See* Imminent or Substantial Endangerment Determination Order and Remedial

11  Action Order, Docket Number I/SE 10/11-008 ("ISE Order"), attached as Exhibit L to the

12  Declaration of McKinley Lewis ("Lewis Decl."), ¶ 16.

13       On approximately September 12, 1979, The Wickes Corporation ("Wickes") purchased the

14  Site and conducted business operations at the Site until approximately 1982.  First Amended

15  Complaint, Docket No. 77 ("FAC"), ¶ 16.  Wickes and its eventual successor, defendant C&A

16  Products, continued to own the Site until about March 20, 1997.  *Id.*  From the 1980s through

17  2005, Wickes and its successor Collins & Aikman Products Co., under the oversight of DTSC,

18  took various response actions to address environmental contamination at, around, and/or beneath

19  the Site.  FAC, ¶ 20.  Those actions included, among other things, soil excavation, installing an

20  asphalt cap over contaminated soils, constructing a building and a drainage system over another

21  contaminated area of the Site, installing and operating a groundwater extraction and treatment

22  _____

23  defendants.  The settlement for the last remaining defendant, David Van Over, was approved by
    this Court on March 27, 2018.  Docket No. 182.  Because there are multiple defendants in this
24  case, DTSC did not seek a default judgment against C&A Products until all defendants had
    settled.  *See In re First T.D. & Invest., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (where a complaint
25  alleges defendants are jointly and severally liable, and one of them defaults, a default judgment
    should not be entered against the defaulting defendant until the matter has been adjudicated with
26  respect to all defendants).  After the case was closed, DTSC received information on some old
    insurance policies, and has been investigating whether C&A Products has insurance policies that
27  may provide coverage for unreimbursed response costs in this case.  DTSC now seeks to reopen
    the case to file this motion for default judgment, because a default judgment is a prerequisite for a
28  suit against an insurance company for recovery, and there is no deadline for filing a motion for
    default judgment in the Eastern District.

                                        2

1   system, and groundwater monitoring.  *Ibid.*  Collins & Aikman Products Co. paid DTSC's

2   oversight costs until it entered bankruptcy.  Declaration of Jason Xiao ("Xiao Decl."), ¶ 16; FAC,

3   ¶ 24.

4       In 2005, while in Chapter 11 bankruptcy proceedings, Collins & Aikman Products Co., the

5   predecessor to C&A Products, stopped performing response actions at the Site.  FAC, ¶ 24.  In

6   2006, DTSC requested that defendants Jim Dobbas, Inc. ("Dobbas") and Continental Rail, Inc.

7   ("CRI"), the then-current owners of the Site, carry out the response actions to address the

8   contamination at the Site.  FAC, ¶ 25.  However, Dobbas and CRI failed and refused to perform

9   any of the actions formerly conducted by Collins & Aikman Products Co.  FAC, ¶ 27.  As a

10  result, DTSC issued Imminent and Substantial Endangerment Determination, Docket Number

11  I/SE 06/07-011 on November 9, 2006, and reevaluated the necessary response actions at the Site.

12  Lewis Decl., ¶ 14.  In July 2010, DTSC finalized a Removal Action Work Plan for the Site that

13  called for contaminated soil excavation, off-site disposal, backfilling, confirmation sampling,

14  demolition of the groundwater extraction and treatment system, and long-term groundwater

15  monitoring.  FAC, ¶ 29.  Contaminated groundwater had migrated from beneath the Site to the

16  nearby residential area, which created the potential for exposure to contaminants if groundwater

17  were used for irrigation or if crop or orchard tree roots contacted shallow groundwater.  Lewis

18  Decl., ¶ 15.

19      On or about February 11, 2011, defendants Dobbas and CRI sold the Site to defendant

20  David Van Over ("Van Over") for $2.00.  FAC, ¶ 30.  On March 16, 2011, DTSC issued the ISE

21  Order to Dobbas, CRI, and Van Over to conduct response actions at the Site.  FAC, ¶ 31.

22  Because Dobbas, CRI, and Van Over failed and refused to comply with this order, DTSC had to

23  expend public funds to take response actions at the Site.  FAC, ¶¶ 32-36.

24      DTSC has incurred costs for "response," as that term is defined in CERCLA section

25  101(25), 42 U.S.C. § 9601(25), in taking actions related to the release or threatened release, or

26  both, of hazardous substances at, around, and/or beneath the Site.  FAC, ¶¶ 33-34.  To date,

27  DTSC's response actions include, but are not limited to, the following activities:  efforts to repair

28  and restart the groundwater extraction and treatment system, completion of a remedial

3

1  investigation for site soils, preparation and implementation of the Removal Action Work Plan,

2  and groundwater monitoring.  FAC, ¶ 33.

3       At present, DTSC's ongoing work at the Site includes monitoring the condition of the

4  asphalt cap and conducting groundwater monitoring and reporting.  Lewis Decl., ¶ 17.  Continued

5  monitoring of stormwater and evaluation of the condition of the asphalt cap are necessary to

6  prevent exposure of contaminated soil to humans and environmental receptors.  *Ibid.*  Continued

7  groundwater monitoring and reporting is necessary to ensure that the Site is not causing further

8  groundwater contamination, and that contaminant concentrations at the four off-site private

9  irrigation wells do not exceed drinking water standards.  *Ibid.*

10       DTSC's unreimbursed response costs through May 31, 2019, including interest and

11  attorneys' fees, total $3,219,449.85.  Xiao Decl., ¶ 20; Declaration of Anthony Westlake, ¶ 14.

12  DTSC is conducting ongoing monitoring at the Site, continues to incur response costs related to

13  the Site, and may incur response costs related to the Site in the future.  *See* Lewis Decl., ¶¶ 18-20.

14  **II.   PROCEDURAL HISTORY.**

15       On December 11, 2014, DTSC filed the FAC for recovery of response costs and declaratory

16  relief under CERCLA, alleging C&A Products and the other defendants, as former owners or

17  operators or both of the Site, were jointly and severally liable under CERCLA section 107(a) for

18  costs incurred and to be incurred by DTSC in response to the release of hazardous substances into

19  the soil and groundwater at and from the Site.  Docket No. 77.  The FAC also seeks a declaratory

20  judgment against the defendants for DTSC's future response costs incurred at the Site pursuant to

21  CERCLA section 113(g)(2).  FAC, ¶¶ 44, 45.

22       Defendant C&A Products is a Delaware limited liability company.  FAC, ¶ 14.  According

23  to the records of the Delaware Secretary of State, Defendant C&A Products was formed on or

24  about December 6, 2007, from the different Delaware corporation Collins & Aikman Products

25  Co.  FAC, ¶ 15.  Collins & Aikman Products Co. was the successor by merger to Collins &

26  Aikman Group., Inc.  *Ibid.*  Collins & Aikman Group, Inc. was formerly known as Wickes

27  Companies, Inc., and, before that, The Wickes Corporation.  *Ibid.*  A Certificate of Cancelation

28  for defendant C&A Products was filed with the Delaware Secretary of State on or about August

4

1  28, 2013.  FAC, ¶ 14.  On November 13, 2014, DTSC petitioned the Delaware Court of Chancery

2  for appointment of a receiver for the company under Delaware Code § 18-805.  FAC, ¶ 14.  The

3  petition was granted and the receiver appointed on or about December 8, 2014.  Declaration of

4  Laura J. Zuckerman ("Zuckerman Decl."), ¶ 2.

5      DTSC served the receiver for defendant C&A Products with the FAC.  Docket No. 92.

6  C&A Products never responded to the FAC.  The clerk of the Court entered C&A Products's

7  default on March 26, 2015.  Docket No. 129, attached as Exhibit A to the Zuckerman Decl.

8      Defendants West Coast Wood Preserving, LLC, Dobbas, and Van Over settled their

9  liability as alleged in the FAC.  The settlements are embodied in consent decrees approved by the

10  Court on September 16, 2015, November 18, 2015, and March 27, 2018.  Docket Nos. 141, 150,

11  182.  The defaults of the remaining defendants, CRI and Pacific Wood Preserving ("PWP") were

12  entered by the clerk of the Court on June 22, 2014.  Docket Nos. 18, 19.[2]

13                              **ARGUMENT**

14  **I.    C&A PRODUCTS IS LIABLE FOR DTSC'S RESPONSE COSTS UNDER CERCLA
15         SECTION 107.**

16      As set forth below, there is undisputed evidence that C&A Products's predecessor Wickes,

17  as a former owner and operator of the Site during the time of disposal of hazardous substances, is

18  liable under CERCLA section 107 for DTSC's costs of responding to the releases and potential

19  releases of hazardous substances at the Site.

20      Congress enacted CERCLA for two primary purposes:  (1) to ensure that hazardous

21  substances released to the environment are promptly and properly cleaned up; and (2) to ensure

22  cleanup costs are borne by those parties responsible for the releases rather than by the public.

23  *Asarco LLC v. Atlantic Richfield Co.*, 866 F.3d 1108, 1115 (9th Cir. 2017).  DTSC has

24  undertaken a response action at the Site and filed this lawsuit to recover its expenses from the

25  defendants, who are liable parties pursuant to CERCLA section 107.

26

27      [2] At this time, DTSC does not intend to seek default judgments against CRI or PWP
28  because DTSC does not believe that CRI or PWP has insurance coverage available to reimburse it
    for any response costs.

5

1    To establish a defendant's liability under CERCLA section 107, a plaintiff must prove the

2    following elements: "(1) the site is a 'facility;' (2) a 'release' or 'threatened release' of a

3    hazardous substance occurred; (3) the government incurred costs in responding to the release or

4    threatened release; and (4) the defendant is a liable party." *United States v. Chapman,* 146 F.3d

5    1166, 1169 (9th Cir. 1998).  The fourth element is met by establishing that a defendant falls into

6    one of the categories of "persons" set forth in CERCLA section 107(a), which includes being a

7    past owner of the facility at the time of disposal of hazardous substances.  *Id.*  Defendants are

8    jointly and severally liable under CERCLA for DTSC's response costs incurred, and future costs

9    to be incurred, at the Site.  *United States v. Hunter*, 70 F.Supp.2d 1100, 1106 (C.D. Cal. 1999).

10   CERCLA imposes strict liability without regard to the party's fault or state of mind.  *Carson*

11   *Harbor Village, Ltd. v. Unocal Corp.*, 270 F.3d 863, 870 (9th Cir. 2001); *3550 Stevens Creek*

12   *Associates v. Barclays Bank*, 915 F.2d 1355, 1357 (9th Cir. 1990).  Once the four elements of

13   CERCLA liability are established, CERCLA authorizes the recovery of "all costs of removal or

14   remedial action incurred by . . . a State . . . not inconsistent with the national contingency plan."

15   42 U.S.C. § 9607(a)(4)(A).[3]

16       **A.    DTSC Has Established Its Prima Facie Case Under CERCLA.**

17            **1.    The Site Is a "Facility."**

18   The first element of CERCLA section 107(a) liability requires that the Site be a "facility."

19   CERCLA defines "facility" as "any site or area where a hazardous substance has been deposited,

20   stored, disposed of, or placed or otherwise come to be located . . . ." 42 U.S.C. § 9601(9).  *See*

21   *also 3550 Stevens Creek Assoc.*, 915 F.2d at 1360 n.10 (term "facility" has been broadly

22   construed by the courts); *Uniroyal Chemical Co., Inc. v. Deltech Corp.,* 160 F.3d 238, 245 (5th

23   Cir. 1998) ("facility is defined in the broadest possible terms, encompassing far more than

24   traditional waste sites").

25

26

27   _____
         [3] Whether DTSC's costs are "not inconsistent" with the National Contingency Plan
     ("NCP") is not an element of DTSC's prima facie case, but rather a factual issue affecting
28   damages.  *Washington State Dept. of Transp. v. Washington Natural Gas Co.*, 59 F.3d 793, 798
     (9th Cir. 1995).

                                             6

1    Investigations conducted at the Site showed that soil and groundwater were contaminated

2    with arsenic, chromium, and copper, and that impacted groundwater had migrated offsite to the

3    south and east.  Lewis Decl., ¶ 11.  These contaminants are designated hazardous substances

4    under CERCLA section 101(14) and 40 C.F.R., § 302.4 (designation of CERCLA hazardous

5    substances).

6        The Site is a facility as defined in CERCLA section 101(9), because there is undisputed

7    evidence that hazardous substances have come to be located at the Site.

8            **2.    A Release or Threatened Release of Hazardous Substances Occurred**
                     **at the Site.**
9

10   The second element of liability under CERCLA section 107(a) is that there has been a

11   release or threatened release of hazardous substances from the facility.  The term "release" means

12   "any spilling, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping,

13   leaching, dumping, or disposing into the environment . . . ."  42 U.S.C. § 9601(22).

14   "Environment" is defined broadly to include "surface water, ground water, drinking water supply,

15   land surface or subsurface strata, or ambient air . . . ."  42 U.S.C. § 9601(8).  These expansive

16   definitions, taken together, provide that a release is established whenever hazardous substances

17   are present in the soil.  *United States v. Carolina Transformer Co.*, 739 F.Supp. 1030, 1036

18   (E.D.N.C. 1989), *aff'd.*, 978 F.2d 832 (4th Cir. 1992); *see also Lincoln Property Ltd. v. Higgens*,

19   823 F.Supp. 1528, 1536 (E.D. Cal. 1992) ("The statutory definition [of release] is broad and

20   deliberately so.  It uses a profusion of terms, all slight variations on much the same theme, to

21   encompass the entire universe of ways in which hazardous substances may come to exist in the

22   environment.").  During wood preserving operations, hazardous substances were released at the

23   Site.  Lewis Decl., ¶¶ 8-10 & Exs. B-H; FAC, ¶ 18.

24           **3.    DTSC Incurred Costs in Response to the Releases and Threatened**
                     **Releases at the Site.**
25

26   The third element of CERCLA liability is that DTSC incurred costs in response to the

27   release of hazardous substances at the Site.  "Response" is broadly defined as "remove, removal,

28   remedy and remedial action."  42 U.S.C. § 9601(25).  CERCLA defines these terms to include the

7

MEMO. OF POINTS & AUTHORITIES IN SUPPORT OF PLTFS' APPLIC. FOR ENTRY OF DEFAULT
JUDGMENT AGAINST DEF. COLLINS & AIKMAN PRODUCTS, LLC (2:14-cv-00595-WBS-EFB)

**ER-435**

1    cleanup or removal of released hazardous substances from the environment, actions taken in the

2    event of the threat of release of hazardous substances, actions to monitor, assess, and evaluate the

3    release or threat of release of hazardous substances, the disposal of removed material, and actions

4    consistent with a permanent remedy.  42 U.S.C. § 9601(23), (24).

5        CERCLA authorizes the recovery of "all costs of removal or remedial action incurred by . .

6    . a State . . . not inconsistent with the national contingency plan."  42 U.S.C. § 9607(a)(4)(A).

7    Recoverable "response costs" have been held to include oversight costs incurred by a government

8    agency in an effort to ensure that a site is being adequately investigated and remediated by

9    responsible parties.  *State of Cal. Dept. of Toxic Substances Control v. Snydergeneral Corp.*, 876

10   F.Supp. 222, 224-25 (E.D. Cal. 1994); *California ex. rel. Cal. Dept. of Toxic Substances Control*

11   *v. Neville Chem. Co.*, 358 F.3d 661, 673 (9th Cir. 2004).  DTSC is also entitled to recover

12   attorneys' fees as part of its response costs expended for the enforcement of this matter, as well as

13   indirect costs, or overhead.  *United States v. Chapman,* 146 F.3d 1166, 1175 (9th Cir. 1988);

14   *Neville Chem. Co.*, 358 F.3d at 673.

15       It is the fact of the response costs, not the amount, which constitutes an element of liability

16   under CERCLA.  *Chapman*, 146 F.3d at 1169.  Where the government shows "some connection"

17   between the release at the site and the incurrence of response costs, those costs are recoverable.

18   *Louisiana-Pacific Corp. v. Beazer Materials & Services,* 811 F.Supp. 1421, 1430 (E.D. Cal.

19   1993).

20       There is indisputable evidence that DTSC has incurred costs in response to the releases of

21   hazardous substances at the Site.  Lewis Decl., ¶ 18.  DTSC has incurred response costs related to

22   its efforts to repair and restart the groundwater extraction and treatment system, completion of a

23   removal investigation for site soils, preparation and implementation of the Removal Action

24   Workplan, groundwater monitoring, and monitoring the condition of the asphalt cap.  *Ibid.*

25   ///

26   ///

27   ///

28

**4.    C&A Products Was an Owner or Operator or Both of the Site at the Time of Disposal of Hazardous Substances at the Site, and Thus Is a Responsible Party Under CERCLA.**

The final element of liability under CERCLA is that C&A Products falls within one of the four classes of responsible parties in CERCLA. Under CERCLA section 107(a)(2), "any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of . . ." is a liable party. 42 U.S.C. § 9607(a)(2). "Disposal" is defined as "discharge, deposit, injection, dumping, spilling, leaking or placing." *Carson Harbor Village, Ltd. v. Unocal Corporation*, 270 F.3d 863, 885 (9th Cir. 2001).

C&A Products's ownership of the Site is through its predecessor Wickes. Wickes bought the assets of PWP, including the Site, on or about September 12, 1979, and operated at the Site thereafter as Wickes Companies, Inc. until 1982, when the facility closed. FAC, ¶ 16. Wickes changed its name to Collins & Aikman Group, Inc., and later merged into Collins & Aikman Products Co. FAC, ¶ 15. Collins & Aikman Products Co. owned the Site until 1997. FAC, ¶ 16. C&A Products was formed in 2007 from Collins & Aikman Products Co. FAC, ¶ 15.

Hazardous substances, including arsenic, chromium, and copper, were used in wood preserving operations at the Site, and were released into the environment at and from the Site, from the beginning of operations in 1972. FAC, ¶¶ 12, 17-19. Spills of hazardous substances occurred at the Site and were documented during Wickes's and C&A Products's ownership and operation. FAC, ¶ 19. For example, on December 24, 1979, a large amount of green liquid flowed from a large tank located in the yard at the Site. Lewis Decl., ¶ 9. The wind blew the liquid beyond a safety trough around the tank and onto the driveway of the company's building and flowed down the driveway onto A Street into the drainage ditch running along A Street. *Ibid.* This liquid flowed down the drainage ditch for approximately 150 yards where it entered the drainage ditch. *Ibid.* The Site manager admitted that the substance that had flowed into the drainage was a mixture of water, copper, chromium, and arsenic. *Ibid.* A second large spill occurred on November 7, 1980, when a well water supply valve malfunctioned, causing water to flow into a mixing tank that had about 1.5 feet of sludge in it. Lewis Decl., ¶ 10. The mixture overflowed onto the surrounding soil and travelled through a drainage ditch in front of the Site on

9

1  A Street.  *Ibid.*  The spill travelled along the A Street ditch, both east and west of the Site

2  entrance.  *Ibid.*  Because there were disposals of hazardous substances during C&A Products's

3  ownership and operation of the facility, the final element of liability under CERCLA has been

4  satisfied.

5         **B.**    **CERCLA Imposes Strict Liability on Responsible Parties.**

6         CERCLA imposes strict liability, without regard to the party's fault or state of mind.

7  *Carson Harbor Village, Ltd. v. Unocal Corp.*, 270 F.3d 863, 870 (9th Cir. 2001); *3550 Stevens*

8  *Creek Associates*, 915 F.2d at 1357.  "In the case of an actual release, the plaintiff need only

9  prove that the defendant's hazardous materials were deposited at the site, that there was a release

10  at the site, and that the release caused it to incur response costs."  *Carson Harbor Village Ltd. v.*

11  *Unocal Corp.*, 287 F.Supp.2d 1118, 1186 (C.D. Cal. 2003).  The CERCLA plaintiff "need not

12  show that defendant's waste was the source of the release or that defendant's waste caused it to

13  incur response costs."  *Ibid.* (citations omitted). Thus, C&A Products is strictly liable for response

14  actions at the Site.

15         **C.**    **None of The Three Statutory Affirmative Defenses to Liability Is Available**
16               **Here.**

17         CERCLA section 107(b) sets forth three statutory affirmative defenses to liability under

18  section 107(a):  an act of God; an act of war; and "an act or omission of a third party" who is not

19  related to the defendant by any sort of "contractual relationship."  These are the only cognizable

20  defenses to liability under section 107(a).  *See Levin Metals Corp. v. Parr-*

21  *Richmond Terminal Co.*, 799 F.2d 1312, 1316-17 (9th Cir. 1986).  "Every court of appeals that

22  has considered the precise question whether § 9607 permits equitable defenses has concluded that

23  it does not, as the statutory defenses are exclusive."  *Neville Chem. Co.*, 358 F.3d at 672.  C&A

24  Products has not produced, and DTSC is not aware of, any evidence that could support a finding

25  that any of the statutory defenses to CERCLA are available to C&A Products.

26         **D.**    **CERCLA Imposes Joint and Several Liability on Responsible Parties.**

27         CERCLA imposes joint and several liability, and each responsible party is jointly and

28  severally liable under CERCLA for all costs unless the responsible party can carry its burden of

MEMO. OF POINTS & AUTHORITIES IN SUPPORT OF PLTFS' APPLIC. FOR ENTRY OF DEFAULT
JUDGMENT AGAINST DEF. COLLINS & AIKMAN PRODUCTS, LLC (2:14-cv-00595-WBS-EFB)

**ER-438**

1   proving that a reasonable basis for apportionment exists. *Burlington Northern & Santa Fe Ry Co.*

2   *v. United States*, 556 U.S. 599, 614-15 (2009). As stated above, there is undisputed evidence that

3   C&A Products is liable under CERCLA section 107(a)(1) as the owner and operator of the Site at

4   the time of disposal of hazardous substances. Lewis Decl., ¶¶ 9-10. Therefore, C&A Products is

5   jointly and severally liable for DTSC's unreimbursed response costs.

6   **II.   DTSC IS ENTITLED TO DECLARATORY RELIEF UNDER CERCLA ON C&A**
       **PRODUCTS'S LIABILITY FOR FUTURE RESPONSE COSTS.**

7

8           CERCLA section 113(g)(2) states, "[i]n any such action [for recovery of costs] described in

9   this subsection, the court shall enter a declaratory judgment on liability for response costs or

10  damages that will be binding on any subsequent action or actions to recover future response costs

11  or damages." 42 U.S.C. § 9613(g)(2). DTSC is conducting ongoing monitoring at the Site,

12  continues to incur response costs related to the Site, and expects to incur response costs related to

13  the Site in the future. Lewis Decl., ¶¶ 18-20. Based on the undisputed facts underlying C&A

14  Products's liability under CERCLA section 107(a), and given the fact that CERCLA imposes

15  joint and several liability on responsible parties, DTSC requests that this Court issue a declaration

16  stating that C&A Products is liable for all future response costs incurred by DTSC at the Site. *See*

17  42 U.S.C. § 9613(g)(2).

18  **III.  DTSC'S RESPONSE COSTS ARE RECOVERABLE UNDER CERCLA.**

19          As set forth below, DTSC's unreimbursed response costs through May 31, 2019, including

20  interest and attorneys' fees, total $3,219,449.85. It is undisputed that DTSC has incurred these

21  costs and that they are of the type recoverable under CERCLA. C&A Products cannot show

22  arbitrary and capricious action by DTSC in its role as the CERCLA lead agency for the Site.

23  Accordingly, as discussed further below, the Court should order that DTSC is entitled to recover

24  these costs.

25          **A.     DTSC Is Presumed to Have Acted Consistently with the NCP.**

26          DTSC is empowered by CERCLA section 107 to recover all costs of removal or remedial

27  action that are "not inconsistent with the [NCP]." 42 U.S.C. § 9607(a)(4)(A). The NCP is the

28  "road map" for toxic site analysis, remedy selection, cleanup, long-term maintenance, and

1   monitoring.  It "provide[s] the organizational structure and procedures for preparing for and

2   responding to . . . releases of hazardous substances, pollutants, and contaminants."  40 C.F.R. §

3   300.1.  Significantly, "[w]hen a state is seeking recovery of response costs, *consistency with the*

4   *[NCP] is presumed*."  *Neville Chem. Co.*, 358 F.3d at 673 (emphasis added).  Once DTSC

5   establishes a prima facie case that its response costs were incurred in connection with the release

6   or threatened release of hazardous substances, the burden shifts to the defendant(s) to prove

7   inconsistency with the NCP.  *Chapman*, 146 F.3d at 1169.

8       **B.    DTSC's Costs Are Response Costs of the Type Recoverable under
           CERCLA.**

9

10      CERCLA section 107(a) makes responsible parties liable for "all costs of removal or

11  remedial action incurred by the United States Government or a State . . . ."  42 U.S.C. § 9607(a).

12  The broad remedial purpose of CERCLA supports a liberal interpretation of the term "all costs."

13  *See Chapman*, 146 F.3d at 1175; *United States v. R.W. Meyer, Inc.*, 889 F.2d 1497, 1503 (6th Cir.

14  1989).

15      Courts have found that recoverable response costs include the following: (1) direct costs,

16  such as those incurred assessing, investigating, monitoring, testing, and evaluating contamination

17  at a site, as well as costs of designing and implementing a response action, *see* 42 U.S.C.

18  § 9601(23); *Meyer*, 889 F.2d at 1502-04; (2) indirect costs, such as overhead costs incurred in

19  administering the Superfund program and litigating enforcement actions, *see Meyer*, 889 F.2d at

20  1503-1504; *California ex rel. Cal. Dept. of Toxic Substances Control v. Neville Chem. Co.*, 213

21  F.Supp. 2d 1134, 1137 (C.D. Cal. 2002); (3) enforcement costs, including reasonable attorneys'

22  fees, administrative costs, and investigative costs related to the response action, *see* 42 U.S.C.

23  §§ 9601(25), 9607(a)(4)(A); *Chapman*, 146 F.3d at 1175; *United States v. Gurley*, 43 F.3d 1188,

24  1199-1200 (8th Cir. 1994) (Department of Justice attorneys' fees and litigation expenses

25  recoverable); and (4) interest incurred on the recoverable costs, *see* 42 U.S.C. § 9607(a)(4),

26  *Meyer*, 889 F.2d at 1505.  The costs incurred by DTSC at the Site and documented in the

27  declarations of Jason Xiao, Robin McGinnis, McKinley Lewis, Jr., and Anthony Westlake fall

28  within these categories of costs recoverable under CERCLA.

1
2

     **C.   DTSC Response Costs Are Adequately Documented, Calculated, and Presented.**

3       DTSC presents its response costs in the form of DTSC and Department of Justice ("DOJ")

4   declarations and supporting exhibits that describe the costs incurred and the accounting methods

5   used to calculate and verify costs.  Courts have held that such evidence is admissible and suffices

6   to establish the amount of these costs.  *See Chapman*, 146 F.3d at 1172; *United States v. Findett*

7   *Corp.*, 220 F.3d 842, 849 (8th Cir. 2000); *United States v. Chromalloy Am. Corp.*, 158 F.3d 345,

8   352 (5th Cir. 1998); *Neville*, 213 F.Supp.2d 1134, 1139-42.

9       The Declaration of McKinley Lewis, Jr., the Project Manager for the Site, provides an

10   overview of DTSC's response activities at the Site that have resulted in unrecovered response

11   costs, beginning with DTSC's oversight of Wickes's and Collins & Aikman Products Co.'s

12   actions to address environmental contamination at, around, and beneath the Site, FAC, ¶ 20, and

13   ending with current activities at the Site.  Lewis Decl., ¶¶ 12-20.  Declarant Jason Xiao, the

14   Supervisor for DTSC's Cost Recovery Billing Unit, and his staff prepared the DTSC Summary

15   by Activity Report ("SBA") that is attached to the Xiao Declaration as Exhibit A.  In his

16   declaration, Mr. Xiao documents, calculates, and explains the unreimbursed response costs that

17   DTSC incurred in connection with the Site through May 31, 2019.  Xiao Decl., ¶¶ 9-20.  Mr. Xiao

18   supervised the review of the underlying cost records and documentation, and reconciled DTSC's

19   SBA against those underlying cost documents to confirm the accuracy of the SBA.  *See id.*, ¶¶ 9-

20   15.

21       Mr. Xiao's Declaration accounts for "direct" costs incurred by DTSC in connection with

22   the Site.  DTSC's direct costs include DTSC employee payroll costs, travel expenses, and

23   contractor costs.  *See* Xiao Decl., ¶¶ 11-14.

24       Mr. Xiao's Declaration also accounts for "indirect" costs incurred by DTSC.  DTSC's

25   indirect costs represent the cost of administrative overhead, and they are calculated by applying

26   the indirect cost rates, which are determined by the indirect cost allocation plans, to the direct

27   labor costs.  Xiao Decl., ¶¶ 11, 15.  DTSC uses an indirect rate methodology to allocate the

28   indirect costs associated with DTSC's Site Mitigation and Restoration Program to sites within

13

MEMO. OF POINTS & AUTHORITIES IN SUPPORT OF PLTFS' APPLIC. FOR ENTRY OF DEFAULT
JUDGMENT AGAINST DEF. COLLINS & AIKMAN PRODUCTS, LLC (2:14-cv-00595-WBS-EFB)

**ER-441**

1   that program, and it complies with relevant accounting standards.  *See United States v. W.R.*

2   *Grace & Co.*, 280 F.Supp. 2d 1149, 1185-87 (D. Mont. 2003) (EPA's indirect cost methodology

3   was in compliance with accounting standards).

4        With respect to reimbursements, DTSC received payments for its oversight costs totaling

5   $287,193.37 from Wickes Forest Industries and Collins & Aikman Products Co. between

6   November 8, 1989 and December 2, 2004.  Xiao Decl., ¶ 16.  DTSC received a payment of

7   $1,869.64 on October 16, 2012 from the Collins & Aikman Litigation Trust.  Xiao Decl., ¶ 18.

8   DTSC received settlement payments from other defendants in this case in the following amounts:

9   $265,000 from Dobbas; $350,000 from West Coast Wood Preserving, LLC; and $5,000 from Van

10  Over.  *Ibid*.

11       DTSC's attorneys' fees related to enforcement, another category of response costs, are

12  documented, calculated, and explained in the Declaration of Robin McGinnis, Senior Staff

13  Counsel at DTSC's Office of Legal Counsel ("OLC") ("McGinnis Decl."), and Anthony

14  Westlake ("Westlake Decl."), a Senior Accounting Supervisor at the State of California

15  Department of Justice ("DOJ"), Accounting and Reimbursements Division.  Ms. McGinnis's

16  declaration describes the work of OLC attorneys that is included in DTSC's unrecovered response

17  costs.  McGinnis Decl., ¶¶ 2-6.  This work includes OLC's support of response activities and cost

18  recovery efforts.  *See id*., ¶ 2.  The Westlake Declaration and Exhibits A-B thereto summarize the

19  underlying timesheets and other accounting records for the costs incurred by DOJ in prosecuting

20  this case.  *See generally* Westlake Decl. and Exhibits A and B thereto.  Mr. Westlake and his staff

21  collected and reviewed this documentation, which is generated and maintained by DOJ in the

22  ordinary course of business.  *See* Westlake Decl., ¶¶ 6-8, 10-13.

23       **D.    DTSC Is Entitled to Prejudgment Interest on its Unreimbursed Response**
            **Costs Plus Attorneys' Fees.**
24

25       Prejudgment interest that has accrued on response costs incurred by DTSC is recoverable

26  by DTSC pursuant to CERCLA section 107(a), which provides a formula for calculating the

27  interest.  42 U.S.C. § 9607(a).  Interest accrues on the later of the demand date or the date the cost

28

1   was incurred.  *Id.*  DTSC sent four (4) invoices to defendant C& A Products between November

2   2, 2004 and August 17, 2005 that were not paid.  Xiao Decl., ¶ 17.

3         For costs that were invoiced to Collins & Aikman Products Co., which remain unpaid,

4   interest was calculated from the date of the invoice through May 31, 2019.  Xiao Decl., ¶ 19.  For

5   costs incurred from July 1, 2005 through December 17, 2014, interest was calculated from

6   December 18, 2014, which is the date the FAC was served on C&A Products, through May 31,

7   2019.  *Ibid.*  For costs incurred after December 18, 2014, interest was calculated from the end of

8   the fiscal year when the costs were incurred through May 31, 2019.  *Ibid.*  The use of these dates

9   and the accrual of interest are in accordance with CERCLA, 42 U.S.C. § 9607(a)(4).

10        DTSC's unreimbursed costs through May 31, 2019, including interest and attorneys' fees,

11   total $3,219,449.85.  Xiao Decl., ¶ 20; Westlake Decl., ¶ 14.

12        **E.    C&A Products Cannot Show That DTSC's Response Costs Were
              Inconsistent with the National Contingency Plan.**
13

14        DTSC has established a prima facie case for recovery of $3,219,449.85 in response costs in

15   connection with the Site, and the burden now shifts to C&A Products to prove that DTSC's

16   response actions were inconsistent with a specific provision of the NCP.  *See United States v.*

17   *W.R. Grace & Co.*, 429 F.3d 1224, 1232 n.13 (9th Cir. 2006); *Chapman*, 146 F.3d at 1169-71.

18   C&A Products has a "difficult burden" of showing that DTSC acted in an arbitrary and capricious

19   manner.  *Washington State Dept. of Transp.*, 59 F.3d at 800; 42 U.S.C. § 9613(j)(2).  NCP

20   inconsistency is only a defense to the amount of C&A Products's liability, and the amount may

21   only be reduced if C&A Products demonstrates that a specific response action was inconsistent

22   with the NCP *and* actually increased costs.  *Burlington Northern R.R. Co.*, 200 F.3d at 695;

23   *United States v. American Cyanamid*, 786 F.Supp. 153, 161 (D.R.I. 1992); *see also O'Neil v.*

24   *Picillo,* 682 F.Supp. 706, 729 (D.R.I. 1988) (defendants must prove "that the clean-up, because of

25   some variance from the [NCP], resulted in demonstrable excess costs").  C&A Products has not,

26   and cannot, meet this burden.

27

28

1

**CONCLUSION**

2     DTSC asks this Court to enter judgment for DTSC and against C&A Products in the

3   amount of $3,219,449.85 for its unreimbursed response costs, including interest and attorneys'

4   fees, through May 31, 2019.  DTSC further requests that the Court issue a declaratory judgment

5   finding C&A Products jointly and severally liable to DTSC for all response costs that DTSC did

6   and will incur after May 31, 2019, responding to releases and threatened releases of hazardous

7   substances at, beneath, and/or from the Site.

8

9

10   Dated:  August 20, 2019                      Respectfully Submitted,

11                                               XAVIER BECERRA
                                                 Attorney General of California
12                                               EDWARD H. OCHOA
                                                 Supervising Deputy Attorney General
13                                               OLIVIA W. KARLIN
                                                 Deputy Attorney General
14

15                                               /S/  *Laura J. Zuckerman*

16
                                                 LAURA J. ZUCKERMAN
17                                               Deputy Attorney General
                                                 *Attorneys for Plaintiffs California*
18                                               *Department of Toxic Substances Control*
                                                 *and the Toxic Substances Control Account*
19

20   LA2012602448
     91140738.docx
21

22

23

24

25

26

27

28

16

1   XAVIER BECERRA
    Attorney General of California
2   EDWARD H. OCHOA
    Supervising Deputy Attorney General
3   OLIVIA W. KARLIN, State Bar No. 150432
    LAURA J. ZUCKERMAN (Counsel for service)
4   State Bar No. 161896
    Deputy Attorneys General
5    1515 Clay Street, 20th Floor
     Oakland, CA 94612
6    Telephone: (510) 879-1299
     Fax: (510) 622-2270
7    E-mail: Laura.Zuckerman@doj.ca.gov
    *Attorneys for Plaintiffs California*
8   *Department of Toxic Substances Control and the*
    *Toxic Substances Control Account*

9                IN THE UNITED STATES DISTRICT COURT

10              FOR THE EASTERN DISTRICT OF CALIFORNIA

11                      SACRAMENTO DIVISION

12

13

| | |
|---|---|
| 14   **CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,** | 2:14-cv-00595-WBS-EFB |
| 15 | **APPLICATION FOR DEFAULT JUDGMENT BY COURT AGAINST DEFENDANT COLLINS & AIKMAN PRODUCTS, LLC; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATIONS OF ROBIN McGINNIS, McKINLEY LEWIS, JR., ANTHONY WESTLAKE, JASON XIAO, AND LAURA J. ZUCKERMAN IN SUPPORT** |
| 16                                      Plaintiffs, | |
| 17   v. | |
| 18   **JIM DOBBAS, INC., a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; WEST COAST WOOD PRESERVING, LLC., a Nevada limited liability company; and COLLINS & AIKMAN PRODUCTS, LLC, a Delaware limited liability company,** | |
| 19 | |
| 20 | FED. R. CIV. P. 55(b) |
| 21 | Date:    September 23, 2019 |
| 22 | Time:   1:30 p.m. |
| 23 | Place:   Courtroom 5, 14th Floor<br>         501 I Street<br>         Sacramento, CA  95814 |
| 24                                      Defendants. | Action Filed: March 3, 2014 |
| 25 | |
| 26 | |
| 27   **AND RELATED COUNTERCLAIMS AND CROSS CLAIMS** | |

28                                        1

1        TO ALL DEFENDANTS AND ATTORNEYS OF RECORD:

2        PLEASE TAKE NOTICE that on September 23, 2019 at 1:30 p.m., or as soon thereafter as

3 the matter may be heard before this Court, Plaintiffs the California Department of Toxic

4 Substances Control and the Toxic Substances Control Account (collectively, "DTSC" or

5 "Plaintiffs"), will and hereby do move this Court for entry of a judgment of default against

6 defendant Collins & Aikman Products LLC ("C&A Products" or "Defendant") pursuant to Rule

7 55(b) of the Federal Rules of Civil Procedure.  The hearing on DTSC's motion will take place

8 before the Honorable William B. Shubb, United States District Judge, 501 I Street, Sacramento,

9 CA  95814, Courtroom 5.  The clerk has previously entered the default of C&A Products on

10 March 26, 2015.

11        Plaintiffs submit the following in support of entry of a default judgment against Defendant

12 C&A Products:

13        1.     Defendant is a non-natural person and is not subject to the potential exception to entry

14 of a default judgment applicable to a minor or incompetent or a person in military service or

15 otherwise exempted under the Servicemembers Civil Relief Act (50 U.S.C. App. § 521).

16        2.     In 2005, Defendant declared bankruptcy.  Declaration of Laura J. Zuckerman

17 ("Zuckerman Decl."), ¶ 2.  On or about December 8, 2014, a receiver was appointed for purposes

18 of serving Defendant in this CERCLA lawsuit.  *Ibid.*

19        3.     Despite having been duly served with the Summons and First Amended Complaint in

20 this matter, Defendant failed to file a response to the First Amended Complaint within the date by

21 which its responsive pleading was due, or at any time thereafter.  Zuckerman Decl., ¶ 3.

22 Defendant has not made an appearance in this action.  *Ibid.*

23        4.     The default of Defendant was entered by the Clerk of the Court on March 26, 2015.

24 Zuckerman Decl., ¶ 3.  A true and correct copy of the Clerks Certificate of Entry of Default is

25 attached to the Declaration of Laura J. Zuckerman as Exhibit A.

26

27

28

APPLICATION FOR DEFAULT JUDGMENT BY COURT AGAINST DEFENDANT COLLINS & AIKMAN
PRODUCTS, LLC (2:14-cv-00595-WBS-EFB

5.    DTSC is entitled to judgment against Defendant on account of the claims pleaded in the First Amended Complaint, and seeks entry of a default judgment against Defendant C&A Products as follows:

(a)    Pursuant to the First Cause of Action in the First Amended Complaint, DTSC seeks to recover $3,219,449.85 in unreimbursed public funds that it has spent through May 31, 2019, under the Comprehensive Environmental Response, Compensation and Liability Act of 1980, 42 U.S.C. § 9601-9675 ("CERCLA"), to clean up and remove hazardous waste at the real properties located at the intersection of A Street and Holdener Road, Elmira, Solano County, California, identified by Solano County Assessor's Parcel Numbers 142-010-130, 142-010-140, and 142-042-010 (the "Site").

(b)    Pursuant to the Second Cause of Action in the First Amended Complaint, DTSC seeks a declaratory judgment pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that C&A Products is jointly and severally liable without regard to fault to the Plaintiffs for all costs incurred after May 31, 2019, and future response costs incurred by the Plaintiffs as a result of the release and threatened release of hazardous substances at and/or from the Site.

6.    In April 2019, counsel for DTSC met and conferred with the court-appointed receiver with respect to this Application for Default Judgment.  Zuckerman Decl., ¶ 4.

7.    This Application is based on and supported by this Notice, the attached Memorandum of Points and Authorities and supporting declarations of Robin McGinnis, McKinley Lewis, Jr., Anthony Westlake, Jason Xiao, and Laura J. Zuckerman, together with accompanying exhibits,

///

///

///

3

1   the pleadings and file in this case, and such other matters as may be presented at the hearing.

2

3     Dated:  August 20, 2019                          Respectfully submitted,

4                                                      XAVIER BECERRA
                                                       Attorney General of California
5                                                      ED OCHOA
                                                       Supervising Deputy Attorney General
6                                                      OLIVIA W. KARLIN
                                                       Deputy Attorney General
7

8                                                      /S/ Laura J. Zuckerman

9

10                                                     LAURA J. ZUCKERMAN
                                                       Deputy Attorneys General
10                                                     Attorneys for Plaintiffs California
                                                       Department of Toxic Substances Control and
11                                                     the Toxic Substances Control Account

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                              4

APPLICATION FOR DEFAULT JUDGMENT BY COURT AGAINST DEFENDANT COLLINS & AIKMAN
PRODUCTS, LLC (2:14-cv-00595-WBS-EFB)

**ER-448**

1  XAVIER BECERRA
   Attorney General of California
2  EDWARD H. OCHOA, State Bar No. 144842
   Supervising Deputy Attorney General
3  LAURA J. ZUCKERMAN, State Bar No. 161896
   OLIVIA W. KARLIN, State Bar No. 150432
4  Deputy Attorneys General
     300 South Spring Street, Suite 1702
5    Los Angeles, CA  90013
     Telephone:  (213) 897-0473
6    Fax:  (213) 897-2802
     E-mail:  Laura.Zuckerman@doj.ca.gov
7    E-mail:  Olivia.Karlin@doj.ca.gov
   *Attorneys for Plaintiffs California Department of*
8  *Toxic Substances Control and the Toxic Substances*
   *Control Account*
9

10              IN THE UNITED STATES DISTRICT COURT

11            FOR THE EASTERN DISTRICT OF CALIFORNIA

12                   SACRAMENTO DIVISION

13

| | |
|---|---|
| 14  **CALIFORNIA DEPARTMENT OF TOXIC** | 2:14-cv-00595-WBS-EFB |
|     **SUBSTANCES CONTROL and the TOXIC** | |
| 15  **SUBSTANCES CONTROL ACCOUNT,** | **CONSENT DECREE BETWEEN** |
|     | **PLAINTIFFS AND DEFENDANT** |
| 16                                Plaintiffs, | **DAVID VAN OVER; EXHIBIT A** |
| 17  v. | |
| 18  **JIM DOBBAS, INC., a California corporation;** | |
|     **CONTINENTAL RAIL, INC.,  a Delaware** | |
|     **corporation; DAVID VAN OVER, individually;** | |
| 19  **PACIFIC WOOD PRESERVING, a dissolved** | |
|     **California corporation; WEST COAST WOOD** | |
| 20  **PRESERVING, LLC., a Nevada limited liability** | |
|     **company; and COLLINS & AIKMAN** | |
| 21  **PRODUCTS, LLC, a Delaware limited liability** | |
|     **company,** | |
| 22                              Defendants. | |
| 23 | |
|     **AND RELATED COUNTERCLAIMS AND** | |
| 24  **CROSS CLAIMS** | |
| 25 | |

26

27

28

                                    1

**INTRODUCTION**

1.      Plaintiffs, the State of California Department of Toxic Substances Control and the Toxic Substances Control Account (collectively, "DTSC"), filed a Complaint in the above-captioned matter on March 3, 2014, pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9601 et seq. ("CERCLA"), against several defendants, including Defendant David Van Over ("Van Over"), and then subsequently filed a First Amended Complaint on December 11, 2014 ("First Amended Complaint"), pursuant to CERCLA, which added a defendant.  In this action, DTSC seeks to recover response costs incurred or to be incurred by DTSC in responding to releases and/or threatened releases at the property located at 147 A Street, Elmira, Solano County, CA, identified by Solano County Assessor's Parcel Numbers 142-010-130, 142-010-140 and 142-042-010 ("the Site"), pursuant to CERCLA section 107(a), 42 U.S.C. § 9607(a).  DTSC also seeks declaratory relief under 28 U.S.C. § 2201 and CERCLA section 113(g)(2), 42 U.S.C. § 9613(g)(2), alleging that defendants are jointly and severally liable for Future Response Costs to be incurred by DTSC with respect to the Site.  DTSC also seeks injunctive relief, treble damages, and civil penalties against certain defendants, including Van Over, pursuant to a supplemental state law claim under the Hazardous Substances Account Act, California Health and Safety Code section 25300 et seq. ("HSAA"), for those defendants' failure to comply with an Imminent and Substantial Endangerment Determination Order and Remedial Action Order ("I/SE Order"), discussed *infra* at paragraph 2k, that DTSC issued to those defendants in 2011 concerning the releases and threatened releases of hazardous substances at the Site.[1]

2.      In the First Amended Complaint, DTSC alleges, in relevant part, that:

a.      From approximately 1972 to 1982, certain defendants conducted wood preserving operations at the Site.  Wood preserving operations involved the use of hazardous substances, including arsenic, chromium, and copper.

---

[1] DTSC also sued Van Over for his use of the Site as a residence, in violation of the I/SE Order and the 1995 Land Use Covenant that restricted the permissible uses of the Site based on environmental conditions there.

2

1      b.     As a result of the wood preserving operations at the Site, hazardous substances

2 have been, and continue to be, released and/or threatened to be released into the environment at

3 and from the Site.

4      c.     Pacific Wood Preserving ("PWP") conducted wood preserving operations at the

5 Site from approximately 1972 to approximately September 12, 1979, and owned the Site from

6 1972 to approximately September 12, 1979.   On September 12, 1979, PWP sold the Site to The

7 Wickes Corporation.   West Coast Wood Preserving ("WCWP") is a successor to PWP.  From

8 1979 to approximately 1982, non-party to this agreement Collins & Aikman Products, LLC

9 (formerly known as Collins & Aikman Products Co., and the successor by merger to The Wickes

10 Corporation) ("C&A Products"), conducted wood preserving operations at the Site.  Wood

11 preserving operations at the Site ceased in approximately 1982.

12      d.     From the 1980's through 2005, The Wickes Corporation and its successor,

13 C&A Products, took various response actions under the oversight of DTSC to address

14 environmental contamination at, around, and/or beneath the Site.  Those actions included, among

15 other things, soil excavation, installing an asphalt cap over contaminated soils, constructing a

16 building and a drainage system over another contaminated area of the Site, installing and

17 operating a groundwater extraction and treatment system, and groundwater monitoring.

18      e.     On or about March 20, 1997, C&A Products sold the Site to defendants Jim

19 Dobbas, Inc. ("Dobbas") and Continental Rail, Inc. ("CRI").

20      f.     On or about May 17, 2005, C&A Products filed a Chapter 11 bankruptcy

21 petition in the United States Bankruptcy Court for the Eastern District of Michigan, Case No. 05-

22 55932.  In November 2005, while in Chapter 11 bankruptcy proceedings, C&A Products

23 informed DTSC that it was unwilling to continue to perform response actions at the Site.

24      g.     In 2006, DTSC requested that Dobbas and CRI, the then-owners and operators

25 of the Site, carry out response actions to address contamination at the Site.  Dobbas and CRI

26 refused.  As a result, DTSC issued an Imminent and Substantial Endangerment Determination on

27 November 9, 2006, and entered into state-funded contracts to evaluate response actions.

28 ///

3

1        h.    DTSC tried in 2007 and 2008 to resume operating the Wickes/C&A Products

2   remedy that DTSC had approved in 1996.  But the groundwater treatment system had already

3   reached a point at which it was evident that it would not clean up the groundwater to remediation

4   goals in a timely manner.  Ultimately, the idled groundwater treatment system would require too

5   many repairs to make it cost-effective to restart.  But until DTSC discovered the system could not

6   be fixed, DTSC viewed re-starting it as an interim measure to contain the "plume" (i.e., the

7   underground area of groundwater contamination) until alternative cleanup approaches could be

8   evaluated, which it eventually did.

9        i.    In July 2010, DTSC finalized a Removal Action Workplan for the Site that

10   called for contaminated soil excavation, off-site disposal, backfilling, confirmation sampling,

11   demolition of the groundwater extraction and treatment system, and long-term groundwater

12   monitoring.  In the Removal Action Workplan it was reported that contaminated groundwater had

13   migrated from beneath the Site to the residential area, which created the potential for irrigation

14   wells located there to extract and distribute contaminated groundwater.

15        j.    On or about February 11, 2011, Dobbas and CRI sold the Site to Van Over,

16   who, as the new owner of the Site, agreed in the Agreement of Purchase and Sale dated February

17   11, 2011 to assume responsibility and liability for the hazardous substances on, at, beneath, or

18   emanating from the Site, and to promptly comply with all applicable environmental laws, all

19   applicable regulatory agency directives, orders and policies pertaining to the Site and arising from

20   hazardous substances on, at, beneath or emanating from the Site.

21        k.    On March 16, 2011, DTSC issued the I/SE Order ordering Dobbas, CRI, and

22   Van Over to conduct the actions described in the Removal Action Workplan, and to take

23   additional response actions at the Site.  Dobbas, CRI, and Van Over failed to complete the actions

24   described in the Removal Action Workplan, or to take other response actions described in the

25   I/SE Order.

26        3.    Defendants' failure to complete response actions at the Site created an imminent risk

27   that contaminated groundwater would spread to nearby wells and further contaminate the

28   drinking water aquifer, and that the asphalt cap would fail and allow direct human contact with

1  contaminated soil or contribute more to surface water or groundwater contamination.  DTSC took

2  response actions to address the releases of hazardous substances at the Site.  DTSC's response

3  actions were necessary to remove the hazardous substances released and/or threatened to be

4  released at and from the Site.  The response actions included, but were not limited to, the

5  following activities:  efforts to repair and restart the groundwater extraction and treatment system,

6  completion of a removal investigation for site soils, preparation of the Removal Action Workplan,

7  implementation of the Removal Action Workplan, and groundwater monitoring.

8       4.    As of September 30, 2016, DTSC's unreimbursed response costs related to the Site

9  exceeded $2.7 million, exclusive of interest.  DTSC will continue to incur response costs related

10  to the Site, including costs to litigate the claims in the First Amended Complaint.

11       5.    This Court has ruled that Van Over is a responsible party pursuant to section 107(a)

12  of CERCLA, 42 U.S.C. § 9607(a), and is jointly and severally liable under CERCLA for

13  recoverable response costs incurred and to be incurred by DTSC at the Site.

14       6.    DTSC has reviewed the financial information submitted by Van Over and determined

15  that Van Over is presently not able to pay penalties or a significant portion of the Past Response

16  Costs incurred, or the Future Response Costs to be incurred, at the Site.  By signing this Consent

17  Decree, Van Over affirms under penalty of perjury that the financial information provided to

18  DTSC is true and correct.  In making this initial determination of Van Over's inability to pay and

19  in entering into this settlement, DTSC has relied on the financial information provided by Van

20  Over.

21       7.    The Parties agree, and this Court finds by entering this Consent Decree, that this

22  Consent Decree has been negotiated by the Parties in good faith, that the settlement of this matter

23  will avoid prolonged and complicated litigation, and that this Consent Decree is fair, reasonable,

24  in the public interest, and consistent with the purpose of CERCLA.

25       **THEREFORE**, the Court, with the consent of the Parties to this Consent Decree, hereby

26  ORDERS, ADJUDGES, AND DECREES as follows:

27  ///

28  ///

# I. JURISDICTION.

8.     The Court has subject matter jurisdiction over the matters alleged in this action pursuant to 28 U.S.C. § 1331 and CERCLA section 113(b), 42 U.S.C. § 9613(b), and the Court has personal jurisdiction over each of the Parties.

9.     Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) and CERCLA section 113(b), 42 U.S.C. § 9613(b), because the claims asserted in the First Amended Complaint and the releases and/or threatened releases of hazardous substances occurred in this judicial district.

10.     Van Over waives all objections and defenses that he may have to the jurisdiction of the Court or to venue in this district in the above-captioned action.  Van Over agrees not to challenge this Court's jurisdiction to enter and enforce this Consent Decree.

11.     The Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree, if necessary.

# II. SETTLEMENT OF DISPUTED CLAIMS.

12.     This Consent Decree resolves DTSC's claims against Van Over in the above-captioned action under section 107 of CERCLA, 42 U.S.C. § 9607.  DTSC agrees to settlement of Van Over's liability in this action in exchange for consideration from Van Over, including payment by Van Over to reimburse a portion of DTSC's Past Response Costs and Future Response Costs incurred by DTSC at or in connection with releases and/or threatened releases of hazardous substances at, beneath, and/or from the Site.

13.     The Parties consent to, and shall not challenge entry of, this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

14.     Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between the Parties.

# III. DEFINITIONS.

15.     Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in the regulations promulgated under CERCLA shall have the meaning assigned to them therein.  Whenever terms listed below are used in this Consent Decree,

6

the definitions below shall apply.

16.   "Ability to Pay Determination" shall mean the tri-annual written determination by DTSC's Ability to Pay Unit, pursuant to Paragraph 28 below, regarding the extent to which Van Over has the ability to pay all or a portion of the then-outstanding balance of his obligations under Paragraph 25.  The Ability to Pay Determination will be made based on documents provided by Van Over pursuant to Paragraph 28, including any additional documents requested by DTSC's Ability to Pay Unit, and will request payment of a specified amount, if payment is demanded.

17.   "DTSC" shall mean, collectively, the State of California Department of Toxic Substances Control and the Toxic Substances Control Account, and their predecessors and successors.  The Department is a public agency of the State of California organized and existing under and pursuant to California Health and Safety Code § 58000, et seq.  Under California law, the Department is the state agency responsible for determining whether there has been a release and/or threatened release of hazardous substances into the environment, and for determining the actions to be taken in response thereto.  The Toxic Substances Control Account is an account within the State of California General Fund.  Under California Health and Safety Code section 25361(a), the account shall be a party in any action for recovery of response costs or expenditures incurred from the account under Chapter 6.8 of Division 20 of the California Health and Safety Code.

18.   "Effective Date" shall mean the date of entry of this Consent Decree by this Court.

19.   "Future Response Costs" shall mean all costs of "removal," "remedial action," or "response" as those terms are defined by CERCLA section 101, 42 U.S.C.§ 9601, subsections 23-25, related to the release and/or threatened release of hazardous substances at or from the Site, including the in soils and groundwater, that are incurred after the Effective Date.

20.   "Net Sale Proceeds" shall mean, for any sale of all or a portion of the property at 147 A Street, Elmira, Solano County, CA, identified by Solano County Assessor's Parcel Number(s) 142-010-130, 142-010-140 and 142-042-010, the gross sale price, less costs of sale (including but not limited to customary commissions, finders' fees, attorneys' fees related to negotiation and documentation of the transactions, escrow costs, title fees and costs, including those for any

7

1    endorsements required by the buyer or title company, City, State, and County documentary

2    transfer taxes and similar items), taxes (including but not limited to property taxes and

3    assessments of all types, and income taxes and capital gains taxes due as a result of the sale), all

4    customary prorations of any property expenses, and amounts needed to satisfy any liens,

5    encumbrances or other items recorded against the property sold, and any amounts required by the

6    buyer or title company to be held back at closing to satisfy an unresolved issue or contingency

7    (provided, however, that if the conditions for release of such holdback amount have been met,

8    and any funds remain in Van Over's account, such remainder shall be included in the Net Sale

9    Proceeds and paid over to DTSC).  "Excess Sale Proceeds" shall mean any Net Sale Proceeds in

10   excess of $245,000.

11        21.   "Parties" shall mean DTSC and Van Over, collectively.

12        22.   "Past Response Costs" shall mean all costs of "removal," "remedial action," or

13   "response" as those terms are defined by CERCLA section 101, 42 U.S.C.§ 9601, subsections 23-

14   25, related to the release and/or threatened release of hazardous substances at or from the Site,

15   including in the soils and groundwater, that DTSC has incurred prior to the Effective Date.

16        23.   "Property" shall mean the property located at 147 A Street, Elmira, Solano County,

17   CA, identified by Solano County Assessor's Parcel Number(s) 142-010-130, 142-010-140, and

18   142-042-010.

19        24.   "Site" shall mean the property at 147 A Street, Elmira, Solano County, CA, identified

20   by Solano County Assessor's Parcel Number(s) 142-010-130, 142-010-140 and 142-042-010.

21   For purposes of this Consent Decree, the Site includes the vertical and areal extent of the

22   hazardous substance contamination that is or has been present at, beneath, and/or from the Site.

23                    **IV.  VAN OVER'S SETTLEMENT OBLIGATIONS.**

24        25.   Van Over shall pay to DTSC the sum of two hundred fifty thousand dollars

25   ($250,000) in multiple installments as follows:

26            a.    payment of five thousand dollars ($5,000) must be made within thirty (30) days

27   of the Effective Date;

28   ///

[Proposed] Consent Decree Between Plaintiffs and Defendant Van Over (2:14-cv-00595-WBS-EFB)

b.      additional payment(s) totaling up to two hundred forty-five thousand ($245,000) shall be made (i) within 10 days of each sale of all or a portion of the Property, as set forth in Paragraph 29 below, in an amount equal to the Net Sale Proceeds of such sale; and/or (ii) within 10 days of receipt of an Ability to Pay Determination, in an amount equal to the amount demanded in the Ability to Pay Determination.

26.     Within sixty (60) days of the Effective Date, DTSC shall ensure that the existing $883,347 statutory lien on the Property is replaced by a judgment lien for $245,000 to secure a portion of the Past Response Costs.  This $245,000 judgment lien will remain in effect, accruing statutory interest, until paid in full.

27.     Van Over undertakes to take all response actions at the Site, as defined in 42 U.S.C. § 9601(25), required by CERCLA and as directed by DTSC between the Effective Date and prior to Van Over's voluntary or involuntary transfer of title to the Property, including but not limited to response actions required by the I/SE Order, and the attached Exhibit A, if he is financially able to do so.  Van Over acknowledges that he is liable for all Future Response Costs at the Site between the Effective Date and prior to Van Over's voluntary or involuntary transfer of title to the Property.

28.     Van Over represents that he is an entrepreneur with fluctuating levels of income, and that he will be redeveloping the Site to increase its value.  To substantiate his claim of ongoing inability to pay the balance of the sum due pursuant to Paragraph 25(b), unless Van Over has made a payment of $50,000 or more within the prior thirty-six (36) months, Van Over shall provide periodic verification of his income by June 30 of every third year from the Effective Date, without the need for any request by DTSC.  Such verifying documents to be provided to DTSC shall include, but not be limited to, all of the following:  complete copies of the last three years' personal and business income taxes; the last twelve (12) months of bank statements for all deposit accounts, lines of credit, and mortgages; a list of all real properties owned, bought or sold during those prior three years; and documentation of all property tax payments made during those prior three years.

///

9

29.    If Van Over sells any portion or all of the Property, 100% of the Net Sale Proceeds up to $245,000 shall be paid to DTSC to satisfy the judgment lien recorded pursuant to Paragraph 26.  Van Over shall notify DTSC of the completion of any sale within three (3) business days of the sale's completion.  Van Over shall provide both an estimated seller's closing statement within one week of accepting any property purchase offer, and the final closing statement for any property sale.  If the Net Sale Proceeds of any sale of all or a portion of the Property exceeds $245,000, DTSC shall receive 80% of the Excess Sale Proceeds.  In no event shall Van Over be required to pay to DTSC pursuant to this Paragraph more than a total of $2.89 million in Excess Sale Proceeds.

30.    If Van Over fails to pay when due the $5,000 payment required by Paragraph 25(a), or to pay when due any portion of the $245,000 balance required by Paragraph 25(b), then Van Over shall immediately pay the entire unpaid balance of the $250,000 due to DTSC, with interest accruing from the due date of the payment until the full remaining balance is paid.  This Paragraph does not limit or waive any other remedies available to DTSC by virtue of Van Over's failure to comply with the requirements of this Consent Decree.

31.    The payment(s) required in Paragraphs 25 and 26 shall be made by certified check, cashier's check, or money order made payable to "Cashier, California Department of Toxic Substances Control," and shall bear on its face both the docket number of this action, and the phrase "Site Code 100164-SM."  The payment shall be sent to:

> Cashier
> Department of Toxic Substances Control
> Accounting Office, MS-21A
> 1001 I Street
> P.O. Box 806
> Sacramento, CA 95812-0806

A copy of the check shall be mailed to:

> Wickes Lumber Site (Elmira) Attorney (Site Code 100164 SM)
> Office of Legal Counsel, MS-23A
> California Department of Toxic Substances Control
> 1001 I Street
> P.O. Box 806
> Sacramento, CA 95812-0806

10

[Proposed] Consent Decree Between Plaintiffs and Defendant Van Over (2:14-cv-00595-WBS-EFB)

1    and e-mailed to Vivian.Murai@dtsc.ca.gov in .pdf or .jpg format.

2    32.    Access and Institutional Controls.   Van Over shall provide DTSC and its

3    representatives with access to the Site for the purpose of conducting any response activity relating

4    to the Site.

5    33.    Van Over shall refrain from using the Site in any manner that would interfere with or

6    adversely affect the implementation, integrity, or protectiveness of the response actions, including

7    removal or remedial measures to be performed at the Site, and shall comply with the recorded

8    Environmental Restrictive Covenant (Land Use Covenant) referenced in Paragraph 34, below.

9    Van Over shall promptly remove any vehicle, trailer or container on the Site as recommended by

10    any DTSC-approved plan or report, signed and stamped by a qualified professional engineer

11    licensed in the State of California.

12    34.    Environmental Restrictive Covenant.  Within thirty (30) days of a written request by

13    DTSC to record an Environmental Restrictive Covenant (Land Use Covenant) on the Property,

14    Van Over shall execute and record in the Recorder's Office in Solano County, State of California,

15    an Environmental Restrictive Covenant approved by DTSC, running with the land, that grants a

16    right of access to DTSC and its representatives for the purpose of conducting response activities

17    at the Site, and grants DTSC and its representatives the right to enforce use restrictions that DTSC

18    determines are necessary to implement, ensure non-interference with, or ensure the protectiveness

19    of the removal or remedial measures to be performed at the Site.  Van Over shall provide DTSC

20    with a certified copy of the recorded Environmental Restrictive Covenant within ten days of

21    recording such document.

22    **V.  ACCESS TO INFORMATION.**

23    35.    Within thirty (30) calendar days of the Effective Date, Van Over shall provide to

24    DTSC copies of any and all records, documents, and information within its possession or control,

25    or that of its agents, relating to:  (a) the ownership, operation, or control of the Site; (b) the

26    purchase, storage, use, handling, generation, treatment, transportation, or disposal of hazardous

27    substances in connection with the Site; (c) releases and/or threatened releases of hazardous

28    substances at or from the Site, including the Site's soil and groundwater; and (d) response actions

11

1    conducted by any person at the Site, to the extent such non-privileged records, documents, and

2    information within his possession or control that has not already been provided in disclosure or

3    discovery in this action.

4         36.    If, after the Effective Date, Van Over discovers or obtains any records, documents or

5    information described in Paragraph 35 not previously provided to DTSC, Van Over agrees to

6    provide DTSC with copies of the additional records, documents, or information within ten (10)

7    calendar days of the date Van Over discovers or obtains the records, documents, or information.

8         37.    Van Over may assert confidentiality claims covering part or all of the documents or

9    information submitted to DTSC under this Consent Decree to the extent permitted by, and in

10   accordance with, California Health and Safety Code section 25358.2.  Documents or information

11   determined to be confidential by DTSC will be afforded the protection specified in California

12   Health and Safety Code section 25358.2.  Van Over may also assert that certain documents,

13   records, and other information are privileged under the attorney-client privilege or any other

14   privilege recognized by federal law.  If Van Over asserts such a privilege in lieu of providing

15   documents, Van Over shall provide DTSC with a description of the documents withheld and the

16   basis for asserting the privilege.

17                          **VI.  COVENANT NOT TO SUE BY DTSC.**

18        38.    Except as expressly provided in Section VII (Reservation of Rights) of this Consent

19   Decree, DTSC covenants not to sue Van Over pursuant to CERCLA, the HSAA, or any other

20   statutory or common law claim arising from the allegations of the First Amended Complaint, to

21   recover DTSC's Past Response Costs related to the Site or to recover penalties for Van Over's

22   conduct occurring prior to the Effective Date.  DTSC also covenants not to sue Van Over to

23   recover Future Response Costs incurred after Van Over's voluntary or involuntary transfer of title

24   to the Property to another individual or entity.  This Covenant Not to Sue is conditioned upon the

25   complete and satisfactory performance by Van Over of all of his obligations under this Consent

26   Decree.  Consequently, this Covenant Not to Sue shall be deemed not effective if Van Over fails

27   to comply with any of his obligations under this Consent Decree.

28   ///

[Proposed] Consent Decree Between Plaintiffs and Defendant Van Over (2:14-cv-00595-WBS-EFB)

**ER-460**

1

2

## VII.  RESERVATION OF RIGHTS.

3      39.    Claims Regarding Other Matters.  DTSC reserves, and this Consent Decree is without

4 prejudice to, all rights against Van Over with respect to all matters not expressly included within

5 DTSC's Covenant Not to Sue (Section VI).

6      40.    Reservation of Claims.  DTSC reserves, and this Consent Decree is without prejudice

7 to, all rights against Van Over with respect to:

8            a.    Claims based on a failure of Van Over to meet a requirement of this Consent

9 Decree, including but not limited to any efforts to enforce this Consent Decree or otherwise

10 address, make up for or arrange substitute work for any failed performance by Van Over;

11           b.    Liability arising from past, present, or future disposal, release, and/or threat of

12 release of a hazardous substance, pollutant, or contaminant outside of the Site and not emanating

13 from the Site;

14           c.    Criminal liability; and

15           d.    DTSC's right to sue Van Over for Future Response Costs accrued between the

16 Effective Date and the involuntary or voluntary transfer of title to the Property to another

17 individual or entity.

18      41.    Unknown Conditions/New Information.  Notwithstanding any other provision in the

19 Consent Decree, DTSC reserves, and this Consent Decree is without prejudice to, its right to

20 institute proceedings in this action or in a new action, and/or to issue an administrative order

21 seeking to compel Van Over to perform response activities at the Site and/or to pay DTSC for

22 additional Future Response Costs, if:

23           a.    Either of the following occurs: (i) conditions at the Site previously unknown to

24 DTSC are discovered, or (ii) information previously unknown to DTSC is received in whole or in

25 part; and

26           b.    DTSC determines that the previously unknown conditions or new information,

27 together with other relevant information, indicate that the response actions at the Site are not

28 sufficiently protective of human health or the environment.

13

[Proposed] Consent Decree Between Plaintiffs and Defendant Van Over (2:14-cv-00595-WBS-EFB)

1

2       42.    Reservation of Rights.   Except as expressly provided in this Consent Decree, Van

3    Over reserves his right to oppose any claim brought by DTSC against Van Over pursuant to

4    paragraphs 39 and 40 of this Consent Decree.  Van Over reserves the right to bring a claim

5    against DTSC for failure to meet the requirements of this Consent Decree.

6       43.    Claims Against Other Persons.  DTSC reserves, and this Consent Decree is without

7    prejudice to, all rights, claims, and causes of action DTSC may have against any person other

8    than Van Over.  Nothing in this Consent Decree is intended to be, nor shall be construed as, a

9    release, covenant not to sue, or compromise of any claim or cause of action which DTSC may

10    have against any person or other entity not a signatory to this Consent Decree.

11       44.    Government Authority.  Except as expressly provided in this Consent Decree, nothing

12    in this Consent Decree is intended, or shall be construed, to preclude DTSC from exercising its

13    authority under any law, statute, or regulation with respect to the Site.  Furthermore, except as

14    expressly provided in this Consent Decree, nothing in this Consent Decree is intended, nor shall

15    be construed, to preclude any state agency, department, board, or entity, or any federal or local

16    agency, department, board, or entity, from exercising its authority under any law, statute, or

17    regulation.

18       **VIII.  COVENANT NOT TO SUE BY VAN OVER.**

19       45.    Van Over covenants not to sue and agrees not to assert any claims or causes of action

20    against DTSC or its contractors or employees arising out of the transaction or occurrence that is

21    the subject matter of the First Amended Complaint, or for any injuries, losses, costs, or damages

22    caused or incurred as a result of the performances or requirements of this Consent Decree or for

23    DTSC's past or future response actions at the Site.  This Covenant not to sue is without prejudice

24    to Van Over's reservation of rights as noted in Paragraph 42 herein.

25       **IX.  CONTRIBUTION PROTECTION.**

26       46.    With regard to claims for contribution against Van Over, Van Over is entitled to

27    contribution protection pursuant to section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and by

28

14

state statutory and common law for the "Matters Addressed" in this Consent Decree, except for actions and claims identified in DTSC's Reservation of Rights (Section VII).

47.   The "Matters Addressed" in this Consent Decree include:  all Past Response Costs incurred by or on behalf of DTSC with respect to the Site and all Future Response Costs incurred after the transfer of title to the Property from Van Over to another individual or entity.

48.   The contribution protection provided in this Section is conditioned upon Van Over's full performance of his obligations under this Consent Decree, including the attached Exhibit A.

49.   Nothing in this Consent Decree limits or impairs the right of DTSC or Van Over to pursue any other person not a party to this Consent Decree for unrecovered Past Response Costs or Future Response Costs incurred by DTSC or Van Over.

## X.  NOTIFICATION.

50.   Notification to or communication among the Parties as required by or provided for in this Consent Decree shall be addressed as follows:

For DTSC:

> Charlie Ridenour, Branch Chief
> Brownfields and Environmental Restoration Program
> California Department of Toxic Substances Control
> 8800 Cal Center Drive
> Sacramento, CA  95826

> Vivian Murai, Senior Attorney
> Office of Legal Counsel, MS-23A
> California Department of Toxic Substances Control
> 1001 I Street
> P.O. Box 806
> Sacramento, CA 95812-0806

For Van Over:

> David Van Over
> 216 F Street #108
> Davis, CA 95616-4515

## XI.  GENERAL PROVISIONS.

51.   Parties Bound.  This Consent Decree shall apply to, be binding upon, and inure to the benefit of the Parties and their representatives, successors, heirs, legatees, and assigns.

15

52.   No Waiver of Enforcement.  The failure of DTSC to enforce any provision of this Consent Decree shall in no way be deemed a waiver of such provision or in any way affect the validity of this Consent Decree.  The failure of DTSC to enforce any such provision shall not preclude it from later enforcing the same or any other provision of this Consent Decree.

53.   Costs.  Except as provided in this Consent Decree, the Parties will not seek to recover attorneys' fees and/or litigation costs against each other.

54.   Modification.  This Consent Decree may be modified upon written approval of the Parties and with the consent of the Court.

55.   Integration.  This Consent Decree constitutes the final, complete, and entire agreement between the Parties with respect to the settlement embodied in this Consent Decree.

56.   Lodging and Public Comment.  This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment.  DTSC shall file with the Court any written comments received and DTSC's responses thereto.  DTSC reserves the right to withdraw or withhold its consent to entry of the Consent Decree if comments regarding the Consent Decree disclose facts or considerations that indicate that this Consent Decree is inappropriate, improper, or inadequate.  Van Over consents to the entry of this Consent Decree without further notice.

57.   If the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the discretion of either of the Parties, and the terms of the agreement may not be used as evidence in any litigation between the Parties.

58.   Counterparts.  This Consent Decree may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

59.   Signatories.  Each signatory to this Consent Decree certifies that he or she is fully authorized by the party he or she represents to enter into the terms and conditions of this Consent Decree, to execute it on behalf of the party represented, and to legally bind that party to all the terms and conditions of this Consent Decree.

///

16

## XII.  APPROVALS OF PARTIES.

DTSC consents to this Consent Decree by its duly authorized representative as follows:

**FOR THE DEPARTMENT OF TOXIC SUBSTANCES CONTROL and TOXIC SUBSTANCES CONTROL ACCOUNT**

Date: __2/13/2018_____          ___/s/_____
                                  Mohsen Nazemi, Deputy Director
                                  Brownfields and Environmental Restoration
                                  Program
                                  California Department of Toxic Substances
                                  Control

Van Over consents to this Consent Decree as follows:

**FOR DAVID VAN OVER:**

Date: ___2/12/2018__          ____/s/_____
                               David Van Over, an Individual

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

Dated:  March 27, 2018          _____
                                 WILLIAM B. SHUBB
                                 UNITED STATES DISTRICT JUDGE

[Proposed] Consent Decree Between Plaintiffs and Defendant Van Over (2:14-cv-00595-WBS-EFB)
**ER-465**

**EXHIBIT A**

Settling Defendant agrees that the purpose of the asphalt cap on the Wickes property is to act as a barrier to prevent contact with and the dispersion of the underlying contaminated soil. The cap is also intended to prevent infiltration of rain and surface water that may mobilize and disperse the hazardous contaminants within the soil.

As of August 1, 2017, Settling Defendant has stored or placed on the cap the following items: Two office coaches, two mobile home/trailers, two cargo containers and numerous blades for wind turbines.  Based on the current conditions of the cap, including exceedance of cap design life and the absence of annual maintenance and cap repair, Settling Defendant agrees that no additional equipment, trailers, containers or vehicles shall be stored, placed, or operated on the cap until such time as the cap is upgraded to accommodate the load and wear parameters of the future use and the operation and maintenance of the cap is performed in accordance with the 1995 Operation and Maintenance Manual and/or in accordance with an Operation and Maintenance Manual developed pursuant to a DTSC approved cap upgrade.  Settling Defendant may not store, place or operate additional equipment on the cap until he has approval from DTSC, and he has shown to DTSC that the cap has been appropriately upgraded.

Any cap upgrade shall be preapproved by DTSC.  Settling Defendant shall submit to DTSC a Work Plan for the design and implementation of any cap upgrade. The Work Plan shall provide future use and load assumptions, load and wear calculations, water infiltration analysis, and a complete set of design drawings. The Work Plan shall be signed and stamped by a qualified engineer licensed in the State of California. Upon its approval by DTSC, the Work Plan shall be incorporated into and become enforceable under this Consent Decree. No construction work shall be performed prior to DTSC approval of the Work Plan. Any changes in the design and construction of the cap upgrade found to be necessary during the construction process shall be submitted for DTSC approval prior to the commencement of the construction of those modifications. Upon completion of any cap upgrade, Settling Defendant shall submit to DTSC a Completion Report including as-built drawings signed and stamped by a qualified engineer

1   licensed in the State of California documenting the final construction details and noting any

2   deviations from the design documented in the approved Work Plan.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   CALIFORNIA DEPARTMENT OF          CIV. NO. 2:14-595 WBW EFB
     TOXIC SUBSTANCES CONTROL, et
12   al.,

13          Plaintiffs,              MEMORANDUM AND ORDER RE: MOTION
                                     FOR JUDICIAL APPROVAL OF
14      v.                           PROPOSED CONSENT DECREE

15   JIM DOBBAS, INC., et al.,

16          Defendants.

17

18          Plaintiffs California Department of Toxic Substances

19   Control and the Toxic Substances Control Account (collectively

20   "DTSC") brought this action under the Comprehensive Environmental

21   Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C.

22   §§ 9601 et seq., to recover cleanup costs incurred at 147 A

23   Street in Elmira, California ("the Site") from several

24   defendants, including settling defendant David Van Over ("Van

25   Over").  DTSC has previously reached settlements or obtained

26   default judgments against all of the other defendants (Docket

27   Nos. 18, 19, 129, 141, 150), and Van Over is the last remaining

28

                                  1

                               **ER-468**

1  defendant in this action.  Before the court is DTSC's motion for

2  judicial approval of a proposed consent decree between plaintiffs

3  and Van Over.  (Docket No. 176.)  Van Over has not filed an

4  opposition.

5       DTSC states that as of September 30, 2016, its

6  unreimbursed response costs related to the Site exceeded $2.7

7  million.  This court has previously determined that Van Over is a

8  responsible party pursuant to section 107(a) of CERCLA, 42 U.S.C.

9  § 9607(a), and is therefore jointly and severally liable for the

10  costs DTSC incurred at the Site.  (Order for Partial Summ. J.

11  Against Van Over (Docket No. 170).)  DTSC has reviewed the

12  financial information submitted by Van Over and determined that

13  he is presently unable to pay penalties or a significant portion

14  of the costs incurred, or the future costs to be incurred, at the

15  Site.

16       After determining this, the parties were able to

17  negotiate a settlement agreement resolving Van Over's liability

18  in this case.  Pursuant to the proposed Consent Decree, Van Over

19  shall pay $250,000 to DTSC in multiple installments: $5,000 must

20  be paid within 30 days of the Consent Decree's effective date and

21  additional payment(s) totaling up to $245,000 shall be made as

22  follows: (a) within 10 days of each sale of all, or a portion of,

23  the Site, in an amount equal to the Net Sale Proceeds; (b) within

24  10 days of receipt by Van Over of an Ability to Pay

25  Determination.  Further, within 60 days of the Consent Decree's

26  effective date, DTSC shall ensure that the existing property lien

27  on the Site is replaced by a judgment lien for $245,000.  This

28  judgment lien will remain in effect, accruing statutory interest,

2

1   until paid in full.  Additionally, if Van Over sells any portion

2   of the Site, 100% of the Net Sale Proceeds of each such sale, up

3   to a total of $245,000, shall be paid to DTSC to satisfy the

4   judgment lien.  If the total net sale proceeds of such sales

5   exceed $245,000, DTSC shall receive 80% of the excess sale

6   proceeds.  However, Van Over will not be required to pay more

7   than $2.89 million in excess sale proceeds.

8           "In order to approve a CERCLA consent decree, a

9   district court must conclude that the agreement is procedurally

10  and substantively 'fair, reasonable, and consistent with CERCLA's

11  objectives.'"  Arizona v. City of Tucson, 761 F.3d 1005, 1011-12

12  (9th Cir. 2014) (quoting United States v. Montrose Chem. Corp. of

13  Cal., 50 F.3d 741, 748 (9th Cir. 1995)).  Parties seeking

14  approval of a consent decree must provide "evidence sufficient to

15  evaluate the terms of an agreement."  Id. at 1012.  Here, the

16  parties agree that the Consent Decree has been negotiated in good

17  faith, that the settlement of this matter will avoid prolonged

18  and complicated litigation, and that this Consent Decree is fair,

19  reasonable, in the public interest, and consistent with the

20  purpose of CERCLA.

21          After reviewing the proposed Consent Decree and the

22  Memorandum of Points and Authorities in Support of the decree

23  (Docket No. 179), the court determines that the Consent Decree,

24  which is the product of arms'-length settlement negotiations that

25  took place over many months between DTSC and Van Over, is

26  procedurally fair.  Even though Van Over represented himself, he

27  participated in drafting the terms of the Consent Decree, and the

28  parties exchanged multiple drafts of the decree.  Further, DTSC

1    published notice of the lodging of the Consent Decree in the

2    California Regulatory Notice Register, published notice in a

3    local newspaper, gave notice to the other defendants, and invited

4    comments on the Consent Decrees.  Additionally, the parties have

5    demonstrated that DTSC evaluated and considered Van Over's

6    ability to pay in arriving at the settlement, and thus the

7    Consent Decree appears to be substantively fair as well. Also, by

8    reaching a settlement, the parties have been able to avoid

9    lengthy, complex, and costly litigation that would have entailed

10   significant discovery and a trial.

11          Furthermore, the Consent Decree will be effective in

12   ensuring cleanups of the Site and it will compensate the public

13   for the costs incurred, and thus the court concludes that the

14   parties have satisfied the "reasonableness" requirement as well.

15   Finally, because the Consent Decree holds Van Over accountable

16   and provides DTSC with funds necessary to protect the

17   environment, it therefore satisfies the goals of CERCLA.  For the

18   foregoing reasons, the court approves of the Proposed Consent

19   Decree.

20          IT IS THEREFORE ORDERED that plaintiffs' Motion for

21   Judicial Approval of the Consent Decree between plaintiffs and

22   Van Over (Docket No. 177) be, and the same hereby is, GRANTED.

23   IT IS FURTHER ORDERED that all claims for contribution against

24   Van Over arising out of response costs incurred at the Site be,

25   and the same hereby are, DISMISSED pursuant to 42 U.S.C. §

26   9613(f)(2).  The Clerk of Court is instructed to close the case.

27   Dated:  March 20, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4

**DKT. 180**

MINUTES (Text Only) for proceedings before Senior Judge William B. Shubb: MOTION HEARING Re: 177 Motion for Judicial Approval of Consent Decree between Plaintiffs and defendant David Van Over held on 3/19/2018. No appearance by defendant David Van Over. Plaintiff's counsel informs the Court that defendant has no opposition to the motion. After further discussion with plaintiff's counsel, the Court found that the proposed consent decree is procedurally and substantively fair and APPROVED the settlement. Matter submitted. Court to issue separate order. Plaintiffs' Counsel Laura Zuckerman present. Defendant Not present. Court Reporter: Kelly O'Halloran. (Kirksey Smith, K) (Entered: 03/21/2018)

1  KAMALA D. HARRIS, State Bar No. 146672
   Attorney General of California
2  SARAH E. MORRISON, State Bar No. 143459
   Supervising Deputy Attorney General
3  DENNIS L. BECK, JR. State Bar No. 179492
   OLIVIA W. KARLIN, State Bar No. 150432
4  Deputy Attorney General
     300 South Spring Street, Suite 1702
5    Los Angeles, CA 90013
     Telephone: (213) 897-0473
6    Fax: (213) 897-2802
     E-mail: Olivia.Karlin@doj.ca.gov
7  *Attorneys for Plaintiffs*
   *California Department of Toxic Substances Control*
8  *and the Toxic Substances Control Account*

9                **IN THE UNITED STATES DISTRICT COURT**

10             **FOR THE EASTERN DISTRICT OF CALIFORNIA**

11                      **SACRAMENTO DIVISION**

12

13 | **CALIFORNIA DEPARTMENT OF TOXIC** | **2:14-cv-00595-WBS-EFB** |
   | **SUBSTANCES CONTROL and the TOXIC** | |
14 | **SUBSTANCES CONTROL ACCOUNT,** | |

15 |                          **Plaintiffs,** | **CONSENT DECREE BETWEEN** |
   | | **PLAINTIFFS AND DEFENDANT JIM** |
16 |                   **v.** | **DOBBAS, INC.** |

17

18 | **JIM DOBBAS, INC., a California** |
   | **corporation; CONTINENTAL RAIL, INC.,** |
19 | **a Delaware corporation; DAVID VAN** |
   | **OVER, individually; PACIFIC WOOD** |
20 | **PRESERVING, a dissolved California** |
   | **corporation; WEST COAST WOOD** |
21 | **PRESERVING, LLC., a Nevada limited** |
   | **liability company; and COLLINS &** |
22 | **AIKMAN PRODUCTS, LLC, a Delaware** |
   | **limited liability company,** |

23 |                        **Defendants.** |

24

25 | **AND RELATED COUNTERCLAIMS AND** |
   | **CROSS CLAIMS** |
26

27

28

**INTRODUCTION**

1.     Plaintiffs, the State of California Department of Toxic Substances Control and the Toxic Substances Control Account (collectively "DTSC"), filed a Complaint in the above-captioned matter on March 3, 2014, pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 et seq., against several defendants, including Defendant Jim Dobbas, Inc. ("Dobbas"), and then subsequently filed a First Amended Complaint on December 11, 2014 ("First Amended Complaint"), pursuant to CERCLA, amending to add an additional defendant.  In this action, DTSC seeks the recovery of response costs incurred or to be incurred by DTSC in responding to releases and/or threatened releases at the property located at 147 A Street, Elmira, Solano County, CA, identified by Solano County Assessor's Parcel Numbers 142-010-130, 142-010-140 and 142-042-010 ("the Site"), pursuant to CERCLA section 107(a), 42 U.S.C. § 9607(a).  DTSC also seeks declaratory relief under 28 U.S.C. § 2201 and CERCLA section 113(g)(2), 42 U.S.C. § 9613(g)(2), alleging that defendants are jointly and severally liable for future response costs to be incurred by DTSC with respect to the Site.  DTSC also seeks injunctive relief, treble damages, and civil penalties against certain defendants, including Dobbas, pursuant to a supplemental state law claim under the Hazardous Substances Account Act, California Health and Safety Code section 25300 et seq. ("HSAA"), for those defendants' failure to comply with an Imminent and Substantial Endangerment Determination Order and Remedial Action Order that DTSC issued to those defendants concerning the releases and threatened releases of hazardous substances at the Site.[1]

2.     In the First Amended Complaint, DTSC alleges, in relevant part that:

a.     From approximately 1972 to 1982, certain defendants conducted wood preserving operations at the Site.  Wood preserving operations involved the use of hazardous substances, including arsenic, chromium, and copper.

---

[1] DTSC also sued David Van Over ("Van Over") for his use of the Site as a residence, in violation of the Imminent and Substantial Endangerment Order and the 1995 Land Use Covenant that restricted the permissible uses of the Site based on environmental conditions there.

1

1         b.     As a result of the wood preserving operations at the Site, hazardous substances

2    have been, and continue to be released and/or threatened to be released into the environment at

3    and from the Site.

4         c.     Pacific Wood Preserving ("PWP") conducted wood preserving operations at the

5    Site from approximately 1972 to approximately September 12, 1979, and owned the Site from

6    1977 to approximately September 12, 1979.   On September 12, 1979, PWP sold the Site to The

7    Wickes Corporation.   WCWP is a successor to PWP.  From 1979 to approximately 1982, non-

8    party to this agreement Collins & Aikman Products, LLC (formerly known as Collins & Aikman

9    Products Co., and the successor by merger to the Wickes Corporation ("C&A Products"),

10   conducted wood preserving operations at the Site.  Wood preserving operations at the Site ceased

11   in approximately 1982.

12        d.     From the 1980's through 2005, The Wickes Corporation and its successor,

13   C&A Products, took various response actions under the oversight of DTSC to address

14   environmental contamination at, around, and/or beneath the Site.  Those actions included, among

15   other things, soil excavation, installing an asphalt cap over contaminated soils, constructing a

16   building and a drainage system over another contaminated area of the Site, installing and

17   operating a groundwater extraction and treatment system, and groundwater monitoring.

18        e.     On or about March 20, 1997, C&A Products sold the Site to Dobbas and

19   Continental Rail, Inc. ("CRI").

20        f.     On or about May 17, 2005, C&A Products filed a Chapter 11 petition in the

21   United States Bankruptcy Court for the Eastern District of Michigan, Case No. 05-55932.  In

22   November  2005, while in Chapter 11 bankruptcy proceedings, C&A Products informed DTSC

23   that it was unwilling to continue to perform response actions at the Site.

24        g.     In 2006, DTSC requested that Dobbas and CRI, the then-owners and operators

25   of the Site, carry out response actions to address contamination at the Site.  Dobbas and CRI

26   refused.  As a result, DTSC issued an Imminent and Substantial Endangerment Determination on

27   November 9, 2006, and initiated state-funded contracts to evaluate response actions.

28

[Proposed] Consent Decree Between Plaintiffs and Defendant Jim Dobbas, Inc.
(2:14-cv-00595-WBS-EFB)

h. DTSC initially tried in 2007 and 2008 to resume operating the Wickes/C&A Products remedy that DTSC had approved in 1996. But the groundwater treatment system had already reached a point at which it was evident that it would not clean up the groundwater to remediation goals. Ultimately, the idled groundwater treatment system would require too many repairs to make it cost-effective to restart. But until DTSC discovered the system could not be fixed, DTSC viewed re-starting it as an interim measure to contain the "plume" (i.e. underground area) of groundwater contamination until alternative cleanup approaches could be evaluated, which it eventually did.

i. In July 2010, DTSC finalized a Removal Action Workplan for the Site that called for contaminated soil excavation, off-site disposal, backfilling, confirmation sampling, demolition of the groundwater extraction and treatment system, and long-term groundwater monitoring. The Removal Action Workplan reported that contaminated groundwater had migrated from beneath the Site to the residential area, which created the potential for irrigation wells located there to extract and distribute contaminated groundwater.

j. On or about February 11, 2011, Dobbas and CRI sold the Site to defendant Van Over.

k. On March 16, 2011, DTSC issued an Imminent and Substantial Endangerment Determination Order and Remedial Action Order ("I/SE Order") ordering Dobbas, CRI, and Van Over to conduct the actions described in the Removal Action Workplan and to take additional response actions at the Site. Dobbas, CRI, and Van Over failed to complete the actions described in the Removal Action Workplan, or to take other response actions described in the I/SE Order.

3. From 2005 to the present, DTSC contends it took response actions at the Site to address the abandonment of environmental work at the Site, which created an imminent risk that contaminated groundwater would spread to nearby wells and further contaminate the drinking water aquifer, and that the asphalt cap would fail and allow direct human contact with contaminated soil or contribute more to surface water or groundwater contamination. DTSC believes that its response actions were necessary to remove and remedy the hazardous substances

3

1    released and/or threatened to be released at and from the Site.  The response actions included, but

2    were not limited to, the following activities:  efforts to repair and restart the groundwater

3    extraction and treatment system, completion of a removal investigation for site soils, preparation

4    of the Removal Action Workplan, implementation of the Removal Action Workplan, and

5    groundwater monitoring.

6         4.    As of December 31, 2014, DTSC claims its unreimbursed response costs related to

7    the Site exceed $2.4 million, exclusive of interest.  DTSC believes that it will continue to incur

8    response costs related to the Site, including DTSC's enforcement costs to litigate the First

9    Amended Complaint.

10        5.    DTSC contends that Dobbas is a responsible party pursuant to section 107(a) of

11   CERCLA, 42 U.S.C. § 9607(a), and is jointly and severally liable under CERCLA for response

12   costs incurred and to be incurred by DTSC at the Site.

13        6.    Dobbas filed an answer to the Complaint on June 10, 2014, and an answer to the First

14   Amended Complaint on December 24, 2015.

15        7.    DTSC and Dobbas ("the Parties") agree, and this Court, by entering this Consent

16   Decree, finds, that this Consent Decree has been negotiated by the Parties in good faith, the

17   settlement of this matter will avoid prolonged and complicated litigation, benefits the

18   environment and community and that this Consent Decree is fair, reasonable, in the public

19   interest and is consistent with the purpose of CERCLA.

20        **THEREFORE,** the Court, with the consent of the Parties to this Consent Decree, hereby

21   **ORDERS, ADJUDGES AND DECREES**, as follows:

22                                  **I.  JURISDICTION**

23        8.    The Court has subject matter jurisdiction over the matters alleged in this action

24   pursuant to 28 U.S.C. § 1331 and CERCLA section 113(b), 42 U.S.C. § 9613(b), and the Court

25   has personal jurisdiction over each of the Parties.

26        9.    Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) and

27   CERCLA section 113(b), 42 U.S.C. § 9613(b), because the claims asserted in the First

28

                                           4

Amended Complaint and the releases and/or threatened releases of hazardous substances occurred in this judicial district.

10.     Dobbas waives all objections and defenses that it may have to the jurisdiction of the Court or to venue in this district in the above-captioned action.  Dobbas agrees not to challenge this Court's jurisdiction to enter and enforce this Consent Decree.

11.     The Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree if necessary.

## II.  SETTLEMENT OF DISPUTED CLAIMS

12.     This Consent Decree resolves the claims against Dobbas in the First Amended Complaint.  DTSC agrees to settlement of Dobbas' liability in this action in exchange for consideration from Dobbas, including payment by Dobbas to reimburse a portion of DTSC's response costs incurred and to be incurred by DTSC at or in connection with releases and/or threatened releases of hazardous substances at, beneath, and/or from the Site.

13.     Except as otherwise expressly provided in this Consent Decree, this Consent Decree shall not prejudice, waive, or impair any right, remedy or defense that Dobbas may have in any other or further legal proceeding.  Further, Dobbas does not admit any allegations, findings, determinations or conclusions contained in the First Amended Complaint or this Consent Decree.  Dobbas' entry into this Consent Decree and compliance with its terms shall not be construed as an admission of liability or any issue of law or fact with respect to the Site.

14.     The Parties consent to, and shall not challenge entry of, this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

15.     Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between the Parties.

## III.  DEFINITIONS

16.     Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in the regulations promulgated under CERCLA shall have the meaning assigned to them therein.  Whenever terms listed below are used in this Consent

5

1    Decree, the definitions below shall apply.

2        17.    "DTSC" shall mean, collectively, the State of California Department of Toxic

3    Substances Control ("the Department") and the Toxic Substances Control Account, and their

4    predecessors and successors.  The Department is a public agency of the State of California

5    organized and existing under and pursuant to California Health and Safety Code § 58000, et seq.

6    Under California law, the Department is the state agency responsible for determining whether

7    there has been a release and/or threatened release of hazardous substances into the environment,

8    and for determining the actions to be taken in response thereto.  The Toxic Substances Control

9    Account is an account within the State of California General Fund.  Under California Health and

10   Safety Code section 25361(a), the account shall be a party in any action for recovery of response

11   costs or expenditures incurred from the account under Chapter 6.8 of Division 20 of the

12   California Health and Safety Code.

13       18.    "Effective Date" shall mean the date of entry of this Consent Decree by this

14   Court.

15       19.    "Parties" shall mean DTSC and Dobbas, collectively.

16       20.    "Response Costs" shall mean all costs of "removal," "remedial action," or

17   "response" as those terms are defined by CERCLA section 101, 42 U.S.C. § 9601, subsections

18   23-25, related to the release and/or threatened release of hazardous substances at or from the

19   Site, including the soils and groundwater.

20       21.    "Site" shall mean the property at 147 A Street, Elmira, Solano County, CA,

21   identified by Solano County Assessor's Parcel Number(s) 142-010-130, 142-010-140 and 142-

22   042-010.  For purposes of this Consent Decree, the Site includes the vertical and areal extent of

23   the hazardous substance contamination that is or has been present at, beneath, and from the Site,

24   including those areas outside the described parcels where hazardous substances released and/or

25   disposed of at the parcels have come to be located.

26   / / /

27   / / /

28

[Proposed] Consent Decree Between Plaintiffs and Defendant Jim Dobbas, Inc.
(2:14-cv-00595-WBS-EFB)

## IV. DOBBAS' SETTLEMENT OBLIGATIONS

22.    **Payment**.  Dobbas shall pay to DTSC the sum of two hundred sixty five thousand dollars ($265,000) on or before the tenth business day after the Parties execute this Consent Decree.

23.    The payment required in paragraph 22 shall be made by certified check, cashier's check, or money order made payable to "Cashier, California Department of Toxic Substances Control," and each shall bear on its face both the docket number of this action, and the phrase "Site Code 100164."  The payment shall be sent to:

> Cashier
> Department of Toxic Substances Control
> Accounting Office, MS-21A
> 1001 I Street
> P.O. Box 806
> Sacramento, CA 95812-0806

A copy of the check shall be mailed to:

> Office of Legal Counsel
> California Department of Toxic Substances Control
> 1001 I Street, 23rd Floor
> P.O. Box 806
> Sacramento, CA 95812-0806

> Or e-mailed to Marilee.Hanson@dtsc.ca.gov in .pdf or .jpg format.

## V. ACCESS TO INFORMATION

24.    Within thirty (30) calendar days of the Effective Date, Dobbas shall provide to DTSC copies of any and all records, documents, and information within its possession or control, or that of its agents, relating to:  (a) the ownership, operation or control of the Site; (b) the purchase, storage, use, handling, generation, treatment, transportation, or disposal of hazardous substances in connection with the Site; (c) releases and/or threatened releases of hazardous substances at or from the Site, including the Site's soil and groundwater; and (d) response actions conducted by any person at the Site.

25.    If, after the Effective Date, Dobbas discovers or obtains any records, documents or information described in paragraph 24 not previously provided to DTSC, Dobbas agrees to

7

1  provide DTSC with copies of the additional records, documents, or information within thirty

2  (30) calendar days of the date Dobbas discovers or obtains the records, documents, or

3  information.

4        26.     Dobbas may assert confidentiality claims covering part or all of the documents or

5  information submitted to DTSC under this Consent Decree to the extent permitted by, and in

6  accordance with, California Health and Safety Code § 25358.2.  Documents or information

7  determined to be confidential by DTSC will be afforded the protection specified in California

8  Health and Safety Code § 25358.2.  Dobbas may also assert that certain documents, records and

9  other information are privileged under the attorney-client privilege or any other privilege

10  recognized by federal law.  If Dobbas asserts such a privilege in lieu of providing documents,

11  Dobbas shall provide DTSC with a description of the documents withheld and the basis for

12  asserting the privilege.

13  **VI.  COVENANT NOT TO SUE BY DTSC**

14        27.     Except as expressly provided in Section VII (Reservation of Rights) of this

15  Consent Decree, DTSC covenants not to sue or take administrative action against Dobbas

16  pursuant to any theory whether under any federal or state statute, regulation or common law

17  including, but not limited to CERCLA, the Resource Conservation Recovery Act ("RCRA"),the

18  California Hazardous Substances Account Act ("HSAA"), California Health and Safety Code §

19  25300, et seq., to:  (a) recover DTSC's past or future Response Costs related to the Site; or (b)

20  require Dobbas to conduct response actions, including removal or remedial actions, in response

21  to the release or threatened release of hazardous substances at the Site, including the soils and

22  groundwater.  This Covenant Not to Sue is conditioned upon the complete and satisfactory

23  performance by Dobbas of all of its obligations under this Consent Decree.  This Covenant Not

24  to Sue shall be revoked and deemed not effective if Dobbas fails to make the payment required

25  by paragraph 22 of this Consent Decree, or if Dobbas voluntarily acquires title to the Site after

26  the Effective Date.  Dobbas shall make all reasonable, good faith efforts to oppose any attempt

27  by a third party to vest Dobbas with title to the Site.  Dobbas shall notify DTSC within five (5)

28

8

days of becoming aware of any such attempt to vest Dobbas with title to the Site.

## VII.  RESERVATION OF RIGHTS

28.     **Claims Regarding Other Matters.**  DTSC reserves, and this Consent Decree is without prejudice to, all rights against Dobbas with respect to all matters not expressly included within DTSC's Covenant Not to Sue (Section VI).

29.     **Reservation of Claims.**  DTSC reserves, and this Consent Decree is without prejudice to, all rights against Dobbas with respect to:

a.     Claims based on a failure of Dobbas to meet a requirement of this Consent Decree;

b.     Liability arising from past, present, or future disposal, release and/or threat of release of a hazardous substance, pollutant, or contaminant outside of the Site; and

c.     Criminal liability.

30.     **Claims against Other Persons.**  DTSC reserves, and this Consent Decree is without prejudice to, all rights, claims, and causes of action DTSC may have against any person other than Dobbas.  Nothing in this Consent Decree is intended to be, nor shall be construed as, a release, covenant not to sue, or compromise of any claim or cause of action which DTSC may have against any person or other entity not a signatory to this Consent Decree.

31.     **Government Authority.**   Except as expressly provided in this Consent Decree, nothing in this Consent Decree is intended, or shall be construed, to preclude DTSC from exercising its authority under any law, statute, or regulation with respect to the Site. Furthermore, except as expressly provided in this Consent Decree, nothing in this Consent Decree is intended, nor shall be construed, to preclude any state agency, department, board, or entity, or any federal or local agency, department, board, or entity, from exercising its authority under any law, statute, or regulation.

/ / /

/ / /

9

[Proposed] Consent Decree Between Plaintiffs and Defendant Jim Dobbas, Inc.
(2:14-cv-00595-WBS-EFB)

### VIII.  COVENANT NOT TO SUE BY DOBBAS

32.     Without compromising or waiving its rights to seek judicial enforcement of the terms of this Consent Decree, Dobbas covenants not to sue and agrees not to assert any claims or causes of action against DTSC or its contractors or employees that arise out of the transaction or occurrence that is the subject matter of the First Amended Complaint or Dobbas' Counterclaim filed on June 10, 2014, or for any injuries, losses, costs, or damages caused or incurred as a result of the performances or requirements of this Consent Decree or DTSC's response actions at the Site.

### IX.  CONTRIBUTION PROTECTION

33.     With regard to claims for contribution against Dobbas, Dobbas is entitled to contribution protection pursuant to section 113(f)(2) of CERCLA, 42 U.S.C. section 9613(f)(2), and applicable federal and state statutory and common law for the "Matters Addressed" in this Consent Decree, to the extent  provided by law, except for actions and claims identified in DTSC's Reservation of Rights (Section VII).

34.     The "Matters Addressed" in this Consent Decree include:  (1) any and all civil and/or administrative liabilities for reimbursement of any past, present, or future Response Costs; and/or (2) any and all civil and/or administrative liabilities and/or Response Costs as a result of or pursuant to any claims for or relating to declaratory relief, civil penalties, administrative penalties and/or injunctive relief, under CERCLA, the HSAA, the California Hazardous Waste Control Law and/or common law or statutory claims, including but not limited to nuisance, with regard to releases or threatened releases of solid wastes and/or hazardous substances and/or wastes, as those terms are defined pursuant to CERCLA, the HSAA, the California Hazardous Waste Control Law, and/or federal or State statutes and regulations, in, at or from the Site.

35.     The contribution protection provided in this Section is conditioned upon Dobbas' full performance of its obligations under this Consent Decree.

/ / /

10

36.     Nothing in this Consent Decree limits or impairs the right of DTSC to pursue any other person for unrecovered Response Costs incurred by DTSC.

## X.  NOTIFICATION

37.     Notification to or communication among the Parties as required by or provided for in this Consent Decree shall be addressed as follows:

For DTSC:

> Charlie Ridenour, Branch Chief
> Brownfields and Environmental Restoration Program
> California Department of Toxic Substances Control
> 8800 Cal Center Drive
> Sacramento, CA  95826
>
> Marilee Hanson, Senior Staff Counsel
> Office of Chief Counsel
> California Department of Toxic Substances Control
> 1001 I Street
> P.O. Box 806
> Sacramento, CA 95812-0806

For Dobbas:

> Donald J. Dobbas
> Jim Dobbas, Inc.
> P.O. Box 177
> Newcastle, CA 95658
>
> Nicole Gleason
> King Williams & Gleason LLP
> 520 Capitol Mall Ste 750
> Sacramento, CA  95814

## XI.  GENERAL PROVISIONS

38.     **Parties Bound.** This Consent Decree shall apply to, be binding upon, and inure to the benefit of the Parties and their representatives, successors, directors, officers, shareholders, and assigns.

39.     **No Waiver of Enforcement.**  The failure of DTSC to enforce any provision of this Consent Decree shall in no way be deemed a waiver of such provision or in any way affect the validity of this Consent Decree.  The failure of DTSC to enforce any such provision shall not preclude it from later enforcing the same or any other provision of this Consent Decree.

1       40.    **Costs.**  Except as provided in this Consent Decree, the Parties will not seek to

2  recover attorneys' fees and/or litigation costs against each other.

3       41.    **Modification.**  This Consent Decree may be modified upon written approval of

4  the Parties and with the consent of the Court.

5       42.    **Integration.**  This Consent Decree constitutes the final, complete, and entire

6  agreement between the Parties with respect to the settlement embodied in this Consent Decree.

7       43.    **Lodging and Public Comment.**  This Consent Decree shall be lodged with the

8  Court for a period of not less than thirty (30) days for public notice and comment.  DTSC shall

9  file with the Court any written comments received and DTSC's responses thereto.  DTSC

10  reserves the right to withdraw or withhold its consent to entry of the Consent Decree if

11  comments regarding the Consent Decree disclose facts or considerations that indicate that this

12  Consent Decree is inappropriate, improper, or inadequate and agrees to return to Dobbas all

13  funds paid by Dobbas to it.  Dobbas consents to the entry of this Consent Decree without further

14  notice.

15       44.    If the Court should decline to approve this Consent Decree in the form presented,

16  this agreement is voidable at the discretion of either of the Parties, all funds paid to DTSC shall

17  be returned to Dobbas and the terms of the agreement may not be used as evidence in any

18  litigation between the Parties.

19       45.    **Counterparts.**  This Consent Decree may be executed in two or more

20  counterparts, each of which shall be deemed an original, but all of which together shall

21  constitute one and the same instrument.

22       46.    **Signatories.**  Each signatory to this Consent Decree certifies that he or she is

23  fully authorized by the party he or she represents to enter into the terms and conditions of this

24  Consent Decree, to execute it on behalf of the party represented, and to legally bind that party to

25  all the terms and conditions of this Consent Decree.

26  / / /

27  / / /

28

12

# XII.  APPROVALS OF PARTIES.

DTSC consents to this Consent Decree by its duly authorized representative as follows:

FOR THE DEPARTMENT OF TOXIC SUBSTANCES CONTROL and TOXIC SUBSTANCES CONTROL ACCOUNT

/s/ _____     Date   6/30/2015 _____
Charlie Ridenour
Branch Chief, Brownfields and Environmental Restoration Program

Dobbas consents to this Consent Decree by its duly authorized representative as follows:

FOR JIM DOBBAS, INC.:

/s/ _____     Date   6/30/2015 _____
Donald J. Dobbas,
President

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

Dated:  November 17, 2015

William B. Shubb _____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

13

Case: 20-15029, 04/08/2021, ID: 12069037, DktEntry: 19-4, Page 179 of 300
Case 2:14-cv-00595-WBS-JDP   Document 141   Filed 09/16/15   Page 1 of 14
Case 2:14-cv-00595-WBS-EFB   Document 131-1   Filed 06/02/15   Page 1 of 14

| | |
|---|---|
| 1 | KAMALA D. HARRIS, State Bar No. 146672 |
| | Attorney General of California |
| 2 | SARAH E. MORRISON, State Bar No. 143459 |
| | Supervising Deputy Attorney General |
| 3 | DENNIS BECK, State Bar No. 179492 |
| | OLIVIA W. KARLIN, State Bar No. 150432 |
| 4 | Deputy Attorneys General |
| | 300 South Spring Street, Suite 1702 |
| 5 | Los Angeles, CA 90013 |
| | Telephone: (213) 897-0473 |
| 6 | Fax: (213) 897-2802 |
| | E-mail: Laura.Zuckerman@doj.ca.gov |
| 7 | E-mail: Olivia.Karlin@doj.ca.gov |
| | *Attorneys for Plaintiffs California Department of* |
| 8 | *Toxic Substances Control and the Toxic Substances* |
| | *Control Account* |
| 9 | |

**FILED**

**SEP 15 2015**

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT
OF CALIFORNIA
BY
DEPUTY CLERK

10 IN THE UNITED STATES DISTRICT COURT

11 FOR THE EASTERN DISTRICT OF CALIFORNIA

12 SACRAMENTO DIVISION

13

| | | |
|---|---|---|
| 14 | **CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC** | 2:14-cv-00595-WBS-EFB |
| 15 | **SUBSTANCES CONTROL ACCOUNT,** | ~~[PROPOSED]~~ **CONSENT DECREE BETWEEN PLAINTIFFS AND** |
| 16 | Plaintiffs, | **DEFENDANT WEST COAST WOOD PRESERVING, LLC** |
| 17 | v. | **Judge: Hon. William B. Shubb** |
| 18 | | |
| 19 | **JIM DOBBAS, INC., a California corporation; CONTINENTAL RAIL, INC.,** | **Action Filed: March 3, 2014** |
| 20 | **a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD** | Courtroom 5, 14th Floor, 501 I Street, Sacramento, CA 95814 |
| 21 | **PRESERVING, a dissolved California corporation; WEST COAST WOOD** | Trial: January 4, 2017 |
| 22 | **PRESERVING, LLC., a Nevada limited liability company; and COLLINS &** | |
| 23 | **AIKMAN PRODUCTS, LLC, a Delaware limited liability company,** | |
| 24 | Defendants. | |
| 25 | | |
| 26 | **AND RELATED COUNTERCLAIMS AND CROSS CLAIMS** | |
| 27 | | |
| 28 | | |

1

Case: 20-15029, 04/08/2021, ID: 12069037, DktEntry: 19-4, Page 180 of 300
Case 2:14-cv-00595-WBS-JDP Document 141 Filed 09/16/15 Page 2 of 14
Case 2:14-cv-00595-WBS-EFB Document 131-1 Filed 06/02/15 Page 2 of 14

1

**INTRODUCTION**

2    1.    Plaintiffs, the State of California Department of Toxic Substances Control and the

3    Toxic Substances Control Account (collectively, "DTSC"), filed a Complaint in the above-

4    captioned matter on March 3, 2014, pursuant to the Comprehensive Environmental Response,

5    Compensation, and Liability Act, 42 U.S.C. § 9601 et seq. ("CERCLA"), against several

6    defendants, including Defendant West Coast Wood Preserving, LLC ("WCWP"), and then

7    subsequently filed a First Amended Complaint on December 11, 2014 ("First Amended

8    Complaint"), pursuant to CERCLA, amending to add an additional defendant. In this action,

9    DTSC seeks to recover response costs incurred or to be incurred by DTSC in responding to

10   releases and/or threatened releases at the property located at 147 A Street, Elmira, Solano County,

11   CA, identified by Solano County Assessor's Parcel Numbers 142-010-130, 142-010-140 and 142-

12   042-010 ("the Site"), pursuant to CERCLA section 107(a), 42 U.S.C. § 9607(a). DTSC also

13   seeks declaratory relief under 28 U.S.C. § 2201 and CERCLA section 113(g)(2), 42 U.S.C. §

14   9613(g)(2), alleging that defendants are jointly and severally liable for future response costs to be

15   incurred by DTSC with respect to the Site.

16   2.    In the First Amended Complaint, DTSC alleges, in relevant part, that:

17   a.    From approximately 1972 to 1982, certain defendants conducted wood

18   preserving operations at the Site. Wood preserving operations involved the use of hazardous

19   substances, including arsenic, chromium, and copper.

20   b.    As a result of the wood preserving operations at the Site, hazardous substances

21   have been, and continue to be, released and/or threatened to be released into the environment at

22   and from the Site.

23   c.    Pacific Wood Preserving ("PWP") conducted wood preserving operations at the

24   Site from approximately 1972 to approximately September 12, 1979, and owned the Site from

25   1972 to approximately September 12, 1979. On September 12, 1979, PWP sold the Site to The

26   Wickes Corporation. WCWP is a successor to PWP. From 1979 to approximately 1982, non-

27   party to this agreement Collins & Aikman Products, LLC (formerly known as Collins & Aikman

28   Products Co., and the successor by merger to The Wickes Corporation) ("C&A Products"),

2

[Proposed] Consent Decree Between Plaintiffs and Defendant WCWP (2:14-cv-00595-WBS-EFB)

Case: 20-15029, 04/08/2021, ID: 12069037, DktEntry: 19-4, Page 181 of 300
Case 2:14-cv-00595-WBS-JDP   Document 141   Filed 09/16/15   Page 3 of 14
Case 2:14-cv-00595-WBS-EFB   Document 131-1   Filed 06/02/15   Page 3 of 14

1  conducted wood preserving operations at the Site. Wood preserving operations at the Site ceased
2  in approximately 1982.

3       d.    From the 1980's through 2005, The Wickes Corporation and its successor,
4  C&A Products, took various response actions under the oversight of DTSC to address
5  environmental contamination at, around, and/or beneath the Site. Those actions included, among
6  other things, soil excavation, installing an asphalt cap over contaminated soils, constructing a
7  building and a drainage system over another contaminated area of the Site, installing and
8  operating a groundwater extraction and treatment system, and groundwater monitoring.

9       e.    On or about March 20, 1997, C&A Products sold the Site to defendants Jim
10 Dobbas, Inc. ("Dobbas") and Continental Rail, Inc. ("CRI").

11      f.    On or about May 17, 2005, C&A Products filed a Chapter 11 bankruptcy
12 petition in the United States Bankruptcy Court for the Eastern District of Michigan, Case No. 05-
13 55932. In November 2005, while in Chapter 11 bankruptcy proceedings, C&A Products
14 informed DTSC that it was unwilling to continue to perform response actions at the Site.

15      g.    In 2006, DTSC requested that Dobbas and CRI, the then-owners and operators
16 of the Site, carry out response actions to address contamination at the Site. Dobbas and CRI
17 refused. As a result, DTSC issued an Imminent and Substantial Endangerment Determination on
18 November 9, 2006, and entered into state-funded contracts to evaluate response actions.

19      h.    DTSC tried in 2007 and 2008 to resume operating the Wickes/C&A Products
20 remedy that DTSC had approved in 1996. But the groundwater treatment system had already
21 reached a point at which it was evident that it would not clean up the groundwater to remediation
22 goals in a timely manner. Ultimately, the idled groundwater treatment system would require too
23 many repairs to make it cost-effective to restart. But until DTSC discovered the system could not
24 be fixed, DTSC viewed re-starting it as an interim measure to contain the "plume" (i.e.
25 underground area of groundwater contamination) until alternative cleanup approaches could be
26 evaluated, which it eventually did.

27      i.    In July 2010, DTSC finalized a Removal Action Workplan for the Site that
28 called for contaminated soil excavation, off-site disposal, backfilling, confirmation sampling,

3

[Proposed] Consent Decree Between Plaintiffs and Defendant WCWP (2:14-cv-00595-WBS-EFB)

**ER-489**

Case: 20-15029, 04/08/2021, ID: 12069037, DktEntry: 19-4, Page 182 of 300
Case 2:14-cv-00595-WBS-JDP   Document 141   Filed 09/16/15   Page 4 of 14
Case 2:14-cv-00595-WBS-EFB   Document 131-1   Filed 06/02/15   Page 4 of 14

1  demolition of the groundwater extraction and treatment system, and long-term groundwater
2  monitoring. In the Removal Action Workplan it was reported that contaminated groundwater had
3  migrated from beneath the Site to the residential area, which created the potential for irrigation
4  wells located there to extract and distribute contaminated groundwater.

5      j.    On or about February 11, 2011, Dobbas and CRI sold the Site to defendant
6  David Van Over ("Van Over").

7      k.    On March 16, 2011, DTSC issued an Imminent and Substantial Endangerment
8  Determination Order and Remedial Action Order ("I/SE Order") ordering Dobbas, CRI, and Van
9  Over to conduct the actions described in the Removal Action Workplan and to take additional
10  response actions at the Site. Dobbas, CRI, and Van Over failed to complete the actions described
11  in the Removal Action Workplan, or to take other response actions described in the I/SE Order.

12  3.    From 2005 to the present, DTSC took response actions to address the abandonment of
13  environmental work at the Site. That abandonment created an imminent risk that contaminated
14  groundwater would spread to nearby wells and further contaminate the drinking water aquifer,
15  and that the asphalt cap would fail and allow direct human contact with contaminated soil or
16  contribute more to surface water or groundwater contamination. DTSC's response actions were
17  necessary to remove the hazardous substances released and/or threatened to be released at and
18  from the Site. The response actions included, but were not limited to, the following activities:
19  efforts to repair and restart the groundwater extraction and treatment system, completion of a
20  removal investigation for site soils, preparation of the Removal Action Workplan, implementation
21  of the Removal Action Workplan, and groundwater monitoring.

22  4.    As of December 31, 2014, DTSC's unreimbursed response costs related to the Site
23  exceeded $2.4 million, exclusive of interest. DTSC will continue to incur response costs related
24  to the Site, including costs to litigate the First Amended Complaint.

25  5.    DTSC contends that WCWP is a responsible party pursuant to section 107(a) of
26  CERCLA, 42 U.S.C. § 9607(a), and is jointly and severally liable under CERCLA for response
27  costs incurred and to be incurred by DTSC at the Site.

28  ///

4

[Proposed] Consent Decree Between Plaintiffs and Defendant WCWP (2:14-cv-00595-WBS-EFB)

**ER-490**

Case: 20-15029, 04/08/2021, ID: 12069037, DktEntry: 19-4, Page 183 of 300
Case 2:14-cv-00595-WBS-JDP   Document 141   Filed 09/16/15   Page 5 of 14

Case 2:14-cv-00595-WBS-EFB   Document 131-1   Filed 06/02/15   Page 5 of 14

6.     WCWP filed an answer to the Complaint on June 10, 2014, and an answer to the First Amended Complaint on January 5, 2015. WCWP filed a counterclaim against DTSC on October 27, 2014, alleging that DTSC negligently selected and implemented response actions at the Site and thus that WCWP was entitled to contribution from DTSC for any recoverable response costs. On December 15, 2014 WCWP filed a Motion for Summary Judgment requesting that the Court dismiss DTSC's complaint against WCWP and alleging that WCWP is not the successor in interest to PWP, there was no basis for DTSC's complaint against WCWP, and DTSC's complaint against WCWP was untimely and violated the statute of limitations for such actions under CERCLA.

7.     On February 20, 2015, DTSC filed an Opposition disputing the allegations in WCWP's Motion for Summary Judgment. Because DTSC and WCWP (collectively "the Parties") reached a settlement in principle regarding WCWP's liability, the Court ordered that the hearing on the Motion for Summary Judgment be continued to July 27, 2015.

8.     The Parties agree, and this Court finds by entering this Consent Decree, that this Consent Decree has been negotiated by the Parties in good faith, the settlement of this matter will avoid prolonged and complicated litigation, and that this Consent Decree is fair, reasonable, in the public interest, and consistent with the purpose of CERCLA.

THEREFORE, the Court, with the consent of the Parties to this Consent Decree, hereby ORDERS, ADJUDGES, AND DECREES as follows:

## I. JURISDICTION.

9.     The Court has subject matter jurisdiction over the matters alleged in this action pursuant to 28 U.S.C. § 1331 and CERCLA section 113(b), 42 U.S.C. § 9613(b), and the Court has personal jurisdiction over each of the Parties.

10.     Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) and CERCLA section 113(b), 42 U.S.C. § 9613(b), because the claims asserted in the First Amended Complaint and the releases and/or threatened releases of hazardous substances occurred in this judicial district.

///

5

Case: 20-15029, 04/08/2021, ID: 12069037, DktEntry: 19-4, Page 184 of 300
Case 2:14-cv-00595-WBS-JDP   Document 141   Filed 09/16/15   Page 6 of 14
Case 2:14-cv-00595-WBS-EFB   Document 131-1   Filed 06/02/15   Page 6 of 14

1      11.   WCWP waives all objections and defenses that it may have to the jurisdiction of the

2    Court or to venue in this district in the above-captioned action. WCWP agrees not to challenge

3    this Court's jurisdiction to enter and enforce this Consent Decree.

4      12.   The Court shall retain jurisdiction over this matter for the purpose of interpreting and

5    enforcing the terms of this Consent Decree, if necessary.

6            **II. SETTLEMENT OF DISPUTED CLAIMS.**

7      13.   This Consent Decree resolves DTSC's claims against WCWP in the above-captioned

8    action under section 107 of CERCLA, 42 U.S.C. § 9607. DTSC agrees to settlement of WCWP's

9    liability in this action in exchange for consideration from WCWP, including payment by WCWP

10   to reimburse a portion of the response costs incurred and to be incurred by DTSC at or in

11   connection with releases and/or threatened releases of hazardous substances at, beneath, and/or

12   from the Site.

13      14.   Except as otherwise expressly provided in this Consent Decree, this Consent Decree

14   shall not prejudice, waive, or impair any right, remedy or defense that WCWP may have in any

15   other or further legal proceeding.

16      15.   The Parties consent to, and shall not challenge entry of, this Consent Decree or this

17   Court's jurisdiction to enter and enforce this Consent Decree.

18      16.   Upon approval and entry of this Consent Decree by the Court, this Consent Decree

19   shall constitute a final judgment between the Parties.

20                  **III. DEFINITIONS.**

21      17.   Unless otherwise expressly provided herein, terms used in this Consent Decree that

22   are defined in CERCLA or in the regulations promulgated under CERCLA shall have the

23   meaning assigned to them therein. Whenever terms listed below are used in this Consent Decree,

24   the definitions below shall apply.

25      18.   "DTSC" shall mean, collectively, the State of California Department of Toxic

26   Substances Control ("the Department") and the Toxic Substances Control Account, and their

27   predecessors and successors. The Department is a public agency of the State of California

28   organized and existing under and pursuant to California Health and Safety Code § 58000, et seq.

6

[Proposed] Consent Decree Between Plaintiffs and Defendant WCWP (2:14-cv-00595-WBS-EFB)

**ER-492**

Case: 20-15029, 04/08/2021, ID: 12069037, DktEntry: 19-4, Page 185 of 300
Case 2:14-cv-00595-WBS-JDP   Document 141   Filed 09/16/15   Page 7 of 14
Case 2:14-cv-00595-WBS-EFB   Document 131-1   Filed 06/02/15   Page 7 of 14

1    Under California law, the Department is the state agency responsible for determining whether

2    there has been a release and/or threatened release of hazardous substances into the environment,

3    and for determining the actions to be taken in response thereto.  The Toxic Substances Control

4    Account is an account within the State of California General Fund.  Under California Health and

5    Safety Code section 24361(a), the account shall be a party in any action for recovery of response

6    costs or expenditures incurred from the account under Chapter 6.8 of Division 20 of the

7    California Health and Safety Code.

8        19.    "Effective Date" shall mean the date of entry of this Consent Decree by this Court.

9        20.    "Parties" shall mean DTSC and WCWP, collectively.

10       21.    "Response Costs" shall mean all costs of "removal," "remedial action," or "response"

11    as those terms are defined by CERCLA section 101, 42 U.S.C. § 9601, subsections 23-25, related

12    to the release and/or threatened release of hazardous substances at or from the Site, including the

13    soils and groundwater.

14       22.    "Site" shall mean the property at 147 A Street, Elmira, Solano County, CA, identified

15    by Solano County Assessor's Parcel Number(s) 142-010-130, 142-010-140 and 142-042-010.

16    For purposes of this Consent Decree, the Site includes the vertical and areal extent of the

17    hazardous substance contamination that is or has been present at, beneath, and/or from the Site.

18    **IV. WCWP'S SETTLEMENT OBLIGATIONS.**

19       23.    WCWP shall pay to DTSC the sum of three hundred fifty thousand dollars

20    ($350,000) in three installment payments, as follows:  the first payment of one hundred thousand

21    dollars ($100,000) is due within thirty (30) days of the Effective Date;  the second installment of

22    one hundred fifty thousand dollars ($150,000) is due within twelve (12) months of the Effective

23    Date; and the third installment of one hundred thousand dollars ($100,000) is due within twenty

24    four (24) months of the Effective Date.  However, if WCWP sells its business known as Pacific

25    Wood Preserving of Bakersfield ("PWP Bakersfield"), located at 5601 District Boulevard,

26    Bakersfield, California, and/or the assets of PWP Bakersfield after the Effective Date, WCWP

27    shall pay all amounts still owing to DTSC pursuant to this paragraph within sixty (60) days of the

28    completion of that sale or twenty-four months after the Effective Date, whichever date is earlier.

7

Case: 20-15029, 04/08/2021, ID: 12069037, DktEntry: 19-4, Page 186 of 300
Case 2:14-cv-00595-WBS-JDP   Document 141   Filed 09/16/15   Page 8 of 14
Case 2:14-cv-00595-WBS-EFB   Document 131-1   Filed 06/02/15   Page 8 of 14

1   WCWP shall notify DTSC of the completion of the sale within three (3) business days of the

2   sale's completion.

3        24.    The payments required in paragraph 23 shall be made by certified check, cashier's

4   check, or money order made payable to "Cashier, California Department of Toxic Substances

5   Control," and each shall bear on its face both the docket number of this action, and the phrase

6   "Site Code 100164." The payments shall be sent to:

7            Cashier
             Department of Toxic Substances Control
8            Accounting Office, MS-21A
9            1001 I Street
             P.O. Box 806
10           Sacramento, CA 95812-0806

11   A copy of each check shall be mailed to:

12           Office of Legal Counsel
             California Department of Toxic Substances Control
13           1001 I Street, 23rd Floor
14           P.O. Box 806
             Sacramento, CA 95812-0806
15
             Or e-mailed to Marilee.Hanson@dtsc.ca.gov in .pdf or .jpg format.
16

17                              **V. ACCESS TO INFORMATION.**

18       25.    Within thirty (30) calendar days of the Effective Date, WCWP shall provide to DTSC

19   copies of any and all records, documents, and information within its possession or control, or that

20   of its agents, relating to:  (a) the ownership, operation, or control of the Site; (b) the purchase,

21   storage, use, handling, generation, treatment, transportation, or disposal of hazardous substances

22   in connection with the Site; (c) releases and/or threatened releases of hazardous substances at or

23   from the Site, including the Site's soil and groundwater; and (d)  response actions conducted by

24   any person at the Site, to the extent such non-privileged records, documents, and information

25   within its possession or control has not already been provided in disclosure or discovery in this

26   action.

27       26.    If, after the Effective Date, WCWP discovers or obtains any records, documents or

28   information described in paragraph 25 not previously provided to DTSC, WCWP agrees to

                                            8

Case: 20-15029, 04/08/2021, ID: 12069037, DktEntry: 19-4, Page 187 of 300
Case 2:14-cv-00595-WBS-JDP   Document 141   Filed 09/16/15   Page 9 of 14
Case 2:14-cv-00595-WBS-EFB   Document 131-1   Filed 06/02/15   Page 9 of 14

1    provide DTSC with copies of the additional records, documents, or information within ten (10)

2    calendar days of the date WCWP discovers or obtains the records, documents, or information.

3        27.    WCWP may assert confidentiality claims covering part or all of the documents or

4    information submitted to DTSC under this Consent Decree to the extent permitted by, and in

5    accordance with, California Health and Safety Code section 25358.2.  Documents or information

6    determined to be confidential by DTSC will be afforded the protection specified in California

7    Health and Safety Code section 25358.2.  WCWP may also assert that certain documents,

8    records, and other information are privileged under the attorney-client privilege or any other

9    privilege recognized by federal law.  If WCWP asserts such a privilege in lieu of providing

10   documents, WCWP shall provide DTSC with a description of the documents withheld and the

11   basis for asserting the privilege.

12                              **VI.  COVENANT NOT TO SUE BY DTSC.**

13       28.    Except as expressly provided in Section VII (Reservation of Rights) of this Consent

14   Decree, DTSC covenants not to sue WCWP pursuant to CERCLA, the California Hazardous

15   Substances Account Act ("HSAA"), California Health and Safety Code § 25300, et seq., to:  (a)

16   recover DTSC's Response Costs related to the Site; or (b) require WCWP to conduct response

17   actions, including investigation, removal or remedial actions, in response to the release or

18   threatened release of hazardous substances at the Site, including into the soils and groundwater.

19   This Covenant Not to Sue is conditioned upon the complete and satisfactory performance by

20   WCWP of all of its obligations under this Consent Decree.  This Covenant Not to Sue shall be

21   revoked and deemed not effective if WCWP fails to make any of the payments required by

22   paragraph 23 of this Consent Decree.

23                              **VII.  RESERVATION OF RIGHTS.**

24       29.    Claims Regarding Other Matters.  DTSC reserves, and this Consent Decree is without

25   prejudice to, all rights against WCWP with respect to all matters not expressly included within

26   DTSC's Covenant Not to Sue (Section VI).

27       30.    Reservation of Claims.  DTSC reserves, and this Consent Decree is without prejudice

28   to, all rights against WCWP with respect to:

9

Case: 20-15029, 04/08/2021, ID: 12069037, DktEntry: 19-4, Page 188 of 300
Case 2:14-cv-00595-WBS-JDP   Document 141   Filed 09/16/15   Page 10 of 14
Case 2:14-cv-00595-WBS-EFB   Document 131-1   Filed 06/02/15   Page 10 of 14

1          a.     Claims based on a failure of WCWP to meet a requirement of this Consent

2 Decree;

3          b.     Liability arising from past, present, or future disposal, release, and/or threat of

4 release of a hazardous substance, pollutant, or contaminant outside of the Site; and

5          c.     Criminal liability.

6     31.     Unknown Conditions/New Information. Notwithstanding any other provision in the

7 Consent Decree, DTSC reserves, and this Consent Decree is without prejudice to, its right to

8 institute proceedings in this action or in a new action, and/or to issue an administrative order

9 seeking to compel WCWP to perform response activities at the Site and/or to pay DTSC for

10 additional Response Costs, if:

11          a.     Either of the following occurs: (i) conditions at the Site previously unknown to

12 DTSC are discovered, or (ii) information previously unknown to DTSC is received in whole or in

13 part; and

14          b.     DTSC determines that the previously unknown conditions or new information,

15 together with other relevant information, indicate that the response actions at the Site are not

16 sufficiently protective of human health or the environment.

17     32.     Reservation of Rights. Except as expressly provided in this Consent Decree, WCWP

18 reserves its rights to oppose any claim brought by DTSC against WCWP pursuant to paragraphs

19 30 and 31 of this Consent Decree. WCWP reserves the right to bring a claim against DTSC for

20 failure to meet the requirements of this Consent Decree.

21     33.     Claims against Other Persons. DTSC reserves, and this Consent Decree is without

22 prejudice to, all rights, claims, and causes of action DTSC may have against any person other

23 than WCWP. Nothing in this Consent Decree is intended to be, nor shall be construed as, a

24 release, covenant not to sue, or compromise of any claim or cause of action which DTSC may

25 have against any person or other entity not a signatory to this Consent Decree.

26     34.     Government Authority. Except as expressly provided in this Consent Decree, nothing

27 in this Consent Decree is intended, or shall be construed, to preclude DTSC from exercising its

28 authority under any law, statute, or regulation with respect to the Site. Furthermore, except as

10

[Proposed] Consent Decree Between Plaintiffs and Defendant WCWP (2:14-cv-00595-WBS-EFB)

Case: 20-15029, 04/08/2021, ID: 12069037, DktEntry: 19-4, Page 189 of 300
Case 2:14-cv-00595-WBS-JDP   Document 141   Filed 09/16/15   Page 11 of 14

Case 2:14-cv-00595-WBS-EFB   Document 131-1   Filed 06/02/15   Page 11 of 14

1  expressly provided in this Consent Decree, nothing in this Consent Decree is intended, nor shall
2  be construed, to preclude any state agency, department, board, or entity, or any federal or local
3  agency, department, board, or entity, from exercising its authority under any law, statute, or
4  regulation.

5  ### VIII.  COVENANT NOT TO SUE BY WCWP.

6      35.   WCWP covenants not to sue and agrees not to assert any claims or causes of action
7  against DTSC or its contractors or employees arising out of the transaction or occurrence that is
8  the subject matter of the First Amended Complaint, or for any injuries, losses, costs, or damages
9  caused or incurred as a result of the performances or requirements of this Consent Decree or
10 DTSC's response actions at the Site.  This Covenant not to sue is without prejudice to WCWP's
11 reservation of rights as noted in Paragraph 32 herein.

12 ### IX.  CONTRIBUTION PROTECTION.

13     36.   With regard to claims for contribution against WCWP, WCWP is entitled to
14 contribution protection pursuant to section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and by
15 state statutory and common law for the "Matters Addressed" in this Consent Decree, except for
16 actions and claims identified in DTSC's Reservation of Rights (Section VII).

17     37.   The "Matters Addressed" in this Consent Decree include: (a) all past and future
18 Response Costs incurred by or on behalf of DTSC with respect to the Site, including DTSC's
19 oversight costs; and (b) all past and future Response Costs that have been and/or may be incurred
20 by or on behalf of any other person, including any past, present, or future Site owner or operator,
21 with respect to the Site.

22     38.   The contribution protection provided in this Section is conditioned upon WCWP's
23 full performance of its obligations under this Consent Decree.

24     39.   Nothing in this Consent Decree limits or impairs the right of DTSC to pursue any
25 other person for unrecovered Response Costs incurred by DTSC.

26 ### X.  NOTIFICATION.

27     40.   Notification to or communication among the Parties as required by or provided for
28 in this Consent Decree shall be addressed as follows:

11

[Proposed] Consent Decree Between Plaintiffs and Defendant WCWP (2:14-cv-00595-WBS-EFB)

Case 2:14-cv-00595-WBS-EFB   Document 131-1   Filed 06/02/15   Page 12 of 14

1    For DTSC:

2        Charlie Ridenour, Branch Chief
         Brownsfield and Environmental Restoration Program
3        California Department of Toxic Substances Control
         8800 Cal Center Drive
4        Sacramento, CA  95826

5        Marilee Hanson, Senior Staff Counsel
         Office of Chief Counsel
6        California Department of Toxic Substances Control
         1001 I Street
7        P.O. Box 806
         Sacramento, CA 95812-0806

8
     For WCWP:
9
         Lester Brown
10       Perkins Coie LLP
         1888 Century Park East, Suite 1700
11       Los Angeles, CA  90067

12                       **XI.  GENERAL PROVISIONS.**

13       41.    **Parties Bound.**  This Consent Decree shall apply to, be binding upon, and inure to

14   the benefit of the Parties and their representatives, successors, heirs, legatees, and assigns.

15       42.    **No Waiver of Enforcement.**  The failure of DTSC to enforce any provision of this

16   Consent Decree shall in no way be deemed a waiver of such provision or in any way affect the

17   validity of this Consent Decree.  The failure of DTSC to enforce any such provision shall not

18   preclude it from later enforcing the same or any other provision of this Consent Decree.

19       43.    **Costs.**  Except as provided in this Consent Decree, the Parties will not seek to

20   recover attorneys' fees and/or litigation costs against each other.

21       44.    **Modification.**  This Consent Decree may be modified upon written approval of the

22   Parties and with the consent of the Court.

23       45.    **Integration.**  This Consent Decree constitutes the final, complete, and entire

24   agreement between the Parties with respect to the settlement embodied in this Consent Decree.

25       46.    **Lodging and Public Comment.**  This Consent Decree shall be lodged with the Court

26   for a period of not less than thirty (30) days for public notice and comment.  DTSC shall file with

27   the Court any written comments received and DTSC's responses thereto.  DTSC reserves the

28   right to withdraw or withhold its consent to entry of the Consent Decree if comments regarding

                                      12

[Proposed] Consent Decree Between Plaintiffs and Defendant WCWP (2:14-cv-00595-WBS-EFB)

Case: 20-15029, 04/08/2021, ID: 12069037, DktEntry: 19-4, Page 191 of 300
Case 2:14-cv-00595-WBS-JDP   Document 141   Filed 09/16/15   Page 13 of 14
Case 2:14-cv-00595-WBS-EFB   Document 131-1   Filed 06/02/15   Page 13 of 14

1    the Consent Decree disclose facts or considerations that indicate that this Consent Decree is

2    inappropriate, improper, or inadequate. WCWP consents to the entry of this Consent Decree

3    without further notice.

4        47.    If the Court should decline to approve this Consent Decree in the form presented, this

5    agreement is voidable at the discretion of either of the Parties, and the terms of the agreement

6    may not be used as evidence in any litigation between the Parties.

7        48.    **Counterparts.** This Consent Decree may be executed in two or more counterparts,

8    each of which shall be deemed an original, but all of which together shall constitute one and the

9    same instrument.

10       49.    **Signatories.** Each signatory to this Consent Decree certifies that he or she is fully

11   authorized by the party he or she represents to enter into the terms and conditions of this Consent

12   Decree, to execute it on behalf of the party represented, and to legally bind that party to all the

13   terms and conditions of this Consent Decree.

14                          **XII.  APPROVALS OF PARTIES.**

15   DTSC consents to this Consent Decree by its duly authorized representative as follows:

16   **FOR THE DEPARTMENT OF TOXIC SUBSTANCES CONTROL and TOXIC
17   SUBSTANCES CONTROL ACCOUNT**

18   Date: 6/2/2015               Charlie Ridenour
19                                Charlie Ridenour, Branch Chief
20                                Brownfields and Environmental Restoration
                                  Program
21   WCWP consents to this Consent Decree by its duly authorized representative as follows:

22   **FOR WEST COAST WOOD PRESERVING, LLC:**

23
24   Date: 5-20-15               Elaina Jackson
25                               Elaina Jackson
                                 President, and Chief Executive Officer,
26                               West Coast Wood Preserving, Inc.
                                                               LLC

27

28
                                        13

Case: 20-15029, 04/08/2021, ID: 12069037, DktEntry: 19-4, Page 192 of 300
Case 2:14-cv-00595-WBS-JDP   Document 141   Filed 09/16/15   Page 14 of 14

Case 2:14-cv-00595-WBS-EFB   Document 131-1   Filed 06/02/15   Page 14 of 14

1    **IT IS SO ORDERED, ADJUDGED, AND DECREED.**

2    Dated: _9/15/2015_

3                                     The Honorable R. William B. Shubb
                                     United States District Court Judge
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

[Proposed] Consent Decree Between Plaintiffs and Defendant WCWP (2:14-cv-00595-WBS-EFB)

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10                        ----oo0oo----

11

12   CALIFORNIA DEPARTMENT OF        CIV. NO. 2:14-595 WBS EFB
     TOXIC SUBSTANCES CONTROL and
13   the TOXIC SUBSTANCES CONTROL    MEMORANDUM AND ORDER RE: MOTION
     ACCOUNT,                        FOR ORDER APPROVING CONSENT
14                                   DECREE
                  Plaintiffs,
15
          v.
16
     JIM DOBBAS, INC., a
17   California corporation;
     CONTINENTAL RAIL, INC., a
18   Delaware corporation; DAVID
     VAN OVER, individually;
19   PACIFIC WOOD PRESERVING, a
     dissolved California
20   corporation; and WEST COAST
     WOOD PRESERVING, LLC, a
21   Nevada limited liability
     company,
22
                  Defendants,
23

24   AND RELATED COUNTERCLAIMS AND
     CROSS-CLAIMS.
25

26                        ----oo0oo----

27        Plaintiffs California Department of Toxic Substances

28   Control and the Toxic Substances Control Account (collectively

                              1

1   "DTSC") brought this action under the Comprehensive Environmental

2   Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42

3   U.S.C. §§ 9601 et seq., to recover cleanup costs incurred at 147

4   A Street in Elmira, California (the "Elmira Site") from

5   defendants Jim Dobbas, Inc. ("Dobbas"), Continental Rail, Inc.

6   ("CRI"), Pacific Wood Preserving Corporation ("PWP"), West Coast

7   Wood Preserving, LLC ("WCWP"), Collins & Aikman Products, LLC

8   ("C&A Products"), and David van Over.  Before the court is DTSC's

9   motion for approval of a proposed consent decree between

10  plaintiffs and WCWP.  (Docket No. 137.)  No party has filed an

11  opposition.

12        As early as 1972, PWP conducted wood preserving

13  operations at the Elmira Site.  (Decl. of Peter MacNicholl

14  ("MacNicholl Decl.") ¶ 5 (Docket No. 137-2).)  These operations

15  resulted in contamination of soil and groundwater at the site

16  with arsenic, chromium, and copper.  (Id. ¶ 4.)  On September 12,

17  1979, PWP sold the Elmira Site to the Wickes Corporation.  (Id. ¶

18  5.)  DTSC alleges that WCWP is a successor to PWP.  (Id.)

19        From the 1980s through 2005, the Wickes Corporation and

20  its successor, C&A Products, took various actions at the Elmira

21  Site to address environmental contamination under the oversight

22  of DTSC.  (Id. ¶ 6.)  These actions included excavating soil,

23  installing asphalt caps over contaminated soils, constructing a

24  drainage system, installing a groundwater extraction and

25  treatment system, and performing groundwater monitoring.  (Id.)

26  On March 20, 1997, C&A Products sold the Elmira Site to Dobbas

27  and CRI.  (Id.)  However, C&A Products continued to perform

28  environmental actions and maintain the existing measures.

2

1          On May 17, 2005, C&A Products filed a petition for

2    Chapter 11 bankruptcy.  (Id.)  It informed DTSC in November 2005

3    that it would not perform any further actions at the Elmira Site.

4    (Id.)  In 2006, DTSC requested that Dobbas and CRI carry out

5    certain actions at the site.  Dobbas and CRI refused.  (Id. ¶ 7.)

6    As a result, DTSC initiated state-funded actions beginning around

7    November 9, 2006.  (Id. ¶¶ 7-8.)

8          DTSC performed response actions from 2007 to the

9    present, including excavating and backfilling soil, demolishing

10   the groundwater extraction system, and monitoring groundwater.

11   (See id. ¶¶ 8-10.)  It continues to monitor the site and evaluate

12   contamination trends.  (Id. ¶ 11.)  DTSC states that, as of May

13   5, 2015, its unreimbursed response costs relating to the site

14   exceed $2.65 million, exclusive of interest.  (Id. ¶ 13.)  It

15   further states that the costs for future investigation,

16   remediation of contaminated soil, and treatment of surface and

17   groundwater could reach approximately $3.5 million over the next

18   ten years.  (Id.)

19         DTSC contends in this action that WCWP is a responsible

20   party pursuant to section 107(a) of CERCLA, 42 U.S.C. § 9607(a),

21   and is therefore jointly and severally liable for the costs DTSC

22   incurred at the Elmira Site.  On December 15, 2014, WCWP moved

23   for summary judgment, asserting, among other things, that DTSC's

24   claims are barred by the applicable statute of limitations and

25   that WCWP is not the corporate successor to PWP.  (See Docket No.

26   79.)  Before the court ruled on that motion, however, WCWP and

27   DTSC informed the court that they had reached a settlement.  (See

28   Docket No. 120.)

3

1    I.   Discussion

2              "In order to approve a CERCLA consent decree, a

3    district court must conclude that the agreement is procedurally

4    and substantively 'fair, reasonable, and consistent with CERCLA's

5    objectives.'"  Arizona v. City of Tucson, 761 F.3d 1005, 1011-12

6    (9th Cir. 2014) (quoting United States v. Montrose Chem. Corp. of

7    Cal., 50 F.3d 741, 748 (9th Cir. 1995)).  Parties seeking

8    approval of a consent decree must provide "evidence sufficient to

9    evaluate the terms of an agreement."  Id. at 1012.

10             "Fair" and "reasonable" are comparative terms.  Id.

11   Accordingly, the court's "obligation to independently scrutinize

12   the terms of [such agreements]" must involve, among other things,

13   "comparing the proportion of total projected costs to be paid by

14   the [settling parties] with the proportion of liability

15   attributable to them."  Id. at 1008 (quoting Montrose, 50 F.3d at

16   747) (quotation marks omitted).  The court must then "factor into

17   the equation any reasonable discount for litigation risks, time

18   savings, and the like . . . ."  Id. at 1012.  "A district court

19   abuses its discretion where it does not fulfill its obligation to

20   engage in this comparative analysis."  Id.

21             "[W]here state agencies have environmental expertise

22   they are entitled to 'some deference' with regard to questions

23   concerning their area of expertise."  Id. at 1014 (quoting City

24   of Bangor v. Citizens Commc'ns Co., 532 F.3d 70, 94 (1st Cir.

25   2008)).  State agencies are not entitled to deference regarding

26   areas outside their expertise, such as their interpretation of

27   CERCLA's requirements.  Id. at 1014-15.

28   ///

4

1        A. Terms of the Proposed Consent Decree

2            The proposed Consent Decree provides that DTSC will

3   release WCWP from liability in this action in exchange for, among

4   other things, payment of $350,000.  (See Consent Decree ¶¶ 13,

5   23.)  The payment will be made in three installments, unless WCWP

6   sells its business, in which case the full amount will be due

7   within sixty days of the completion of the sale.  (Id. ¶ 23.)

8            WCWP further agrees to provide DTSC with copies of all

9   records, documents, and other information in its possession that

10  relate to (1) the ownership, operation, or control of the Elmira

11  Site; (2) the purchase, storage, use, handling, generation,

12  treatment, transportation, or disposal of hazardous substances in

13  connection with the Elmira Site; (3) releases or threatened

14  releases of hazardous substances at the Elmira Site; and (4)

15  response actions conducted by any person at the Elmira Site.

16  (Id. ¶ 25.)

17           The Consent Decree provides for contribution protection

18  pursuant to section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2).[1]

19  (Consent Decree ¶¶ 36-39.)  DTSC and WCWP also agree not to sue

20  or assert claims against each other in connection with the

21  subject matter of DTSC's First Amended Complaint or for response

22  costs related to the Elmira Site.  (See id. ¶¶ 29-31, 35).

23  ///

24  ///

25  _____

26      [1]    Section 113(f)(2) provides, in relevant part, "[a]
    person who has resolved its liability to the United States or a
27  State in an administrative or judicially approved settlement
    shall not be liable for claims for contribution regarding matters
28  addressed in the settlement."  42 U.S.C. § 9613(f)(2).

5

1        B. <u>Analysis</u>

2              1. <u>Procedurally Fair Process</u>

3              The court turns first to whether the proposed Consent

4    Decree is the "product of a procedurally fair process."

5    <u>Montrose</u>, 50 F.3d at 746.  Such a process generally involves good

6    faith, "arm's length" negotiations among experienced counsel,

7    during which all the parties have an opportunity to participate.

8    <u>See</u> <u>Montrose</u>, 50 F.3d at 746; <u>see also</u> <u>United States v. Cannons</u>

9    <u>Eng'g Corp.</u>, 899 F.2d 79, 87 (1st Cir. 1990).

10             The settling parties represent that they engaged in

11   arms'-length settlement negotiations in which all were

12   represented by counsel.  (MacNicholl Decl. ¶ 14.)  Those

13   negotiations included a day-long mediation with a neutral

14   mediator experienced in environmental law.  (<u>See</u> <u>id.</u>)  DTSC and

15   WCWP jointly drafted the terms of the proposed Consent Decree

16   during several months of negotiations.  (<u>Id.</u> ¶ 15.)

17             The arms'-length character of their negotiations is

18   reinforced by the fact that the parties reached settlement after

19   WCWP moved for summary judgment and put forth substantial

20   evidence in its defense.  DTSC vigorously opposed the motion with

21   its own evidence, suggesting that both parties had the

22   opportunity to showcase the strengths of their position before

23   settlement was reached.

24             DTSC lodged the proposed Consent Decree with the court

25   on June 2, 2015.  (Docket No. 131-1.)  On June 19, 2015, DTSC

26   published notice of the Consent Decree in the California

27   Regulatory Notice Register (2015, Volume No. 25-Z), page 1060,

28   and invited the public to comment on it by July 20, 2015.  (<u>See</u>

6

**ER-506**

1  MacNicholl Decl. ¶ 16, Ex. 1.)  DTSC also published notice in a

2  local newspaper, the Dixon Tribune, (see id. ¶ 16, Ex. 2), and it

3  emailed notice to all parties in this lawsuit, (see id. ¶ 16, Ex.

4  3).  DTSC did not receive any comments on the proposed Consent

5  Decree.  (Id. ¶ 17.)  Accordingly, because the court can find no

6  reason to doubt the integrity of these steps, the court concludes

7  the proposed Consent Decree resulted from a procedurally fair

8  process.

9           2. Substantively Fair and Reasonable Terms

10          Next, the court must consider whether the proposed

11  Consent Decree is "substantively fair to the parties in light of

12  a reasonable reading of the facts."  Montrose, 50 F.3d at 746;

13  see also Cannons, 899 F.2d at 87 ("Substantive fairness

14  introduces into the equation concepts of corrective justice and

15  accountability: a party should bear the cost of the harm for

16  which it is legally responsible.").

17          WCWP has agreed to pay $350,000 of the approximately

18  $2.65 million that DTSC says have been spent responding to

19  contamination at the Elmira Site.  The parties agreed to a

20  covenant not to sue each other in the future for response costs

21  relating to the site, meaning that WCWP will not face further

22  liability for any of the estimated $3.5 million that DTSC states

23  will be incurred over the next ten years.  (See MacNicholl Decl.

24  ¶ 13.)  In short, WCWP will pay $350,000 toward an estimated

25  total of approximately $6.15 million in costs incurred by the

26  state.

27          The proportion of costs recouped by DTSC is relatively

28  small.  WCWP will pay about thirteen percent of the costs

7

1    incurred to date and just under six percent of the total

2    estimated costs DTSC says it will incur responding to

3    contamination at the Elmira Site.

4         DTSC states in its supporting memorandum that WCWP's

5    proportionate liability for response costs at the Elmira Site is

6    approximately one-third.  (DTSC's Mem. at 9 (Docket No. 137-1).)

7    DTSC justifies this number by pointing to its allegations that,

8    unlike other defendants who merely owned the Elmira Site, WCWP

9    was both an owner and operator of the site.  (Id.)  At oral

10   argument today, counsel for DTSC further represented that the

11   parties considered factors such as the length of time WCWP's

12   alleged predecessor PWP owned and operated the Elmira Site,

13   whether WCWP had complied with any agency or court orders

14   relating the site, and whether WCWP had paid for any cleanup

15   costs before this lawsuit.

16        DTSC is the lead agency responsible for enforcing

17   California's Hazardous Substance Account Act ("HSAA") and for

18   investigating and responding to releases of hazardous substances

19   in California.[2]  See Cal. Health & Safety Code § 25354.5.

20   Accordingly, because court may afford DTSC "some deference" on

21   the subject of responding to releases of hazardous substances, it

22   will give deference to DTSC's estimation that WCWP's actions are

23   _____

24        [2]   HSAA is the state analogue to CERCLA.  See Coppola v.
     Smith, 935 F. Supp. 2d 993, 1011 (E.D. Cal. 2013) (Ishii, J.)
25   ("Although the HSAA is not identical to CERCLA, the HSAA
     expressly incorporates the same liability standards, defenses,
26   and classes of responsible persons as those set forth in CERCLA."
     (citations omitted)); Castaic Lake Water Agency v. Whittaker
27   Corp., 272 F. Supp. 2d 1053, 1084 n.40 (C.D. Cal. 2003) ("HSAA
     creates a scheme that is identical to CERCLA with respect to who
28   is liable." (citations and internal quotation marks omitted)).

1   responsible for approximately one-third of the agency's response

2   costs.  See City of Tuscon, 761 F.3d at 1014.

3          This does not mean the court may defer to DTSC's

4   representations that the Consent Decree is substantively fair.

5   See id. at 1014-15 (stating that a state agency is not entitled

6   to deference concerning its interpretation of CERCLA's mandate).

7   Through CERCLA, "Congress intended that those responsible for

8   problems caused by the disposal of chemical poisons bear the

9   costs and responsibility for remedying the harmful conditions

10  they created." Cannons, 899 F.2d at 90-91 (quoting Dedham Water

11  Co. v. Cumberland Farms Dairy, Inc., 805 F.2d 1074, 1081 (1st

12  Cir. 1986)).  If WCWP is responsible for one-third of DTSC's

13  cleanup costs, as DTSC says it is, the parties must contemplate a

14  substantial discount for "litigation risks, time savings, and the

15  like" to arrive at the thirteen percent of costs so far incurred-

16  -and six percent of total costs--that WCWP will actually pay

17  pursuant to their agreement.  See City of Tucson, 761 F.3d at

18  1012.  The court will therefore evaluate factors justifying such

19  a discount next.

20         The record supports several risks for DTSC from

21  continued litigation against WCWP.  WCWP highlighted at least two

22  of these risks in its motion for summary judgment.  WCWP argued

23  that it is not a corporate successor to PWP, and therefore cannot

24  be held liable for contamination caused at the Elmira Site by

25  PWP.  The motion also contended that DTSC's claims are time-

26  barred by the applicable statute of limitations.  This was not an

27  idle argument, as this court has found CERCLA claims brought by

28  DTSC to be time-barred in the past.  See, e.g., State of Cal. on

                                    9

1    Behalf of Cal. Dep't of Toxic Substances Control v. Hyampom

2    Lumber Co., 903 F. Supp. 1389, 1394 (E.D. Cal. 1995).  Had WCWP

3    prevailed on either of these arguments, it would not have faced

4    any liability for DTSC's response costs.

5              In addition, WCWP and several other defendants have

6    filed counterclaims against DTSC asserting that the agency's

7    direction and oversight of response actions at the Elmira Site

8    contributed to the site's contamination and incurred unnecessary

9    costs.  (See WCWP's Counterclaim ¶ 7 (Docket No. 67).)  For

10   example, WCWP alleges that DTSC knew or should have known that

11   the installation of a groundwater extraction and treatment system

12   would not remedy contamination at the site but approved its use

13   in 1983 nonetheless.  (Id.)  DTSC later demolished the

14   groundwater system in 2010, incurring additional and allegedly

15   unnecessary costs.  (Id. ¶¶ 15-18.)  These allegations suggest

16   the unreimbursed response costs asserted by DTSC were inflated by

17   the agency's reckless or negligent selection of response actions.

18   (See id. ¶ 27.)  This possibility will presumably have factored

19   into the parties' settlement amount.

20             Both parties also face costly and time consuming

21   discovery from continued litigation.  DTSC's opposition to WCWP's

22   motion for summary judgment requested additional time pursuant to

23   Federal Rule of Civil Procedure 56(d) for discovery related to

24   WCWP's relationship to PWP and the Elmira Site.  (See Pls.' Opp'n

25   at 17-20 (Docket No. 107).)  The record therefore supports the

26   fact that additional subjects for discovery remained at the time

27   the parties reached a settlement.

28             Moreover, the discovery cutoff set by the court's

1    Pretrial Scheduling Order is March 30, 2016.  (See Pretrial

2    Scheduling Order at 2-3 (Docket No. 20).)  Early settlement saves

3    DTSC and WCWP at least six months of further discovery.  It also

4    eliminates the costs of pretrial research, pretrial filings, and

5    ultimately, bringing these claims to trial.  In considering

6    whether to approve the settlement, the court finds it entirely

7    reasonably that DTSC and WCWP would wish to free themselves from

8    these burdens by settling their claims.  It is also entirely

9    reasonable to discount WCWP's proportional liability based on

10   these savings.

11           WCWP's status as the first party in this case to settle

12   could justify another discount from its estimated proportional

13   liability.  "Given CERCLA's joint and several liability scheme,

14   the government may find it appropriate to offer relatively

15   favorable terms to early settlers, thereby encouraging other

16   parties to settle based on the possibility that late settlers and

17   non-settlers bear the risk that they might ultimately be

18   responsible for an enhanced share of the total claim."[3]  United

19   States v. Fort James Operating Co., 313 F. Supp. 2d 902, 909

20   (E.D. Wis. 2004); see also Cannons, 899 F.2d at 92

21   ("Disproportionate liability, a technique which promotes early

22   settlements and deters litigation for litigation's sake, is an

23   integral part of the statutory plan.").  DTSC may have provided

24   _____

25           [3]    CERCLA enables this strategy through 42 U.S.C.
     § 9613(f)(2).  As the First Circuit explained in Cannons, "[t]he

26   statute immunizes settling parties from liability for
     contribution and provides that only the amount of the settlement-

27   -not the pro rata share attributable to the settling party--shall
     be subtracted from the liability of the nonsettlors."  Cannons,

28   899 F.2d at 91.

                                    11

1  WCWP with favorable terms in order to leverage comparatively

2  greater liability toward resolving claims against the remaining

3  defendants.

4          Accordingly, after conducting the required comparative

5  fault analysis and considering facts in the record that justify a

6  discounted settlement amount, the court concludes that the terms

7  of the proposed Consent Decree are substantively fair and

8  reasonable.

9          3. Consistent with CERCLA's Objectives

10          Finally, the court must consider whether the proposed

11  Consent Decree is consistent with CERCLA's objectives. See

12  Montrose, 50 F.3d at 746.  These objectives include holding a

13  party that is legally responsible for contamination accountable.

14  See Cannons, 899 F.2d at 90-91.  Having addressed accountability

15  at length above, the court sees no need to reiterate the same

16  points here except to note that, by requiring WCWP to pay for a

17  portion of DTSC's cleanup costs, the Consent Decree advances that

18  objective.  See Cannons, 899 F.2d at 90 (noting "consideration of

19  the extent to which consent decrees are consistent with Congress'

20  discerned intent involves matters implicating fairness and

21  reasonableness" and that the approval criteria "were not meant to

22  be mutually exclusive").

23          In addition, "one of the core purposes of CERCLA is to

24  foster settlement through its system of incentives and without

25  unnecessarily further complicating already complicated

26  litigation." Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.,

27  710 F.3d 946, 971 (9th Cir. 2013) (quoting Cal. Dep't of Toxic

28  Substances Control v. City of Chico, 297 F. Supp. 2d 1227, 1235

12

**ER-512**

1   (E.D. Cal. 2004) (Karlton, J.)).  The resolution of DTSC's claims

2   against WCWP before going to trial therefore advances this

3   purpose by securing settlement with WCWP and increasing the

4   pressure on remaining parties to reach a settlement.  See

5   Cannons, 899 F.2d at 92.

6         The Cannons court also explained that CERCLA was

7   intended to give regulators "the tools necessary for a prompt and

8   effective response to . . . hazardous waste disposal."  Cannons,

9   899 F.3d at 90.  The court does not find this objective directly

10  relevant in the instant context because the proposed Consent

11  Decree focuses on recovering response costs that have already

12  been expended responding to contamination.  However, this

13  objective may be indirectly advanced by reinforcing DTSC's

14  ability to promptly and effectively respond to contamination

15  using state funds with the knowledge, ex ante, that similar

16  consent decrees may be used to bypass the uncertainties of

17  litigation and recover those expenses later.

18        Accordingly, because the court concludes from the

19  evidence before it that the proposed Consent Decree is

20  procedurally and substantively fair, reasonable, and consistent

21  with CERCLA's objectives, the court will order its approval.  See

22  City of Tucson, 761 F.3d at 1011-12.

23        IT IS THEREFORE ORDERED that plaintiffs' motion for

24  approval of the Consent Decree be, and the same hereby is,

25  GRANTED.

26        IT IS FURTHER ORDERED that all claims for contribution

27  or indemnity against West Coast Wood Preserving, LLC arising out

28  of response costs incurred at the Elmira Site be, and the same

13

1    hereby are, DISMISSED pursuant to 42 U.S.C. § 9613(f)(2).

2    Dated:   August 24, 2015

3

4                            WILLIAM B. SHUBB
                             UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF CALIFORNIA

**CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL, ET AL.,**

v.

**JIM DOBBAS, INC., ET AL.,**

**CLERKS CERTIFICATE OF ENTRY OF DEFAULT**

**2:14–CV–00595–WBS–EFB**

_____

**TO ALL COUNSEL:**

   By application of Plaintiff and it appearing that the defendant having been duly served with process as appears from the record and papers on file herein; and having failed to appear, plead or answer Plaintiff's complaint within the time allowed by law; the default of the following Defendant(s) is/are hereby entered:

   **Collins & Aikman Products, LLC**

**Counsel is/are referred to Rule 55(b), of the Federal Rules of Civil Procedure, and Local Rules 302(c)(19) and 230. If there is more then one defendant in this case, counsel are further referred to Fed. R. Civ. P. 54(b).**



**IN TESTIMONY WHERE OF, I have hereunto subscribed my name and affixed the seal of the United States District Court for the Eastern District of California, on March 26, 2015.**

**MARIANNE MATHERLY**
**CLERK OF COURT**

**By:** /s/ **H. Kaminski**
_____

**Deputy Clerk**

**ER-515**

1  KAMALA D. HARRIS, State Bar No. 146672
   Attorney General of California
2  SARAH E. MORRISON, State Bar No. 143459
   Supervising Deputy Attorney General
3  LAURA J. ZUCKERMAN, State Bar No. 161896
   Deputy Attorney General
4    1515 Clay Street, 20th Floor
     Oakland, CA 94612
5    Telephone: (510) 622-2174
     Fax: (510) 622-2270
6    E-mail: Laura.Zuckerman@doj.ca.gov
   *Attorneys for Plaintiffs California*
7  *Department of Toxic Substances Control and Toxic*
   *Substances Control Account*
8
                    IN THE UNITED STATES DISTRICT COURT
9
                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10
                          SACRAMENTO DIVISION
11

12 | **CALIFORNIA DEPARTMENT OF TOXIC** | Case No. 2:14-cv-00595-WBS-EFB |
   | **SUBSTANCES CONTROL and the TOXIC** | |
13 | **SUBSTANCES CONTROL ACCOUNT,** | **REQUEST TO ENTER DEFAULT OF** |
   | | **DEFENDANT COLLINS & AIKMAN** |
14 | Plaintiffs, | **PRODUCTS, LLC** |
15 | **v.** | Trial: January 4, 2017 |
   | | Action Filed: March 3, 2014 |
16 | **JIM DOBBAS, INC., a California** | |
   | **corporation; CONTINENTAL RAIL, INC.,** | |
17 | **a Delaware corporation; DAVID VAN** | |
   | **OVER, individually; PACIFIC WOOD** | |
18 | **PRESERVING, a dissolved California** | |
   | **corporation; WEST COAST WOOD** | |
19 | **PRESERVING, LLC., a Nevada limited** | |
   | **liability company; and COLLINS &** | |
20 | **AIKMAN PRODUCTS, LLC, a Delaware** | |
   | **limited liability company,** | |
21 | | |
22 | Defendants. | |

23 | **AND RELATED COUNTERCLAIMS AND** |
   | **CROSS-CLAIMS** |
24

25 **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

26     Plaintiffs California Department of Toxic Substances Control and the Toxic Substances

27 Control Account (together, "DTSC") request, under Rule 55(a) of the Federal Rules of Civil

28

                                    1

1    Procedure, that the Clerk enter default in this matter against defendant Collins & Aikman

2    Products, LLC ("C&A Products, LLC"), on the ground that said defendant has failed to appear or

3    otherwise respond to the complaint within the time prescribed by law.

4            On December 18, 2014, DTSC caused the Summons and First Amended Complaint to be

5    served on C&A Products, LLC, as evidenced by the Proof of Service on file with the Court.

6    (Docket No. 92, filed Jan. 6, 2015.)  The Proof of Service reflects personal delivery of the

7    Summons and First Amended Complaint to Brian M. Rostocki on behalf of C&A Products, LLC.

8    *See id.*  Shortly before this service, on December 8, 2014, the Delaware Court of Chancery

9    appointed Mr. Rostocki the Receiver for C&A Products, LLC, a cancelled Delaware limited

10   liability company, and ordered that Mr. Rostocki "shall accept service of process on behalf of

11   Collins & Aikman Products, LLC" in this case.  (*See* Request for Judicial Notice, Ex. A at 6 &

12   ¶ 2, 8, filed Dec. 8, 2014, Docket No. 74-1; *see also* Order at 2, filed Dec. 10, 2014, Docket No.

13   75.)

14           A corporation, partnership, or association may be served "by delivering a copy of the

15   summons and of the complaint to … any … agent authorized by appointment or by law to receive

16   service of process and – if the agent is one authorized by statute and the statute so requires – by

17   also mailing a copy of each to the defendant."  Fed. R. Civ. P. 4(h)(1)(B).  Here, the Summons

18   and First Amended Complaint were personally delivered to Mr. Rostocki, who was authorized by

19   the Delaware Court of Chancery to receive service of process on C&A Products, LLC.

20   Therefore, Plaintiffs' service of process satisfied Rule 4(h)(1)(B) of the Federal Rules of Civil

21   Procedure.

22           A corporation, partnership, or association may also be served by "following state law for

23   serving a summons in an action brought in courts of general jurisdiction in the state where the

24   district court is located or where service is made[.]"  Fed. R. Civ. P. 4(e)(1), (h)(1)(A). The state

25   law of Delaware, where C&A Products, LLC, was organized, provides that "[s]ervice of legal

26   process upon any domestic limited liability company shall be made by delivering a copy

27   personally to any manager of the limited liability company in the State of Delaware or the

28   registered agent of the limited liability company in the State of Delaware…."  6 Del. C. § 18-

1    105(a).  In addition to personal service on the receiver for C&A Products, LLC, on December 18,

2    2014, Plaintiffs also served the Summons and First Amended Complaint on Corporation Service

3    Company, the Delaware registered agent for C&A Products, LLC, on January 28, 2015.  (*See*

4    Zuckerman Decl. ¶¶ 2-4, Exs. 1-2.)  This January 28, 2015, service satisfied Delaware Code

5    Annotated title 6, section 18-105(a), which in turn satisfied Rule 4(h)(1)(A) of the Federal Rules

6    of Civil Procedure.

7         Despite being served with process, C&A Products, LLC, has failed to appear or otherwise

8    respond to the First Amended Complaint within twenty-one days of service as directed by the

9    Summons.

10        Based on the above, the Clerk should enter the default of defendant Collins & Aikman

11   Products, LLC.

12

13   Dated:  March 25, 2015                    Respectfully submitted,

14                                             KAMALA D. HARRIS
                                               Attorney General of California
15                                             SARAH E. MORRISON
                                               Supervising Deputy Attorney General
16

17                                             */s/ Laura J. Zuckerman*

18

19                                             LAURA J. ZUCKERMAN
                                               Deputy Attorney General
20                                             *Attorneys for the California Department of
                                               Toxic Substances Control and the Toxic
21                                             Substances Control Account*

22

23

24

25

26

27

28

REQUEST TO ENTER DEFAULT OF DEF. COLLINS & AIKMAN
PRODUCTS, LLC (2:14-cv-00595-WBS-EFB)

**ER-518**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

**CALIFORNIA DEPARTMENT OF TOXIC
SUBSTANCES CONTROL, ET AL. ,**

V.                           **SUMMONS IN A CIVIL CASE**

**JIM DOBBAS, INC., ET AL. ,**

CASE NO:  **2:14–CV–00595–WBS–EFB**

   TO:  **Collins & Aikman Products, LLC;
Continental Rail, Inc.; Pacific Wood Preserving;
David Van Over**
Defendant's Address:

   **YOU ARE HEREBY SUMMONED** and required to serve on

**Jennifer Hartman King
King Williams & Gleason LLP
520 Capitol Mall, Suite 750
Sacramento, CA 95814**

an answer to the complaint which is served on you with this summons, within **21** days after
service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by
default will be taken against you for the relief demanded in the complaint.  Any answer that you serve
on the parties to this action must be filed with the Clerk of this Court within a reasonable period
of time after service.

**MARIANNE MATHERLY**

CLERK

**/s/  M. Marciel**



(By) DEPUTY CLERK                    **ER-519**         **ISSUED ON 2015–02–12 11:11:24.0**, Clerk
                                                              USDC EDCA

**RETURN OF SERVICE**

| Service of the Summons and complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER (*PRINT*) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____
_____

☐ Left copies thereof at the defendant's dwelling house or usual place of bode with a person of suitable age and discretion then residing therein.

☐ Name of person with whom the summons and complaint were left:_____

☐ Returned unexecuted:_____
_____
_____

☐ Other (specify) :_____
_____
_____

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on        _____          _____
                              Date                                        *Signature of Server*

                                                         _____
                                                         *Address of Server*

**ER-521**

1   KAMALA D. HARRIS, State Bar No. 146672
    Attorney General of California
2   SARAH E. MORRISON, State Bar No. 143459
    Supervising Deputy Attorney General
3   THOMAS G. HELLER (Counsel for service)
    State Bar No. 162561
4   DENNIS L. BECK, JR., State Bar No. 179492
    Deputy Attorneys General
5     300 South Spring Street, Suite 1702
      Los Angeles, CA 90013
6     Telephone:  (213) 897-2628
      Fax:  (213) 897-2802
7     E-mail:  Thomas.Heller@doj.ca.gov
    *Attorneys for Plaintiffs California*
8   *Department of Toxic Substances Control and Toxic*
    *Substances Control Account*
9

10               IN THE UNITED STATES DISTRICT COURT

11             FOR THE EASTERN DISTRICT OF CALIFORNIA

12                       SACRAMENTO DIVISION

13

14  | **CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,** | 2:14-cv-00595-WBS-EFB |
15  |  | |
16  |  | **PROOF OF SERVICE OF SUMMONS, FIRST AMENDED COMPLAINT, AND RELATED DOCUMENTS ON DEFENDANT COLLINS & AIKMAN PRODUCTS, LLC** |
    | Plaintiffs, | |
17  |  | |
    | v. | |
18  |  | Trial:  January 4, 2017 |
    | **JIM DOBBAS, INC., a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; WEST COAST WOOD PRESERVING, LLC., a Nevada limited liability company; and COLLINS & AIKMAN PRODUCTS, LLC, a Delaware limited liability company,** | Action Filed: March 3, 2014 |
    | Defendants. | |
    | **AND RELATED COUNTERCLAIMS AND CROSS-CLAIMS** | |

                                1

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.  2:14-CV-00595-WBS-EFB

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*  Collins & Aikman Products, LLC

was received by me on *(date)*        12/16/2014         .

◻ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

◻ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☑ I served the summons on *(name of individual)*        Brian M. Rostocki, Esq., Partner/Counsel        , who is

designated by law to accept service of process on behalf of *(name of organization)*        Collins & Aikman Products,

LLC at 1201 Market Street, Suite 1500, Wilmington,     on *(date)*     12/18/2014     ; or
Delaware 19801 at 10:25 a.m. (EST)
◻ I returned the summons unexecuted because _____ ; or

◻ Other *(specify):*




My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true.


Date:    12/23/2014                          _____
                                                        *Server's signature*

                                   KEVIN S. DUNN, Not a Registered California Process Server
                                                        *Printed name and title*

                                            Ace Attorney Service, Inc.
                                   2500 Delaware Avenue, Wilmington, Delaware 19806-1220
                                   Telephone #: (800) 952-2288 / Fax #: (302) 239-0928
                                                        *Server's address*

Additional information regarding attempted service, etc:
In addition to the SUMMONS, the following documents were also served: 1) FIRST AMENDED COMPLAINT; 2)
ORDER RE: STATUS (PRETRIAL SCHEDULING) CONFERENCE; 3) NOTICE OF AVAILABILITY OF A
MAGISTRATE JUDGE TO EXERCISE JURISDICTION AND APPEAL INSTRUCTIONS; 4) NOTICE OF
AVAILABILITY VOLUNTARY DISPUTE RESOLUTION; 5) STATUS (PRETRIAL SCHEDULING) ORDER; 6) ORDER
7) LETTER ADDRESSED TO BRIAN M. ROSTOCKI dated December 16, 2014

CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES, etc. v. JIM DOBBAS, INC., etc.; et al.                    #1169067KS

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

**CALIFORNIA DEPARTMENT OF TOXIC
SUBSTANCES CONTROL, ET AL. ,**

V.                              **SUMMONS IN A CIVIL CASE**

**JIM DOBBAS, INC., ET AL. ,**

CASE NO:  **2:14–CV–00595–WBS–EFB**

TO:  **Collins & Aikman Products, LLC**
Defendant's Address:

**YOU ARE HEREBY SUMMONED** and required to serve on

**Thomas Gerald Heller
State of California, Office of the Attorney General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013**

an answer to the complaint which is served on you with this summons, within **21** days after
service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by
default will be taken against you for the relief demanded in the complaint.  Any answer that you serve
on the parties to this action must be filed with the Clerk of this Court within a reasonable period
of time after service.

**MARIANNE MATHERLY**
CLERK

**/s/  M. Verduzco**

(By) DEPUTY CLERK



**ISSUED ON 2014–12–12 09:54:06.0**, Clerk
USDC EDCA

**RETURN OF SERVICE**

| Service of the Summons and complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of bode with a person of suitable age and discretion then residing therein.

☐ Name of person with whom the summons and complaint were left:_____

☐ Returned unexecuted:_____

_____

_____

☐ Other (specify) :_____

_____

_____

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

**DECLARATION OF SERVER**

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on      _____      _____

                        Date                          *Signature of Server*

                                               _____

                                               *Address of Server*

1   KAMALA D. HARRIS, State Bar No. 146672
    Attorney General of California
2   SARAH E. MORRISON, State Bar No. 143459
    Supervising Deputy Attorney General
3   THOMAS G. HELLER (Counsel for service)
    State Bar No. 162561
4   DENNIS L. BECK, JR., State Bar No. 179492
    Deputy Attorneys General
5    300 South Spring Street, Suite 1702
     Los Angeles, CA 90013
6   Telephone:  (213) 897-2628
    Fax:  (213) 897-2802
7   E-mail:  Thomas.Heller@doj.ca.gov
    *Attorneys for the California Department of Toxic*
8   *Substances Control and the Toxic Substances*
    *Control Account*
9

10

11                  IN THE UNITED STATES DISTRICT COURT

12                 FOR THE EASTERN DISTRICT OF CALIFORNIA

13                          SACRAMENTO DIVISION

14

15

16   **CALIFORNIA DEPARTMENT OF TOXIC**      Case No.
     **SUBSTANCES CONTROL and the TOXIC**
17   **SUBSTANCES CONTROL ACCOUNT,**         **FIRST AMENDED COMPLAINT FOR**
                                             **RECOVERY OF RESPONSE COSTS;**
18                            Plaintiffs,    **DECLARATORY RELIEF;**
                                             **INJUNCTIVE RELIEF; TREBLE**
19        v.                                 **DAMAGES; AND CIVIL PENALTIES**

20                                           **(Comprehensive Environmental Response,**
     **JIM DOBBAS, INC., a California**      **Compensation, and Liability Act**
21   **corporation; CONTINENTAL RAIL, INC.,** **("CERCLA"), 42 U.S.C. § 9607(a) and**
     **a Delaware corporation; DAVID VAN**   **9613(g)(2), and supplemental state law**
22   **OVER, individually; PACIFIC WOOD**    **claims)**
     **PRESERVING, a dissolved California**
23   **corporation; WEST COAST WOOD**
     **PRESERVING, LLC,  a Nevada limited**
24   **liability company, and COLLINS &**
     **AIKMAN PRODUCTS, LLC, a Delaware**
25   **limited liability company,**

26                            Defendants.

27

28
                                      1

1       Plaintiffs, the California Department of Toxic Substances Control ("Department") and the

2 Toxic Substances Control Account (together "Plaintiffs"), allege as follows:

3 **JURISDICTION**

4     1.   This Court has jurisdiction under 28 U.S.C. sections 1331 and 1367, and under

5 section 113(b) of the Comprehensive Environmental Response, Compensation, and Liability Act

6 ("CERCLA"), 42 U.S.C. section 9613(b).

7 **VENUE**

8     2.   Venue is proper in this district under 42 U.S.C. section 9613(b) and 28 U.S.C. section

9 1391(b), because the releases and threatened releases of hazardous substances into the

10 environment that are at issue occurred in this judicial district.

11 **INTRA-DISTRICT ASSIGNMENT**

12     3.   Under Local Rule 120(d), Plaintiffs are filing this action in the Sacramento Division

13 of the Eastern District because it arose in Solano County.

14 **STATEMENT OF THE ACTION**

15     4.   Plaintiffs make a claim against Defendants under section 107(a) of CERCLA, 42

16 U.S.C. section 9607(a), for the recovery of response costs and interest on such response costs that

17 Plaintiffs have incurred in connection with releases and threatened releases of hazardous

18 substances, including arsenic, chromium, and copper, at, beneath, and/or from the approximately

19 7.5 acre property located northwest of the intersection of A Street and Holdener Road  in the

20 community of Elmira, Solano County, California.  The property has a street address of 147 A

21 Street, Elmira, California 95625, and is identified by Solano County Assessor's Parcel Number(s)

22 142-010-130, 142-010-140, and 142-042-010.  The property, and the areal extent of the hazardous

23 substances contamination that is, or has been, present at or has extended from the property, are

24 referred to herein as "the Site."

25     5.   Plaintiffs further make a claim for declaratory relief, under 28 U.S.C. section 2201

26 and section 113(g)(2) of CERCLA, 42 U.S.C. section 9613(g)(2), for a declaratory judgment that

27 each of the Defendants is jointly and severally liable to Plaintiffs  for future response costs

28

2

**ER-527**

1    incurred by the Plaintiffs in responding to releases and threatened releases of hazardous

2    substances at, beneath, and/or from the Site.

3         6.   Plaintiffs also seek injunctive relief, treble damages, and civil penalties against

4    certain Defendants pursuant to a supplemental state law claim under Chapter 6.8 of Division 20

5    of the California Health and Safety Code, for the Defendants' failure to comply with an Imminent

6    or Substantial Endangerment Determination Order and Remedial Action Order that the

7    Department issued to those Defendants, concerning the releases and threatened releases of

8    hazardous substances referenced above.

9                                   **PLAINTIFFS**

10        7.   The Department is a public agency of the State of California, organized and existing

11   under California Health and Safety Code section 58000 et seq.  The Department is responsible

12   under state law for determining whether there has been a release and/or threatened release of a

13   hazardous substance into the environment and for responding to releases and/or threatened

14   releases of a hazardous substance into the environment.

15        8.   The Toxic Substances Control Account is an account within the State of California

16   General Fund.  California Health and Safety Code section 25173.6 establishes the account, and

17   the director of the Department administers it.  Under California Health and Safety Code section

18   25361(a), the account shall be a party in any action for recovery of response costs or expenditures

19   incurred from the account under Chapter 6.8 of Division 20 of the California Health and Safety

20   Code.

21                                   **DEFENDANTS**

22        9.   Defendant Jim Dobbas, Inc. ("Dobbas") is a California corporation, with its principal

23   place of business in Placer County, California.  It owned an undivided fifty percent interest in the

24   Site from on or about March 20, 1997 to on or about February 11, 2011, and conducted business

25   operations there during all or part of that time.

26        10.  Defendant Continental Rail, Inc. ("CRI") is a Delaware corporation.  Under Delaware

27   Code, title 8, section 510, its charter is presently void, and all powers conferred by Delaware law

28   on the corporation are presently inoperative.  It owned an undivided fifty percent interest in the

                                         3

1    Site from on or about March 20, 1997 to on or about February 11, 2011, and conducted business

2    operations there during all or part of that time.

3          11.   Defendant David van Over ("Van Over") is a citizen of California residing in Solano

4    County, California.  He currently owns and operates the Site.

5          12.   Defendant Pacific Wood Preserving ("PWP") is a dissolved California corporation.  It

6    conducted business operations at the Site from about 1972 to on or about September 12, 1979,

7    and owned it from 1977 to on or about September 12, 1979.

8          13.   Defendant West Coast Wood Preserving, LLC ("West Coast Wood") is a Nevada

9    limited liability company, with its principal place of business in Kern County, California.  It is a

10   successor to Defendant PWP, as evidenced by the following facts:

11         •     PWP was incorporated in 1972.

12         •     The sole or primary shareholder of PWP was non-party Richard F. Jackson

13               (deceased March 2012).

14         •     Mr. Jackson elected to wind up and dissolve PWP on or about December 30,

15               1979.

16         •     Before PWP's dissolution, Mr. Jackson caused the formation of what is now

17               West Coast Wood Preserving, LLC, which was originally organized as Pacific

18               Wood Preserving of Bakersfield Inc. ("PWP-Bakersfield"), in October 1978.

19         •     On information and belief, Mr. Jackson was the sole or primary shareholder of

20               PWP-Bakersfield until his death in March 2012, just as he was the sole or

21               primary shareholder of PWP.

22         •     Mr. Jackson was a director of both PWP and PWP-Bakersfield.

23         •     Mr. Jackson was the President of PWP during most of all of its corporate

24               existence, and was also the President of PWP-Bakersfield from at least

25               September 1980 until his death.

26         •     In 1979, PWP-Bakersfield (now West Coast Wood) started business operations

27               on  property that PWP owned in Bakersfield, California, and has operated at

28               that location through the present.

                                        4

- Since 1979, PWP-Bakersfield (now West Coast Wood) has engaged in substantially the same wood preserving business at a facility in Bakersfield, California as PWP conducted at the Site in Elmira, California until 1979.

- PWP conveyed its Bakersfield, California property directly to PWP-Bakersfield in September 1981 for unknown consideration.

- PWP's transfer of its Bakersfield, California property to PWP-Bakersfield occurred almost two years *after* PWP certified that it had dissolved.

- PWP-Bakersfield (now West Coast Wood), which incorporated in October 1978, has stated in company brochures and elsewhere that it has operated since 1972, the year of PWP's incorporation.

- PWP-Bakersfield (West Coast Wood) has stated on its website that the proceeds from PWP's sale of the assets of its facility in Elmira, California were used to start the PWP-Bakersfield facility in Bakersfield, California.

- On or about November 19, 2013, PWP-Bakersfield filed Articles of Conversion with the Nevada Secretary of State that provided for the conversion of PWP-Bakersfield to West Coast Wood.

- The Articles of Conversion attached a plan of conversion stating that all debts, liabilities, and obligations of PWP-Bakersfield "shall be assumed and continue as debts, liabilities, and obligations" of West Coast Wood.

14.  Defendant Collins & Aikman Products, LLC (C&A Products LLC) is a Delaware limited liability company.  A Certificate of Cancellation for Defendant C&A Products LLC was filed with the Delaware Secretary of State on or about August 28, 2013.  On November 13, 2014, Plaintiffs petitioned the Delaware Court of Chancery for appointment of a receiver for the company under 6 Delaware Code § 18-805.  Plaintiffs will file this First Amended Complaint following the Delaware Court of Chancery's grant of relief on that petition.

15.  According to records of the Delaware Secretary of State, Defendant C&A Products LLC was formed on or about December 6, 2007, as a conversion of the Delaware corporation Collins & Aikman Products Co.  Collins & Aikman Products Co. was the successor by merger to

5

1    the Delaware corporation Collins & Aikman Group, Inc.  Collins & Aikman Group, Inc. was

2    formerly known as Wickes Companies, Inc., and before that, The Wickes Corporation

3    (hereinafter Wickes).

4         16.  On or about September 12, 1979, Wickes purchased the Site, and conducted business

5    operations at the Site until approximately 1982.  Wickes and its successor Collins & Aikman

6    Products Co. (which is now Defendant C&A Products LLC) also continued to own the Site until

7    on or about March 20, 1997.

8                                **GENERAL ALLEGATIONS**

9         17.  Defendant PWP conducted wood preserving operations at the Site from

10   approximately 1972 through on or about September 12, 1979.

11        18.  From on or about September 12, 1979 through approximately 1982, Wickes

12   conducted wood preserving operations at the Site.

13        19.  At various times since 1972, hazardous substances within the definition of section

14   101(14) of CERCLA, 42 U.S.C. section 9601(14), were released into the environment at and from

15   the Site within the meaning of section 101(22) of CERCLA, 42 U.S.C. section 9601(22).  These

16   hazardous substances included arsenic, chromium, and copper, which were constituents of wood

17   preserving chemicals used at the Site.

18        20.  From the 1980's through 2005, Wickes and its successor Collins & Aikman Products

19   Co. took various actions under oversight of the Department and its predecessor agency to address

20   environmental contamination at, around, and/or beneath the Site.  Those actions included, among

21   other things, soil excavation, installing an asphalt cap over contaminated soils, constructing a

22   building and a drainage system over another contaminated area of the Site, installing and

23   operating a groundwater extraction and treatment system, and groundwater monitoring.

24        21.  On or about October 27, 1995, the Department and Collins & Aikman Products Co.

25   recorded a Covenant to Restrict Use of Property ("Land Use Covenant") concerning the Site

26   under California Health and Safety Code sections 25355.5 and 25356.1 that restricted the

27   permissible uses of the Site based on environmental conditions there.  A copy of the Land Use

28   Covenant is attached as Exhibit A and incorporated by this reference.

6

FIRST AMENDED COMPLAINT

1    22.  On or about March 20, 1997, Collins & Aikman Products Co. sold the Site to

2    Defendants Dobbas and CRI, while continuing to take actions to address environmental

3    contamination at, around, and/or beneath the Site.

4    23.  On or about May 17, 2005, Collins & Aikman Products Co. filed a Chapter 11

5    petition in the United States Bankruptcy Court for the Eastern District of Michigan, Case No. 05-

6    55932.  That bankruptcy case was jointly administered with the bankruptcy cases of numerous

7    other debtors under Case No. 05-55927.

8    24.  In  July or August 2005, while in Chapter 11 bankruptcy proceedings, Collins &

9    Aikman Products Co. stopped operating the groundwater extraction and treatment system, and

10   stopped taking other action to address contamination at, around, and/or beneath the Site.  The

11   Department was verbally notified that Collins & Aikman Products Co. had stopped operating the

12   groundwater extraction and treatment system in early November 2005.

13   25.  In 2006, the Department requested that Defendants Dobbas and CRI, the then-owners

14   and operators of the Site, resume such actions to address contamination.

15   26.  In July 2007, the bankruptcy court for Collins & Aikman Products Co. preserved the

16   Department's ability to sue Collins & Aikman Products Co. in state or federal court in the future,

17   and obtain a judgment against the company to allow the Department to pursue a direct action

18   against the company's past insurers concerning the Site.  Copies of the stipulation containing

19   these terms, and the bankruptcy court's order approving it, are attached as Exhibits B and C,

20   respectively.  The bankruptcy court ordered that the automatic stay and injunction under the

21   confirmed plan of reorganization for Collins & Aikman Products Co. and other debtors be

22   modified to permit the Department to prosecute legal or administrative actions against the debtors

23   with respect to the Site, up to and including the entry of judgment against the debtors, provided

24   that no such judgment may be collected against the debtors, the trusts created under the confirmed

25   plan, and each of their respective officers, directors, employees, agents and attorneys.

26   Furthermore, the bankruptcy court ordered that the Department may file actions to establish

27   liability and to seek recovery of debtors' insurance proceeds in any non-bankruptcy forums,

28   whether administrative, or in state or federal court, including in California, and none of the

7

1   debtors could object on the ground that such action is barred by the bankruptcy.  Ex. B at 6-8, ¶¶

2   6-11; Ex. C at 60, ¶ 114.

3       27.  In December 2007, Defendant Dobbas agreed to perform certain actions at the Site,

4   which included limited maintenance of the asphalt cap and repair of a roof drainage system for a

5   building over an area that was a source of contamination at the Site.  However, Defendants

6   Dobbas and CRI failed and refused to perform most of the actions formerly conducted by C&A

7   Products to address contamination at, around, and/or beneath the Site.

8       28.  On or about October 16, 2008, CRI filed a Chapter 7 petition in the United States

9   Bankruptcy Court for the Eastern District of California (Sacramento), Case No. 08-34986 (closed

10  December 7, 2010).

11      29.  In July 2010, the Department finalized a Removal Action Workplan for the Site that

12  called for contaminated soil excavation, off-site disposal, backfilling, confirmation sampling,

13  demolition of the groundwater extraction and treatment system, and long-term groundwater

14  monitoring.

15      30.  On or about February 11, 2011, Defendants Dobbas and CRI sold the Site to

16  Defendant Van Over for $2.00.

17      31.  On March 16, 2011, the Department issued an Imminent or Substantial Endangerment

18  Determination Order and Remedial Action Order ("I/SE Order") ordering Defendants Dobbas,

19  CRI, and Van Over to conduct the actions described in the Removal Action Workplan, and to

20  take other response actions.  A copy of the I/SE Order is attached as Exhibit D and incorporated

21  by this reference.

22      32.  Defendants Dobbas, CRI, and Van Over failed to complete the actions described in

23  the Removal Action Workplan, and to take other response actions described in the I/SE Order.

24      33.  Based on the above, from November 2005 to the present, the Department has taken

25  "response" actions of the Site, as that term is defined in section 101(25) of CERCLA, 42 U.S.C.

26  section 9601(25), related the release and/or threatened release of hazardous substances at the Site.

27  The response actions included, inter alia, efforts to repair and restart the groundwater extraction

28  and treatment system, completion of a remedial investigation for site soils, preparation of the

8

FIRST AMENDED COMPLAINT

1    Removal Action Workplan, implementation of the Removal Action Workplan in October and

2    November 2011, groundwater monitoring, and other tasks.

3         34.  As a result of taking response actions at the Site, Plaintiffs have incurred response

4    costs related to the release and/or threatened release of hazardous substances at, around, and/or

5    beneath the Site.

6         35.  Plaintiffs' unpaid costs related to the Site from November 2005 through September

7    2013 total $2,202,176.92, exclusive of interest.

8         36.  Plaintiffs have incurred and expect to continue to incur additional response costs

9    related to the release and/or threatened release of hazardous substances at, beneath, and/or from

10   the Site.

11                                **FIRST CLAIM FOR RELIEF**

12                        (Claim for Recovery of Response Costs Pursuant to

13                      Section 107(a) of CERCLA, 42 U.S.C. § 9607(a))

14                                (Against All Defendants)

15        37.  Plaintiffs incorporate the allegations in each of the preceding paragraphs as though

16   fully set forth herein.

17        38.  The Site is a "facility" within the meaning of section 101(9) of CERCLA, 42 U.S.C.

18   section 9601(9).

19        39.  Each Defendant is a "person," within the meaning of section 101(21) of CERCLA, 42

20   U.S.C. section 9601(21).

21        40.  The Department is a "State" for purposes of recovery of response costs under section

22   107(a) of CERCLA, 42 U.S.C. section 9607(a).  Under this section, the Department may also

23   recover interest on response costs incurred.

24        41.  Each of the Defendants is an "owner" and/or "operator" of the Site, or was an

25   "owner" and/or "operator" of the Site "at the time of disposal of a[] hazardous substance" there,

26   as those terms are used in section 107(a) of CERCLA, 42 U.S.C. section 9607(a).

27        42.  Plaintiffs have incurred costs in responding to the release or threatened release of

28   hazardous substances at or from the Site in a manner that satisfies the requirements of Section

                                               9

107(a)(4) of CERCLA, 42 U.S.C. section 9607(a)(4), in that the costs arose from activities that are not, and have not been, inconsistent with the applicable requirements of the National Contingency Plan, 40 C.F.R. Part 300.

43.   Each of the Defendants is jointly and severally liable, without regard to fault, under section 107(a) of CERCLA, 42 U.S.C. section 9607(a), for Plaintiffs' costs incurred in response to the release or threatened release of hazardous substances at or from the Site.

## SECOND CLAIM FOR RELIEF

(Declaratory Relief Pursuant to Section 113(g)(2) of

CERCLA, 42 U.S.C. § 9613(g)(2))

(Against All Defendants)

44.  Plaintiffs incorporate the allegations of each of the preceding paragraphs as though fully set forth herein.

45.   Under section 113(g)(2) of CERCLA, 42 U.S.C. section 9613(g)(2), Plaintiffs are entitled to a declaratory judgment that each of the Defendants is jointly and severally liable in any subsequent action or actions by the Plaintiffs to recover any further costs incurred in response to the release and/or threatened release of hazardous substances into the environment at or from the Site.

## THIRD CLAIM FOR RELIEF

(Failure and Refusal to Comply with Imminent or Substantial Determination Order

and Remedial Action Order – California Health and Safety Code sections

25355.5, 25358.3, 25359, 25359.2, 25367)

(Against Defendants Dobbas, CRI, and Van Over)

46.  Plaintiffs incorporate the allegations of each of the preceding paragraphs as though fully set forth herein.

47.  The Department issued the I/SE Order to Defendants Dobbas, CRI, and Van Over under, inter alia, Chapter 6.8 of Division 20 of the California Health and Safety Code, specifically sections 25355.5 and 25358.3.

10

48.  California Health and Safety Code section 25358.3(f) provides that upon the failure of any person to comply with any order issued under sections 25355.5 or 25358.3, the director may request the Attorney General to petition for the issuance of a temporary restraining order or preliminary or permanent injunction requiring that person to comply with the order.

49.  California Health and Safety Code 25359(a) provides that any person liable for a release or threatened release of hazardous substances who "fails, without sufficient cause…to properly provide a removal or remedial action upon order of the director…pursuant to Section 25358.3," is liable for "damages equal to three times the…costs incurred by the state account…as a result of the failure to take proper action."  The referenced "state account" is Plaintiff Toxic Substances Control Account.

50.  California Health and Safety Code section 25359.2 provides that any person who does not comply with an order under section 25355.5 or 25358.3 without sufficient cause shall be subject to a civil penalty of not more than twenty-five thousand dollars ($25,000) for each day of noncompliance.

51.  California Health and Safety Code section 25367(c) provides that any person who refuses, without sufficient cause, any activity authorized under section 25358.1 or 25358.3 is subject to a civil penalty not to exceed twenty-five thousand dollars ($25,000) for each separate violation, or for each day of a continuing violation.

52.  Defendants Dobbas, CRI, and Van Over have failed and refused, without sufficient cause, to comply with the I/SE Order, including, without limitation, as follows:

- Defendants failed and refused to restore groundwater monitoring at the Site, as specified in section 5.1 of the I/SE Order.
- Defendants failed and refused to implement the Removal Action Workplan for the Site, as specified in section 5.2 of the I/SE Order.
- Defendants failed and refused to conduct operation and maintenance activities, including maintenance of the asphalt cap, as specified in section 5.4 of the I/SE Order.

11

1       •   Defendants failed and refused to demonstrate and maintain financial assurance

2       for operation and maintenance and monitoring, as specified in section 5.9 of the

3       I/SE Order.

4       •   Defendant Van Over has used and is using the Site as a residence, in violation

5       of section 5.3 of the I/SE Order and the Land Use Covenant.

6       53.  Plaintiffs have incurred costs as a result of the failure of Defendants Dobbas, CRI,

7 and Van Over to take proper action as directed in the I/SE Order.

8       54.  The director of the Department has requested the Attorney General to petition for

9 injunctive and other relief concerning the failure and refusal of Defendants Dobbas, CRI, and Van

10 Over to comply with the I/SE Order.

11 **PRAYER FOR RELIEF**

12       Plaintiffs pray for relief as follows:

13       A.   For a judgment that each Defendant is jointly and severally liable without regard to

14 fault to the Department under section 107(a) of CERCLA, 42 U.S.C. section 9607(a), for all

15 response costs incurred by the Plaintiffs as a result of the release and threatened release of

16 hazardous substances from the Site, in an amount to be proven at trial, but at least $2,202,176.92;

17       B.   For interest on the above sums from each Defendant as provided under section 107(a)

18 of CERCLA, 42 U.S.C. section 9607(a);

19       C.   For a declaratory judgment that each Defendant is jointly and severally liable without

20 regard to fault to the Plaintiffs under section 113(g)(2) of CERCLA, 42 U.S.C. section 9613(g)(2),

21 for all future response costs incurred by the Plaintiffs as a result of the release and threatened

22 release of hazardous substances at and/or from the Site;

23       D.   For an injunction ordering Defendants Jim Dobbas, Inc., Continental Rail, Inc., and

24 David van Over to comply with the I/SE Order, including, without limitation, by performing

25 groundwater monitoring and operation and maintenance activities, including asphalt cap

26 maintenance, as required by the I/SE Order, and by obtaining financial assurance as required by

27 that order;

28

**ER-537**

FIRST AMENDED COMPLAINT

1      E.    For an injunction ordering Defendant David van Over to stop using the Site as a

2  residence, in violation of the I/SE Order and the Land Use Covenant;

3      F.    For treble damages against Defendants Jim Dobbas, Inc., Continental Rail, Inc., and

4  David van Over under California Health and Safety Code section 25359, in an amount to be

5  proven at trial;

6      G.    For civil penalties against Defendants Jim Dobbas, Inc., Continental Rail, Inc., and

7  David van Over under California Health and Safety Code sections 25359.2 and/or 25367, in an

8  amount to be proven at trial;

9      H.    For enforcement costs against each Defendant, including costs of this suit and

10  attorneys' fees; and

11      I.    For all other relief the Court deems just and appropriate.

12

13  Dated:  November 14, 2014            Respectfully submitted,

14                 KAMALA D. HARRIS
               Attorney General of California

15                 SARAH E. MORRISON

16                 Supervising Deputy Attorney General

17                 /s/ Thomas G. Heller

18                 THOMAS G. HELLER
               DENNIS L. BECK, JR.

19                 Deputy Attorneys General

20                 *Attorneys for the California Department of*
               *Toxic Substances Control and the Toxic*

21                 *Substances Control Account*

22

23

24

25

26

27

28

13

ER-538

FIRST AMENDED COMPLAINT

Exhibit A

```
                    1995-00068154
                    Recorded By:           03  RecFee
                    COLLINS & AIKMAN           SurMon
                                               NoPCOR
                    Official Records          DTTax
                    County of Solano          Free    $. 0
                    Robert Blechschmidt       OvrSht
                    Assessor/Recorder
```

Recording requested by:
Collins & Aikman Products Co.
701 McCullough Drive                    14:36   27-OCT-95   AR16   11   Pgs
Charlotte, North Carolina 28262

When recorded, mail to:
Department of Toxic Substances Control
Region 1
10151 Croydon Way, Suite 3
Sacramento, California 95827
Attention: James L. Tjosvold

**COVENANT**
**TO RESTRICT USE OF PROPERTY**


Wickes Forest Industries
Elmira, Solano County, California

--------------------------------------------------------------

This Covenant and Agreement ("Covenant") is made on
this __27th__ day of __October__, 1995, by Collins & Aikman Products
Co. ("Covenantor"), a Delaware corporation, which is the owner of
record of certain real property situated at 147 A Street in the
City of Elmira, County of Solano, State of California, described in
Exhibit "A" attached hereto and incorporated herein by this
reference ("the Property") and the California Department of Toxic
Substances Control ("DTSC"), with reference to the following facts:

A.    The Property is the real property known as Wickes Forest
Industries, which has been contaminated.

B.    The Property was formerly used as a wood treatment
facility.  During the operational years, wood was treated with
preservative solutions containing arsenic, chromium, and copper.
These metals have contaminated the soils.  Arsenic is highly toxic
by ingestion and inhalation and is a known carcinogen.  Higher
concentrations of copper can be toxic to humans, and aquatic life
is sensitive to lower concentrations.  The soils at the site exceed
local background concentrations for these metals.  Certain of the

1

soils have been left in place, and an asphalt cap has been constructed over the site to prevent direct human exposure and migration of the contamination.

     C.    Covenantor desires and intends that in order to protect the present or future public health and safety, and the environment, the Property shall be used in such a manner as to avoid any potential harm to persons or property which may result from contamination in place underneath the Property.

ARTICLE I

GENERAL PROVISIONS

     1.01 <u>Provisions To Run With The Land</u>.   This Covenant sets forth protective provisions, covenants, restrictions, and conditions, (collectively referred to as "Restrictions"), upon the Property and subject to which the Property shall be improved, held, used, occupied, leased, sold, hypothecated, encumbered, and/or conveyed. Each and all of the Restrictions shall run with the land and pass with each and every portion of the Property, and shall apply to and bind the respective successors in interest thereof. Each and all of the Restrictions are imposed upon the entire Property unless expressly stated as applicable to a specific portion of the Property.   Each and all of the Restrictions are imposed pursuant to Sections 25355.5 and 25356.1 of the California Health and Safety Code (H&SC) and run with the land pursuant to Section 25230(a)(1) of the California H&SC.   Each and all of the Restrictions are enforceable by DTSC and its successor agencies, if any.

     1.02 <u>Concurrence of Owners Presumed</u>.  All purchasers, lessees, or possessors of the Property shall be deemed by their purchase, leasing, or possession of such Property, to be in accord with the foregoing and to agree for and among themselves, their heirs, successors and assignees, and the agents, employees, and lessees of such owners, heirs, successors, and assignees,  that their interests in the Property will be subject to the Restrictions contained herein.

2

1.03 <u>Incorporation Into Deeds and Leases</u>. Covenantor desires and covenants, and all purchasers, lessees or possessors shall be deemed to have covenanted, that the Restrictions set out herein shall be incorporated by reference in each and all deeds and leases of the Property.

### ARTICLE II
### DEFINITIONS

2.01 <u>DTSC</u>. "DTSC" shall mean the California Department of Toxic Substances Control and shall include its successor agencies, if any.

2.02 <u>Improvements</u>. "Improvements" shall mean all buildings, structures, roads, driveways, regrading, landscaping, bodies of water, park and playground improvements, and paved parking areas, constructed or placed upon any portion of the Property.

2.03 <u>Occupants</u>. "Occupants" shall mean those persons entitled by ownership, leasehold, or other legal relationship to the exclusive right to occupy any portion of the Property.

2.04 <u>Owner</u>. "Owner" shall mean the Covenantor, its successors in interest, and their successors in interest, including heirs, and assigns, who at any time hold title to all or any portion of the Property.

2.05 "Final Cap" shall mean the combination of materials that covers the site to reduce infiltration of surface water and limit human exposure to contaminated soil.

2.06 "Excavation" shall mean the excavation of soil below the final cap that covers the Property.

2.07 "Hazardous materials" shall have the meaning set forth in California Code of Regulations, Title 22, Section 66260.10.

### ARTICLE III
### DEVELOPMENT, USE, AND CONVEYANCE OF THE PROPERTY

3.01 <u>Restrictions on Use</u>. Every Owner and Occupant promises to restrict the use of the Property described in Exhibit "A" as follows:

3



(A)   The Property at 147 A Street shall not be used for residences,
hospitals, schools for persons under age 21, day-care centers or
any permanently occupied human habitation, including hotels or
motels which are used as a permanent residence by employees,
without the prior written approval of DTSC.

(B)   Except as specified in subsection (D), no use of the Property
shall disturb the integrity of the final cap over the Property as
described in Exhibit "A", unless the Covenantor, owner, occupant or
lessee can demonstrate to DTSC that the disturbance of the final
cap is necessary to the proposed use of the Property and will not
increase to an unacceptable level any potential reasonable hazard
to the public health and safety or the environment, or is necessary
to reduce an imminent threat to the public health and safety or the
environment, and DTSC approves such a use in writing.

(C)   The Covenantor, owner, occupant, or lessee may obtain DTSC
approvals as provided in subsection (A) and (B) of this paragraph
without instituting the variance provisions of Section 4.01.

(D)   The final cap may be disturbed for the purpose of performing
emergency repairs, routine periodic maintenance or planned
construction, if the final cap is restored to its original
condition upon completion of such work.   The Covenantor shall
notify DTSC of emergency repairs, or planned construction on the
property where the final cap has been disturbed not later than two
business days after such repairs are begun. Upon completion of the
emergency repairs or planned construction, the owner or occupant
shall provide DTSC with all documentation requested by DTSC to
establish that the final cap has been restored to an equivalent
condition.

3.02 Conveyance of Property.   The Owner or Owners and the
Occupants shall provide a thirty (30) day advance notice to DTSC of
any sale, lease, or other conveyance of the Property or an interest
in the Property to a third person.   DTSC shall not, by reason of
this Covenant, have authority to approve, disapprove, or otherwise
affect any sale, lease, or other conveyance of the Property or any

4

interest in it except as otherwise provided by law or by reason of this Covenant.

3.03 <u>Enforcement</u>.   Failure of an Owner to comply with any of the requirements, as set forth in Paragraph 3.01, shall be grounds for DTSC, by reason of this Covenant, to have the authority to require that the Owner modify or remove any Improvements constructed in violation of that paragraph.   Violation of the Covenant shall be grounds for DTSC to file an action against the Owner as provided by law, including but not limited to the provisions of Chapter 6.5 and 6.8, Division 20 of the H&SC.

3.04 <u>Notice in Agreements</u>.   The Covenantor shall provide a notice to all Owners and Occupants that shall accompany all purchase, lease, sublease, or rental agreements relating to the Property by supplying a copy of this Agreement.   In this way all Owners and Occupants shall be aware of the following statement:

> "The land described herein contains hazardous substances. Such condition renders the land and the owner, lessee, or other possessor of the land subject to requirements, restrictions, provisions, and liabilities contained in Chapter 6.5 and Chapter 6.8 of Division 20 of the Health and Safety Code.   This statement is not a declaration that a hazard exists."

## ARTICLE IV
### VARIANCE AND TERMINATION

4.01 <u>Variance</u>.   Any Owner or, subject to the prior written consent of the Owner, any Occupant of the Property or a portion thereof may apply to DTSC for a written variance from the provisions of this Covenant.   Such application shall be made in accordance with Section 25233 of the California H&SC.

4.02 <u>Termination</u>.   Any Owner or, subject to the prior written consent of the Owner, an Occupant of the Property or a portion thereof may apply to DTSC for a termination of the Restrictions as they apply to all or any portion of the Property.   Such application

5

shall be made in accordance with Section 25234 of the California
H&SC.

4.03 <u>Term</u>. Unless terminated in accordance with paragraph
4.02 above, by law or otherwise, this Covenant shall continue in
effect in perpetuity.

ARTICLE V

MISCELLANEOUS

5.01 <u>No Dedication Intended</u>. Nothing set forth herein shall
be construed to be a gift or dedication, or offer of a gift or
dedication, of the Property to the general public or for any
purposes whatsoever.

5.02 <u>Notices</u>. Whenever any person gives or serves any notice,
demand, or other communication with respect to this Covenant, each
such notice, demand, or other communication shall be in writing and
shall be deemed effective (1) when delivered, if personally
delivered to the person being served or to an officer of a
corporate party being served, or (2) three business days after
deposit in the mail if mailed by United States mail, postage paid,
certified, return receipt requested to the record Owner. Notices
shall be sent to:

> Collins & Aikman Products Co
> Real Estate Department
> 701 McCullough Drive
> Post Office Box 32665
> Charlotte, North Carolina 28232
> Attention:  Bettie Coltrane
> (704) 548-2369
> (704) 548-2300 FAX

and

> Collins & Aikman Products Co.
> Legal Department
> Post Office Box 32665
> Charlotte, North Carolina 28232
> Attention: John B. Orgain
> (704) 548-2353
> (704) 548-2010 FAX

6

In every case, a copy shall be sent to:

> Department of Toxic Substances Control
> Attention: James L. Tjsovold
> Region 1
> Acting Chief
> Central California Site Mitigation Branch
> 10151 Croydon Way, Suite 3
> Sacramento, California 95827
> (916) 255-3545
> (916) 255-3697 FAX

5.03  <u>Partial Invalidity</u>.     If   any   portion   of   the Restrictions or terms set forth herein are determined to be invalid for any reason, the remaining portions shall remain in full force and effect as if such portion had not been included herein.

5.04  <u>Article Headings</u>.  Headings at the beginning of each numbered article of this Covenant are solely for the convenience of the parties and are not a part of this Covenant.

5.05  <u>Recordation</u>.  This instrument shall be executed by the Covenantor, and by the Director, California Department of Toxic Substances Control.   This instrument shall be recorded by the Covenantor in the County of Solano within fourteen (14) days after the date of execution by both parties in accordance with the recording requirements of the California H&SC, Section 25230.

IN WITNESS WHEREOF, the parties execute this Covenant as of the date first set forth above.

Covenantor:    Collins & Aikman Products Co.
     By:        _John B. Organ_____
     Title:     _Senior Counsel_____
     Date:      _August 28, 1995_____

               DEPARTMENT OF TOXIC SUBSTANCES CONTROL
     By:        _James Dowell_____
     Title:     _Acting Branch Chief__
     Date:      _July 18, 1995_____

7

Order No. 40969

EXHIBIT "A"

The following described parcels of land are located within the County of
Solano, State of California.

PARCEL ONE

Beginning at the southeast corner of the Northwest One Quarter of Section
Nineteen (19) Township Six (6) North Range One (1) East, Mount Diablo
Base and Meridian; running thence North along the Quarter Section line
to the Southeasterly boundary of the right of way of the Southern Pacific
Railroad; thence Southwesterly along the southeasterly line of the right
of way of the Southern Pacific Railroad Company to the Quarter Section
line running East and West through said Section Nineteen (19); thence
East and along said Quarter Section line to the place of beginning.
EXCEPTING THEREFROM, however, all that certain real property as conveyed
by Eleanor B. Allison to Southern Pacific Railroad Company, a corporation,
by Deed dated May 10th, 1916, and recorded May 23rd, 1916 in Liber "226"
of Deeds, Page 104, thereof, and described as follows:  Beginning at the
point of intersection of the Southeasterly right of way line of the
Southern Pacific Railroad Company's railroad (as it now exists across
said Northwest Quarter of Section 19) with the east line of the Northwest
Quarter of Section 19, Township 6 North Range 1 East, Mount Diablo Base
and Meridian; thence Southwesterly along said Southeasterly right of way
line of the Southern Pacific Railroad Company, a distance of 506 feet to
a point; thence at a right angle Southeasterly 15 feet to a point;
thence at a right angle Northeasterly parallel to said right of way line
265 feet to a point; thence at a right angle Southeasterly 15 feet to a
point; thence at a right angle Northeasterly parallel to said right of
way line 200 feet to a point; thence at a right angle Northeasterly
parallel to said right of way line 200 feet to a point on the east line
of said Northwest Quarter of Section 19; thence North along said East
line of the Northwest Quarter of Section 19, a distance of 50.7 feet to
the point of beginning.

PARCEL TWO

Beginning at the intersection of the northerly line of Edwards Street
and the westerly line of "A" Street extended northerly; thence running
Westerly and along the northerly line of Edwards Street, One Hundred
Forty (140) feet, more or less, to the intersection of the easterly line
of the right of way of the Southern Pacific Railroad Company; thence
Northerly and along the easterly line of the right of way of the Southern
Pacific Railroad Company, One Hundred Ninety-One (191) feet more or less
to the southerly line of County Road Number Two Hundred Forty-Six (246)
sometimes also known as Binghampton Street; thence Easterly and along

CONTINUED

Order No. 40969

Exhibit "A" Cont'd. (Parcel Two)

the southerly line of County Road Number 246, to the intersection of the
westerly line of a street, extended Northerly; thence Southerly and
along the westerly line of a street, extended Northerly to the northerly
line of Edwards Street and the place of beginning.  All as said streets
herein referred to are laid down and designated on that certain map
entitled: "PLAN OF RESURVEY OF PORTION OF VACA STATION, PROPERTY OF
W. C. FARMER, SITUATED ON SOUTH WEST ONE QUARTER (S.W. 1/4) OF SECTION
NINETEEN (19) TOWNSHIP VI NORTH RANGE 1 EAST SOLANO COUNTY," surveyed by
E. H. Marshall, Deputy County Surveyor, April 8th, 1970 and now appearing
of record in Volume "1" of Maps, Page 44 thereof, Solano County Records.

PARCEL THREE

Beginning at the point of intersection of the westerly line of "A"
Street, extended Northerly, and the northerly line of County Road Number
246 (Holdener Road, formerly shown as Binghampton Street) in Elmira
Townsite, Solano County, California, which point bears North 0° 22' 08"
West, 30 feet and South 89° 55' 06" West, 397.80 feet from the southeast
corner of the Northwest One-Quarter of Section 19, T6N, R1W, M.D.B. & M.;
thence, from said point of beginning, along the northerly line of the
aforementioned Binghampton Street South 89° 55' 06" West, 171.67 feet to
the easterly right-of-way line of the Southern Pacific Railroad; thence
along said easterly right-of-way line South 34° 52' 51" West, 73.21 feet
to the southerly line of said Binghampton Street; thence, along said
southerly line, North 89° 55' 06" East, 171.67 feet to the westerly line
of the aforementioned "A" Street; thence along the prolongation of said
westerly line of "A" Street, North 34° 52' 51" East, 73.21 feet to the
point of beginning.

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**                    No. 5907

State of _CALIFORNIA_

County of _SACRAMENTO_

On _JULY 15, 1998_ before me, _DAVID HURLEY_,
         DATE                              NAME, TITLE OF OFFICER - E.G., "JANE DOE, NOTARY PUBLIC"

personally appeared _JAMES TJOSVOLD_,
                     NAME(S) OF SIGNER(S)

☐ personally known to me - **OR** - ☒ proved to me on the basis of satisfactory evidence
to be the person(s) whose name(s) is/are
subscribed to the within instrument and ac-
knowledged to me that he/she/they executed
the same in his/her/their authorized
capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s),
or the entity upon behalf of which the
person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____
       SIGNATURE OF NOTARY

[Notary seal: DAVID HURLEY / COMM. #1040651 / Notary Public-California / SACRAMENTO COUNTY / My Comm. Exp. Jan. 4, 1999]

══════════════ **OPTIONAL** ══════════════

Though the data below is not required by law, it may prove valuable to persons relying on the document and could prevent
fraudulent reattachment of this form.

**CAPACITY CLAIMED BY SIGNER**

☐ INDIVIDUAL
☐ CORPORATE OFFICER

_____
              TITLE(S)

☐ PARTNER(S)      ☐ LIMITED
                  ☐ GENERAL
☐ ATTORNEY-IN-FACT
☐ TRUSTEE(S)
☐ GUARDIAN/CONSERVATOR
☐ OTHER:_____
_____
_____

**SIGNER IS REPRESENTING:**
NAME OF PERSON(S) OR ENTITY(IES)
_____
_____

**DESCRIPTION OF ATTACHED DOCUMENT**

_____
TITLE OR TYPE OF DOCUMENT

_____
NUMBER OF PAGES

_____
DATE OF DOCUMENT

_____
SIGNER(S) OTHER THAN NAMED ABOVE

©1993 NATIONAL NOTARY ASSOCIATION • 8236 Remmet Ave., P.O. Box 7184 • Canoga Park, CA 91309-7184

STATE OF NORTH CAROLINA            )
                                   )
COUNTY OF MECKLENBURG              )

On August 28, 1995, before me the undersigned, a Notary Public in and for said state, personally appeared John B. Orgain, IV, personally known to me or proved to me on the basis of satisfactory evidence to be the person who executed the within instrument as Senior Counsel of Collins & Aikman Products Co., the corporation that executed the within instrument, and acknowledged to me that such corporation executed the same pursuant to its bylaws or a resolution of its Board of Directors.

WITNESS my hand and official seal.

Notary Public in and for said County
and State
MY COMMISSION EXPIRES JANUARY 31, 1998



This is certified to be an exact
reproduction of the filed record if
certification is imprinted in purple ink,
bearing date of issuance and an original
signature of the Assessor/Recorder or
deputy.
MARC C. TONNESEN
Solano County Assessor/Recorder

By _____ Deputy

Issue Date: 2/13/14

Copy No: 14-58766



Exhibit B

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                           ) Chapter 11
                                                 )
COLLINS & AIKMAN CORPORATION, et al.[1]          ) Case No. 05-55927 (SWR)
                                                 ) (Jointly Administered)
            Debtors.                             )
                                                 ) (Tax Identification #13-3489233)
                                                 )
                                                 ) Honorable Steven W. Rhodes

**STIPULATION REGARDING THE CLAIMS OF CALIFORNIA DEPARTMENT OF
TOXIC SUBSTANCES CONTROL AND THE CENTRAL VALLEY REGIONAL
WATER QUALITY CONTROL BOARD AND TO RESOLVE OBJECTIONS TO THE
FIRST AMENDED JOINT PLAN OF COLLINS & AIKMAN CORPORATION AND ITS
DEBTOR SUBSIDIARIES**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") and

the California Department of Toxic Substances Control ("DTSC") and the Central Valley

Regional Water Quality Control Board (the "Regional Water Board") (collectively, "California

Environmental Entities"),[2] each by and through their respective attorneys, stipulate and agree as

follows:

---

[1] The Debtors in the jointly administered cases include: Collins & Aikman Corporation; Amco Convertible Fabrics, Inc., Case No. 05-55949; Becker Group, LLC (d/b/a/ Collins & Aikman Premier Mold), Case No. 05-55977; Brut Plastics, Inc., Case No. 05-55957; Collins & Aikman (Gibraltar) Limited, Case No. 05-55989; Collins & Aikman Accessory Mats, Inc. (f/k/a the Akro Corporation), Case No. 05-55952; Collins & Aikman Asset Services, Inc., Case No. 05-55959; Collins & Aikman Automotive (Argentina), Inc. (f/k/a Textron Automotive (Argentina), Inc.), Case No. 05-55965; Collins & Aikman Automotive (Asia), Inc. (f/k/a Textron Automotive (Asia), Inc.), Case No. 05-55991; Collins & Aikman Automotive Exteriors, Inc. (f/k/a Textron Automotive Exteriors, Inc.), Case No. 05-55958; Collins & Aikman Automotive Interiors, Inc. (f/k/a Textron Automotive Interiors, Inc.), Case No. 05-55956; Collins & Aikman Automotive International, Inc., Case No. 05-55980; Collins & Aikman Automotive International Services, Inc. (f/k/a Textron Automotive International Services, Inc.), Case No. 05-55985; Collins & Aikman Automotive Mats, LLC, Case No. 05-55969; Collins & Aikman Automotive Overseas Investment, Inc. (f/k/a Textron Automotive Overseas Investment, Inc.), Case No. 05-55978; Collins & Aikman Automotive Services, LLC, Case No. 05-55981; Collins & Aikman Canada Domestic Holding Company, Case No. 05-55930; Collins & Aikman Carpet & Acoustics (MI), Inc., Case No. 05-55982; Collins & Aikman Carpet & Acoustics (TN), Inc., Case No. 05-55984; Collins & Aikman Development Company, Case No. 05-55943; Collins & Aikman Europe, Inc., Case No. 05-55971; Collins & Aikman Fabrics, Inc. (d/b/a Joan Automotive Industries, Inc.), Case No. 05-55963; Collins & Aikman Intellimold, Inc. (d/b/a M&C Advanced Processes, Inc.), Case No. 05-55976; Collins & Aikman Interiors, Inc., Case No. 05-55970; Collins & Aikman International Corporation, Case No. 05-55951; Collins & Aikman Plastics, Inc., Case No. 05-55960; Collins & Aikman Products Co., Case No. 05-55932; Collins & Aikman Properties, Inc., Case No. 05-55964; Comet Acoustics, Inc., Case No. 05-55972; CW Management Corporation, Case No. 05-55979; Dura Convertible Systems, Inc., Case No. 05-55942; Gamble Development Company, Case No. 05-55974; JPS Automotive, Inc. (d/b/a PACJ, Inc.), Case No. 05-55935; New Baltimore Holdings, LLC, Case No. 05-55992; Owosso Thermal Forming, LLC, Case No. 05-55946; Southwest Laminates, Inc. (d/b/a Southwest Fabric Laminators Inc.), Case No. 05-55948; Wickes Asset Management, Inc., Case No. 05-55962; and Wickes Manufacturing Company, Case No. 05-55968.

[2] DTSC and the Regional Water Board each make this special limited appearance subject to and without waiving sovereign immunity by such appearance.

K&E 11948221.9

DTSC, et al. v. Jim Dobbas, Inc., et al.
ER-553
AGO0000292

A.   WHEREAS, on May 17, 2005 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code").

B.   WHEREAS, the California Environmental Entities allege that before the Petition Date, the Debtors owned and/or operated a facility located in Elmira, California.

C.   WHEREAS, the California Environmental Entities allege that prior to the filing of the Debtors' chapter 11 cases (the "Chapter 11 Cases"), the Debtors performed remediation at the Elmira Site (as defined herein) pursuant to orders issued to them by, or agreements entered into with, DTSC, or its predecessor and the Regional Water Board.

D.   WHEREAS, on February 9, 2007, the Debtors filed their First Amended Joint Plan of Collins & Aikman Corporation and Its Debtor Subsidiaries (as may be amended from time to time, the "Plan").

E.   WHEREAS, DTSC and the Regional Water Board are environmental agencies of the State of California, and each of these agencies allege that it is authorized pursuant to state and federal statutes and regulations to protect the public welfare and environment of the State of California.

F.   WHEREAS, DTSC alleges that it regulates hazardous waste management in California and enforces laws related to the cleanup of hazardous substances in California's environment.

G.   WHEREAS, on January 10, 2006, DTSC filed a proof of claim alleging claims for pre-petition, post-petition and future estimated environmental response costs against the Debtors in the total amount of not less than $17,074,068.20, which claim was designated as Proof of Claim No. 7649 (the "DTSC Claim"). DTSC alleges that (a) part of the DTSC claim was filed as

2

DTSC, et al. v. Jim Dobbas, Inc., et al.
ER-554
AGO000293

a protective measure and (b) it reserved its right to seek post-confirmation response costs and/or declaratory and injunctive relief against the Debtors for the Debtors to comply with environmental obligations, including injunctive orders.

H.    WHEREAS, the Regional Water Board alleges that it is part of the principal state agency that regulates water quality pursuant to state and federal environmental laws.

I.    WHEREAS, on January 10, 2006, the Regional Water Board filed a proof of claim alleging pre-petition, post-petition and future environmental oversight costs in an estimated amount of $44,546.35 and penalties for violations of the Water Code in the amount of $30,000, which claim was designated as Proof of Claim No. 4722 (the "RWB Claim").  The Regional Water Board alleges that (a) part of the RWB Claim was filed as a protective measure and (b) it reserved its right to seek post-confirmation oversight costs and/or injunctive relief against the Debtors for the Debtors to comply with environmental obligations, including injunctive orders.

J.    WHEREAS, the California Environmental Entities allege that the DTSC claim and RWB claim relate, in part, to the former Wickes Forest Industries Site located on approximately 7.5 acres in Elmira, California (the "Elmira Site").

K.    WHEREAS, the California Environmental Entities allege that:    (1) on September 9, 1983, DTSC, the Regional Water Board and Wickes Companies, Inc. entered into an Agreement requiring the Wickes Companies to remove and treat groundwater and manage storm water at the site; (2) on February 26, 1996, DTSC and Collins & Aikman Products Co. entered into an Operations and Maintenance Agreement requiring the Debtors to (a) maintain an asphalt cap, which was placed on the Elmira Site to contain the contamination and (b) operate a groundwater extraction and treatment system; (3) on June 4, 2004, the Regional Water Board

3

DTSC, et al. v. Jim Dobbas, Inc., et al.
ER-555
AGO000294

issued the National Pollution Discharge Permit No. CA0081531, WDR No. R5-2004-0066 to

Collins & Aikman Products Co.; (4) on January 27 2005, Collins & Aikman Products Co. was

issued WDR Order No. R5-2005-0022, which permitted a pilot study that includes the

subsurface injection of calcium polysulfide for the treatment of soil and groundwater polluted

with hexavalent chromium; and the Debtors reserve their rights with respect to all such

allegations.

      L.      WHEREAS, on May 4, 2007 and May 7, 2007, the California Environmental

Entities filed joint objections to the Plan [Docket Nos. 4611, 4652] (collectively,

the "Objections") on the grounds that (a) the discharge, injunction and release language in the

Plan is overly broad in many respects and, as such, is contrary to the provisions of the

Bankruptcy Code and (b) the Plan fails to provide compliance with existing orders and

agreements between the Debtors and the California Environmental Entities with respect to the

Elmira Site.

      NOW, THEREFORE, in consideration of the mutual premises contained herein, and for

other good and valuable consideration, the receipt and sufficiency of which is hereby

acknowledged, it is hereby stipulated and agreed to by and between the Debtors and the

California Environmental Entities as follows:

      1.      The following language will be inserted into the Confirmation Order (as defined

in the Plan):

> Notwithstanding anything to the contrary in the Plan or this
> Order, the California Environmental Entities shall not be
> Releasing Parties and shall not be subject to the obligation
> to provide Third Party Releases set forth herein or in
> Article XII.C of the Plan.
>
> Notwithstanding anything to the contrary in the Plan or this
> Order, the California Environmental Entities shall not be

4

subject to the provisions of Article XII.E and Paragraph 5 of this Order.

Nothing in the Plan or this Order discharges, releases or precludes any liability to the California Environmental Entities that is not a Claim.

Any relief provided under the Plan or this Order to non-Debtors shall not release, discharge, enjoin or preclude any liability of such non-Debtors to the California Environmental Entities under any federal, state or local environmental law or regulation.

Nothing in the Plan or this Order discharges, releases or precludes any claim of the California Environmental Entities that arises on or after the Effective Date.

Nothing in the Plan or this Order releases any entity from liability under environmental law as the owner or operator of property located in the State of California that such entity owns or operates after the Effective Date.

The Stipulation between the Debtors and the California Environmental Entities is hereby approved and incorporated in this Order by reference.

2.      Upon the Court entering an order approving this Stipulation and incorporating this Stipulation in the Confirmation Order and the Debtors complying with Paragraph 1 hereof, the Objections shall be deemed withdrawn effective immediately.

3.      The Regional Water Board shall have an allowed Class 5 Claim in the amount of $74,546.35, which shall (a) not be subordinated and (b) receive a distribution under the terms of the Plan. Subject to Paragraph 7 of this Stipulation, the Debtors and the Regional Water Board agree that the unliquidated portion of the RWB Claim as well as the unpaid portions of the RWB Claim will survive for recovery.

4.      Notwithstanding anything contrary in the Plan or Confirmation Order, subject to Paragraph 7 of this Stipulation, the Debtors and the Regional Water Board agree that the entire RWB Claim will survive for recovery and notwithstanding the Chapter 11 Cases, the Regional

5

DTSC, et al. v. Jim Dobbas, Inc., et al.
ER-557
AGO000296

Water Board can pursue the RWB Claim against the Debtors and be paid from insurance proceeds.

5.      DTSC shall have an allowed Class 5 Claim in the amount of $224,725.71, which shall (a) not be subordinated and (b) receive a distribution under the terms of the Plan.  Subject to Paragraph 7 of this Stipulation, the Debtors and DTSC agree that the unliquidated portion of the DTSC Claim as well as the unpaid portions of the DTSC Claim will survive for recovery.

6.      Notwithstanding anything contrary in the Plan or Confirmation Order, subject to Paragraph 7 of this Stipulation, the Debtors and DTSC agree that the entire DTSC Claim will survive for recovery and notwithstanding the Chapter 11 Cases, DTSC can pursue the DTSC Claim against the Debtors and be paid from insurance proceeds.

7.      Notwithstanding anything contrary in the Plan or Confirmation Order, after the Effective Date, the automatic stay and any injunction pursuant to the Plan shall be modified to permit the California Environmental Entities to prosecute legal or administrative actions against the Debtors with respect to the Elmira Site to and including the entry of judgment against or settlement with the Debtors (collectively, the "Elmira Site Action"); provided, however, that notwithstanding anything in this Stipulation, the Plan, the order approving this Stipulation and the Confirmation Order (a) no judgment or settlement based on the Elmira Site Action may be collected against the Debtors or the Trusts (as defined in the Plan), and each of their respective officers, directors, employees, agents and attorneys and (b) the California Environmental Entities shall not collect any money or other forms of remuneration or relief to which the California Environmental Entities may be entitled to in connection with the Elmira Site Action, if any, from the Debtors, the Trusts (as defined in the Plan), or any of the Debtors or the Trusts' officers, directors, employees, agents or attorneys.

6

8.      Notwithstanding anything contrary in the Plan or Confirmation Order, including insurance provisions, subject to Paragraph 7 of this Stipulation, the Debtors specifically acknowledge and agree that any actions by the California Environmental Entities, whether administrative, or in state or federal court, may be filed in any non-bankruptcy forums, including California, and that the Debtors will not object to any action filed against the Debtors to establish liability and to seek recovery of insurance proceeds on the ground that such action is barred by this bankruptcy proceeding.

9.      Subject to Paragraph 7 of this Stipulation, nothing in the Plan or the Confirmation Order releases or nullifies any liability to the California Environmental Entities under environmental statutes or regulations that any entity or person would be subject to as the current or past owner, operator, responsible party, or person as defined in the California Water Code and the California Health and Safety Code after the Confirmation Hearing (as defined in the Plan).

10.      Subject to Paragraph 7 of this Stipulation, nothing in the Plan or the Confirmation Order impairs or restricts the California Environmental Entities' ability to pursue all of their applicable rights and remedies with respect to insurance claims, proceeds, or policies.

11.      Notwithstanding any provisions in the Plan or Confirmation Order to the contrary, all rights, claims and interests of the California Environmental Entities shall not be discharged, impaired, or adversely affected by the Plan and Chapter 11 Cases, shall survive the Chapter 11 Cases as if the Chapter 11 Cases had not been commenced, and shall be determined in the manner and by the non-bankruptcy administrative or judicial tribunals in which such rights, claims, or interests would have been resolved or adjudicated if the Chapter 11 Cases had not been commenced"); provided, however, that notwithstanding anything in this Stipulation, the Plan, the order approving this Stipulation and the Confirmation Order (a) no judgment or

7

settlement based on the Elmira Site Action may be collected against the Debtors or the Trusts (as defined in the Plan), and each of their respective officers, directors, employees, agents and attorneys and (b) the California Environmental Entities shall not collect any money or other forms of remuneration or relief to which the California Environmental Entities may be entitled to in connection with the Elmira Site Action, if any, from the Debtors, the Trusts (as defined in the Plan), or any of the Debtors or the Trusts' officers, directors, employees, agents or attorneys.

12.     The modification set forth herein of the automatic stay and the injunction set forth in the Plan and the Confirmation Order, shall have no effect as to parties that are not a party to this Stipulation, and the automatic stay and such injunction shall remain in full force and effect with respect to such parties and their claim or cause of action.

13.     Neither this Stipulation, nor any terms contained herein shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the parties hereto, other than as may be necessary:  (a) to obtain approval and to enforce this Stipulation; (b) to seek cost recovery, remediation, penalties, liabilities, declaratory relief, future response costs, damages or injunctive relief in connection therewith; (c) to prove that the automatic stay and the injunction have been modified as set forth herein; and (d) to prove the agreement in Paragraph 8 of this Stipulation.

14.     This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile, and each of which shall be deemed an original, but all of which together shall constitute one instrument.

15.     This Stipulation shall not be modified, altered, amended or vacated without written consent of all parties hereto.

8

K&E 11948221.9

16.     The terms and conditions of this Stipulation shall be immediately effective and enforceable conditioned upon the entry of the order approving this Stipulation and incorporating the Stipulation in the Confirmation Order.

Dated:  July 12, 2007

**KIRKLAND & ELLIS LLP**                        **CENTRAL VALLEY REGIONAL WATER**
                                                **QUALITY CONTROL BOARD**

/s/ Marc J. Carmel                               /s/ Marilyn H. Levin
Richard M. Cieri (NY RC 6062)                   Marilyn H. Levin (CA Bar. No. 92800)
Citigroup Center                                 Deputy Attorney General
153 East 53rd Street                             300 S. Spring St., 11th Floor
New York, New York  10022                        Los Angeles, California  90013
Telephone:  (212) 446-4800                       Telephone: (213) 897-2612
Facsimile:  (212) 446-4900                       Facsimile: (213) 897-2802

-and-

David L. Eaton (IL 3122303)
Ray C. Schrock (IL 6257005)
Marc J. Carmel (IL 6272032)
200 East Randolph Drive
Chicago, Illinois  60601
Telephone:  (312) 861-2000
Facsimile:  (312) 861-2200

-and-                                            Counsel for the Regional Water Board

**CARSON FISCHER, P.L.C.**                        **DEPARTMENT OF TOXICS SUBSTANCES**
                                                 **CONTROL**

                                                 /s/ Donald A. Robinson
Joseph M. Fischer (P13452)                       Donald A. Robinson (CA Bar No. 72402)
4111 West Andover Road                           300 S. Spring St., 11th Floor
West - Second Floor                              Los Angeles, California  90013
Bloomfield Hills, Michigan  48302                Telephone: (213) 897-2611
Telephone:  (248) 644-4840                        Facsimile: (213) 897-2802
Facsimile:  (248) 644-1832                         Deputy Attorney General

Co-Counsel for the Debtors                       Counsel for the DTSC

I hereby certify that the foregoing is a
true copy of the original on file in this
office.

CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
BY: Jennifer Q Mahai
                                Deputy Clerk:
DATE: 2/10/14

9

K&E 11948221.9

DTSC, et al. v. Jim Dobbas, Inc., et al.
ER-561
AGO000300

Exhibit C

# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| COLLINS & AIKMAN CORPORATION, et al.[1] | ) Case No. 05-55927 (SWR) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) (Tax Identification #13-3489233) |
| | ) |
| | ) Honorable Steven W. Rhodes |

## ORDER CONFIRMING FIRST AMENDED JOINT PLAN OF COLLINS & AIKMAN CORPORATION AND ITS DEBTOR SUBSIDIARIES

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

having filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, on

May 17, 2005 (the "Petition Date"); the Debtors having filed, on January 24, 2007, the First

Amended Joint Plan of Collins & Aikman Corporation and Its Debtor Subsidiaries

[Docket No. 3976] (as amended and filed with the Court on July 9, 2007 [Docket No. 7731] (the

"Plan")[2] and the amended disclosure statement related thereto [Docket No. 3977] (the

---

[1] The Debtors in the jointly administered cases include: Collins & Aikman Corporation; Amco Convertible Fabrics, Inc., Case No. 05-55949; Becker Group, LLC (d/b/a/ Collins & Aikman Premier Mold), Case No. 05-55977; Brut Plastics, Inc., Case No. 05-55957; Collins & Aikman (Gibraltar) Limited, Case No. 05-55989; Collins & Aikman Accessory Mats, Inc. (f/k/a the Akro Corporation), Case No. 05-55952; Collins & Aikman Asset Services, Inc., Case No. 05-55959; Collins & Aikman Automotive (Argentina), Inc. (f/k/a Textron Automotive (Argentina), Inc.), Case No. 05-55965; Collins & Aikman Automotive (Asia), Inc. (f/k/a Textron Automotive (Asia), Inc.), Case No. 05-55991; Collins & Aikman Automotive Exteriors, Inc. (f/k/a Textron Automotive Exteriors, Inc.), Case No. 05-55958; Collins & Aikman Automotive Interiors, Inc. (f/k/a Textron Automotive Interiors, Inc.), Case No. 05-55956; Collins & Aikman Automotive International, Inc., Case No. 05-55980; Collins & Aikman Automotive International Services, Inc. (f/k/a Textron Automotive International Services, Inc.), Case No. 05-55985; Collins & Aikman Automotive Mats, LLC, Case No. 05-55969; Collins & Aikman Automotive Overseas Investment, Inc. (f/k/a Textron Automotive Overseas Investment, Inc.), Case No. 05-55978; Collins & Aikman Automotive Services, LLC, Case No. 05-55981; Collins & Aikman Canada Domestic Holding Company, Case No. 05-55930; Collins & Aikman Carpet & Acoustics (MI), Inc., Case No. 05-55982; Collins & Aikman Carpet & Acoustics (TN), Inc., Case No. 05-55984; Collins & Aikman Development Company, Case No. 05-55943; Collins & Aikman Europe, Inc., Case No. 05-55971; Collins & Aikman Fabrics, Inc. (d/b/a Joan Automotive Industries, Inc.), Case No. 05-55963; Collins & Aikman Intellimold, Inc. (d/b/a M&C Advanced Processes, Inc.), Case No. 05-55976; Collins & Aikman Interiors, Inc., Case No. 05-55970; Collins & Aikman International Corporation, Case No. 05-55951; Collins & Aikman Plastics, Inc., Case No. 05-55960; Collins & Aikman Products Co., Case No. 05-55932; Collins & Aikman Properties, Inc., Case No. 05-55964; Comet Acoustics, Inc., Case No. 05-55972; CW Management Corporation, Case No. 05-55979; Dura Convertible Systems, Inc., Case No. 05-55942; Gamble Development Company, Case No. 05-55974; JPS Automotive, Inc. (d/b/a PACJ, Inc.), Case No. 05-55935; New Baltimore Holdings, LLC, Case No. 05-55992; Owosso Thermal Forming, LLC, Case No. 05-55946; Southwest Laminates, Inc. (d/b/a Southwest Fabric Laminators Inc.), Case No. 05-55948; Wickes Asset Management, Inc., Case No. 05-55962; and Wickes Manufacturing Company, Case No. 05-55968.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

---

K&E 11815541.12

DTSC, et ER-563 v. Jim Dobbas, Inc., et al.

AGO000301

"Disclosure Statement"); the Court having entered an order [Docket No. 3988] (the "Solicitation Procedures Order") on January 26, 2007, (a) approving the Disclosure Statement, (b) establishing April 9, 2007, as the deadline for submitting ballots to vote to accept or reject the Plan and for filing objections to confirmation of the Plan, (c) establishing April 19, 2007, as the date of commencement of the Confirmation Hearing, (d) approving certain ballots and notices in connection with solicitation of the Plan, including the form and method of notice of the Confirmation Hearing (the "Confirmation Hearing Notice") and (e) establishing certain procedures for soliciting and tabulating votes with respect to the Plan; the Court having adjourned the Confirmation Hearing and certain other deadlines in connection therewith [Docket Nos. 4400, 4674 and 7379]; the Debtors having provided due, adequate and sufficient notice of the Plan, the Disclosure Statement and the Confirmation Hearing, along with the deadlines for voting on the Plan and objecting to confirmation of the Plan, to Holders of Claims and Equity Interests and other parties in interest; the Debtors having distributed the Plan and the Disclosure Statement to all Holders of Impaired Claims against the Debtors that are entitled to vote on the Plan, together with a solicitation of votes to accept or reject the Plan in accordance with the Solicitation Procedures Order; the Debtors having filed the Debtors' Memorandum of Law (a) in Support of the First Amended Joint Plan of Collins & Aikman Corporation and Its Debtor Subsidiaries and (b) in Response to Objections Thereto [Docket No. 7734] (the "Confirmation Memorandum"); the Debtors having filed the Affidavit of Kurtzman Carson Consultants LLC Certifying Ballots Accepting and Rejecting the Debtors' First Amended Joint Plan of Collins & Aikman Corporation and Its Debtor Subsidiaries [Docket No. 7732] (the "Voting Affidavit") attesting to and certifying the method and results of the ballot tabulation for each of the Impaired Classes entitled to vote on the Plan; the Debtors having filed the

2

DTSC, et al. v. Jim Dobbas, Inc., et al.
ER-564
AGO000302

Declaration of John Boken in Support of Confirmation of the First Amended Joint Plan of Collins & Aikman Corporation and Its Debtor Subsidiaries [Docket No. 7733]; this Court having convened the Confirmation Hearing on July 12, 2007, pursuant to Bankruptcy Rules 3017 and 3018 and sections 1126, 1128 and 1129 of the Bankruptcy Code, to consider the confirmation of the Plan; the Court having (a) reviewed the above-referenced pleadings and all objections and responses thereto, (b) heard or received the statements of counsel in support of and in opposition to confirmation of the Plan at the Confirmation Hearing, (c) considered all testimony presented and evidence admitted by affidavits or otherwise and (d) taken judicial notice of all other papers, pleadings and records on file in these Chapter 11 Cases; it appearing that notice of the Confirmation Hearing and the opportunity of any party in interest to object to and be heard regarding confirmation of the Plan were adequate and appropriate as to all parties to be affected by the Plan and the transactions contemplated thereby and that the legal and factual bases set forth in the Confirmation Memorandum and presented at the Confirmation Hearing establish just cause for the relief granted herein; and after due deliberation and good cause appearing therefor,

THE COURT FINDS AND DETERMINES THAT:[3]

### Jurisdiction and Venue

A.   On the Petition Date, the Debtors commenced the Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors were and are qualified to be debtors under section 109 of the Bankruptcy Code. Venue is proper in this

---

[3]   The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. All findings of fact and conclusions of law announced by the Court at the Confirmation Hearing in relation to confirmation of the Plan are hereby incorporated herein to the extent not inconsistent herewith. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

3

District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

### Modifications to the Plan

B.     Any modifications to the Plan described or set forth herein constitute technical changes or changes with respect to particular Claims by agreement with Holders of such Claims, and do not materially or adversely affect or change the treatment of any Claims or Equity Interests.   Pursuant to Bankruptcy Rule 3019, these modifications do not require additional disclosure under section 1125 of the Bankruptcy Code or the re-solicitation of votes under section 1126 of the Bankruptcy Code, nor do they require that the Holders of Claims or Equity Interests be afforded an opportunity to change previously cast acceptances or rejections of the Plan.

### Transmittal of Solicitation Package

C.     The Disclosure Statement (including exhibits, one of which is the Plan), the Confirmation Hearing Notice, the Solicitation Procedures Order, the appropriate ballot(s), voting instructions and a pre-addressed return envelope, if applicable, were transmitted in accordance with Bankruptcy Rule 3017(d) and the Solicitation Procedures Order.

### Publication of Confirmation Hearing Notice

D.     On February 14, 2007, the Debtors published the Confirmation Hearing Notice in the Detroit News / Free Press and The Wall Street Journal.

4

DTSC, et ER-566 v. Jim Dobbas, Inc., et al.
AGO000304

### Voting Affidavit

E.      On July 9, 2007, the Debtors filed the Voting Affidavit certifying the method and results of the ballot tabulation for each of the Classes entitled to vote to accept or reject the Plan with the Court.

### Judicial Notice

F.      The Court takes judicial notice of the docket of the Chapter 11 Cases maintained by the Clerk of the Court or its duly appointed agent, including, without limitation, all pleadings and other documents on file, all orders entered and all evidence and arguments made, proffered or adduced at the hearings held before the Court during the pendency of the Chapter 11 Cases.

### Transmittal and Mailing of Materials; Notice

G.      Due, adequate and sufficient notice of the Disclosure Statement, the Plan and the Confirmation Hearing, along with all deadlines for voting on or filing objections to the Plan, has been given in accordance with the procedures set forth in the Solicitation Procedures Order. The Disclosure Statement (including exhibits, one of which is the Plan), the Confirmation Hearing Notice, the Solicitation Procedures Order and the appropriate ballot(s) were transmitted and served in substantial compliance with the Bankruptcy Rules and the Solicitation Procedures Order, and such transmittal and service were adequate and sufficient. Adequate and sufficient notice of the Confirmation Hearing, as continued from time to time, and other dates and deadlines described in the Solicitation Procedures Order was given in compliance with the Bankruptcy Rules and Solicitation Procedures Order, and no other or further notice is, or shall be, required.

### Solicitation

H.      The Debtors, the Agent, the Creditors Committee and their respective officers, directors, employees, attorneys, financial advisors, accountants, investment bankers, investment

5

K&E 11815541.12

05-55927-swr    Doc 7827    Filed 07/18/07    Entered 07/18/07 17:01:03    Page 5 of 61

advisors, actuaries, professionals, agents, affiliates and representatives have solicited votes on the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, the Solicitation Procedures Order, all other applicable provisions of the Bankruptcy Code and all other applicable rules, laws and regulations, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the exculpation provisions set forth in Article XII of the Plan.

I.      All procedures used to distribute solicitation materials to the applicable Holders of Claims and Equity Interests and to tabulate the ballots were fair and conducted in accordance with the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the United States Bankruptcy Court for the Eastern District of Michigan and all other applicable rules, laws and regulations.

### Classes Deemed to Have Accepted the Plan

J.      Class 1 (Other Secured Claims) and Class 2 (Other Priority Claims) are Unimpaired under the Plan and presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, and the votes of Holders of Claims in Classes 1 and 2 were therefore not solicited.

### Impaired Classes that Have Voted to Accept the Plan

K.      As evidenced by the Voting Affidavit, which certified both the method and results of the voting, Class 3 (Prepetition Facility Claims), Class 4 (OEM Claims) and Class 5 (General Unsecured Claims) have voted to accept the Plan.

### Classes Deemed to Have Rejected the Plan

L.      Class 8 (Equity Interests), Class 9 (Subordinated Securities Claims) and Class 10 (Intercompany Claims) will receive no distributions and retain no property under the Plan and

6

are conclusively presumed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code, and the votes of Holders of Claims and Equity Interests in Classes 8, 9 and 10 were therefore not solicited.

### Impaired Classes that Have Voted to Reject the Plan

M.    As evidenced by the Voting Affidavit, which certified both the method and results of the voting, Class 6 (Senior Note Claims and PBGC Claims) and Class 7 (Senior Subordinated Note Claims) have voted to reject the Plan with respect to the Debtors, as substantively consolidated to the extent set forth in the Plan.

### Burden of Proof

N.    The Debtors, as proponents of the Plan, have met their burden of proving the elements of section 1129(a) and (b) of the Bankruptcy Code.

### Compliance with Requirements of Section 1129 of the Bankruptcy Code

*Section 1129(a)(1) – Compliance of the Plan with Applicable Provisions of the Bankruptcy Code*

O.    The Plan complies with all applicable provisions of the Bankruptcy Code as required by section 1129(a) of the Bankruptcy Code, including, without limitation, sections 1122 and 1123. Pursuant to sections 1122(a) and 1123(a)(1) of the Bankruptcy Code, Article II of the Plan designates Classes of Claims and Equity Interests, other than Administrative Claims and Priority Tax Claims (which are not required to be classified). As required by section 1122(a) of the Bankruptcy Code, each Class of Claims and Equity Interests contains only Claims and Equity Interests that are substantially similar to the other Claims or Equity Interests within that Class. The Debtors have presented clear and convincing evidence that valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and

7

DTSC, et al. v. Jim Dobbas, Inc., et al.
ER-569
AGO000307

Equity Interests created under the Plan, and such Classes do not unfairly discriminate between Holders of Claims or Equity Interests.

P.     Pursuant to section 1123(a)(2) and (3) of the Bankruptcy Code, Articles II and III of the Plan specify all Claims that are Unimpaired and the treatment of all Claims and Equity Interests that are Impaired.

Q.     Pursuant to section 1123(a)(4) of the Bankruptcy Code, Article III of the Plan provides the same treatment for each Claim or Equity Interest within a particular Class.

R.     Pursuant to section 1123(a)(5) of the Bankruptcy Code, the Plan provides adequate and proper means for implementation of the Plan. The Debtors will have, immediately upon the Effective Date of the Plan, sufficient cash to make all payments required to be made on the Effective Date pursuant to the terms of the Plan. Moreover, Article IV and various other provisions of the Plan specifically provide for adequate and appropriate means for the Plan's implementation, including, without limitation: (i) the sale of certain of the Debtors' assets; (ii) establishment of the Post-Consummation Trust, the Litigation Trust and the Residual Trusts; (iii) the transfer of the Post-Consummation Trust Assets, the Litigation Trust Assets and the Residual Trust Assets to the Post-Consummation Trust, the Litigation Trust and the applicable Residual Trust, respectively; (iv) the funding of the expenses of the Post-Consummation Trust and the Litigation Trust; (v) the appointment of the Plan Administrator and the Litigation Trust Administrator; (vi) the cancellation of instruments, securities and other documentation; (vii) the preservation of rights and Causes of Action; and (viii) the general authority for all corporate action necessary to effectuate the Plan.

K&E 11815541.12

S.     Section 1123(a)(6) of the Bankruptcy Code is inapplicable to these Chapter 11 Cases because, among other things, the Debtors are not issuing any securities under the Plan.

T.     The Plan complies with section 1123(a)(7) of the Bankruptcy Code, regarding the selection of individuals to administer debts, because the selection of the Plan Administrator and the Litigation Trust Administrator has been accomplished in a fair and reasonable manner, consistent with public policy.

U.     The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including, without limitation, provisions for (i) distributions to Holders of Claims, (ii) the disposition of executory contracts and unexpired leases, (iii) the retention of, and the right to enforce, sue on, settle or compromise (or refuse to do any of the foregoing with respect to) certain claims or causes of action against third parties, to the extent not waived or released under the Plan, (iv) resolution of Disputed Claims, (v) allowance of certain Claims, (vi) indemnification obligations, (vii) releases by the Debtors, (viii) releases by certain third parties, (ix) exculpation, (x) injunction against certain actions and (xi) establishment of the Trusts and the transfer of assets to the relevant Trusts.

***Section 1129(a)(2) – Compliance with Applicable Provisions of the Bankruptcy Code***

V.     The Debtors, as proponents of the Plan, have complied with all applicable provisions of the Bankruptcy Code as required by section 1129(a)(2) of the Bankruptcy Code, including, without limitation, sections 1125 and 1126 of the Bankruptcy Code and Bankruptcy Rules 3017, 3018 and 3019.

W.     The Debtors are proper debtors under section 109 of the Bankruptcy Code and proper proponents of the Plan under section 1121(a) of the Bankruptcy Code.

9

K&E 11815541.12

05-55927-swr    Doc 7827    Filed 07/18/07    Entered 07/18/07 17:01:03    Page 9 of 61

X.     The solicitation of acceptances or rejections of the Plan was (i) pursuant to the Solicitation Procedures Order, (ii) in compliance with all applicable laws, rules and regulations governing the adequacy of disclosure in connection with such solicitation and (iii) solicited after disclosure to Holders of Claims or Equity Interests of adequate information as defined in section 1125(a) of the Bankruptcy Code.

Y.     The Debtors, the Agent, the Creditors Committee and their respective officers, directors, employees, attorneys, financial advisors, accountants, investment bankers, investment advisors, actuaries, professionals, agents, affiliates and representatives have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code.

### *Section 1129(a)(3) – Proposal of Plan in Good Faith*

Z.     The Debtors have proposed the Plan in good faith and not by any means forbidden by law.  In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Cases, the Plan itself and the process leading to its formulation.  The Chapter 11 Cases were filed, and the Plan was proposed, with the legitimate purpose of maximizing the value of the Debtors' assets and the recovery of Holders of Claims under the circumstances of these Chapter 11 Cases.

### *Section 1129(a)(4) – Court Approval of Certain Payments as Reasonable*

AA.     Pursuant to section 1129(a)(4) of the Bankruptcy Code, any payment made or promised by the Debtors or by any person acquiring property under the Plan for services or for costs and expenses in, or in connection with, the Chapter 11 Cases, including all administrative expense and substantial contribution claims under sections 503 and 507 of the Bankruptcy Code, or in connection with the Plan and incident to the Chapter 11 Cases, has been or will be disclosed to this Court.  Any such payment made before Confirmation was reasonable and made with appropriate authority of the Court; provided that the reasonableness of Fee Claims that have not

10

heretofore been Allowed on a final basis will be determined by this Court after submission of a final fee application in accordance with this Order. All such payments to be fixed after Confirmation shall be made pursuant to the terms of the Plan and are subject to the approval of this Court as reasonable and consistent with this Order.

### Section 1129(a)(5) – Disclosure of Identity and Affiliations of Proposed Management, Compensation of Insiders and Consistency of Management Proposals with the Interests of Creditors and Public Policy

BB.     Section 1129(a)(5) of the Bankruptcy Code is inapplicable to these Chapter 11 Cases. To the extent section 1129(a)(5) applies to the Post-Consummation Trust and the Litigation Trust, the Debtors have disclosed that (i) the Agent, in consultation with the Prepetition Lenders, has designated Capstone Advisory Group, LLC as the Plan Administrator and (ii) the Agent, in consultation with the Prepetition Lenders and the Creditors Committee, has designated Alan B. Miller as the Litigation Trust Administrator.

### Section 1129(a)(6) – Approval of Rate Changes

CC.     No regulatory commission has any jurisdiction over rate changes by the Debtors, and the Plan does not provide for rate changes by the Debtors. Section 1129(a)(6) of the Bankruptcy Code is therefore inapplicable to these Chapter 11 Cases.

### Section 1129(a)(7) – Best Interests of Creditors and Equity Interest Holders

DD.     The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The Disclosure Statement, including the liquidation analysis, and any other evidence adduced at the Confirmation Hearing (i) are persuasive, credible and accurate as of the dates such evidence was prepared, presented or proffered, (ii) either have not been controverted by other persuasive evidence or have not been challenged, (iii) are based upon reasonable and sound assumptions, (iv) provide a reasonable estimate of the liquidation values of the Debtors upon conversion to a case under chapter 7 of the Bankruptcy Code and (v) establish that each Holder of a Claim or

11

DTSC, et al. v. Jim Dobbas, Inc., et al.
ER-573
AGO000311

Equity Interest in an Impaired Class that has not accepted the Plan will receive or retain under the Plan, on account of such Claim or Equity Interest, property of a value, as of the Effective Date of the Plan, that is not less than the amount that it would receive if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.

### Section 1129(a)(8) – Acceptance of the Plan by Each Impaired Class

EE.     Pursuant to section 1129(a)(8) of the Bankruptcy Code, Classes 1 and 2 are Unimpaired and, pursuant to section 1126(f) of the Bankruptcy Code, are conclusively presumed to have accepted the Plan. As set forth in the Voting Affidavit, Classes 3, 4 and 5 have voted to accept the Plan and Classes 6 and 7 have voted to reject the Plan. The Plan provides that Holders of Claims and Equity Interests in Classes 8, 9 and 10 will not receive any distribution or retain any property under the Plan, and Classes 8, 9 and 10 are deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code. Nevertheless, the Plan is confirmable because, as more fully set forth in paragraph KK of this Order, the Plan satisfies section 1129(b)(1) of the Bankruptcy Code with respect to Classes 6, 7, 8, 9 and 10.

### Section 1129(a)(9) – Treatment of Claims Entitled to Priority Pursuant to Section 507(a) of the Bankruptcy Code

FF.     The Plan provides for treatment of Administrative Claims, Priority Tax Claims and Claims entitled to priority pursuant to section 507(a)(4)-(7) of the Bankruptcy Code in the manner required by section 1129(a)(9) of the Bankruptcy Code.

### Section 1129(a)(10) – Acceptance by at Least One Impaired Class

GG.     Section 1129(a)(10) of the Bankruptcy Code is satisfied. Classes 3, 4 and 5 have voted to accept the Plan and, to the best of the Debtors' knowledge, do not contain "insiders."

12

*Section 1129(a)(11) – Feasibility of the Plan*

HH.    The Plan satisfies section 1129(a)(11) of the Bankruptcy Code.  The financial projections set forth in the Disclosure Statement and evidence proffered or adduced at the Confirmation Hearing (i) are persuasive and credible, (ii) have not been controverted by other evidence or sufficiently challenged in any of the objections to the Plan and (iii) establish that the Plan is feasible and that confirmation of the Plan is not likely to be followed by liquidation or the need for further financial reorganization of the Debtors, except as otherwise proposed in the Plan.  The Debtors will have sufficient funds to satisfy their obligations under the Plan.

*Section 1129(a)(12) – Payment of Bankruptcy Fees*

II.    In accordance with section 1129(a)(12) of the Bankruptcy Code, Article III of the Plan provides for the payment of all fees payable under 28 U.S.C. § 1930 until the Chapter 11 Cases are converted, dismissed or closed, whichever occurs first, in accordance with section 350(a) of the Bankruptcy Code.  The Debtors and the Post-Consummation Trust, as applicable, have adequate means to pay all such fees.

*Section 1129(a)(13) – Retiree Benefits*

JJ.    The Plan satisfies section 1129(a)(13) of the Bankruptcy Code.  Payment of the Debtors' retiree benefits will be governed by, and the Debtors will comply with, the terms of the agreement between the Debtors and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, dated June 1, 2007.

*Section 1129(b) – Confirmation of the Plan Over Nonacceptance by Impaired Class*

KK.    Pursuant to section 1129(b)(1) of the Bankruptcy Code, the Plan may be confirmed notwithstanding the fact that not all Impaired Classes have voted to accept the Plan.  All of the requirements of section 1129(a) of the Bankruptcy Code other than section 1129(a)(8) with respect to such Impaired Classes have been met.  With respect to Classes 6 and 7, which

13

DTSC, et al. v. Jim Dobbas, Inc., et al.
ER-575
AGO000313

voted to reject the Plan, and Classes 8, 9 and 10, which are deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code, no Holder of Claims or Equity Interests junior to Classes 6, 7, 8, 9 or 10 will receive or retain any property under the Plan on account of a junior Claim, and, as evidenced by the uncontroverted valuations and estimates contained in the Disclosure Statement and put into evidence at the Confirmation Hearing, no Class of Claims or Equity Interests senior to any such Classes is receiving more than full payment on account of such Claims or Equity Interests.

### Section 1129(d) – Principal Purpose of the Plan

LL.    The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933 (15 U.S.C. § 77e).

### Treatment of Unimpaired Claims

MM.    The provisions of the Plan with respect to the Holders of Unimpaired Claims are fair and appropriate.

### Objections to Confirmation of the Plan

NN.    All objections to Confirmation filed with the Court have been withdrawn, settled, resolved or have been overruled on their merits pursuant to the Confirmation Hearing and this Order.

### Executory Contracts and Unexpired Leases

OO.    The Debtors have exercised reasonable business judgment in determining whether to assume or reject each of their Executory Contracts and Unexpired Leases as set forth in Article V of the Plan and in this Order. Each assumption or rejection of an Executory Contract or Unexpired Lease pursuant to this Order or Article V of the Plan shall be legal, valid and binding upon the applicable Debtor or the Post-Consummation Trust and all other Debtor or non-Debtor parties to such Executory Contract or Unexpired Lease, all to the same extent as if such

14

DTSC, et al. v. Jim Dobbas, Inc., et al.
ER-576
AGO0000314

assumption or rejection had been authorized and effectuated pursuant to an appropriate order of the Court that was entered pursuant to section 365 of the Bankruptcy Code prior to the Confirmation Date.

<u>Releases</u>

**PP.** **Except to the extent otherwise set forth in this Order, the releases of Claims and Causes of Action described in Article XII of the Plan constitute good faith compromises and settlements of the matters covered thereby. Such compromises and settlements are made in exchange for consideration and are in the best interest of Holders of Claims, are fair, equitable, reasonable and are integral elements of the resolution of the Chapter 11 Cases in accordance with the Plan. Each of the release, indemnification and exculpation provisions set forth in the Plan, including Article XII of the Plan, (i) is within the jurisdiction of the Court under 28 U.S.C. § 1334(a), (b) and (d), (ii) is an essential means of implementing the Plan pursuant to section 1123(a)(6) of the Bankruptcy Code, (iii) is an integral element of the transactions incorporated into the Plan, (iv) confers material benefit on, and is in the best interest of, the Debtors, their estates and their creditors, (v) is important to the overall objectives of the Plan to finally resolve the Claims among or against the parties-in-interest in the Chapter 11 Cases with respect to the Debtors and (vi) is consistent with sections 105, 1123 and 1129 and other applicable provisions of the Bankruptcy Code.**

<u>Preservation of Causes of Action</u>

QQ.   While the Debtors have made a reasonable effort to identify known actual or potential Causes of Action that the Litigation Trust may pursue after the Effective Date, the Litigation Trust has the right to pursue or defend Causes of Action not specifically or generally identified in Article IV.G of the Plan and <u>Exhibit A</u> to the Plan and the Disclosure Statement.

15

RR.    It is in the best interests of the Debtors' Estates and the Holders of Claims that all

Causes of Action not expressly waived, relinquished, released, compromised or settled in the

Plan or any Final Order, including this Order, be retained by the Debtors before the

Effective Date, and by the Litigation Trust and the Post-Consummation Trust, as applicable,

upon and after the Effective Date, pursuant to Article IV.G of the Plan.

### Approval of Settlements and Compromises

SS.    Pursuant to Bankruptcy Rule 9019 and section 363 of the Bankruptcy Code and in

consideration for the distributions and other benefits provided under the Plan, the provisions of

the Plan constitute a good faith compromise of all Claims or controversies relating to the

contractual, legal and subordination rights that a Holder of a Claim may have with respect to any

Allowed Claim with respect thereto, or any distribution to be made on account of such an

Allowed Claim.  The compromise and settlement of such Claims or controversies embodied in

the Plan is in the best interests of the Debtors, their Estates and Holders of Claims and is fair,

equitable and reasonable.

TT.    The settlement reached among the constituents of the Creditors Committee with

respect to the allocation of the Litigation Recovery Interests as set forth on Exhibit J to the Plan

is fair, equitable and reasonable, and complies with the applicable legal standard set forth in

Bankruptcy Rule 9019.

UU.    All settlements and compromises of Claims and causes of action of non-Debtor

entities that are embodied in the Plan are effective and binding on each Holder of a Claim and

Equity Interest who may have standing to assert such Claims or causes of action, and no such

Holder of a Claim or Equity Interest shall possess standing to assert such Claims or causes of

action after the Effective Date.

K&E 11815541.12

### Satisfaction of Conditions to Confirmation

VV.   Each of the conditions precedent to entry of this Order, as set forth in Article X of

the Plan, has been satisfied or waived in accordance with the Plan.

### Satisfaction of Conditions of Consummation

WW.   Each of the conditions precedent to the Effective Date under Article X of the Plan

has been satisfied or waived in accordance with the provisions of the Plan, or is reasonably likely

to be satisfied.

### Retention of Jurisdiction

XX.   The Court may properly retain jurisdiction over the matters set forth in

Article XIII of the Plan.

### Exemptions from Taxation

YY.   Pursuant to section 1146(a) of the Bankruptcy Code, the issuance, transfer or

exchange of a security, or the making or delivery of an instrument of transfer under the Plan,

including the Soft-Trim Sales Transaction, the Remaining Sales Transactions and the other

transactions related to the Sale Process (as defined and described in the Disclosure Statement),

may not be taxed under any law imposing a stamp tax or similar tax.  Any transfers from the

Debtors to the Post-Consummation Trust, the Litigation Trust, the Residual Trusts or otherwise

pursuant to the Plan, and any transfers from the NH Trust (as defined below), shall not be subject

to any such taxes, and the appropriate state or local governmental officials or agents shall forego

the collection of any such tax or governmental assessment and must accept for filing and

recordation any of the foregoing instruments or other documents without the payment of any

such tax or governmental assessment.  Any of the transactions described in the Plan or the

Disclosure Statement taken on, prior to or after the Effective Date are hereby deemed to have

been in furtherance of, or in connection with, the Plan.

17

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

### Confirmation of the Plan

1.      The Plan and each of its provisions, as modified by this Order and on the record at the Confirmation Hearing, is confirmed and approved on a final basis in each and every respect pursuant to section 1129 of the Bankruptcy Code. The terms of the Plan and the exhibits thereto are incorporated by reference into, and are an integral part of, this Order. The provisions of the Plan and this Order, including the findings of fact and conclusions of law set forth herein, are nonseverable and mutually dependent. Notwithstanding the foregoing, if there is any direct conflict between the terms of the Plan and the terms of this Order, the terms of this Order shall control. All objections and responses to, and statements and comments regarding, the Plan, to the extent not already withdrawn or resolved pursuant to representations on the record at the Confirmation Hearing are overruled on their merits.

### Plan Modifications

2.      All modifications or amendments to the Plan since the solicitation, as set forth in the Plan, this Order and on the record at the Confirmation Hearing, are approved pursuant to section 1127(a) of the Bankruptcy Code, and the Plan, as modified, meets the requirements of, among other applicable law, sections 1122 and 1123 of the Bankruptcy Code.

### Plan Classification Controlling

3.      The classification of Claims and Equity Interests for purposes of the distributions to be made under the Plan shall be governed solely by the terms of the Plan. The classifications set forth on the ballots tendered to or returned by the Debtors' creditors in connection with voting on the Plan (a) were set forth on the ballots solely for purposes of voting to accept or reject the Plan, (b) do not necessarily represent, and in no event shall be deemed to modify or

K&E 11815541.12

otherwise affect, the actual classification of such Claims under the Plan for distribution purposes, (c) may not be relied upon by any creditor as representing the actual classification of such Claims under the Plan for distribution purposes and (d) shall not be binding on the Post-Consummation Trust, the Litigation Trust or the Debtors.

## Effects of Confirmation

### *Existing Injunctions and Stays Remain in Effect Until Effective Date*

4.    Unless otherwise provided, all injunctions or stays provided for in the Chapter 11 Cases pursuant to sections 105, 362 or 525 of the Bankruptcy Code or otherwise and in existence on the date of this Order, shall remain in full force and effect until the Effective Date.  This Order will permanently enjoin the commencement or prosecution by any Person, whether directly, derivatively or otherwise, of any Claims, Equity Interests, obligations, suits, judgments, damages, demands, debts, rights, causes of action or liabilities released pursuant to the Plan.

### *Injunction*

5.    Article XII.E of the Plan is approved as follows:

> **Except as otherwise provided in the Plan, or in respect of the OEM Excluded Claims or the NNA Excluded Claims, the Confirmation Order or the Customer Agreement, as of the Effective Date, all Persons that have held, currently hold or may hold a Claim or other debt or liability that is paid, compromised or otherwise classified or an Equity Interest or other right of an equity security holder that is terminated pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions on account of any such paid, compromised or otherwise classified Claims, debts or liabilities or terminated Equity Interests or rights: (a) commencing or continuing in any manner any action or other proceeding against the Debtors, any of the Trusts or their respective property, other than to enforce any right to a distribution pursuant to the Plan; (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order against the Debtors, any of the Trusts or their respective property, other than as permitted pursuant to (a) above; (c) creating, perfecting or enforcing any lien or**

19

encumbrance against the Debtors, any of the Trusts or their respective property; (d) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtors or any of the Trusts; and (e) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan.

Except as otherwise provided in the Plan, or in respect of the OEM Excluded Claims or the NNA Excluded Claims, the Confirmation Order or the Customer Agreement, as of the Effective Date, all Persons that have held, currently hold or may hold any claims, causes of action and any other debts, obligations, rights, suits, damages, actions, interests, remedies or liabilities that are released pursuant to the Plan are permanently enjoined from taking any of the following actions against any released Person or its property on account of such released claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or liabilities:   (a) commencing or continuing in any manner any action or other proceeding; (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (c) creating, perfecting or enforcing any lien or encumbrance; (d) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to any released Person; and (e) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan.

By accepting distributions pursuant to the Plan, each Holder of an Allowed Claim receiving distributions pursuant to the Plan will be deemed to have specifically consented to the injunctions set forth in this Article XII.E.

*Exculpation*

6.     Article XII.D of the Plan is approved as follows:

Notwithstanding anything contained in the Plan to the contrary except Article XIV.J, the Exculpated Parties will neither have nor incur any liability to any Person for any prepetition or postpetition act taken or omitted to be taken in connection with or related to formulating, negotiating, preparing, disseminating, implementing or administering the Plan, the Disclosure Statement or any contract, instrument, release or other agreement or document created or entered into in connection with the Plan, or any other prepetition or

20

DTSC, et al. v. Jim Dobbas, Inc., et al.
ER-582
AGO000320

postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtors or confirming or consummating the Plan; provided that (i) the foregoing provisions of this Article XII.D will have no effect on the liability of any Person that results from any such act or omission that is determined in a Final Order to have constituted gross negligence or willful misconduct, (ii) each Exculpated Party will be entitled to rely upon the advice of counsel concerning his, her or its duties pursuant to, or in connection with, the Plan, (iii) the foregoing provisions of this Article XII.D will not apply to any acts or omissions expressly set forth in and preserved by the Plan and (iv) the foregoing provisions of this Article XII.D will have no effect on any liability of the Post-Consummation Trust that results from any such acts or omissions in connection with the Customer Agreement or the Post-Petition Customer Contracts

Notwithstanding anything contained in the Plan to the contrary, the Exculpated Parties will not include the Non-Released Parties, and the Plan will not exculpate nor be deemed to have exculpated any of the Non-Released Parties for any acts they have taken, whether in contemplation of the restructuring of the Debtors, in confirming or consummating the Plan, or otherwise.

### Releases by the Debtors and the OEMs

7.  Article XII.B of the Plan is approved as follows:

Notwithstanding anything contained in the Plan to the contrary, on the Effective Date and effective as of the Effective Date and immediately prior to the transfer of the Litigation Trust Assets and the Litigation Trust Claims to the Litigation Trust, for the good and valuable consideration provided by each of the Debtor Releasees, including: (1) the discharge of claims and all other good and valuable consideration paid pursuant to the Plan; and (2) the services of the officers and directors employed by the Debtors on or after November 1, 2006 in facilitating the expeditious implementation of the transactions contemplated by the Plan, each of the Debtors will provide a full discharge and release to each of the OEMs and the Debtor Releasees (and each such OEM and Debtor Releasee so released will be deemed released and discharged by the Debtors) and the respective properties of each such OEM and Debtor Releasee from any and all claims, causes of action and any other debts, obligations, rights, suits, damages, actions, interests, Causes of Action,

21

DTSC, et al. v. Jim Dobbas, Inc., et al.
ER-583
AGO000321

remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, suspected or unsuspected, liquidated or unliquidated, contingent or fixed, currently existing or hereafter arising, in law, equity or otherwise, whether for tort, fraud, contract, violations of federal or state securities laws, or otherwise, based in whole or in part upon any act or omission, transaction, or other occurrence or circumstances existing or taking place prior to or on the Effective Date arising from or related in any way to the Debtors, including those that any of the Debtors or any of the Trusts would have been legally entitled to assert (whether individually or collectively) or that any Holder of a Claim or Equity Interest or other Person would have been legally entitled to assert for or on behalf of any of the Debtors or any of their Estates and further including those in any way related to the Chapter 11 Cases or the Plan; provided that the foregoing provisions of this Article XII.B will not operate to waive or release any Debtor Releasee from any Causes of Action set forth on Exhibit A.

Notwithstanding anything contained in the Plan to the contrary, except as otherwise set forth in the Customer Agreement and the OEM Excluded Claims, on the Effective Date and effective as of the Effective Date and immediately prior to the transfer of the Litigation Trust Assets and the Litigation Trust Claims to the Litigation Trust, for the good and valuable consideration provided by the Debtors, including the releases of the OEMs set forth in this Article XII.B, each of the OEMs will provide a full discharge and release to each of the Debtors (and each such Debtor so released will be deemed released and discharged by each of the OEMs) and the Debtors' respective properties from any and all claims, causes of action and any other debts, obligations, rights, suits, damages, actions, interests, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, suspected or unsuspected, liquidated or unliquidated, contingent or fixed, currently existing or hereafter arising, in law, equity or otherwise, whether for tort, fraud, contract, violations of federal or state securities laws, or otherwise, based in whole or in part upon any act or omission, transaction, or other occurrence or circumstances existing or taking place prior to or on the Effective Date arising from or related in any way to the Debtors, including those that any of the OEMs would have been legally entitled to assert (whether individually or collectively) or that any Holder of a Claim or Equity Interest or other Person would have been legally entitled to assert for or on behalf of any of the OEMs and

22

DTSC, et al. v. Jim Dobbas, Inc., et al.
ER-584
AGO000322

further including those in any way related to the Chapter 11 Cases or the Plan.

Notwithstanding anything contained in the Plan to the contrary, the Debtors will not have released nor be deemed to have released by operation of this Article XII.B or otherwise any of the Causes of Action set forth on Exhibit A or any other claims, causes of action, debts, obligations, rights, suits, damages, actions, interests, remedies or liabilities that they or any of the Trusts may have now or in the future against the Non-Released Parties.

Entry of the Confirmation Order will constitute the Bankruptcy Court's approval, pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 9019, of the releases provided under this Article XII.B, which includes by reference each of the related provisions and definitions contained in the Plan, and further, will constitute the Bankruptcy Court's finding that such release is: (1) in exchange for good and valuable consideration provided by the Debtor Releasees and the OEMs, representing good faith settlement and compromise of the claims released herein; (2) in the best interests of the Debtors and all Holders of Claims; (3) fair, equitable and reasonable; (4) approved after due notice and opportunity for hearing; (5) a bar to the Debtors and the Trusts asserting any Claim released herein against any of the Debtor Releasees or their respective property; and (6) a bar to each of the OEMs asserting any Claim released herein against any of the Debtors or their respective property.

*Third Party Releases*

8.      Article XII.C of the Plan is approved as follows:

As of the Effective Date, in consideration for the obligations of the Debtors and the Trusts under the Plan and the Cash, other contracts, instruments, releases, agreements or documents to be entered into or delivered in connection with the Plan, each Releasing Party will be deemed to forever release, waive and discharge all claims (including Derivative Claims), causes of action and any other debts, obligations, rights, suits, damages, actions, interests, remedies and liabilities (other than the right to enforce the obligations of the Debtors or the Trusts under the Plan and the contracts, instruments, releases, agreements and documents delivered thereunder), whether known or unknown, foreseen or unforeseen, suspected or unsuspected, liquidated or unliquidated, contingent or fixed, currently

23

existing or hereafter arising, in law, equity or otherwise, that
are based in whole or in part on any act, omission, transaction
or other occurrence taking place on or prior to the Effective
Date in any way relating to a Debtor, the Chapter 11 Cases or
the Plan that such Person has, had or may have against any
Third Party Releasee and their respective property (which
release will be in addition to the discharge of Claims and
termination of Equity Interests provided herein and under the
Confirmation Order and the Bankruptcy Code).

Notwithstanding anything contained in the Plan to the
contrary, the Releasing Parties will not have released nor be
deemed to have released by operation of this Article XII.C or
otherwise any claims or causes of action that they, the Debtors
or any of the Trusts may have now or in the future against the
Non-Released Parties.

Entry of the Confirmation Order will constitute the
Bankruptcy Court's approval pursuant to section 363 of the
Bankruptcy Code and Bankruptcy Rule 9019 of the release
provided under this Article XII.C, which includes by reference
each of the related provisions and definitions contained in the
Plan, and further, will constitute the Bankruptcy Court's
finding that such release is:   (1) in exchange for good and
valuable consideration provided by the Debtor Releasees and
the Releasing Parties, representing good faith settlement and
compromise of the claims released herein; (2) in the best
interests of the Debtors and all Holders of Claims; (3) fair,
equitable, and reasonable; (4) approved after due notice and
opportunity for hearing; and (5) a bar to any of the Releasing
Parties asserting any claim released by this Article XII.C
against any of the Third Party Releasees or their respective
property.

<u>Matters Relating to Implementation of the Plan</u>

*Executory Contracts and Unexpired Leases*

9.      The Executory Contract and Unexpired Lease provisions of Article V of the Plan

are hereby approved and Executory Contracts and Unexpired Leases are rejected under the terms

set forth in Article V of the Plan.

10.      Except for an Executory Contract or Unexpired Lease that was previously

assumed, assumed and assigned or rejected by an order of the Court with an effective date of

24

DTSC, et al. v. Jim Dobbas, Inc., et al.
ER 586
AGO000324

such rejection on or before the Effective Date or that is assumed pursuant to Article V.A of the Plan or is assumed elsewhere in this Order, each Executory Contract and Unexpired Lease entered into by a Debtor prior to the Petition Date will be rejected pursuant to section 365 of the Bankruptcy Code on the Effective Date or as of the date set forth on Exhibit F to the Plan.

11.    If the rejection of an Executory Contract or Unexpired Lease gives rise to a Claim (including any Claims arising from those indemnification obligations) by the other party or parties to such contract or lease, such Claim will be forever barred and will not be enforceable against the Debtors, the Trusts, their respective successors or their respective properties unless a proof of Claim is Filed and served on the Post-Consummation Trust no later than 30 days after the Effective Date.

12.    Nothing in this Order, the Plan or any exhibit to the Plan is intended or shall be construed as a waiver of the Debtors' authority to assume and assign or reject an Executory Contract or Unexpired Lease prior to the Effective Date, including in connection with the sale(s) of the Debtors' businesses, pursuant to procedures approved by the Court.

***Immediate Effectiveness; Successors and Assigns***

13.    Immediately upon the entry of this Order, the terms of the Plan, all exhibits thereto and all other relevant and necessary documents, shall be, and hereby are, deemed effective and binding upon the Debtors, any and all Holders of Claims or Equity Interests, the Creditors Committee, the Agent, the Prepetition Lenders, and any other interested parties and all respective heirs, executors, administrators, successors or assigns, if any, of any of the foregoing parties.

***Corporate Authorization; Dissolution***

14.    Upon the entry of this Order by the Court, all matters provided for under the Plan involving the corporate structure of the Debtors will be deemed authorized and approved without

25

DTSC, et al. v. Jim Dobbas, Inc., et al.
ER-587
AGO000325

any requirement of further action by the Debtors, the Debtors' shareholders or the Debtors' boards of directors. The Debtors may, in consultation with the Agent, for the purpose of effectuating the transfer of the Remaining Assets to the Post-Consummation Trust in a manner deemed to be in the best interests of the Post-Consummation Trust and its beneficiaries (a) preserve the corporate existence of some or all of the Debtors so as to permit the transfer of the Remaining Assets owned by such Debtors by means of direct or indirect transfers of the stock or other equity interests of such Debtors to the Post-Consummation Trust, and if deemed desirable in connection therewith to cancel the existing stock or other equity interests of such Debtors, issue new stock or equity interests of such Debtors, amend the organizational documents of such Debtors and replace the officers and directors of such Debtors, (b) create new corporations or other entities and transfer certain of the Remaining Assets thereto so as to permit the transfer of such Remaining Assets by means of direct or indirect transfers of the stock or other equity interests of such new corporations or other entities to the Post-Consummation Trust and (c) effect other transactions determined by the Debtors and the Agent to be appropriate to achieve such purpose. To the extent not used in the transfer of Remaining Assets and not completed prior to the Effective Date, the Debtors (and, in any event, their boards of directors) will dissolve or otherwise terminate their existence following the Effective Date and are authorized to dissolve or terminate the existence of wholly owned non Debtor subsidiaries following the Effective Date as well as any remaining health, welfare or benefit plans.

15. The Debtors and the Post-Consummation Trust are authorized to effect any Restructuring Transactions.

26

DTSC, et al. v. Jim Dobbas, Inc., et al.
ER-588
AGO000326

***Post-Consummation Trust/ Plan Administrator***

16.    The Plan Administrator's appointment shall be effective as of the Effective Date. The Plan Administrator's compensation shall be as set forth in the Post-Consummation Trust Agreement.

17.    The Post-Consummation Trust Agreement and all of the terms and conditions contained therein are approved.

18.    The powers, authority, responsibilities and duties of the Post-Consummation Trust, the Plan Administrator and the Post-Consummation Trust Advisory Board are set forth in and will be governed by the Post-Consummation Trust Agreement.

19.    On the Effective Date, and in accordance with and pursuant to the terms of the Plan, the Debtors will transfer to the Post-Consummation Trust all of their rights, title and interests in all of the Remaining Assets, which transfer shall have the effect set forth in the Plan (including, without limitation, Articles IV.B and VIII thereof); provided that any assets securing the OEM Cap-Ex Claims that are transferred to the Post-Consummation Trust will be so transferred subject to the OEM Cap-Ex Claims and all other rights and remedies of the OEMs with respect to the OEM Cap-Ex Claims set forth in the Customer Agreement and the July 8, 2005 Agreement.  In connection with the transfer of the Remaining Assets, including rights and Causes of Action, any attorney-client privilege, work-product privilege, or other privilege or immunity attaching to any documents or communications (whether written or oral) transferred to the Post-Consummation Trust will vest in the Post-Consummation Trust and its representatives, and the Debtors and the Post-Consummation Trust are authorized to take all necessary actions to effectuate the transfer of such privileges.

27

***Litigation Trust/ Litigation Trust Administrator***

20.     The Litigation Trust Administrator's appointment shall be effective as of the Effective Date. The Litigation Trust Administrator's compensation shall be as set forth in the Litigation Trust Agreement.

21.     The Litigation Trust Agreement and all of the terms and conditions contained therein are approved.

22.     The powers, authority, responsibilities and duties of the Litigation Trust, the Litigation Trust Administrator and the Litigation Trust Committee are set forth in and will be governed by the Litigation Trust Agreement.

23.     On the Effective Date, and in accordance with section 1123(b)(3) of the Bankruptcy Code and pursuant to the terms of the Plan, the Debtors will transfer to the Litigation Trust all of their rights, title and interests in all of the Litigation Trust Assets. All such assets shall vest exclusively in the Litigation Trust on the Effective Date. The Litigation Trust through its authorized agents or representatives will have and may exclusively enforce any and all of the Litigation Trust Assets in accordance with the provisions of the Litigation Trust Agreement. The Litigation Trust will have the exclusive right, authority and discretion to initiate, file, prosecute, enforce, abandon, settle, compromise, release, withdraw or litigate to judgment any and all of the Litigation Trust Assets in accordance with the terms of the Litigation Trust Agreement.

24.     In connection with the transfer to the Litigation Trust of the Litigation Trust Assets, any attorney client privilege, work product privilege, or other privilege or immunity attaching to any documents or communications (whether written or oral) transferred to the Litigation Trust will vest in the Litigation Trust and its authorized agents and representatives,

28

DTSC, et**ER-590**v. Jim Dobbas, Inc., et al.
AGO000328

and the Debtors and the Litigation Trust Administrator are authorized to take all necessary actions to effectuate the transfer of such privileges to the Litigation Trust.

25. On the Effective Date, the Debtors are authorized to deposit with the Litigation Trust $3 million in Cash to cover the reasonable costs of the Litigation Trust as more fully set forth in the Litigation Trust Agreement. The Litigation Trust will have no obligation to and will not repay the $3 million to the Debtors or the Post-Consummation Trust.

26. On the Effective Date, the Debtors are authorized to deposit with the Litigation Trust any funds collected by the Debtors prior to the Effective Date on behalf of preference demands and duplicate payments and any interest earned on such collections.

***Residual Trusts***

27. The Residual Trust Agreements and all of the terms and conditions contained therein are approved.

28. The Debtors, in consultation with the Agent, prior to the Effective Date, or the Post-Consummation Trust, on or after the Effective Date, will have the authority to establish the Residual Trusts in accordance with the Residual Trust Agreements to pay or otherwise resolve any Residual Trust Rights. The sole right to recover on account of the Residual Trust Rights will be limited to the Residual Trust Assets.

***Residual Claims Trust***

29. The Residual Claims Trust Agreement and all of the terms and conditions contained therein are approved.

30. With the consent of the Insurers, which has been given to Debtors in connection with the Plan, all of the Debtors' rights and obligations under the Insurance Contracts are assigned to, and shall vest in, the Residual Claims Trust. The Residual Claims Trust, the

29

DTSC, et ER-591 v. Jim Dobbas, Inc., et al.
AGO000329

Post-Consummation Trust and the Litigation Trust shall be bound by the Plan, this Order and the Insurance Contracts.

***Cancellation and Surrender of Instruments, Securities and Other Documentation***

31.     Except as provided in any contract, instrument or other agreement or document entered into or delivered in connection with the Plan, on the Effective Date and concurrently with the applicable distributions made pursuant to Article III of the Plan, the DIP Facility, the Prepetition Credit Facility, the Senior Note Indenture, the Senior Subordinated Note Indenture, the Senior Notes, the Senior Subordinated Notes and the Equity Interests will be canceled and of no further force and effect, without any further action on the part of any Debtor or any of the Trusts; except as otherwise provided in the Plan in connection with the charging liens of the Indenture Trustees that the provisions of the Senior Note Indenture and Senior Subordinated Note Indenture governing the rights of the Indenture Trustees with respect to their respective Holders will remain enforceable as between the Indenture Trustees and the Holders.   The Holders of or parties to instruments, securities and other documentation cancelled pursuant to the Plan will have no rights arising from or relating to such instruments, securities and other documentation or the cancellation thereof, except the rights provided pursuant to the Plan; provided that no distribution under the Plan will be made to or on behalf of any Holder of an Allowed Claim evidenced by Senior Notes or Senior Subordinated Notes unless and until such instruments or securities are received by the Litigation Trust Administrator or the applicable Disbursing Agent, together with any letter of transmittal required by the Litigation Trust Administrator or applicable Disbursing Agent, to the extent required in Article VI.I of the Plan.

### Adequate Protection Payments

32.     The payment of a portion of the Adequate Protection Payments (as defined in the Disclosure Statement) that was heretofore deferred to August 1, 2007 pursuant to orders of this

30

DTSC, et al. v. Jim Dobbas, Inc., et al.
ER-592
AGO000330

Court dated August 29, 2006 and January 11, 2007, and payment of the corresponding portion of the Adequate Protection Payments for the additional periods through September 28, 2007, are hereby deferred to October 31, 2007. Such deferred Adequate Protection Payments (a) shall be deemed satisfied on the Effective Date by the distributions and other treatment provided on account of the Prepetition Facility Claims pursuant to Article III.C.1 of the Plan and (b) because the value of such treatment is substantially less than the principal amount of the Prepetition Facility Claims, the Adequate Protection Payments shall not be taken into consideration in determining the Allowed amount of the Prepetition Facility Claims.

### Distributions

33.   The distribution provisions of Article VI of the Plan are hereby approved in their entirety. The Debtors, the Plan Administrator and the Litigation Trust Administrator, or such Third-Party Disbursing Agents as the Post-Consummation Trust and the Litigation Trust may employ, as applicable, will administer all Claims and make all Distributions required under the Plan pursuant to the terms of the Plan. Pursuant to the terms of the Plan, the Litigation Trust will employ the Senior Note Indenture Trustee and the Senior Subordinated Note Indenture Trustee as Third-Party Disbursing Agents with respect to any distributions to the Holders of the Senior Notes and the Holders of Senior Subordinated Notes, respectively, if such Indenture Trustees have offered to provide such services on reasonable and customary commercial terms.

### Maintenance of Causes of Action

34.   The provisions of Article IV.G of the Plan are hereby approved in their entirety. Except as otherwise provided in the Plan (including Article XII.B of the Plan), on the Effective Date, all of the Debtors' rights to commence and pursue, as appropriate, any and all Causes of Action, whether arising before or after the Petition Date, in any court or other tribunal

31

DTSC, et al. v. Jim Dobbas, Inc., et al.
ER-593
AGO000331

in an adversary proceeding or contested matter Filed in one or more of the Chapter 11 Cases, including, but not limited to, the actions set forth in Article IV.G of the Plan and any Causes of Actions specified on <u>Exhibit A</u> to the Plan, will be transferred to the Litigation Trust or the Post-Consummation Trust, as applicable, in accordance with the Plan.

35.     Unless a claim or Cause of Action against a creditor or other Person is expressly waived, relinquished, released, compromised or settled in the Plan or any Final Order, the Debtors expressly reserve and transfer such claim or Cause of Action to the Litigation Trust and the Post-Consummation Trust, as applicable, for later adjudication by the applicable Trust, and, therefore, no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable or otherwise) or laches will apply to such claims or Causes of Action upon or after the Confirmation or Consummation of the Plan based on the Disclosure Statement, the Plan or this Order, except where such claims or Causes of Action have been expressly waived, relinquished, released, compromised or settled in the Plan or a Final Order.

### Prosecution of Objections to Claims

36.     All objections to Claims must be Filed by the Claims Objection Bar Date, and if Filed after the Effective Date, such objections shall be served only on the Holders of such Claims and the United States trustee.   If an objection has not been Filed to a proof of Claim or a scheduled Claim by the Claims Objection Bar Date, the Claim to which the proof of Claim or scheduled Claim relates will be treated as an Allowed Claim if such Claim has not been Allowed earlier.   An objection is deemed to have been timely Filed as to all Tort Claims and Potentially Insured Claims, thus making each such Claim a Disputed Claim as of the Claims Objection Bar Date.   Each such Tort Claim and Potentially Insured Claim will remain a Disputed Claim until it becomes an Allowed Claim by a Final Order.

K&E 11815541.12

05-55927-swr    Doc 7827    Filed 07/18/07    Entered 07/18/07 17:01:03    Page 32 of 61

37. The Debtors, the Post-Consummation Trust, the Litigation Trust and the Residual Claims Trust, as applicable, shall reserve the right to extend the Claims Objection Bar Date by filing a motion with the Court with proper notice to parties in interest in accordance with relevant Local Rules of this Court and the Bankruptcy Rules.

38. After the Effective Date, except as provided in paragraph 39 of this Order or Article VII.D of the Plan, only the Debtors or the Post-Consummation Trust will have the authority to File, settle, compromise, withdraw or litigate to judgment objections to Claims. After the Effective Date, except as provided in Article VII.D.1(c) of the Plan, the Post-Consummation Trust may settle or compromise any Disputed Claim without approval of the Court; provided that (a) the Post-Consummation Trust will promptly File with the Court a written notice of any settlement or compromise of a Claim with a Face Amount in excess of $1,000,000 and (b) the Agent and the United States trustee will be authorized to contest the proposed settlement or compromise by Filing a written objection with the Court and serving such objection on the Post-Consummation Trust within 20 days of the service of the settlement notice. If such objection is filed and the Post-Consummation Trust and the objecting party are unable to consensually resolve such objection, the objection will be set for hearing before the Court. If no such objection is Filed, the applicable settlement or compromise will be deemed final without further action of the Court; provided that the Post-Consummation Trust will be authorized, but not required, to file a certification of no objection and submit an order to the Court on account of such settlements and compromises.

39. Following the Effective Date, objections to and reconciliation of Class 5, 6 and 7 Claims will be performed by the Litigation Trust Administrator under the supervision and direction of the Litigation Trust Committee member(s) appointed by the Creditors Committee.

33

K&E 11815541.12

**Substantial Consummation**

40.     The substantial consummation of the Plan, within the meaning of section 1127 of

the Bankruptcy Code, shall be deemed to have occurred on the Effective Date.

**Retention of Jurisdiction**

41.     Notwithstanding the entry of this Order and the occurrence of the Effective Date,

the Court will retain such jurisdiction over the Chapter 11 Cases after the Effective Date as is

legally permissible, including jurisdiction to:

a.     Allow, disallow, determine, liquidate, classify, estimate or establish the priority or secured or unsecured status of any Claim or Equity Interest, including the resolution of any request for payment of any Administrative Claim, Priority Claim, Secured Claim and Unsecured Claim and the resolution of any objections to the allowance, priority or classification of Claims or Equity Interests;

b.     Determine any matters related to or in connection with the Soft-Trim Sales Transaction and the Remaining Sales Transactions;

c.     Grant or deny any applications for allowance of compensation or reimbursement of expenses authorized pursuant to the Bankruptcy Code or the Plan for periods ending on or before the Effective Date;

d.     Resolve any matters related to the assumption, assumption and assignment or rejection of any Executory Contract or Unexpired Lease to which any Debtor is a party or with respect to which any Debtor or the Post-Consummation Trust may be liable and to hear, determine and, if necessary, liquidate any Claims arising therefrom, including any Cure Amount Claims;

e.     Ensure that distributions to Holders of Allowed Claims are accomplished pursuant to the provisions of the Plan;

f.     Decide or resolve any motions, adversary proceedings, contested or litigated matters and any other matters, and grant or deny any applications involving the Debtors that may be pending on the Effective Date or brought thereafter;

g.     Enter such orders as may be necessary or appropriate to implement or consummate the provisions of the Plan and all contracts, instruments, releases and other agreements or documents entered into or delivered in connection with the Plan, the Disclosure Statement or this Order;

34

h.     Resolve any cases, controversies, suits or disputes that may arise in connection with the Consummation, interpretation or enforcement of the Plan or any contract, instrument, release or other agreement or document that is entered into or delivered pursuant to the Plan or any Person's rights arising from or obligations incurred in connection with the Plan or such documents;

i.     Modify the Plan before or after the Effective Date pursuant to section 1127 of the Bankruptcy Code; modify the Disclosure Statement, this Order or any contract, instrument, release or other agreement or document entered into or delivered in connection with the Plan, the Disclosure Statement or this Order; or remedy any defect or omission or reconcile any inconsistency in any Court order, the Plan, the Disclosure Statement, this Order or any contract, instrument, release or other agreement or document entered into, delivered or created in connection with the Plan, the Disclosure Statement or this Order, in such manner as may be necessary or appropriate to consummate the Plan;

j.     Issue injunctions, enforce the injunctions contained in the Plan and this Order, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any Person with Consummation, implementation or enforcement of the Plan or this Order;

k.     Enter and implement such orders as are necessary or appropriate if this Order is for any reason or in any respect modified, stayed, reversed, revoked or vacated or distributions pursuant to the Plan are enjoined or stayed;

l.     Determine any other matters that may arise in connection with or relate to the Plan, the Disclosure Statement, this Order or any contract, instrument, release or other agreement or document entered into or delivered in connection with the Plan, the Disclosure Statement or this Order;

m.     Determine matters concerning state, local and federal taxes in accordance with sections 346, 505 and 1146 of the Bankruptcy Code, including any Disputed Claims for taxes; and

n.     Enter a Final Decree closing the Chapter 11 Cases.

### Payment of Statutory Fees

42.     On or before the Effective Date, Administrative Claims for fees payable pursuant to 28 U.S.C. § 1930 will be paid by the Debtors in Cash equal to the amount of such Administrative Claims. After the Effective Date, all fees payable pursuant to 28 U.S.C. § 1930

35

will be paid by the Post-Consummation Trust in accordance therewith until the closing of the
Chapter 11 Cases pursuant to section 350(a) of the Bankruptcy Code.

### Modifications

43.     Without need for further order or authorization of this Court, the Debtors and the
Post-Consummation Trust are authorized to make any and all modifications to the Plan before its
substantial consummation in such a manner that does not materially modify the terms of the
Plan, as modified by this Order, and as may be necessary to carry out the purposes and intent of
the Plan; provided that (a) the consent of the Litigation Trust Administrator shall be required
prior to any modifications to the provisions of the Plan that relate to the Litigation Trust and
(b) the consent of the Insurers shall be required prior to any modifications to the provisions of
the Plan that relate to the Insurers, the Insurance Contracts, or the Insurers' rights.

### Dissolution of the Creditors Committee

44.     Effective thirty (30) days after the Effective Date, if no appeal of this Order is
then pending, the Creditors Committee will dissolve and the members of the Creditors
Committee will be released and discharged from all duties and obligations arising from or related
to the Chapter 11 Cases.  The legal Professionals retained by the Creditors Committee and the
members thereof will not be entitled to assert any Fee Claim for any services rendered or
expenses incurred after thirty (30) days after the Effective Date, and the financial advisory
Professionals retained by the Creditors Committee and the members thereof will not be entitled
to assert any Fee Claim for any services rendered or expenses incurred after the Effective Date,
except in either case for services rendered and expenses incurred in connection with any
applications for allowance of compensation and reimbursement of expenses pending on the
Effective Date or Filed and served after the Effective Date pursuant to Article III.A.1(f)(ii)(A) of
the Plan and in connection with any appeal of this Order.

36

## Post-Consummation Notices and Reports

*Notice of Entry of Confirmation Order*

45.    Pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c), the Debtors are directed to serve a notice of the entry of this Order on all Holders of Claims or Equity Interests to whom the notice of the Confirmation Hearing was mailed and to the United States trustee no later than 60 days after the Confirmation Date; *provided* that if within 60 days after the Confirmation Date, this Court has entered a final decree closing these Chapter 11 Cases pursuant to Rule 3022, then the Debtors are authorized, in their discretion, to serve on the Persons identified in this paragraph, a combined notice of entry of this Order and entry of the final decree, in lieu of separate notices, no later than 75 days after the Confirmation Date.

46.    The Debtors shall serve copies of this Order on each party that has filed and not withdrawn a notice of appearance in these Chapter 11 Cases and on each party who filed an objection or response to, or statement or comment regarding the Plan, no later than 14 days after the Confirmation Date.

47.    Except as set forth in paragraphs 45 and 46 of this Order, no further notice of the entry of this Order shall be required.

*Notice of Effective Date*

48.    The Debtors shall serve a notice of the Effective Date (the "Effective Date Notice") on all Holders of Claims or Equity Interests to whom the notice of the Confirmation Hearing was mailed and to the United States trustee no later than 10 days after the Effective Date.

*General Bar Date for Administrative Claims*

49.    Except as otherwise provided in paragraph 50, unless previously Filed, requests for payment of Administrative Claims that arise on or before the Effective Date must be Filed

37

DTSC, et al. v. Jim Dobbas, Inc., et al.
ER-599
AGO000337

and served on the Post-Consummation Trust no later than 30 days after the Effective Date. Holders of Administrative Claims that are required to File and serve a request for payment of such Administrative Claims and that do not File and serve such a request by the applicable bar date will be forever barred from asserting such Administrative Claims against the Debtors, the Post-Consummation Trust, the Litigation Trust or their respective property, and such Administrative Claims will be deemed discharged as of the Effective Date. Objections to such requests must be Filed and served on the Post-Consummation Trust and the requesting party by the later of (a) 180 days after the Effective Date and (b) 90 days after the Filing of the applicable request for payment of Administrative Claims.

***Bar Date for Professional Compensation***

50.     Professionals or other Persons asserting a Fee Claim for services rendered before the Effective Date must File and serve an application for final allowance of such Fee Claim no later than 30 days after the Effective Date on the following parties; provided that (a) any professional who may receive compensation or reimbursement of expenses pursuant to the Ordinary Course Professionals Order may continue to receive such compensation and reimbursement of expenses for services rendered before the Effective Date, without further Court review or approval, pursuant to the Ordinary Course Professionals Order and (b) any Professional that is entitled, pursuant to the Plan or an order of the Court, to receive payment from the Estates for fees and expenses incurred after the Effective Date in connection with the Chapter 11 Cases may be compensated by the Post-Consummation Trust without further application to the Court:

38

**The Debtors and the Post-Consummation Trust**
Richard M. Cieri
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

-and-

David L. Eaton
Ray C. Schrock
Scott R. Zemnick
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

-and-

Joseph M. Fischer
Lawrence A. Lichtman
Carson Fischer, P.L.C.
4111 West Andover Road -- Second Floor
Bloomfield Hills, Michigan 48302
Telephone: (248) 644-4840
Facsimile: (248) 644-1832

**The Post-Consummation Trust**
Peter Chadwick
Capstone Advisory Group, LLC
1875 I Street, NW
Suite 500
Washington, D.C. 20006
Telephone: (202) 429-2079
Facsimile: (202) 429-2081

**The United States Trustee**
Stephen E. Spence
U.S. Department of Justice
Office of the United States Trustee
211 West Fort Street, Suite 700
Detroit, Michigan 48226
Telephone: (313) 226-7911
Facsimile: (313) 226-7952

**The Creditors Committee**
Michael S. Stamer
Philip C. Dublin
Akin Gump Strauss Hauer & Feld LLP
590 Madison Avenue
New York, New York 10022
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

-and-

Thomas B. Radom
Butzel Long, P.C.
100 Bloomfield Hills Parkway
Bloomfield Hills, Michigan 48304
Telephone: (248) 258-1616
Facsimile: (248) 258-1439

**The Agent**
Harold S. Novikoff
Gregory E. Pessin
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, New York 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000

51.     Objections to any Fee Claim must be Filed and served on the

Post-Consummation Trust and the requesting party by the later of (a) 60 days after the

39

DTSC, et al. v. Jim Dobbas, Inc., et al.
ER-601
AGO000339

Effective Date and (b) 30 days after the Filing of the applicable request for payment of the Fee Claim.

### Authorization to Consummate

52.     The Debtors are authorized to consummate the Plan at any time after the entry of this Order subject to the satisfaction or waiver of the conditions precedent to Consummation set forth in Article X.B of the Plan.

53.     The Debtors are authorized and empowered to take any and all actions necessary or appropriate to consummate and implement the Plan, together with all additional instruments and documents that may be reasonably necessary or appropriate to consummate and implement the Plan.

### Failure to Consummate the Plan

54.     In accordance with Article X.D of the Plan, if the Consummation of the Plan does not occur, the Plan will be null and void in all respects and nothing contained in this Order, the Plan or the Disclosure Statement will:  (a) constitute a waiver or release of any Claims by or against, or any Equity Interests, in any Debtor; (b) prejudice in any manner the rights of any Debtor or any other party; or (c) constitute an admission, acknowledgment, offer or undertaking by any Debtor in any respect.

### Specific Creditor Provisions

55.     Notwithstanding anything contained in the Plan or elsewhere in this Order, the provisions of Article XII.E of the Plan shall not preclude the assertion at any time of a right of setoff or a right of recoupment by Shawmut Corporation for which a proof of claim asserting such right was timely Filed.  Any objection to such right of setoff or right of recoupment shall be determined in accordance with the procedures set forth in the Plan.

K&E 11815541.12

05-55927-swr    Doc 7827    Filed 07/18/07    Entered 07/18/07 17:01:03    Page 40 of 61

DTSC, et al. v. Jim Dobbas, Inc., et al.
ER-602
AGO000340

56.     Notwithstanding anything contained in the Plan or elsewhere in this Order, the provisions of Articles XII.C and XII.E of the Plan shall not preclude the assertion at any time of a right of setoff or a right of recoupment or any defense (affirmative or otherwise) by VF Corporation or VF Playwear, Inc. however the same may arise, including those types of matters described in Article XII.E of the Plan, relating to the substance of the matters identified in a proof of claim that was timely Filed.  Any objection to such claim shall be determined in accordance with the procedures set forth in the Plan.  Such rights and/or defenses are preserved and are not reduced or impacted by the Plan.

57.     Neither the provisions of Article XII.E of the Plan nor any other provision of the Plan shall enjoin or otherwise preclude the assertion at any time of a right of setoff, recoupment or any defense (affirmative or otherwise) by H.P. Pelzer Automotive System, Inc. and/or Cimatron Technologies, Inc. to an objection to claim, other contested matter or adversary proceeding.  Such rights and/or defenses are preserved and are not reduced or impacted by the Plan.

58.     Notwithstanding anything to the contrary in the Plan or this Order, CBS Operations Inc. (f/k/a Viacom International Inc.) shall not be a Releasing Party and shall not be subject to the Third Party Releases set forth herein or in Article XII.C of the Plan.

59.     Neither the provisions of Article XII.C or Article XII.E of the Plan, nor any other provision of the Plan, shall enjoin or otherwise preclude the assertion at any time of a right of setoff, recoupment or any defense (affirmative or otherwise) by Becker Properties, LLC; Becker Ventures; Anchor Court, LLC; Townhall 4, LLC; Lear Corporation; Cooper-Standard Automotive Inc.; TR Associates, LLC; Pentastar Aviation, LLC; Freudenberg NOK, Inc.; Freudenberg;  Freudenberg  Spinweb  Company;  Freudenberg  Nonwovens,  L.P.;

41

Freudenberg Spunweb Company; Freudenberg Nonwovens Group North America Tuft Division; Comerica Leasing Corporation; and/or Comerica Bank in any context (whether as an affirmative defense, an affirmative right or otherwise). Such rights and/or defenses are preserved and are not reduced or impacted by the Plan.

60. Notwithstanding anything to the contrary in the Plan or this Order, Becker Properties, LLC; Becker Ventures; Anchor Court, LLC; Townhall 4, LLC; Lear Corporation; Cooper-Standard Automotive Inc.; TR Associates, LLC; Pentastar Aviation, LLC; Freudenberg NOK, Inc.; Freudenberg; Freudenberg Spinweb Company; Freudenberg Nonwovens, L.P.; Freudenberg Spunweb Company; Freudenberg Nonwovens Group North America Tuft Division; Comerica Leasing Corporation; and/or Comerica Bank shall not be a Releasing Party and shall not be subject to Article XII.C of the Plan or paragraph 8 of this Order.

61. Notwithstanding anything to the contrary in the Plan or this Order, the rejection dates for all of the Unexpired Leases to which Becker Properties, LLC is a counterparty as listed on Exhibit F to the Plan shall be governed by the various orders entered by the Court approving the rejection of such Unexpired Leases, and the "Estimated Dates of Rejection" for such Unexpired Leases as listed on Exhibit F to the Plan are inapplicable.

62. Notwithstanding any language in the Plan or Disclosure Statement to the contrary, the Debtors acknowledge and agree that they do not retain any equity interest in Collins & Aikman MOBIS, LLC and that the Debtors duly conveyed to MOBIS Alabama, LLC ("MOBIS") all their equity interest in Collins & Aikman MOBIS, LLC pursuant to the Membership Interest Purchase Agreement between MOBIS and Collins & Aikman Products Co. that was approved by this Court by order entered on August 16, 2006.

42

63.     Notwithstanding anything to the contrary in the Plan or this Order, the State of Michigan, Treasury Department (the "Treasury") shall not be a Releasing Party and shall not be subject to Article XII.C of the Plan or paragraph 8 of this Order.  Notwithstanding anything to the contrary in the Plan or this Order, to the extent the Treasury has a right to a distribution under the Plan on account of its Allowed Other Secured Claim or Allowed Priority Tax Claim and such distribution is not timely made to the Treasury in accordance with the Plan, the Treasury may seek to enforce any right to such distribution, but only after providing the Debtors or, if applicable, the Post-Consummation Trust with 30 days from the Debtors' receipt of written notice by the Treasury of such untimely distribution to make such distribution.

64.     Notwithstanding anything to the contrary in the Plan or this Order, the Debtors and, to the extent applicable, the Post-Consummation Trust, shall continue to fulfill all of the duties and obligations of the Debtors set forth in paragraph 11 of the Final Order Approving Customer Agreement Among the Debtors, Their Principal Customers and JPMorgan Chase Bank, N.A. and Related Relief [Docket No. 3890] (the "Final Customer Agreement Order") in favor of H.S. Die and Engineering, Inc. and its affiliates and subsidiaries, including, but not limited to, the maintenance of the H.S. Die Deemed Segregated Proceeds (as such term is defined in the Final Customer Agreement Order), subject to all rights, claims and defenses of the Debtors, to the extent applicable, the Post-Consummation Trust, the Customers (as such term is defined in the Customer Agreement), the Debtors' prepetition and postpetition senior, secured lenders and other parties in interest, other than contesting the finality of the Final Customer Agreement Order.

65.     Notwithstanding anything to the contrary in the  Plan or this Order, (a) the Inmet Division of Multimatic shall not be a Releasing  Party and shall not be subject to

43

DTSC, et ER 605 v. Jim Dobbas, Inc., et al.
AGO000343

Article XII.C of the Plan or paragraph 8 of this Order, (b) the provisions of Article XII.E of the Plan shall not preclude the assertion at any time of a right of setoff or a right of recoupment by the Inmet Division of Multimatic (i) for which a proof of claim asserting such right was timely Filed, subject to any rights, claims and defenses of any party with respect thereto or (ii) on account of a postpetition, pre-Confirmation Allowed Administrative Claim maintained by the Inmet Division of Multimatic against the Debtors, if any, subject to any rights, claims and defenses of any party with respect thereto and (c) the provisions of Article XII.E of the Plan shall not preclude the Inmet Division of Multimatic's ability to enforce any right to a distribution on account of a postpetition pre-Confirmation Allowed Administrative Claim, if any, subject to any rights, claims and defense of any party with respect thereto. Any objection to the Inmet Division of Multimatic's right of setoff or right of recoupment shall be determined in accordance with the procedures set forth in the Plan.

66.   Notwithstanding anything to the contrary in the Plan or this Order, DOTT Industries, Inc. shall not be a Releasing Party and shall not be subject to the Third Party Releases set forth herein or in Article XII.C of the Plan, nor shall any provision in the Plan or this Order compromise or diminish DOTT Industries, Inc.'s right, if any, to exercise setoff against any Third Party Releasee or other non-Debtor entity, subject to any rights, claims or defenses of any party with respect thereto.

67.   Notwithstanding anything to the contrary in the Plan or this Order, the Ohio Department of Taxation shall not be a Releasing Party and shall not be subject to Article XII.C of the Plan or paragraph 8 of this Order.

68.   Notwithstanding anything contained in the Plan or elsewhere in this Order, the provisions of Article XII.E of the Plan shall not preclude the assertion at any time of a right of

K&E 11815841.12
05-55927-swr    Doc 7827    Filed 07/18/07    Entered 07/18/07 17:01:03    Page 44 of 61

DTSC, et al.  v.  Jim Dobbas,  Inc.,  et  al.
ER-606
AGO000344

setoff or a right of recoupment by Texas Comptroller of Public Accounts for which a proof of claim preserving such right was timely Filed. Any objection to such right of setoff or right of recoupment shall be determined in accordance with the procedures set forth in the Plan.

69.    Notwithstanding anything to the contrary in the Plan or this Order, to the extent the Allowed Priority Tax Claims, if any, of the Texas Comptroller of Public Accounts are not paid within 30 days after the Effective Date, such claims are subject to Article III.A.2. of the Plan except that such claims shall be satisfied in Cash in an aggregate amount equal to such Allowed Priority Tax Claim, together with interest of nine percent (9.0%) per annum from the Effective Date on the unpaid portion of such Allowed Priority Tax Claim.

70.    Notwithstanding anything to the contrary in the Plan or this Order, the case of *Wanda Patterson et al. v. Heartland Industrial Partners, LLP et al.* (the "Patterson Action") currently pending in the United States Court of Appeals for the Sixth Circuit (the "Court of Appeals") shall be permitted to proceed in the Court of Appeals for the limited purpose of allowing (a) the parties in the Patterson Action to present oral argument before the Court of Appeals in connection with their cross-appeals of the summary judgment order previously issued by the United States District Court for the Northern District of Ohio, (b) the Court of Appeals to rule on such appeals and (c) the parties in the Patterson Action to further appeal said ruling(s) to an en banc panel of the Court of Appeals or to the United States Supreme Court. Nothing in this paragraph is intended or shall be construed to permit any other or further proceeding in the Patterson Action, or any other judicial, administrative or other action or proceeding, including the reopening of discovery or any advancement to trial in the Patterson Action.

71.    The Debtors shall serve the Effective Date Notice upon counsel for Connecticut General Life Insurance Company ("CGLIC") in accordance with paragraph 48 of

45

DTSC, et al. v. Jim Dobbas, Inc., et al.
ER-607
AGO000345

this Order. Notwithstanding anything to the contrary in the Plan or this Order, each of the Group Contracts/ Policies between the Debtors and CGLIC, pursuant to which CGLIC provides, among other things, claims processing services in connection with the Debtors' self-insured medical benefits plan and other insurance benefits to the Debtors and their employees, (collectively, the "CGLIC Agreements") shall be deemed rejected as of the earlier of (a) ten (10) days after the date of service of the Effective Date Notice and (b) ten (10) days after the date of service of a rejection notice served in accordance with the procedures approved by the Court in the Order Approving Expedited Rejection Procedures for Executory Contracts and Unexpired Leases [Docket No. 3151]; provided that, in the event the Debtors elect to (x) amend Exhibit E to the Plan to add any or all of the CGLIC Agreements or (y) otherwise assume and assign any or all of the CGLIC Agreements prior to the Effective Date, the Debtors shall serve notice of such assumption and assignment upon counsel for CGLIC, and CGLIC shall have until ten (10) days after the date of service of such notice to file an objection to such proposed assumption and assignment.

72.    Pursuant to this Order and the Plan, two custodial trusts will be created to hold the properties and funds described below for the benefit of U.S. EPA (the "Zanesville Trust") and New Hampshire DES (the "NH Trust" and collectively with the Zanesville Trust, the "Custodial Trusts"). The Custodial Trusts shall constitute Residual Trusts under the Plan.

73.    As described below, the following properties will be transferred to the Custodial Trusts, or, in the case of the Farmington Plant Property, to such party as the State of New Hampshire may designate, free and clear of all liens and encumbrances of record:

a.    Land and buildings constituting the Farmington Plant Property;

b.    Cardinal Landfill Property; and

46

DTSC, et al. v. Jim Dobbas, Inc., et al.
ER-608
AGO000346