No. 20-15029

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES
CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,
Plaintiffs-Appellees
v.
JIM DOBBAS, INC., a California corporation, et al.,
Defendants,
v.
CENTURY INDEMNITY COMPANY, et al.,
Movants-Appellants.

_____

on Appeal from the United States District Court
for the Eastern District of California

No. 2:14-cv-00595-WBS-EFB
(Hon. William B. Shubb)

_____

**PLAINTIFFS'-APPELLEES' SUPPLEMENTAL
EXCERPTS OF RECORD – VOLUME 2 OF 2**

_____

ROB BONTA
Attorney General of the State of
California
DENNIS L. BECK, JR.
Supervising Deputy Attorney
General
LAURA J. ZUCKERMAN
Deputy Attorney General
State Bar No. 161896
 1515 Clay Street, 20th Floor
 Oakland, CA  94612-0550
 Telephone: (510) 879-1299
 Fax: (510) 622-2270
Email:
Laura.Zuckerman@doj.ca.gov

GRAY-DUFFY, LLP
TIMOTHY M. THORNTON, JR.
State Bar No. 106413
 15760 Ventura Blvd, 16th Floor
 Encino, CA  91436-3027
 Telephone: (818) 907-4000
 Fax: (818) 783-4551
 Email:
 tthornton@grayduffylaw.com

*Attorneys for Plaintiffs-Appellees
California Department of Toxic
Substances Control and the Toxic
Substances Control Account*

Case: 20-15029, 07/09/2021, ID: 12168694, DktEntry: 27-3, Page 2 of 79

1   KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
2   SARAH E. MORRISON, State Bar No. 143459
Supervising Deputy Attorney General
3   OLIVIA W. KARLIN, State Bar No. 150432
LAURA J. ZUCKERMAN (Counsel for service)
4   State Bar No. 161896
Deputy Attorneys General
5    1515 Clay Street, 20th Floor
 Oakland, CA 94612
6    Telephone: (510) 622-2174
 Fax: (510) 622-2270
7    E-mail: Laura.Zuckerman@doj.ca.gov
*Attorneys for Plaintiffs California*
8   *Department of Toxic Substances Control and Toxic*
*Substances Control Account*

9                    IN THE UNITED STATES DISTRICT COURT

10                   FOR THE EASTERN DISTRICT OF CALIFORNIA

11                              SACRAMENTO DIVISION

12

13

| | |
|---|---|
| 14  **CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC** | 2:14-cv-00595-WBS-EFB |
| 15  **SUBSTANCES CONTROL ACCOUNT,** | **DECLARATION OF PETER** |
| 16                              Plaintiffs, | **MACNICHOLL IN SUPPORT OF PLAINTIFFS' MOTION FOR JUDICIAL APPROVAL OF CONSENT DECREE** |
| 17                         v. | **BETWEEN PLAINTIFFS AND DEFENDANT WEST COAST WOOD** |
| 18  **JIM DOBBAS, INC., a California** | **PRESERVING, LLC** |
| 19  **corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN** | Judge:      William B. Shubb |
| 20  **OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California** | **Date: August 24, 2015** |
| 21  **corporation; WEST COAST WOOD PRESERVING, LLC., a Nevada limited** | **Time: 2:00 p.m.** Courtroom 5, 14th Floor, 501 I Street, |
| 22  **liability company; and COLLINS & AIKMAN PRODUCTS, LLC, a Delaware** | Sacramento, CA 95814 |
| 23  **limited liability company,** | |
| 24                              Defendants. | |
| 25 | |
| 26 ———————————————— | |
| 27  **AND RELATED COUNTERCLAIMS AND CROSS CLAIMS** | |
| 28 | |

SER277

### DECLARATION OF PETER MACNICHOLL

I, Peter MacNicholl, declare:

     1.     I make this declaration in support of the Motion for Judicial Approval of Consent Decree between Plaintiffs State of California Department of Toxic Substances Control and the Toxic Substances Control Account ("Plaintiffs," or "DTSC") and Defendant West Coast Wood Preserving, LLC ("Settling Defendant"). The facts stated in this declaration are based on my personal knowledge and on my review of files kept by DTSC. If called as a witness, I would and could competently testify hereto.

     2.     I have been employed with DTSC as a Project Manager for fourteen years, and in this capacity have overseen the cleanup process at many sites throughout the State. At DTSC, I am assigned to the National Priorities List Unit within the Cleanup Program and have worked in the Unit for over five years. The National Priorities List Unit conducts and oversees response actions at the former Wickes Industries Site, located at 147 A Street, Elmira, Solano County, CA, identified by Solano County Assessor's Parcel Numbers 142-010-130, 142-010-140 and 142-042-010. ("the Site"). As Project Manager, I have been actively involved with the Site since approximately March 2010. I am familiar with the Site's history, and I am knowledgeable about DTSC's work at the Site.

     3.     I have visited the Site on many occasions. I have participated in, among other things, Site inspections, oversight of groundwater sampling, preparation of the Removal Action Workplan ("RAW") in 2010, and implementation and oversight of the soil excavation activity in 2011, described in the RAW. I have obtained and reviewed historical documents concerning the Site from the files of the California Regional Water Control Board, Central Valley Region ("Regional Board") and DTSC's files. As the Project Manager for the Site, I have also managed contracts and the staff of environmental engineering firms who have worked at the Site on behalf of DTSC.

### Site History

     4.     The Site is a former wood treatment and preserving facility where past operations have contaminated the soil and groundwater with arsenic, chromium and copper. As a result of

1

SER278

Case: 20-15029, 07/09/2021, ID: 12168694, DktEntry: 27-3, Page 4 of 79

1    the wood preserving operations at the Site, hazardous substances have been, and continue to be,

2    released and/or threatened to be released into the environment at and from the Site.

3          5.      At different periods of time, each defendant in this action owned and/or operated

4    the Site.  From approximately 1972 to 1982, wood preserving operations were conducted at the

5    Site.  Pacific Wood Preserving ("PWP") conducted wood preserving operations at the Site from

6    approximately 1972 to approximately September 12, 1979, and owned the Site from 1977 to

7    approximately September 12, 1979, when it sold the Site to the Wickes Corporation.  DTSC

8    alleges that Settling Defendant is a successor to PWP.

9                    **Response Actions and Response Costs at the Site**

10          6.      From the 1980's through 2005, the Wickes Corporation and its successor,

11   defendant Collins & Aikman Products, LLC ("C&A Products"), under the oversight of DTSC,

12   took various response actions to address environmental contamination at, around, and/or beneath

13   the Site.  Those actions included, among other things, soil excavation, installing an asphalt cap

14   over contaminated soils, constructing a building and a drainage system over another contaminated

15   area of the Site, installing and operating a groundwater extraction and treatment system, and

16   groundwater monitoring.  On or about March 20, 1997, C&A Products sold the Site to Jim

17   Dobbas, Inc. ("Dobbas"), and Continental Rail, Inc. ("CRI").  On or about May 17, 2005, C&A

18   Products filed a Chapter 11 petition in the United States Bankruptcy Court for the Eastern District

19   of Michigan, Case No. 05-55932.  In November 2005, while in Chapter 11 bankruptcy

20   proceedings, C&A Products informed DTSC that it was unwilling to continue to perform

21   response actions at the Site.

22          7.      In 2006, DTSC requested that Dobbas and CRI, the owners of the Site, carry out

23   response actions to address contamination at the Site.  Dobbas and CRI refused.  As a result,

24   DTSC issued an Imminent or Substantial Endangerment Determination on November 9, 2006,

25   and initiated state-funded contracts to evaluate response actions.

26          8.      In 2007, DTSC tried to resume operating the groundwater treatment system at the

27   Site, but the system would have required too many repairs to clean up the groundwater to

28   remediation goals in a timely manner.  Because of the treatment system failure, DTSC

2

Case: 20-15029, 07/09/2021, ID: 12168694, DktEntry: 27-3, Page 5 of 79

1   reevaluated response actions for the Site.  In July 2010, DTSC finalized the RAW for the Site

2   calling for contaminated soil excavation, off-site disposal, backfilling, confirmation sampling,

3   demolition of the groundwater extraction and treatment system, and long-term groundwater

4   monitoring.  The RAW noted that contaminated groundwater had migrated from beneath the Site

5   to the nearby residential area, which created the potential for private irrigation wells located in the

6   residential area to extract and distribute contaminated groundwater.

7           9.      On or about February 11, 2011, Dobbas and CRI sold the Site to defendant Van

8   Over.  On March 16, 2011, DTSC issued an Imminent or Substantial Endangerment

9   Determination Order and Remedial Action Order ("I/SE Order") ordering Dobbas, CRI, and Van

10  Over to conduct the response actions described in the RAW and to take additional response

11  actions at the Site.  Dobbas, CRI, and Van Over failed to comply with the I/SE Order.

12          10.     DTSC has incurred costs for "response" as that term is defined in CERCLA

13  section 101(25), 42 U.S.C. § 9601(25), in taking actions related to the release and/or threatened

14  release of hazardous substances at, around, and/or beneath the Site.  DTSC's response actions

15  included, but were not limited to, the following activities:  efforts to repair and restart the

16  groundwater extraction and treatment system, completion of a removal investigation for site soils,

17  preparation of the RAW, implementation of the RAW, and monitoring of stormwater and

18  groundwater.

19          11.     Presently, DTSC is monitoring the condition of the asphalt cap at the Site, and is

20  conducting periodic stormwater monitoring and quarterly groundwater monitoring and reporting

21  to evaluate contaminant trends and ensure the protection of the off-site private irrigation wells.

22  Continued monitoring of stormwater and evaluating the condition of the asphalt cap is necessary

23  to make sure contaminants below the cap are not mobilized by storm water run-off, to prevent

24  discharges to the drainage ditches near the Site, and to block direct exposure of contaminated soil

25  to humans or environmental receptors.  Continued groundwater monitoring and reporting is

26  necessary to make certain that the Site is not causing further groundwater contamination and to

27  ensure that contaminant concentrations at the four off-site private irrigation wells do not exceed

28  drinking water standards.

3

Case: 20-15029, 07/09/2021, ID: 12168694, DktEntry: 27-3, Page 6 of 79

1    12.    Continued stormwater and groundwater monitoring is also necessary to further

2    assess the performance of the 2011 soil excavation, and to assist with preparing a Five-Year

3    Review Report (preparation scheduled to begin in Fall 2016) that will evaluate the effectiveness

4    of the 2011 soil removal action conducted pursuant to the 2010 RAW.  It is premature to

5    determine the efficacy of that 2011 removal action until the Five-Year Review process is

6    complete and DTSC receives and evaluates additional stormwater and groundwater monitoring

7    data.  Therefore, at this time, DTSC cannot conclude that all Site actions are finished and

8    complete, or that further response actions at the Site will not be necessary.

9    13.    As of May 5, 2015, DTSC's unreimbursed response costs related to the Site

10    exceeded $2.65 million, exclusive of interest.  DTSC is in the process of remediating the Site, and

11    continues to incur response costs related to the Site.  DTSC currently estimates that total response

12    costs for future investigation and remediation of the contaminated soil, surface water, and

13    groundwater at the Site could reach approximately $3.5 million over the next ten years.

14    **Settlement Negotiations**

15    14.    I have been informed of the settlement negotiations between the parties regarding

16    the liability of Settling Defendant for DTSC's response costs incurred and to be incurred at the

17    Site. Settling Defendant engaged in arms'-length settlement negotiations.  Settling Defendant was

18    represented by counsel throughout those negotiations.  Those negotiations included a day-long

19    mediation with a neutral mediator, who has years of experience both as a mediator and in the field

20    of environmental law.

21    15.    After arms'-length, good faith settlement negotiations over many months, DTSC

22    and Settling Defendant reached a settlement resolving Settling Defendant's liability in this action.

23    The settlement was incorporated into the Proposed Consent Decree.  DTSC and Settling

24    Defendant participated in drafting the proposed Consent Decree.  DTSC lodged the proposed

25    Consent Decree with the Court on June 2, 2015.

26    **Publication of Notice of Proposed Consent Decree**

27    16.    On June 19, 2015, DTSC published notice of the proposed Consent Decree in the

28    California Regulatory Notice Register (2015, Volume No. 25-Z), page 1060 ("Notice") and

4

Declaration Of Peter MacNicholl In Support Of Plaintiffs' Motion For Judicial Approval Of Consent Decree Between Plaintiffs  And Defendant West Coast Wood Preserving, LLC)

SER281

Case: 20-15029, 07/09/2021, ID: 12168694, DktEntry: 27-3, Page 7 of 79

1  invited the public to comment on the proposed Consent Decree.  The Notice requested that

2  comments on the proposed Consent Decree be submitted to DTSC no later than July 20, 2015.  A

3  true and correct copy of the Notice is attached as Exhibit 1.  DTSC also published notice of the

4  Proposed Consent Decree in a local newspaper, the Dixon Tribune.  A true and correct copy of

5  the newspaper publication is attached as Exhibit 2.  Additionally, on July 20, 2015, DTSC

6  informed all defendants and/or their counsel by e-mail about the execution of the proposed

7  Consent Decree and the commencement of the public comment period.  A true and correct copy

8  of this e-mail is attached at Exhibit 3.

9      17.     DTSC did not receive comments on the proposed Consent Decree.

10     I declare under penalty of perjury that the foregoing is true and correct.

11  Executed on July 24, 2015, at Sacramento, California.

PETER MACNICHOLL, P.E.
Project Manager
National Priorities List Unit
Cleanup Program – Sacramento Office

Declaration Of Peter MacNicholl In Support Of Plaintiffs' Motion For Judicial Approval Of Consent Decree
Between Plaintiffs And Defendant West Coast Wood Preserving, LLC)

SER282

Case: 20-15029, 07/09/2021, ID: 12168694, DktEntry: 27-3, Page 8 of 79

# EXHIBIT 1

result, the Department implemented the All Patient Refined Diagnosis–Related Group (APR–DRG) reimbursement methodology.

Under the APR–DRG methodology, a hospital's reimbursement for a particular patient is based on a wage–adjusted statewide base price, wage–adjusted rural remote base price, or transition base price, and a numeric value for the APR–DRG code for the patient's described condition. The final APR–DRG payment may include the application of payment adjustors, add–on payments and subtraction of other health coverage and other share of cost, as applicable.

Title 42, Code of Federal Regulations, Section 431.52(b)(4), and Title 22 California Code of Regulations, Section 51006, subdivision (a)(4) recognize that it may be common practice for Medi–Cal recipients residing in some areas of California to obtain medical services in adjacent areas in the states of Oregon, Nevada, and/or Arizona. In recognition of the role that border hospitals may play in providing services to those Medi–Cal beneficiaries, the Department intends to submit a SPA to further align payment standards applicable to California hospitals and OOS border hospitals to the greatest extent reasonably practicable. Specifically, the proposed SPA will provide that in calculating payment for border hospitals under the APR–DRG methodology, the Department will apply:

1) The most recent hospital–specific wage area index values published by CMS and used by the federal Medicare program, adjusted by a budget neutrality factor of 0.9797 which the Department is also proposing to apply to the hospital–specific wage index values for California hospitals beginning July 1, 2015.

2) The rural remote base price if the hospital is defined as a rural hospital by the federal Medicare program and meets the California State Plan definition of "remote".

3) A Cost–to–Charge (CCR) ratio for determining eligibility to outlier payments that is equal to the unweighted average of the Medicare urban CCR and the Medicare rural CCR, including operating and capital components for the state in which the border hospital is located.

4) The enhanced Neonatal Intensive Care Unit (NICU) policy adjustment for a hospital stay assigned to the neonate care category if the California Children's Services (CCS) program determines that the hospital qualifies as a Regional NICU pursuant to CCS Manual of Procedures, Chapter 3.25.1, or that it qualifies as a Community NICU pursuant to CCS Manual of Procedures Chapter 3.25.2, and meets CCS standards for neonatal surgery. A border hospital that wishes to qualify for the 1.75 NICU policy adjustment must submit an application to the CCS program in accordance with CCS Manual Chapter 3.25.1 or Chapter 3.25.2.

The Department estimates that these changes will result in an annual increase in Medi–Cal fee–for–service expenditures of approximately $1.4 million annually (federal and state dollars) assuming similar utilization and patients' casemix as in recent years.

## PUBLIC REVIEW AND COMMENTS

Copies of this public notice will be available at welfare offices in every county of the State.

Copies of the State Plan Amendment that amends California's Medicaid State Plan may be requested, in writing, from Mr. John Mendoza, Department of Health Care Services, Safety Net Financing Division, MS 4518, P.O. Box 997436, Sacramento, CA 95899–7436.

Written comments concerning the proposal may be mailed to Mr. Mendoza at the above address and must be received on or before August 3, 2015.

## DEPARTMENT OF TOXIC SUBSTANCES CONTROL

### Former Wickes Forest Industries Site Proposed Consent Decree

### 147 A Street, Elmira, Solano County, California 91792

**NOTICE OF PUBLIC COMMENT PERIOD: June 19, 2015 through July 20, 2015**

**Si usted desea informacion en espanol sobre este aviso, favor de llamar a Jesus Cruz sin costo al (866) 495–5651.**

The Department of Toxic Substances Control ("DTSC") invites you to review and comment on a proposed consent decree (the "Consent Decree") with West Coast Wood Preserving, LLC ("WCWP") regarding the former Wickes Forest Industries site located at 147 A Street, Elmira, Solano County, California 91792 (the "Site"). The Consent Decree resolves DTSC's claims against WCWP under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. section 9601, et seq., for the Site. On March 3, 2014, DTSC filed a CERCLA lawsuit against several parties, including WCWP, to recover DTSC's costs of investigating and cleaning up hazardous substances releases at the Site. In its lawsuit, DTSC alleges that WCWP is a successor in interest to a prior owner/operator of the Site. Under the Consent Decree, WCWP will pay $350,000 to reimburse DTSC for a

SER284

Case: 20-15029, 07/09/2021, ID: 12168694, DktEntry: 27-3, Page 10 of 79

portion of its cleanup and oversight costs, subject to certain conditions and reservations.

DTSC will consider comments received during the public comment period on the Consent Decree and file with the Court any written comments received and DTSC's responses thereto. The Court may then enter or approve the Consent Decree. DTSC also reserves the right to withdraw or withhold its consent to entry (approval) of the Consent Decree if comments regarding the Consent Decree disclose facts or considerations that indicate the Consent Decree is inappropriate, improper or inadequate.

### WHERE DO I SUBMIT MY COMMENTS?

DTSC will consider comments that are postmarked or received by July 20, 2015. Please submit comments by July 20, 2015 to:

Marilee Hanson
DTSC Office of Legal Counsel
P.O. Box 806
Sacramento, CA 95812
Marilee.Hanson@dtsc.ca.gov

**You may view documents at the following locations:**

The Consent Decree and background documents maybe examined on the DTSC EnviroStor website at: https://www.envirostor.dtsc.ca.gov/public/profile_report.asp?global_id=48240001.

You may also review documents in the File Room at DTSC's Cal Center office (by appointment only) located at:

Department of Toxic Substances Control
8800 Cal Center Drive
Sacramento, California 95826–3200
Call (916) 255–3758 for an appointment

**For questions on the Wickes Forest Industries Site or the proposed Consent Decree:**

Jesus Cruz
Department of Toxic Substances Control
Public Participation Specialist
8800 Cal Center Drive
Sacramento, CA 95826–3200
(916) 255–3315; 1–866–495–5651
Jesus.Cruz@dtsc.ca.gov

Peter MacNicholl, Project Manager
Department of Toxic Substances Control
Cleanup Program
8800 Cal Center Drive
Sacramento, CA 95826–3200
(916) 255–3657
Peter.MacNicholl@dtsc.ca.gov

## PROPOSITION 65

### OFFICE OF ENVIRONMENTAL HEALTH HAZARD ASSESSMENT

### SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986 (PROPOSITION 65) NOTICE OF INTENT TO LIST

### TERIPARATIDE

### JUNE 19, 2015

The California Environmental Protection Agency's Office of Environmental Health Hazard Assessment (OEHHA) intends to list teriparatide as known to the state to cause cancer under the Safe Drinking Water and Toxic Enforcement Act of 1986[1]. This action is being proposed under the "Formally Required to Be Labeled or Identified" listing mechanism.[2]

| Chemical | CAS No. | Toxicological Endpoint | Reference |
|----------|---------|------------------------|-----------|
| Teripara–tide | 52232–67–4 | Cancer | FDA (2013) |

**Background on listing via the formally required to be labeled or identified mechanism:** A chemical must be listed under Proposition 65[3] and its implementing regulations (Section 25902[4]) when a state or federal agency has formally required it to be labeled or identified as causing cancer or reproductive toxicity.

---

[1] Commonly known as Proposition 65, the Safe Drinking Water and Toxic Enforcement Act of 1986 is codified in Health and Safety Code section 25249.5 *et seq.*
[2] See Health and Safety Code section 25249.8(b) and Title 27, Cal. Code of Regs., section 25902.
[3] See Health and Safety Code section 25249.8(b).
[4] All referenced regulatory sections are from Title 27 of the Cal. Code of Regulations.

SER285

Case: 20-15029, 07/09/2021, ID: 12168694, DktEntry: 27-3, Page 11 of 79

# EXHIBIT 2

Case: 20-15029, 07/09/2021, ID: 12168694, DktEntry: 27-3, Page 12 of 79

# EXHIBIT 3

# PROOF OF PUBLICATION
## (2015.5 C.C.P.)

STATE OF CALIFORNIA,
COUNTY OF SOLANO, ss.

I am a citizen of the United States and a resident of the County aforesaid; I am over the age of eighteen years, and not a party to or interested in the above-entitled matter. I am the principal clerk of the printer of the DIXON TRIBUNE, a newspaper of general circulation, printed and published weekly in the City of Dixon, County of Solano, and which newspaper has been adjudged a newspaper of general circulation by the Superior Court of the County of Solano, State of California, under the date of April 21, 1952, Case Number 25594; that the notice, of which the annexed is a printed copy (set in type not smaller than nonpareil) has been published in each regular and entire issue of said newspaper and not in any supplement thereof on the following dates, to wit: *June*

*19*

all the year *2015*

I certify (or declare) under penalty of perjury that the foregoing is true and correct.

Dated at DIXON, California, this *19*

day of *June   2015*

*(Signature)*

**Proof of Publication of**

PUBLIC NOTICE

Department of Toxic Substances Control                                June 2015

# Public Notice

The mission of DTSC is to protect California's people and environment from harmful effects of toxic substances through the restoration of contaminated resources, enforcement, regulation and pollution prevention

**Former Wickes Forest Industries Site**
**Proposed Consent Decree**
147 A Street, Elmira, Solano County, California 91792

**NOTICE OF PUBLIC COMMENT PERIOD:** June 19, 2015 through July 20, 2015

Si usted desea información en español sobre este aviso, favor de llamar a Jesus Cruz sin costo al (866) 495-5651.

The Department of Toxic Substances Control ("DTSC") invites you to review and comment on a proposed consent decree (the "Consent Decree") with West Coast Wood Preserving, LLC ("WCWP") regarding the former Wickes Forest Industries site located at 147 A Street, Elmira, Solano County, California 91792 (the "Site"). The Consent Decree resolves DTSC's claims against WCWP under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. section 9601, et seq., for the Site. On March 3, 2014, DTSC filed a CERCLA lawsuit against several parties, including WCWP, to recover DTSC's costs of investigating and cleaning up hazardous substances releases at the Site. In this lawsuit, DTSC alleges that WCWP is a successor in interest to a prior owner/operator of the Site. Under the Consent Decree, WCWP will pay $350,000 to reimburse DTSC for a portion of its cleanup and oversight costs, subject to certain conditions and reservations.

DTSC will consider comments received during the public comment period on the Consent Decree and file with the Court any written comments received and DTSC's responses thereto. The Court may then enter or approve the Consent Decree. DTSC also reserves the right to withdraw or withhold its consent to entry (approval) of the Consent Decree if comments regarding the Consent Decree disclose facts or considerations that indicate the Consent Decree is inappropriate, improper or inadequate.

**WHERE DO I SUBMIT MY COMMENTS?**
DTSC will consider comments that are postmarked or received by July 20, 2015. Please submit comments by July 20, 2015 to:

Marilee Hanson
DTSC Office of Legal Counsel
P.O. Box 806
Sacramento, CA 95812
Marilee.Hanson@dtsc.ca.gov

**You may view documents at the following locations:**
The Consent Decree and background documents may be examined on the DTSC EnviroStor website at: https://www.envirostor.dtsc.ca.gov/public/profile_report.asp?global_id=48240001

You may also review documents in the File Room at DTSC's Cal Center office (by appointment only) located at:

Department of Toxic Substances Control
8800 Cal Center Drive
Sacramento, California 95826-3200
Call (916) 255-3758 for an appointment

**For questions on the Wickes Forest Industries Site or the proposed Consent Decree:**

Jesus Cruz
Department of Toxic Substances Control
Public Participation Specialist
8800 Cal Center Drive
Sacramento, CA 95826-3200
(916) 255-3315, 1-866-495-5651
Jesus.Cruz@dtsc.ca.gov

Peter MacNicholl, Project Manager
Department of Toxic Substances Control
Cleanup Program
8800 Cal Center Drive
Sacramento, CA 95826-3200
(916) 255-3657
Peter.MacNicholl@dtsc.ca.gov

      

Cal/EPA         DTSC         State of California

CNS#2763405

Case: 20-15029, 07/09/2021, ID: 12168694, DktEntry: 27-3, Page 14 of 79

| From: | Hanson, Marilee@DTSC |
|---|---|
| To: | "david.vanover@gmail.com"; "ngleason@kwgattorneys.com"; "jhartmanking@kwgattorneys.com"; "lbrown@perkinscoie.com"; "BRostocki@ReedSmith.com" |
| Cc: | dennis.beck@doj.ca.gov; Olivia W. Karlin (Olivia.Karlin@doj.ca.gov); laura.zuckerman@doj.ca.gov |
| Subject: | Public Comment Period for Proposed DTSC Settlement with Jim Dobbas, Inc. re Former Wickes Forest Industries Site, Elmira, Solano County, California |
| Date: | Friday, July 17, 2015 12:20:00 PM |
| Attachments: | Wickes Dobbas CD Public Notice Final 7-7-15.pdf |
| | Wickes Dobbas CD-Lodged 7-15-17.pdf |

Dear Counsel and Mr. Van Over:

Attached please find the public notice of DTSC's proposed Consent Decree with West Coast Wood Preserving, LLC (WCWP) regarding the former Wickes Forest Industries Site in Elmira, Solano County, California (the Consent Decree).  The notice was published today in the California Regulatory Notice Register at pages 1210-1211 and is available online at http://www.oal.ca.gov/res/docs/pdf/notice/29z-2015.pdf.  A copy of the Consent Decree is also attached.
The public comment period runs from July 17, 2015 through August 17, 2015.

Thank you for your attention to this matter.

Sincerely,

Marilee Hanson
Senior Staff Counsel
Office of Legal  Counsel
Department of Toxic Substances Control
(o) 916-327-0979

1   KAMALA D. HARRIS, State Bar No. 146672
    Attorney General of California
2   SARAH E. MORRISON, State Bar No. 143459
    Supervising Deputy Attorney General
3   LAURA J. ZUCKERMAN, State Bar No. 161896
    THOMAS G. HELLER, State Bar No. 162561
4   Deputy Attorneys General
      1515 Clay Street, 20th Floor
5     Oakland, CA 94612
      Telephone:  (510) 622-2174
6     Fax:  (510) 622-2270
      E-mail:  Laura.Zuckerman@doj.ca.gov
7   *Attorneys for Plaintiffs California*
    *Department of Toxic Substances Control and Toxic*
8   *Substances Control Account*

9                IN THE UNITED STATES DISTRICT COURT

10              FOR THE EASTERN DISTRICT OF CALIFORNIA

11                      SACRAMENTO DIVISION

12

13  | | |
| --- | --- |
| **CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,** | 2:14-cv-00595-WBS-EFB |
| Plaintiffs, | **DECLARATION OF PETER MACNICHOLL IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT BY DEFENDANT WEST COAST WOOD PRESERVING, LLC** |
| v. | |
| **JIM DOBBAS, INC., a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; WEST COAST WOOD PRESERVING, LLC., a Nevada limited liability company; and COLLINS & AIKMAN PRODUCTS, LLC, a Delaware limited liability company,** | Date:  March 9, 2015<br>Time: 2:00 p.m.<br>Place: Courtroom 5, 14th Floor<br>        501 I Street<br>        Sacramento, CA 95814<br>Trial:  January 4, 2017<br><br>Action Filed: March 3, 2014 |
| Defendants. | |
| **AND RELATED COUNTERCLAIMS AND CROSS-CLAIMS** | |

1

DECL. OF PETER MACNICHOLL IN SUPPORT OF PLFS.' OPPOSITION TO MOTION FOR SUMMARY
JUDGMENT BY DEF. WEST COAST WOOD PRESERVING, LLC (2:14-cv-00595-WBS-EFB)

SER290

1    I, Peter MacNicholl, declare:

2        1.    I am employed by the California Department of Toxic Substances Control

3    ("DTSC") as a Hazardous Substances Engineer.  Since June 30, 2001,  I have been working in

4    DTSC's Brownfields and Environmental Restoration Program, formerly referred to as the Site

5    Mitigation Program.  I have personal knowledge of the facts stated herein, and, if called to do so,

6    could and would testify competently thereto.

7        2.    My current unit, the National Priorities List Unit, conducts and oversees response

8    actions at the former Wickes Industries Site, located at the intersection of A Street and Holdener

9    Road in the unincorporated community of Elmira, Solano County, California ("the Site").   I am

10   DTSC's Project Manager for the Site.

11       3.    I have been actively involved with the Site since approximately March 2010 and I

12   am familiar with the Site's history. The Site is a former wood treatment and preserving facility

13   where past operations have contaminated the soil and groundwater with arsenic, chromium, and

14   copper.  From the 1980s until 2005, consultants for Collins & Aikman Products Co. ("C&A

15   Products") or its predecessors took actions to address this contamination.  In 2005, C&A Products

16   stopped taking those actions, and since that time, DTSC and its contractors have taken actions to

17   assess the Site and address the contamination.  I am familiar with cleanup actions undertaken at

18   the Site since the 1980s.

19       4.    I am knowledgeable about DTSC's work at the Site.  I have visited the Site on

20   many occasions and have participated in, among other things, Site inspections, groundwater

21   sampling oversight, preparation of the Removal Action Workplan ("RAW") in 2010, and

22   implementation and oversight of the soil excavation activity in 2011 described in the RAW.  I

23   have obtained and reviewed historical documents concerning the Site from the files of the

24   California Regional Water Control Board, Central Valley Region ("Regional Board") and

25   DTSC's files.  As the Project Manager for the Site, I have also managed contracts and the staff of

26   environmental engineering firms who have worked at the Site on behalf of DTSC.  In addition, I

27   certified the Administrative Record of documents from DTSC's files concerning the response

28   actions taken at the Site.

2

DECL. OF PETER MACNICHOLL IN SUPPORT OF PLFS.' OPPOSITION TO MOTION FOR SUMMARY
JUDGMENT BY DEF. WEST COAST WOOD PRESERVING, LLC (2:14-cv-00595-WBS-EFB)

SER291

1    5.  Attached as Exhibit 1 is a true and correct copy of a Regional Board file

2 memorandum, dated February 28, 1974, that is included in DTSC's files for the Site.

3    6.  Attached as Exhibit 2 is a true and correct copy of a Regional Board

4 memorandum, dated March 1, 1978, that is included in DTSC's files for the Site.

5    7.  Attached as Exhibit 3 is a true and correct copy of a Regional Board staff report

6 for Pacific Wood Preserving Corporation, Elmira, Solano County, undated, that is included in

7 DTSC's files for the Site.

8    8.  Attached as Exhibit 4 is a true and correct copy of a Regional Board memorandum,

9 dated January 29, 1979, that is included in DTSC's files for the Site.

10    9.  Attached as Exhibit 5 is a true and correct copy of a website page for The Pacific

11 Wood Preserving Companies that I accessed and printed on June 14, 2010.  At the time, the

12 website for the companies was www.pacificwood.com.

13    10.  Attached as Exhibit 6 is a true and correct copy of another website page for The

14 Pacific Wood Companies that I accessed and printed on June 14, 2010.

15    11.  Attached as Exhibit 7 is a true and correct copy of an Information Report from the

16 Solano County Sheriff's Department to the Regional Board, dated December 24, 1979, that is

17 included in DTSC's files for the Site.

18    12.  Attached as Exhibit 8 is a true and correct copy of a Regional Board memorandum,

19 dated December 10, 1980, that is included in DTSC's files for the Site.

20    13.  Attached as Exhibit 9 is a true and correct copy of an additional Regional Board

21 memorandum, dated December 10, 1980, that is included in DTSC's files for the Site.

22    14.  Attached as Exhibit 10 is a true and correct copy of a letter from Robert Hedges,

23 Dewante and Stowall, to Steve Debuskey, The Wickes Corporation, dated June 25, 1981, that is

24 included in DTSC's files for the Site.

25    15.  Attached as Exhibit 11 is a true and correct copy of a letter from Steve Debuskey,

26 Wickes Forest Industries, to Greg Walker, Regional Board, dated September 28, 1981, that is

27 included in DTSC's files for the Site.

28    16.  Attached as Exhibit 12 is a true and correct copy of a letter from James Tjosvold,

3

1  DTSC, to Donald Vagstad, Wickes Companies, Inc., dated January 17, 1992, that is included in

2  DTSC's files for the Site.

3      17.    Attached as Exhibit 13 is a true and correct copy of a letter from David van Over

4  to Chief, Northern California – Central Cleanup Branch, DTSC, dated February 14, 2011, that is

5  included in DTSC's files for the Site

6      18.    Attached as Exhibit 14 is a true and correct copy of an Invoice Balance Report for

7  the Site from DTSC's Cost Recovery Billing System, dated September 25, 2013.  The Invoice

8  Balance Report is a DTSC accounting record of the amounts and dates of unpaid DTSC costs

9  concerning the Site.

10     19.    Attached as Exhibit 15 is a true and correct copy of a check that DTSC received

11  from the Collins & Aikman Litigation Trust Distribution Account, dated October 11, 2012, that is

12  included in DTSC's files for the Site.

13     20.    It was necessary for DTSC to take actions at the Site after C&A Products stopped

14  performing work there in 2005 to prevent an imminent public health hazard.  C&A Products shut

15  down the groundwater treatment system entirely in 2005, and the Site's owners at the time

16  refused to restart it.  The groundwater treatment system had kept contamination from spreading to

17  nearby domestic irrigation wells and further contaminating the drinking water aquifer.  C&A

18  Products also stopped maintaining the asphalt cap on the Site that prevented people from being

19  exposed to contaminated soils, and that prevented those soils from further contaminating surface

20  water and groundwater.

21     21.    The shutdown of the groundwater treatment system created a threat that

22  contaminated groundwater would spread to nearby irrigation wells and the drinking water aquifer.

23  Residents near the Site could have been exposed to contaminated groundwater when those wells

24  were used for irrigation, or if crop or orchard tree roots contacted shallow contaminated

25  groundwater.  The cessation of cap maintenance activities created a threat that the asphalt cap

26  would fail and allow direct human contact with contaminated soil or surface water, or contribute

27  to more groundwater contamination.  Given the Site's proximity to residences and the irrigation

28  wells, DTSC determined that these threats could not be left unabated.  DTSC's actions at the Site

4

1    since November 2005 have been taken to address these threats to public health and the

2    environment.

3          22.    DTSC initially tried in 2007 and 2008 to resume operating the Wickes/C&A

4    Products remedy that DTSC had approved in 1996.  But the groundwater treatment system had

5    already reached a point at which it was evident that it would not clean up the groundwater to

6    remediation goals.  Ultimately, the idled groundwater treatment system would require too many

7    repairs to make it cost-effective to restart.  But until DTSC discovered the system could not be

8    fixed, DTSC viewed re-starting it as an interim measure to contain the "plume" (i.e. underground

9    area) of groundwater contamination until alternative cleanup approaches could be evaluated.

10         23.    DTSC's actions after November 2005 culminated in the 2010 RAW.  The 2010

11   RAW focused on three major activities: (a) removal of contaminated soil from the former process

12   area on the Site (source area); (b) removal of the abandoned groundwater extraction and treatment

13   system; and (c) groundwater monitoring for at least ten years. The work in the 2010 RAW was

14   intended to reduce contamination migration and focused only on excavating  "hot spots," which

15   were areas of concrete debris and soil contamination that remained in the source area.

16         24.    Besides the significant gap in time, the work that DTSC's contractor performed in

17   2011 under the 2010 RAW was very different from the work performed by contractors for The

18   Wickes Corporation or Collins & Aikman Group, Inc. under the 1983 and 1994 Remedial Action

19   Plans ("RAPs") for the Site,  in the following ways:

20         (a)    First, unlike the 1983 and 1994 RAPs, the 2011 work did not construct, install,

21   expand, or continue use of the groundwater extraction and treatment system ("GWETS").  Based

22   on (i) evaluations of the GWETS starting in 2005, which determined that contaminant removal

23   rates were decreasing over time and that it was not addressing contamination from the process

24   area (source area); and (ii) the extensive repairs that would be necessary to make the system

25   operational after C&A Products shut it off, DTSC determined that it was no longer cost-effective

26   to operate the  GWETS.  Further, although the GWETS had to some extent contained the

27   groundwater contamination emanating from the Site, it did not reduce the contamination coming

28   from the source area.  Rather than re-starting or expanding the GWETS, the 2010 RAW called for

5

Case: 20-15029, 07/09/2021, ID: 12168694, DktEntry: 27-3, Page 20 of 79

1  dismantling and removal of the GWETS equipment and other parts of the system from the Site.

2     (b)     The other significant difference between the 1983 and 1994 RAPs and the 2010

3  RAW (and its implementation in 2011) was that it was not until the 2010 RAW that

4  contamination emanating from the source area was specifically targeted.  A structure was placed

5  over the source area pursuant to the 1983 RAP and shotcrete (a form of concrete) was placed over

6  it in 1992.   However, excavation and removal of contaminated soil from the source area did not

7  occur until implementation in 2011 of the 2010 RAW, because it was not until the 2008 Remedial

8  Investigation Report by DTSC's contractor that the extent of the threat to groundwater from these

9  soils was revealed.  Rather than simply containing the spread of ongoing contamination, the goal

10  of the 2011 work was to eliminate a persistent source of the contamination.

11     25.     Presently, DTSC is monitoring the condition of the asphalt cap, and is conducting

12  groundwater sampling and reporting on a quarterly basis to evaluate contaminant trends and

13  ensure the protection of the public.  Continued monitoring of the asphalt cap is necessary to make

14  sure contaminants below the cap are not mobilized by storm water run-off, to prevent discharges

15  to drainage ditches near the Site, and to block direct exposure to contaminated soil.  Continued

16  groundwater monitoring and reporting is necessary to make certain that the Site is not causing

17  further groundwater contamination and to ensure that contaminant concentrations at the four off-

18  Site irrigation wells do not exceed drinking water standards.

19     26.     Continued groundwater monitoring is also necessary to assist with development of

20  a Five-Year Review Report (scheduled to start in Fall 2016) that will evaluate the effectiveness of

21  the 2011 soil removal action conducted pursuant to the 2010 RAW.  Until the Five-Year Review

22  process is complete and DTSC receives and evaluates additional groundwater sampling data,

23  DTSC cannot conclude that all Site actions are complete, or that further response actions will not

24  be necessary.

25     I declare under penalty of perjury that the foregoing is true and correct.  Executed on

26  *February 19th*, 2015, at Sacramento, California.

27

28                                             Peter MacNicholl

6

Exhibit 7

SER296

Case: 20-15029, 07/09/2021, ID: 12168694, DktEntry: 27-3, Page 22 of 79
Case 2:14-cv-00595-WBS-EFB Document 108-7 Filed 02/2018 Page 2 of 9

GH

1. AGENCY

SHERIFF 4800

INFORMATION REPORT

☐ CONTINUATION   ☐ FOLLOW-UP

2. CASE NUMBER

79 - 3493

3. COPY TO  D.A.  PROB.  D.C.J  OTHER   STATE OF CALIF WATER QUALITY CONTROL BOARD   S.A. - Fernald   PAGE NO. 194

4. DATE & TIME OCCURRED (MO. DY. YR)   5. DATE & TIME REPORTED   6. DAY   7. LOCATION   8. REP. KEY. CODE
12-24-79   1045   12-24-79   1045   2   PACIFIC WOOD PRESERVING   MISC

9. NARRATIVE

RE: CHEMICAL SPILL

RESPONSIBLE: PACIFIC WOOD PRESERVING CO
SUBSIDIARY OF THE WICKES CORP.
EDWARDS & A ST (P.O. BOX 128)
ELMIRA, CALIF 95625
707 - 448 8429

OPERATIONS MANAGER:

STONE, GARY GLENN
1737 LARKIN DR
FAIRFIELD CA
RES. (707) 426-3534
BUS. (707) 448-8429
DOB ████ 49   30 YRS

WEATHER CONDITIONS:

MODERATE TO HEAVY RAIN
WIND COMING FROM SOUTHEAST
WIND VELOCITY 15 KNOTS GUSTING TO 25 KNOTS

Solano Co Sheriff's Dept.
CONTROLLED DOCUMENT
Rel. To: WATER QUALITY CONTROL
Date: 12-27-79
By: ch

| 1. AGENCY | | INFORMATION REPORT | | 2. CASE NUMBER | |
|---|---|---|---|---|---|
| SHERIFF 4800 | ☐ CONTINUATION ☒ | ☐ FOLLOW-UP | | 79- 3493 | |
| 3. COPY TO | D.A. | PROB. | D.O.J. | OTHER | PAGE NO. 2 of 4 |

| 4. DATE & TIME OCCURRED (MO. DY. YR) | 5. DATE & TIME REPORTED | 6. DAY | 7. LOCATION | RESP. DEV. CODE |
|---|---|---|---|---|
| 122479 1045 | 122479 1045 | 2 | Pacific Wood Preserving | |

9. NARRATIVE

ON DEC 24 1979 WHILE ON PATROL OF THE
ELMIRA AREA IN SOLANO COUNTY, CALIF. R/O
NOTICED A LARGE AMOUNT OF AN UNKNOWN, GREEN
LIQUID COMING OUT OF THE TOP OF A LARGE
TANK LOCATED IN THE YARD OF THE PACIFIC
WOOD PRESERVING COMPANY. R/O CONTACTED
DISPATCH WHO IN TURN CONTACTED THE FIRE
DEPT AND MANAGER GARY STONE.

WHILE WAITING FOR STONE AND THE FIRE
DEPT R/O DROVE AROUND THE AREA IN QUESTION
AND OBSERVED THE WIND BLOW THE LIQUID
FAR BEYOND A SAFETY TROUGH AROUND THE
TANK AND ONTO A DRIVEWAY LEADING TO
THE MAIN OFFICE OF THE COMPANY. R/O
FOLLOWED THE GREEN LIQUID AS IT FLOWED
DOWN THE DRIVEWAY ONTO "A" ST. THERE
WAS ALSO A LARGE AMOUNT OF THE LIQUID
IN THE DRAINAGE DITCH RUNNING ALONG
"A" ST. R/O FOLLOWED THE DRAINAGE DITCH
AND OBSERVED A TRACE OF THE GREEN
LIQUID APPROX 150 YDS FROM THE POINT
OF ENTRANCE AT THE INTERSECTION OF
HOLDNER ST AND "B" ST.

Solano Co. Sheriff's Dept.
CONTROLLED DOCUMENT
Rel. To: WATER QUALITY CONTROL
Date: 122779
By: dh

| 10. SIGNATURE OF REPORTING OFFICER | 11. I.D. NUMBER | 12. REVIEWED BY | 13. FOLLOW-UP REFERRAL | FURTHER ACTION |
|---|---|---|---|---|
| | 167 | 152 | | |

| 1. AGENCY | | | | ☐ INFORMATION REPORT | 2. CASE NUMBER |
|---|---|---|---|---|---|
| SHERIFF 4800 | | | | ☒ CONTINUATION   ☐ FOLLOW-UP | 79-3493 |

| 3. COPY TO | D.A. | PROB. | D.O.J. | OTHER | | PAGE NO. 3 of 4 |
|---|---|---|---|---|---|---|
| 4. DATE & TIME OCCURRED (MO. DY. YR.) 12-24-79  1045 | | | | 5. DATE & TIME REPORTED 12-24-79  1045 | 6. DAY 2 | 7. LOCATION PACIFIC WOOD PRESERVING |
| 8. NARRATIVE | | | | | | 9. REP. DEV. CODE |

MANAGER STONE ARRIVED AT 1140 HRS AND
SHUT OFF A VALVE WHICH STOPPED THE OVERFLOW.
IT IS UNCERTAIN HOW LONG THE TANK WAS OVER-
FLOWING SINCE THE INSTALLATION IS CLOSED ON
SUNDAYS AND THE LAST TIME SOMEONE WAS
WORKING THERE WAS SATURDAY (12-22-79) AFTERNOON.
STONE WAS VERY RELUCTANT TO TELL R/O
WHAT THE SUBSTANCE WAS LEAKING OUT
OF THE TANK BUT FINALLY INFORMED R/O
THAT IT WAS A MIXTURE OF WATER,
COPPER CHROMIUM AND ARSENIC.

THE STORAGE TANK FOR THIS LIQUID IS
APPROX 40 FEET TALL WITH AN UNKNOWN
CAPACITY AND IS SURROUNDED BY A
BRICK WALL, APPROX 3 FT HIGH, WHICH IS
SUPPOSED TO TRAP ANY SPILLED LIQUID.
HOWEVER, DUE TO THE HIGH WINDS, THE
LIQUID WAS BLOWING OVER THE WALL AND
OUT INTO THE OPEN.

R/O LEFT THE AREA @ 1200 HRS AND
TURNED IT OVER TO THE ELMIRA FIRE DEPT.

Solano Co. Sheriff's Dept.
CONTROLLED DOCUMENT
WATER QUALITY CONTROL
Date: 12-27-79
By: ch

| 10. SIGNATURE OF REPORTING OFFICER | 11. I.D. NUMBER 167 | 12. REVIEWED BY 152 | 13. FOLLOW-UP REFERRED TO | FOLLOW-UP ACTION YES ☐ NO ☐ |
|---|---|---|---|---|

Case: 20-15029, 07/09/2021, ID: 12168694, DktEntry: 27-3, Page 25 of 79
Case: 2:14-cv-00595-WBS-JDP Document 108-7 Filed 04/20/18 Page 3 of 5



SER300
DTSC008174

Exhibit 8

SER301

MEMORANDUM

TO:        J. Lawrence Pearson                    10 December 1980

FROM:      Kathleen Cole Harder

SUBJECT:   WICKES WOOD PRESERVING, SOLANO COUNTY


On 14 November 1980, Mr. Dave Eubanks of the Solano County Health Department and myself, investigated the spill at Wickes Wood Preserving, which occurred on 7 November 1980.  Mr. Brian Halock, Manager, showed us the spill area and explained what happened.

The well water supply valve had not closed on their "automatic control" system from the previous night.  This water flowed into the empty mixing tank (about 1-1/2 feet of sludge on bottom of tank) and it overflowed about two or three in the morning.  The concrete containment wall diverted the overflow to the sump which pumped the water to another empty tank.  The concrete containment wall leaked at the base of the second tank and the water flowed into the retail yard.  It then travelled about 150' along the "A" Street ditch.  The overflow was noticed at 5:00 a.m. and stopped at 5:15 a.m.

The IT Corporation pumped about 6,000 gallons back into the tanks.  It is difficult to determine how much water overflowed, but a rough guess is no more than 12,000 gallons.

The top soil of the ditch has been removed.  The soil was placed on a concrete pad in the retail yard.  Wickes Wood will haul the contaminated soil to a Class II-1 landfill.

Under the ownership of Pacific Wood Preserving, several spills occurred; one resulting in a Cleanup and Abatement Order.  Twice the "A" Street and Holdener Road ditch has been scraped due to spills.  Wickes Wood Preserving took over the operation about a year ago.  This is the first reported spill under its ownership.

Mr. Eubanks and I discussed with Mr. Halock the following suggestions on prevention of spills:

1.   Two mixing tanks not being used can be converted to overflow storage tanks.  The storage capacity would then be about 150,000 gallons.  We had agreed to storage capacity of 100,000 gallons.

2.   The containment wall is cracked and needs repair and to be sealed.

3.   The well water valve needs to be checked as well as other valves in the system which could create another spill.

4.   Written procedures on what to do in case of a spill,are needed.  According to Mr. Halock, the IT Corporation is working on an emergency spill plan.

SFR302
DTSC029431

Wickes Wood Preserving
Solano County                    - 2 -                    10 December 1980

5.  A berm around the drip pad area will be placed during the last week of
    November according to Mr. Halock.

6.  We need assurances from Koppers (the chemical manufacturer) that the wood
    preservative will not wash off concrete or Wickes needs to remove old stained
    concrete in the drainage ditches.

A good testing program is needed and should include:  soil samples from the drain-
age ditch (at various depths until the clay layer is encountered), within the
plant and in the agricultural fields.  The monitoring wells should be sampled
monthly until the source of contamination of chromium and arsenic in several of the
wells is determined.  The domestic wells across "A" Street should also be sampled
for contamination.  The depths of the monitoring wells need to be determined.

Mr. Halock was concerned about the spill and very cooperative and informative.
He initiated many of the suggestions already and understands the problems we had
with Pacific Wood Preserving.

                                        *Kathleen Cole Harder*
                                        KATHLEEN COLE HARDER
                                        Area Engineer
                                        Delta Watershed

KCH/gs

cc:  as per letter

KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
TIMOTHY R. PATTERSON, State Bar No. 72209
Supervising Deputy Attorney General
THOMAS G. HELLER (Counsel for service)
State Bar No. 162561
DENNIS L. BECK, JR., State Bar No. 179492
Deputy Attorneys General
  300 South Spring Street, Suite 1702
  Los Angeles, CA 90013
  Telephone:  (213) 897-2628
  Fax:  (213) 897-2802
  E-mail:  Thomas.Heller@doj.ca.gov
*Attorneys for the California Department of Toxic
Substances Control and the Toxic Substances
Control Account*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**JIM DOBBAS, INC., a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; and WEST COAST WOOD PRESERVING, LLC,  a Nevada limited liability company,**<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR RECOVERY OF RESPONSE COSTS; DECLARATORY RELIEF; INJUNCTIVE RELIEF; TREBLE DAMAGES; AND CIVIL PENALTIES**<br><br>**(Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a) and 9613(g)(2), and supplemental state law claims)** |

1

COMPLAINT

Plaintiffs, the California Department of Toxic Substances Control ("Department") and the

Toxic Substances Control Account (together "Plaintiffs"), allege as follows:

**JURISDICTION**

1.    This Court has jurisdiction under 28 U.S.C. sections 1331 and 1367, and under

section 113(b) of the Comprehensive Environmental Response, Compensation, and Liability Act

("CERCLA"), 42 U.S.C. section 9613(b).

**VENUE**

2.    Venue is proper in this district under 42 U.S.C. section 9613(b) and 28 U.S.C. section

1391(b), because the releases and threatened releases of hazardous substances into the

environment that are at issue occurred in this judicial district.

**INTRA-DISTRICT ASSIGNMENT**

3.    Under Local Rule 120(d), Plaintiffs are filing this action in the Sacramento Division

of the Eastern District because it arose in Solano County.

**STATEMENT OF THE ACTION**

4.    Plaintiffs make a claim against Defendants under section 107(a) of CERCLA, 42

U.S.C. section 9607(a), for the recovery of response costs and interest on such response costs that

Plaintiffs have incurred in connection with releases and threatened releases of hazardous

substances, including arsenic, chromium, and copper, at, beneath, and/or from the approximately

7.5 acre property located northwest of the intersection of A Street and Holdener Road  in the

community of Elmira, Solano County, California.  The property has a street address of 147 A

Street, Elmira, California 95625, and is identified by Solano County Assessor's Parcel Number(s)

142-010-130, 142-010-140, and 142-042-010.  The property, and the areal extent of the hazardous

substances contamination that is, or has been, present at or has extended from the property, are

referred to herein as "the Site."

5.    Plaintiffs further make a claim for declaratory relief, under 28 U.S.C. section 2201

and section 113(g)(2) of CERCLA, 42 U.S.C. section 9613(g)(2), for a declaratory judgment that

each of the Defendants is jointly and severally liable to Plaintiffs  for future response costs

2

1    incurred by the Plaintiffs in responding to releases and threatened releases of hazardous

2    substances at, beneath, and/or from the Site.

3         6.   Plaintiffs also seek injunctive relief, treble damages, and civil penalties against

4    certain Defendants pursuant to a supplemental state law claim under Chapter 6.8 of Division 20

5    of the California Health and Safety Code, for the Defendants' failure to comply with an Imminent

6    or Substantial Endangerment Determination Order and Remedial Action Order that the

7    Department issued to those Defendants, concerning the releases and threatened releases of

8    hazardous substances referenced above.

9                              **PLAINTIFFS**

10        7.   The Department is a public agency of the State of California, organized and existing

11   under California Health and Safety Code section 58000 et seq.  The Department is responsible

12   under state law for determining whether there has been a release and/or threatened release of a

13   hazardous substance into the environment and for responding to releases and/or threatened

14   releases of a hazardous substance into the environment.

15        8.   The Toxic Substances Control Account is an account within the State of California

16   General Fund.  California Health and Safety Code section 25173.6 establishes the account, and

17   the director of the Department administers it.  Under California Health and Safety Code section

18   25361(a), the account shall be a party in any action for recovery of response costs or expenditures

19   incurred from the account under Chapter 6.8 of Division 20 of the California Health and Safety

20   Code.

21                              **DEFENDANTS**

22        9.   Defendant Jim Dobbas, Inc. ("Dobbas") is a California corporation, with its principal

23   place of business in Placer County, California.  It owned an undivided fifty percent interest in the

24   Site from on or about March 20, 1997 to on or about February 11, 2011, and conducted business

25   operations there during all or part of that time.

26        10.  Defendant Continental Rail, Inc. ("CRI") is a Delaware corporation.  Under Delaware

27   Code, title 8, section 510, its charter is presently void, and all powers conferred by Delaware law

28   on the corporation are presently inoperative.  It owned an undivided fifty percent interest in the

3

1    Site from on or about March 20, 1997 to on or about February 11, 2011, and conducted business

2    operations there during all or part of that time.

3        11.  Defendant David van Over ("Van Over") is a citizen of California residing in Solano

4    County, California.  He currently owns and operates the Site.

5        12.  Defendant Pacific Wood Preserving ("PWP") is a dissolved California corporation.  It

6    conducted business operations at the Site from about 1972 to on or about September 12, 1979,

7    and owned it from 1977 to on or about September 12, 1979.

8        13.  Defendant West Coast Wood Preserving, LLC ("West Coast Wood") is a Nevada

9    limited liability company, with its principal place of business in Kern County, California.  It is a

10   successor to Defendant PWP, as evidenced by the following facts:

11       •    PWP was incorporated in 1972.

12       •    The sole or primary shareholder of PWP was non-party Richard F. Jackson

13            (deceased March 2012).

14       •    Mr. Jackson elected to wind up and dissolve PWP on or about December 30,

15            1979.

16       •    Before PWP's dissolution, Mr. Jackson caused the formation of what is now

17            West Coast Wood Preserving, LLC, which was originally organized as Pacific

18            Wood Preserving of Bakersfield Inc. ("PWP-Bakersfield"), in October 1978.

19       •    On information and belief, Mr. Jackson was the sole or primary shareholder of

20            PWP-Bakersfield until his death in March 2012, just as he was the sole or

21            primary shareholder of PWP.

22       •    Mr. Jackson was a director of both PWP and PWP-Bakersfield.

23       •    Mr. Jackson was the President of PWP during most of all of its corporate

24            existence, and was also the President of PWP-Bakersfield from at least

25            September 1980 until his death.

26       •    In 1979, PWP-Bakersfield (now West Coast Wood) started business operations

27            on  property that PWP owned in Bakersfield, California, and has operated at

28            that location through the present.

4

COMPLAINT

- Since 1979, PWP-Bakersfield (now West Coast Wood) has engaged in substantially the same wood preserving business at a facility in Bakersfield, California as PWP conducted at the Site in Elmira, California until 1979.

- PWP conveyed its Bakersfield, California property directly to PWP-Bakersfield in September 1981 for unknown consideration.

- PWP's transfer of its Bakersfield, California property to PWP-Bakersfield occurred almost two years *after* PWP certified that it had dissolved.

- PWP-Bakersfield (now West Coast Wood), which incorporated in October 1978, has stated in company brochures and elsewhere that it has operated since 1972, the year of PWP's incorporation.

- PWP-Bakersfield (West Coast Wood) has stated on its website that the proceeds from PWP's sale of the assets of its facility in Elmira, California were used to start the PWP-Bakersfield facility in Bakersfield, California.

- On or about November 19, 2013, PWP-Bakersfield filed Articles of Conversion with the Nevada Secretary of State that provided for the conversion of PWP-Bakersfield to West Coast Wood.

- The Articles of Conversion attached a plan of conversion stating that all debts, liabilities, and obligations of PWP-Bakersfield "shall be assumed and continue as debts, liabilities, and obligations" of West Coast Wood.

**GENERAL ALLEGATIONS**

14.  Defendant PWP conducted wood preserving operations at the Site from approximately 1972 through on or about September 12, 1979.

15.  From on or about September 12, 1979 through approximately 1982, non-party Collins & Aikman Products, LLC, a cancelled Delaware limited liability company under Delaware Code, title 6, section 18-203 (formerly known as Collins & Aikman Products Co., and the successor by merger to The Wickes Corporation) ("C&A Products") conducted wood preserving operations at the Site.

5

16.  At various times since 1972, hazardous substances within the definition of section 101(14) of CERCLA, 42 U.S.C. section 9601(14), were released into the environment at and from the Site within the meaning of section 101(22) of CERCLA, 42 U.S.C. section 9601(22).  These hazardous substances included arsenic, chromium, and copper, which were constituents of wood preserving chemicals used at the Site.

17.  From the 1980's through 2005, C&A Products took various actions under oversight of the Department and its predecessor agency to address environmental contamination at, around, and/or beneath the Site.  Those actions included, among other things, soil excavation, installing an asphalt cap over contaminated soils, constructing a building and a drainage system over another contaminated area of the Site, installing and operating a groundwater extraction and treatment system, and groundwater monitoring.

18.  On or about October 27, 1995, the Department and C&A Products recorded a Covenant to Restrict Use of Property ("Land Use Covenant") concerning the Site under California Health and Safety Code sections 25355.5 and 25356.1 that restricted the permissible uses of the Site based on environmental conditions there.  A copy of the Land Use Covenant is attached as Exhibit A and incorporated by this reference.

19.  On or about March 20, 1997, C&A Products sold the Site to Defendants Dobbas and CRI, while continuing to take actions to address environmental contamination at, around, and/or beneath the Site.

20.  On or about May 17, 2005, C&A Products (then known as Collins & Aikman Products Co.) filed a Chapter 11 petition in the United States Bankruptcy Court for the Eastern District of Michigan, Case No. 05-55932.  That bankruptcy case was jointly administered with the bankruptcy cases of numerous other debtors under Case No. 05-55927.

21.  In July or August 2005, while in Chapter 11 bankruptcy proceedings, C&A Products stopped operating the groundwater extraction and treatment system, and stopped taking other action to address contamination at, around, and/or beneath the Site.  The Department was verbally notified that C&A Products had stopped operating the groundwater extraction and treatment system in early November 2005.

6

COMPLAINT

22.  In 2006, the Department requested that Defendants Dobbas and CRI, the then-owners and operators of the Site, resume such actions to address contamination.

23.  In December 2007, Defendant Dobbas agreed to perform certain actions at the Site, which included limited maintenance of the asphalt cap and repair of a roof drainage system for a building over an area that was a source of contamination at the Site.  However, Defendants Dobbas and CRI failed and refused to perform most of the actions formerly conducted by C&A Products to address contamination at, around, and/or beneath the Site.

24.  On or about October 16, 2008, CRI filed a Chapter 7 petition in the United States Bankruptcy Court for the Eastern District of California (Sacramento), Case No. 08-34986 (closed December 7, 2010).

25.  In July 2010, the Department finalized a Removal Action Workplan for the Site that called for contaminated soil excavation, off-site disposal, backfilling, confirmation sampling, demolition of the groundwater extraction and treatment system, and long-term groundwater monitoring.

26.  On or about February 11, 2011, Defendants Dobbas and CRI sold the Site to Defendant Van Over for $2.00.

27.  On March 16, 2011, the Department issued an Imminent or Substantial Endangerment Determination Order and Remedial Action Order ("I/SE Order") ordering Defendants Dobbas, CRI, and Van Over to conduct the actions described in the Removal Action Workplan, and to take other response actions.  A copy of the I/SE Order is attached as Exhibit B and incorporated by this reference.

28.  Defendants Dobbas, CRI, and Van Over failed to complete the actions described in the Removal Action Workplan, and to take other response actions described in the I/SE Order.

29.  Based on the above, from November 2005 to the present, the Department has taken "response" actions of the Site, as that term is defined in section 101(25) of CERCLA, 42 U.S.C. section 9601(25), related the release and/or threatened release of hazardous substances at the Site. The response actions included, inter alia, efforts to repair and restart the groundwater extraction and treatment system, completion of a remedial investigation for site soils, preparation of the

7

1   Removal Action Workplan, implementation of the Removal Action Workplan in October and

2   November 2011, groundwater monitoring, and other tasks.

3          30.  As a result of taking response actions at the Site, Plaintiffs have incurred response

4   costs related to the release and/or threatened release of hazardous substances at, around, and/or

5   beneath the Site.

6          31.  Plaintiffs' unpaid costs related to the Site from November 2005 through September

7   2013 total $2,202,176.92, exclusive of interest.

8          32.  Plaintiffs have incurred and expect to continue to incur additional response costs

9   related to the release and/or threatened release of hazardous substances at, beneath, and/or from

10  the Site.

11                              **FIRST CLAIM FOR RELIEF**

12                     (Claim for Recovery of Response Costs Pursuant to

13                     Section 107(a) of CERCLA, 42 U.S.C. § 9607(a))

14                              (Against All Defendants)

15         33.  Plaintiffs incorporate the allegations in each of the preceding paragraphs as though

16  fully set forth herein.

17         34.  The Site is a "facility" within the meaning of section 101(9) of CERCLA, 42 U.S.C.

18  section 9601(9).

19         35.  Each Defendant is a "person," within the meaning of section 101(21) of CERCLA, 42

20  U.S.C. section 9601(21).

21         36.  The Department is a "State" for purposes of recovery of response costs under section

22  107(a) of CERCLA, 42 U.S.C. section 9607(a).  Under this section, the Department may also

23  recover interest on response costs incurred.

24         37.  Each of the Defendants is an "owner" and/or "operator" of the Site, or was an

25  "owner" and/or "operator" of the Site "at the time of disposal of a[] hazardous substance" there,

26  as those terms are used in section 107(a) of CERCLA, 42 U.S.C. section 9607(a).

27         38.  Plaintiffs have incurred costs in responding to the release or threatened release of

28  hazardous substances at or from the Site in a manner that satisfies the requirements of Section

                                                8

107(a)(4) of CERCLA, 42 U.S.C. section 9607(a)(4), in that the costs arose from activities that are not, and have not been, inconsistent with the applicable requirements of the National Contingency Plan, 40 C.F.R. Part 300.

39.   Each of the Defendants is jointly and severally liable, without regard to fault, under section 107(a) of CERCLA, 42 U.S.C. section 9607(a), for Plaintiffs' costs incurred in response to the release or threatened release of hazardous substances at or from the Site.

**SECOND CLAIM FOR RELIEF**

(Declaratory Relief Pursuant to Section 113(g)(2) of

CERCLA, 42 U.S.C. § 9613(g)(2))

(Against All Defendants)

40.  Plaintiffs incorporate the allegations of each of the preceding paragraphs as though fully set forth herein.

41.  Under section 113(g)(2) of CERCLA, 42 U.S.C. section 9613(g)(2), Plaintiffs are entitled to a declaratory judgment that each of the Defendants is jointly and severally liable in any subsequent action or actions by the Plaintiffs to recover any further costs incurred in response to the release and/or threatened release of hazardous substances into the environment at or from the Site.

**THIRD CLAIM FOR RELIEF**

(Failure and Refusal to Comply with Imminent or Substantial Determination Order

and Remedial Action Order – California Health and Safety Code sections

25355.5, 25358.3, 25359, 25359.2, 25367)

(Against Defendants Dobbas, CRI, and Van Over)

42.  Plaintiffs incorporate the allegations of each of the preceding paragraphs as though fully set forth herein.

43.  The Department issued the I/SE Order to Defendants Dobbas, CRI, and Van Over under, inter alia, Chapter 6.8 of Division 20 of the California Health and Safety Code, specifically sections 25355.5 and 25358.3.

9

COMPLAINT

44.  California Health and Safety Code section 25358.3(f) provides that upon the failure of any person to comply with any order issued under sections 25355.5 or 25358.3, the director may request the Attorney General to petition for the issuance of a temporary restraining order or preliminary or permanent injunction requiring that person to comply with the order.

45.  California Health and Safety Code 25359(a) provides that any person liable for a release or threatened release of hazardous substances who "fails, without sufficient cause…to properly provide a removal or remedial action upon order of the director…pursuant to Section 25358.3," is liable for "damages equal to three times the…costs incurred by the state account…as a result of the failure to take proper action."  The referenced "state account" is Plaintiff Toxic Substances Control Account.

46.  California Health and Safety Code section 25359.2 provides that any person who does not comply with an order under section 25355.5 or 25358.3 without sufficient cause shall be subject to a civil penalty of not more than twenty-five thousand dollars ($25,000) for each day of noncompliance.

47.  California Health and Safety Code section 25367(c) provides that any person who refuses, without sufficient cause, any activity authorized under section 25358.1 or 25358.3 is subject to a civil penalty not to exceed twenty-five thousand dollars ($25,000) for each separate violation, or for each day of a continuing violation.

48.  Defendants Dobbas, CRI, and Van Over have failed and refused, without sufficient cause, to comply with the I/SE Order, including, without limitation, as follows:

- Defendants failed and refused to restore groundwater monitoring at the Site, as specified in section 5.1 of the I/SE Order.

- Defendants failed and refused to implement the Removal Action Workplan for the Site, as specified in section 5.2 of the I/SE Order.

- Defendants failed and refused to conduct operation and maintenance activities, including maintenance of the asphalt cap, as specified in section 5.4 of the I/SE Order.

COMPLAINT

1          •    Defendants failed and refused to demonstrate and maintain financial assurance

2               for operation and maintenance and monitoring, as specified in section 5.9 of the

3               I/SE Order.

4          •    Defendant Van Over has used and is using the Site as a residence, in violation

5               of section 5.3 of the I/SE Order and the Land Use Covenant.

6       49.  Plaintiffs have incurred costs as a result of the failure of Defendants Dobbas, CRI,

7 and Van Over to take proper action as directed in the I/SE Order.

8       50.  The director of the Department has requested the Attorney General to petition for

9 injunctive and other relief concerning the failure and refusal of Defendants Dobbas, CRI, and Van

10 Over to comply with the I/SE Order.

11                        **PRAYER FOR RELIEF**

12     Plaintiffs pray for relief as follows:

13     A.    For a judgment that each Defendant is jointly and severally liable without regard to

14 fault to the Department under section 107(a) of CERCLA, 42 U.S.C. section 9607(a), for all

15 response costs incurred by the Plaintiffs as a result of the release and threatened release of

16 hazardous substances from the Site, in an amount to be proven at trial, but at least $2,202,176.92;

17     B.    For interest on the above sums from each Defendant as provided under section 107(a)

18 of CERCLA, 42 U.S.C. section 9607(a);

19     C.    For a declaratory judgment that each Defendant is jointly and severally liable without

20 regard to fault to the Plaintiffs under section 113(g)(2) of CERCLA, 42 U.S.C. section 9613(g)(2),

21 for all future response costs incurred by the Plaintiffs as a result of the release and threatened

22 release of hazardous substances at and/or from the Site;

23     D.    For an injunction ordering Defendants Jim Dobbas, Inc., Continental Rail, Inc., and

24 David van Over to comply with the I/SE Order, including, without limitation, by performing

25 groundwater monitoring and operation and maintenance activities, including asphalt cap

26 maintenance, as required by the I/SE Order, and by obtaining financial assurance as required by

27 that order;

28

COMPLAINT

1    E.    For an injunction ordering Defendant David van Over to stop using the Site as a

2    residence, in violation of the I/SE Order and the Land Use Covenant;

3    F.    For treble damages against Defendants Jim Dobbas, Inc., Continental Rail, Inc., and

4    David van Over under California Health and Safety Code section 25359, in an amount to be

5    proven at trial;

6    G.    For civil penalties against Defendants Jim Dobbas, Inc., Continental Rail, Inc., and

7    David van Over under California Health and Safety Code sections 25359.2 and/or 25367, in an

8    amount to be proven at trial;

9    H.    For enforcement costs against each Defendant, including costs of this suit and

10   attorneys' fees; and

11   I.    For all other relief the Court deems just and appropriate.

12

13   Dated:  March 3, 2014                          Respectfully submitted,

14                                                   KAMALA D. HARRIS
                                                     Attorney General of California
15                                                   TIMOTHY R. PATTERSON
                                                     Supervising Deputy Attorney General
16

17                                                   /s/ Thomas G. Heller

18                                                   THOMAS G. HELLER
                                                     DENNIS L. BECK, JR.
19                                                   Deputy Attorneys General
                                                     *Attorneys for the California Department of*
20                                                   *Toxic Substances Control and the Toxic*
21                                                   *Substances Control Account*

22

23

24

25

26

27

28

COMPLAINT

THOMAS F. VANDENBURG (SBN: 163446)
tvandenburg@wshblaw.com
STRATTON P. CONSTANTINIDES (SBN: 305103)
sconstantinides@wshblaw.com
WOOD, SMITH, HENNING & BERMAN LLP
10960 Wilshire Blvd., 18th Floor
Los Angeles, CA 90024
Telephone:     (310) 481-7600
Facsimile:     (310) 481-7650
Attorneys for Proposed Intervenors
Century Indemnity Company, Allianz Underwriters
Insurance Company, Chicago Insurance Company,
and Fireman's Fund Insurance Company

SARA M. THORPE (SBN: 146529)
sthorpe@nicolaidesllp.com
RANDALL P. BERDAN (SBN: 199623)
rberdan@nicolaidesllp.com
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
101 Montgomery Street, Suite 2300
San Francisco, CA 94104
Telephone:     (415) 745-3770
Facsimile:     (415) 745-3771

Attorneys for Proposed Intervenor
The Continental Insurance Company

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION**

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JIM DOBBAS, INC., a California corporation; et al.,<br><br>Defendants.<br><br>AND RELATED COUNTER CLAIMS AND CROSS CLAIMS. | 2:14-cv-00595-WBS-EFB<br><br>**JOINT NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT; REPRESENTATION STATEMENT**<br><br>Action Filed: March 3, 2014 |

1    PLEASE TAKE NOTICE that Century Indemnity Company, Allianz Underwriters

2    Insurance Company, Chicago Insurance Company, Fireman's Fund Insurance Company, and

3    The Continental Insurance Company, Proposed Intervenors in the above-named case, hereby

4    appeal to the United States Court of Appeals for the Ninth Circuit from the order entered

5    December 4, 2019 (ECF No. 237) denying Proposed Intervenors' respective motions to

6    intervene and set aside/vacate default (ECF Nos. 205, 217, 222).  The order is appealable

7    pursuant to 28 U.S.C. section 1291.

8         The Representation Statement begins on the next page of this document.  The order

9    appealed from (ECF No. 237) is attached hereto as Exhibit A.  Proposed Intervenors know of no

10   related cases currently in the Ninth Circuit.

11                                        Respectfully submitted,

12   Dated: January 3, 2020              WOOD, SMITH, HENNING &
                                         BERMAN LLP
13

14                                       By:  /s/ Stratton P. Constantinides
                                              Thomas F. Vandenburg
15                                            Stratton P. Constantinides
                                         Attorneys for Century Indemnity Company,
16                                       Allianz Underwriters Insurance Company,
                                         Chicago Insurance Company, and Fireman's
17                                       Fund Insurance Company
18

19

20   Dated: January 3, 2020              NICOLAIDES FINK THORPE
                                         MICHAELIDES SULLIVAN LLP
21

22                                       By:  /s/ Randall P. Berdan
                                              Sara M. Thorpe
23                                            Randall P. Berdan
                                         Attorneys for The Continental Insurance
24                                       Company

25

26

27

28

**REPRESENTATION STATEMENT**
**(FED. R. APP. P. 12(B); Circuit Rule 3-2(B))**

PLEASE TAKE FURTHER NOTICE THAT, in this appeal, the undersigned

represent Century Indemnity Company, Allianz Underwriters Insurance Company, Chicago

Insurance Company, and Fireman's Fund Insurance Company, Proposed Intervenors and

appellants in this matter, and no other party:

THOMAS F. VANDENBURG (SBN: 163446)
tvandenburg@wshblaw.com
STRATTON P. CONSTANTINIDES (SBN: 305103)
sconstantinides@wshblaw.com
WOOD, SMITH, HENNING & BERMAN LLP
10960 Wilshire Blvd., 18th Floor
Los Angeles, CA 90024
Telephone:    (310) 481-7600
Facsimile:    (310) 481-7650

The undersigned represent The Continental Insurance Company, Proposed Intervenor and

appellant in this matter, and no other party:

SARA M. THORPE (SBN: 146529)
sthorpe@nicolaidesllp.com
RANDALL P. BERDAN (SBN: 199623)
rberdan@nicolaidesllp.com
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
101 Montgomery Street, Suite 2300
San Francisco, CA 94104
Telephone:    (415) 745-3770
Facsimile:    (415) 745-3771


California Department of Toxic Substances Control and Toxic Substances Control Account,

Plaintiffs and appellees in this matter are represented by:

Olivia W. Karlin
Laura J. Zukerman
laura.zuckerman@doj.ca.gov
1515 Clay Street, 20th Floor
Oakland, CA 94612
Telephone:    (510) 879-1299
Facsimile:    (510) 622-2270

1   Dated: January 3, 2020                WOOD, SMITH, HENNING &
2                                          BERMAN LLP

3                                          By: _____/s/ Stratton P. Constantinides_____
4                                                Thomas F. Vandenburg
                                                 Stratton P. Constantinides
5                                          Attorneys for Century Indemnity Company,
                                           Allianz Underwriters Insurance Company,
6                                          Chicago Insurance Company, and Fireman's
                                           Fund Insurance Company
7

8
    Dated: January 3, 2020                NICOLAIDES FINK THORPE
9                                          MICHAELIDES SULLIVAN LLP

10

11                                         By: _____/s/ Randall P. Berdan_____
                                                 Sara M. Thorpe
12                                               Randall P. Berdan
                                           Attorneys for The Continental Insurance
13                                         Company

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT, | No. 2:14-CV-00595 WBS EFB |
| Plaintiffs, | |
| v. | ORDER RE: MOTIONS TO INTERVENE AND TO VACATE DEFAULT |
| JIM DOBBAS, INC. a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; WEST COAST WOOD PRESERVING, LLC., a Nevada limited liability company; and COLLINS & AIKMAN PRODUCTS, LLC, a Delaware limited liability company, | |
| Defendants. | |

----oo0oo----

Plaintiffs Department of Toxic Substances Control and the Toxic Substances Control Account (collectively "DTSC") sought recovery of costs and interest incurred during the cleanup of a

1

Case 2:14-cv-00595-WBS-EFB Document 241 Filed 12/04/19 Page 2 of 6

wood preserving operation in Elmira, California against multiple
defendants under the Comprehensive Environmental Response,
Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 et
seq. (First Am. Compl. ("FAC") at ¶ 19.) In 2015, DTSC obtained
entry of default against a canceled Delaware corporation,
defendant Collins & Aikman Products, LLC ("C&A Products") after
it failed to respond to DTSC's First Amended Complaint. (Docket
No. 129.) Presently before the court are motions to intervene
and vacate C&A Products' default filed by The Continental
Insurance Company ("Continental"), Century Indemnity Company
("Century"), and Allianz Underwriters Insurance Company, Chicago
Insurance Company, and Fireman's Fund Insurance Company
(collectively, "Allianz"), insurers of C&A Products. (Docket
Nos. 205, 217, 222.)

This is not the first time an insurance company has
moved to intervene and set aside default in this matter. The
Travelers Insurance Company ("Travelers") previously attempted to
do so (Docket No. 196), but this court denied the motion after
finding that Travelers' refusal to defend C&A Products under a
reservation of rights forfeited its interest in the litigation
and it could not establish good cause to set aside C&A Products'
default.[1] (Order Re: Mot. to Intervene and Set Aside Default at
3-4 (Docket No. 221).) The moving parties before the court now
offer many of the same arguments Travelers did in its motion,

---

[1] Allstate Insurance Company filed a notice of joinder
(Docket No. 218) to Travelers' motion to intervene and did not
file a separate motion to intervene. (Docket No. 196.)
Traveler's motion to intervene was denied on October 22, 2019.
(Docket No. 221.) Accordingly, Allstate's joinder fails.

1    with some important differences.  (Compare Docket Nos. 205, 217,

2    222, with Docket No. 196.)  Each will be discussed in turn.

3           First, the court will consider Continental's motion.

4    Continental's position is distinguishable from that of Travelers

5    in that it did not become aware of this lawsuit until after C&A

6    Products' default was entered.  However, it is substantially

7    indistinguishable in that Continental has neither admitted

8    coverage nor agreed to defend C&A Products on a reservation of

9    rights.  DTSC offered to stipulate to Continental's intervention

10   if it either (1) accepted coverage without a reservation of

11   rights or (2) defended C&A Products with a reservation of rights.

12   (Decl. of Laura Zuckerman ("Zuckerman Decl."), Ex. B (Docket No.

13   228).)  This was the same stipulation DTSC offered to Travelers

14   before its motion was heard.  Just as in Travelers' case,

15   Continental did not stipulate, although instead of affirmatively

16   refusing the stipulation, it failed to respond to plaintiffs'

17   offer.  (Zuckerman Decl. ¶ 4.)  Continental also does not advance

18   any new argument to establish good cause to set aside C&A

19   Products' default.  (Compare Docket No. 205, with Docket No.

20   196.)  Accordingly, Continental's motion will be denied.

21          Next, the court considers Century's motion.  Century,

22   too, offers the same arguments Travelers did in its motion to

23   intervene and set aside default.  (Compare Docket No. 217, with

24   Docket No. 196.)  Indeed, just like Travelers, Century disclaimed

25   coverage of any claims arising from the DTSC litigation, citing a

26   settlement agreement Century purportedly signed with C&A Products

27   in 2000.  (Century Mot. to Intervene at 6 (Docket No. 217).)

28   Like Continental, Century failed to respond to plaintiffs'

3

SER323

1  proposed stipulation, and by implication refuses to offer a

2  defense under a reservation of rights.  (Zuckerman Decl. ¶ 4.)

3  Because it has both disclaimed coverage and refused to defend C&A

4  Products under a reservation of rights, Century's motion to

5  intervene and set aside default will also be denied.  Finally,

6  the court will consider Allianz's motion.  In California, "where

7  the insured is unable to assert its rights, an insurer who seeks

8  to intervene and protect its coverage defenses may provide an

9  explicit reservation of rights to its client and allege that

10  reservation of rights within its pleading to put the plaintiff on

11  notice that the insurance company is reserving those rights and

12  asserting coverage defenses."  <u>Kaufman & Broad Communities, Inc.</u>

13  <u>v. Performance Plastering, Inc.</u>, 136 Cal. App. 4th 212, 222 (3d

14  Dist. 2006).  Allianz expressly stated in its motion that it has

15  "reserved all rights to decline coverage on any applicable ground

16  and expressly ha[s] not waived or otherwise forfeited any direct

17  interest in the instant action that would serve to defeat Allianz

18  Intervenors' claim for intervention of right."  (Allianz Mot. to

19  Intervene at 11 (Docket No. 222).)  Furthermore, unlike Century

20  and Travelers, Allianz has not disclaimed coverage.  Instead, it

21  is purportedly "gathering information regarding coverage and or

22  duties" in the present action.[2]  (<u>Id.</u>)

23       However, Allianz was C&A Products' excess insurer.

24  (Opp. to Mot. to Intervene and Vacate Default at 2 n.2 (Docket

25  No. 227); <u>see also</u> Allianz Reply to Opp. to Mot. to Intervene at

26  _____

27       [2]    Like Continental and Century, Allianz failed to respond
     to DTSC's proposed stipulation to allow them to intervene.
     (Zuckerman Decl. ¶ 4.)

28

4

2 (Docket No. 230).) California law recognizes a distinction between primary and excess insurance coverage. "Primary coverage is insurance coverage whereby, under the terms of the policy, liability attaches immediately upon the happening of the occurrence that gives rise to the liability . . . "excess" or "secondary" insurance is coverage whereby, under the terms of that policy, liability attaches only after a predetermined amount of primary coverage has been exhausted." Residence Mut. Ins. Co. v. Travelers Indem. Co. of Conn., 26 F. Supp. 3d 965, 972-73 (C.D. Cal. 2014) (quoting Am. Cas. Co. v. Gen. Star Indem. Co., 125 Cal. App. 4th 1510, 1521 (2d Dist. 2005) (emphasis omitted)).

Normally, the policy limits of the underlying primary policy must be exhausted before excess insurers have the "right or duty to participate in the defense" of the insured. Ticor Title Ins. Co. v. Employers Ins. of Wausau, 40 Cal. App. 4th 1699, 1707 (1st Dist. 1995) (citing Signal Companies, Inc. v. Harbor Ins. Co., 27 Cal. 3d 359, 365 (1980)). In some instances, excess insurers may assume the obligations of the primary insurer before exhaustion occurs. Id. at 1708-09 (finding excess insurer could defend when the primary insurer was insolvent or refused to defend). But in the environmental context, primary coverage cannot be exhausted "until a remediation plan is approved which clearly establishes that the costs of remediation will exceed the primary indemnity limits." Cty. of Santa Clara v. USF & G, 868 F. Supp. 274, 280 (N.D. Cal. 1994).

While DTSC vaguely seeks to recover cleanup costs from C&A Products' "historic insurers" (Docket No. 197-4), DTSC has yet to obtain judicial approval for C&A Products' portion of the

5

1  remediation plan[3] and failed to determine "which of C&A Products'

2  insurers, if any, to proceed against." (Opp. to Mot. to

3  Intervene and Vacate Default at 6 n.5.)  Consequently, because

4  DTSC has yet to determine which primary insurer, if any, will be

5  responsible for C&A Products' damages, the parties and the court

6  do not know what the "primary indemnity limits" are.  Absent this

7  information, the court cannot conclude that primary coverage is

8  exhausted and that excess insurers can properly intervene.  See

9  Cty. of Santa Clara, 868 F. Supp. at 280.  Accordingly, Allianz's

10  motion to intervene and set aside default will also be denied.

11       IT IS THEREFORE ORDERED that the motions to intervene

12  and vacate default filed Continental (Docket No. 205), Century

13  (Docket No. 217), and Allianz (Docket No. 222), be, and the same

14  thereby are, DENIED.

15  Dated:  December 3, 2019

16

17  WILLIAM B. SHUBB
    UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25       [3]    Plaintiffs did not include the amount they sought to
    recover in their First Amended Complaint, but have since asserted
26  C&A Products owes them $3,219,449.85 in their motion for default
    judgment. (Mot. for Default J. ¶ 5(a) (Docket No. 184).)  This
27  court expresses no opinion as to the merit of that determination
    and may hold a "prove-up" hearing in the future.

28

6

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 10960 Wilshire Boulevard, 18th Floor, Los Angeles, CA 90024-3804.

On January 3, 2019, I served the following document(s) described as **JOINT NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT; REPRESENTATION STATEMENT** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 3, 2019, at Los Angeles, California.

*/s/ Christina Samayoa*
Christina Samayoa

**SERVICE LIST**

*California Dept. of Toxic Substances Control, et al. v. Jim Dobbas, Inc., et al,*
*United States District Court, Eastern District of California*
*Case No. 2:14-cv-0595-WBS-EFB*

XAVIER BECERRA
Attorney General of California
EDWARD H. OCHOA
Supervising Deputy Attorney General
OLIVIA W. KARLIN, State Bar No. 150432
LAURA J. ZUCKERMAN (Counsel for service)
State Bar No. 161896
Deputy Attorneys General
1515 Clay Street, 20th Floor
Oakland, CA 94612
Telephone: (510) 879-1299
Fax: (510) 622-2270
E-mail: Laura.Zuckerman@doj.ca.gov **Attorneys
for Plaintiffs California Department of Toxic
Substances Control and the Toxic Substances
Control Account**

Alexander Eugene Potente
Clyde & Co US LLP
101 2nd Street, Suite 2400
San Francisco, CA 94105
Telephone: (415) 365-9800
Fax: (415) 365-9801
Email: alex.potente@clydeco.us
LEAD ATTORNEY
ATTORNEY TO BE NOTICED
**Attorneys for Proposed Intervenor,
THE TRAVELERS INDEMNITY
COMPANY**

U.S. MAIL

Brian M. Rostocki
Reed Smith LLP - Delaware
1201 Market Street - Suite 1500
Wilmington, DE 19801
**Registered Agent for C&A Products, LLC**

Sara M. Thorpe
Randall P. Berdan
Nicolaides Fink Thorpe Michaelides
Sullivan LLP
101 Montgomery Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 745-3772
Fax: (415) 745-3771
Email: ssthorpe@nicolaidesllp.com
LEAD ATTORNEY
ATTORNEY 70 BE NOTICED
**Attorneys for Proposed Intervenor,
THE CONTINENTAL INSURANCE
COMPANY**

CIVIL,APPEAL,STAYED

## U.S. District Court
## Eastern District of California − Live System (Sacramento)
## CIVIL DOCKET FOR CASE #: 2:14−cv−00595−WBS−JDP

CA Dept. of Toxic Substances Control et al v. Jim Dobbas, Inc. et al
Assigned to: Senior Judge William B. Shubb
Referred to: Magistrate Judge Jeremy D. Peterson
Demand: $2,202,000
Related Case: 2:19−cv−01892−WBS−JDP
Case in other court: US Court of Appeals, 20−15029
Cause: 42:9607 Real Property Tort to Land

Date Filed: 03/03/2014
Jury Demand: None
Nature of Suit: 893 Environmental Matters
Jurisdiction: Federal Question

**Plaintiff**

**California Department of Toxic Substances Control**

represented by **Laura Zuckerman**
State Of California Department Of Justice
Attorney General's Office
1515 Clay Street, 20th Floor
Oakland, CA 94612
510−622−2174
Fax: 510−622−2270
Email: laura.zuckerman@doj.ca.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Olivia W. Karlin**
Office Of The Attorney General, State Of California
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
213−897−0473
Fax: 213−897−2802
Email: Olivia.Karlin@doj.ca.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Martin Thornton**
Gray Duffy, LLP
15760 Ventura Boulevard
16th Floor
Encino, CA 91436
818−907−4023
Fax: 818−783−4551
Email: tthornton@grayduffylaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dennis L. Beck , Jr.**
Office Of The Attorney General, California Dept. Of Justice
1300 I Street, Suite 125
Sacramento, CA 95814
916−323−5184
Fax: 916−327−2319
Email: Dennis.Beck@doj.ca.gov
*TERMINATED: 07/23/2015*

**Thomas Gerald Heller**
State of California
Office of the Attorney General
300 South Spring Street
Suite 1702

SER329

Los Angeles, CA 90013
213−897−2628
Fax: 213−897−2802
Email: thomas.heller@doj.ca.gov
*TERMINATED: 02/27/2015*

**Plaintiff**

**Toxic Substances Control Account**            represented by  **Laura Zuckerman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Olivia W. Karlin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Martin Thornton**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dennis L. Beck , Jr.**
(See above for address)
*TERMINATED: 07/23/2015*

**Thomas Gerald Heller**
(See above for address)
*TERMINATED: 02/27/2015*

V.

**Defendant**

**Jim Dobbas, Inc.**                            represented by  **Jennifer Hartman King**
*TERMINATED: 12/22/2016*                        Hartman King, PC
520 Capitol Mall
Suite 750
Sacramento, CA 95814
916−379−7530
Fax: 916−379−7535
Email: jhartmanking@hartmankinglaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicole R. Gleason**
Diepenbrock Elkin Gleason LLP
500 Capitol Mall
Suite 2200
Sacramento, CA 95814
916−492−5000
Fax: 916−446−2840
Email: ngleason@diepenbrock.com

**Defendant**

**Continental Rail, Inc.**

**Defendant**

**David Van Over**                              represented by  **David Van Over, PRO−SE E−FILER**
*TERMINATED: 03/21/2018*                        216 F Street #108
Davis, CA 95616
775−830−3888
Email: david.vanover@gmail.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Pacific Wood Preserving**

**Defendant**

**West Coast Wood Preserving, LLC**  represented by **Lester Owen Brown**
*Limited Liability Company*        Perkins Coie LLP
*TERMINATED: 09/16/2015*        1888 Century Park East
                Suite 1700
                Los Angeles, CA 90067
                310−788−3203
                Fax: 310−788−3399
                Email: lbrown@perkinscoie.com
                *LEAD ATTORNEY*
                *ATTORNEY TO BE NOTICED*

**Defendant**

**Collins & Aikman Products, LLC**

V.

**Intervenor Defendant**

**Allstate Insurance Company**  represented by **Maria S. Quintero**
                Hinshaw & Culbertson, LLP
                One California Street
                18th Floor
                San Francisco, CA 94111
                415−362−6000
                Fax: 415−834−9070
                Email: mquintero@hinshawlaw.com
                *LEAD ATTORNEY*
                *ATTORNEY TO BE NOTICED*

**Intervenor**

**Travelers Indemnity Company**  represented by **Alexander Eugene Potente**
*TERMINATED: 10/22/2019*        Clyde & Co US LLP
                4 Embarcadero
                Suite 1350
                San Francisco, CA 94111
                415−365−9800
                Fax: 415−365−9801
                Email: alex.potente@clydeco.us
                *TERMINATED: 10/22/2019*
                *LEAD ATTORNEY*
                *ATTORNEY TO BE NOTICED*

**Intervenor**

**The Continental Insurance Company**  represented by **Sara M. Thorpe**
*TERMINATED: 12/04/2019*        Nicolaides, Fink, et al.,
                101 Montgomery St.
                Suite 2300
                San Francisco, CA 94104
                415−745−3772
                Fax: 415−745−3771
                Email: sthorpe@nicolaidesllp.com
                *LEAD ATTORNEY*
                *ATTORNEY TO BE NOTICED*

                **Stratton Peter Constantinides**

Wood Smith Henning & Berman LLP
10960 Wilshire Blvd.
18th Floor
Los Angeles, CA 90024
310−481−7647
Email: sconstantinides@wshblaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Intervenor**

**Century Indemnity Company**
*TERMINATED: 12/04/2019*

represented by **Stratton Peter Constantinides**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Vandenburg**
Wood Smith Henning & Berman LLP
10960 Wilshire Blvd., 18th Floor
Los Angeles, CA 90024
310−481−7600
Fax: 310−481−7650
Email: tvandenburg@wshblaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Intervenor**

**Allianz Underwriters Insurance
Company**
*TERMINATED: 12/04/2019*

represented by **Stratton Peter Constantinides**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Vandenburg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Claimant**

**Jim Dobbas, Inc.**

represented by **Jennifer Hartman King**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicole R. Gleason**
(See above for address)

V.

**Cross Defendant**

**Pacific Wood Preserving**

**Cross Defendant**

**Continental Rail, Inc.**

**Cross Defendant**

**David Van Over**

represented by **David Van Over, PRO−SE E−FILER**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**West Coast Wood Preserving, LLC**
*Limited Liability Company*

represented by **Lester Owen Brown**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Jim Dobbas, Inc.**
*TERMINATED: 12/22/2016*

represented by **Jennifer Hartman King**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicole R. Gleason**
(See above for address)

V.

**Counter Defendant**

**California Department of Toxic Substances Control**
*TERMINATED: 12/22/2016*

represented by **Laura Zuckerman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Olivia W. Karlin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dennis L. Beck , Jr.**
(See above for address)
*TERMINATED: 07/23/2015*

**Thomas Gerald Heller**
(See above for address)
*TERMINATED: 02/27/2015*

**Counter Defendant**

**Toxic Substances Control Account**
*TERMINATED: 12/22/2016*

represented by **Laura Zuckerman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Olivia W. Karlin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dennis L. Beck , Jr.**
(See above for address)
*TERMINATED: 07/23/2015*

**Thomas Gerald Heller**
(See above for address)
*TERMINATED: 02/27/2015*

**Cross Claimant**

**David Van Over**

represented by **David Van Over, PRO−SE E−FILER**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

SER333

**Cross Defendant**

**Pacific Wood Preserving**

**Cross Defendant**

**West Coast Wood Preserving, LLC**          represented by   **Lester Owen Brown**
*Limited Liability Company*                                    (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

**Cross Claimant**

**West Coast Wood Preserving, LLC**          represented by   **Lester Owen Brown**
*Limited Liability Company*                                    (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**Jim Dobbas, Inc.**                         represented by   **Jennifer Hartman King**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Nicole R. Gleason**
                                                              (See above for address)

**Cross Claimant**

**West Coast Wood Preserving, LLC**          represented by   **Lester Owen Brown**
*Limited Liability Company*                                    (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**David Van Over**                           represented by   **David Van Over, PRO−SE E−FILER**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**West Coast Wood Preserving, LLC**          represented by   **Lester Owen Brown**
*Limited Liability Company*                                    (See above for address)
*TERMINATED: 09/16/2015*                                      *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**California Department of Toxic**           represented by   **Laura Zuckerman**
**Substances Control**                                        (See above for address)
*TERMINATED: 09/16/2015*                                      *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Olivia W. Karlin**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

**Dennis L. Beck , Jr.**
(See above for address)
*TERMINATED: 07/23/2015*

**Thomas Gerald Heller**
(See above for address)
*TERMINATED: 02/27/2015*

**Counter Defendant**

**Toxic Substances Control Account**       represented by   **Laura Zuckerman**
*TERMINATED: 09/16/2015*                                    (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Olivia W. Karlin**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Dennis L. Beck , Jr.**
                                                            (See above for address)
                                                            *TERMINATED: 07/23/2015*

                                                            **Thomas Gerald Heller**
                                                            (See above for address)
                                                            *TERMINATED: 02/27/2015*

**Cross Claimant**

**Jim Dobbas, Inc.**                        represented by   **Jennifer Hartman King**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Nicole R. Gleason**
                                                            (See above for address)

V.

**Cross Defendant**

**Collins & Aikman Products, LLC**

**Cross Defendant**

**Continental Rail, Inc.**

**Cross Defendant**

**Pacific Wood Preserving**

**Cross Defendant**

**David Van Over**                          represented by   **David Van Over, PRO−SE E−FILER**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**West Coast Wood Preserving, LLC**         represented by   **Lester Owen Brown**
*Limited Liability Company*                                 (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/03/2014 | 1 | COMPLAINT against All Defendants by California Department of Toxic Substances Control, Toxic Substances Control Account. (Filing fee $ 400, receipt number 0972−5207641) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Civil Cover Sheet)(Heller, Thomas) (Entered: 03/03/2014) |
| 03/04/2014 | 2 | SUMMONS ISSUED as to *Continental Rail, Inc., Jim Dobbas, Inc., Pacific Wood Preserving, David Van Over, West Coast Wood Preserving, LLC* with answer to complaint due within *21* days. Attorney *Thomas Gerald Heller* *State of California, Office of the Attorney General* *300 South Spring Street, Suite 1702* *Los Angeles, CA 90013*. (Kastilahn, A) (Entered: 03/04/2014) |
| 03/04/2014 | 3 | CIVIL NEW CASE DOCUMENTS ISSUED; Initial Scheduling Conference set for 6/9/2014 at 02:00 PM in Courtroom 5 (WBS) before Senior Judge William B. Shubb. (Attachments: # 1 Consent Form, # 2 VDRP) (Kastilahn, A) (Entered: 03/04/2014) |
| 03/21/2014 | 4 | WAIVER of SERVICE RETURNED EXECUTED: West Coast Wood Preserving, LLC Waiver sent on 3/14/2014, answer due 5/13/2014. (Heller, Thomas) (Entered: 03/21/2014) |
| 03/21/2014 | 5 | CERTIFICATE of SERVICE for 3 Civil New Case Documents for WBS by plaintiffs. (Heller, Thomas) Modified on 3/24/2014 (Marciel, M) (Entered: 03/21/2014) |
| 04/18/2014 | 6 | WAIVER of SERVICE RETURNED EXECUTED: Jim Dobbas, Inc. Waiver sent on 3/14/2014. (Heller, Thomas) Modified on 4/21/2014 (Mena−Sanchez, L). (Entered: 04/18/2014) |
| 04/18/2014 | 7 | CERTIFICATE of SERVICE by California Department of Toxic Substances Control, Toxic Substances Control Account re 3 Civil New Case Documents for WBS. (Heller, Thomas) (Entered: 04/18/2014) |
| 04/18/2014 | 8 | WAIVER of SERVICE RETURNED EXECUTED: David Van Over Waiver sent on 3/14/2014. (Heller, Thomas) Modified on 4/21/2014 (Mena−Sanchez, L). (Entered: 04/18/2014) |
| 04/18/2014 | 9 | CERTIFICATE of SERVICE by California Department of Toxic Substances Control, Toxic Substances Control Account re 3 Civil New Case Documents for WBS. (Heller, Thomas) (Entered: 04/18/2014) |
| 05/01/2014 | 10 | STIPULATION to Extend Defendant Jim Dobbas, Inc.'s Time to Respond to Complaint by Jim Dobbas, Inc. Attorney King, Jennifer Hartman added. (King, Jennifer) (Entered: 05/01/2014) |
| 05/02/2014 | 11 | SUMMONS RETURNED EXECUTED: Continental Rail, Inc. served on 4/17/2014. (Heller, Thomas) (Entered: 05/02/2014) |
| 05/12/2014 | 12 | SUMMONS RETURNED EXECUTED: Pacific Wood Preserving served on 4/27/2014, answer due 5/19/2014. (Heller, Thomas) (Entered: 05/12/2014) |
| 05/12/2014 | 13 | STIPULATION to Extend Defendant David Van Over's Time to Respond to the Complaint by California Department of Toxic Substances Control, Toxic Substances Control Account. (Heller, Thomas) (Entered: 05/12/2014) |
| 05/13/2014 | 14 | STIPULATION To Extend Time To Respond To Complaint Re: Defendant West Coast Wood Preserving, LLC by West Coast Wood Preserving, LLC. Attorney Brown, Lester Owen added. (Brown, Lester) (Entered: 05/13/2014) |
| 05/23/2014 | 15 | JOINT STATUS REPORT by California Department of Toxic Substances Control, Toxic Substances Control Account. (Heller, Thomas) (Entered: 05/23/2014) |
| 05/30/2014 | 16 | REQUEST FOR ENTRY OF DEFAULT as to Continental Rail, Inc. by California Department of Toxic Substances Control, Toxic Substances Control Account. (Attachments: # 1 Declaration of Thomas G. Heller, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Proof of Service) (Heller, Thomas) (Entered: 05/30/2014) |
| 05/30/2014 | 17 | REQUEST FOR ENTRY OF DEFAULT as to Pacific Wood Preserving by California Department of Toxic Substances Control, Toxic Substances Control Account. |

| | | (Attachments: # 1 Declaration of Thomas G. Heller, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Proof of Service) (Heller, Thomas) (Entered: 05/30/2014) |
|---|---|---|
| 06/02/2014 | 18 | CLERK'S ENTRY OF DEFAULT as to *Continental Rail, Inc.* (Michel, G) (Entered: 06/02/2014) |
| 06/02/2014 | 19 | CLERK'S ENTRY OF DEFAULT as to *Pacific Wood Preserving*. (Michel, G) (Entered: 06/02/2014) |
| 06/02/2014 | 20 | STATUS (PRETRIAL SCHEDULING) ORDER signed by Senior Judge William B. Shubb on 5/30/2014: Parties shall serve Initial Disclosures by no later than 7/30/2014. All Discovery shall be conducted so as to be completed by 3/30/2016. Disclosure of Expert Witnesses is due no later than 4/29/2016. All Motions to be filed by 9/2/2016. Final Pretrial Conference set for 11/7/2016 at 2:00 PM and Bench Trial set for 1/4/2017 at 9:00 AM in Courtroom 5 (WBS). (Marciel, M) (Entered: 06/02/2014) |
| 06/04/2014 | 21 | CERTIFICATE OF SERVICE re 18 Clerk's Entry of Default, 19 Clerk's Entry of Default, 20 Status (Pretrial Scheduling) Order by California Department of Toxic Substances Control, Toxic Substances Control Account. (Heller, Thomas) Modified on 6/5/2014 (Michel, G). (Entered: 06/04/2014) |
| 06/10/2014 | 22 | ANSWER with Jury Demand by West Coast Wood Preserving, LLC.(Brown, Lester) (Entered: 06/10/2014) |
| 06/10/2014 | 23 | ANSWER with Jury Demand, CROSSCLAIM against Pacific Wood Preserving, Continental Rail, Inc., David Van Over, West Coast Wood Preserving, LLC by Jim Dobbas, Inc.., COUNTERCLAIM against California Department of Toxic Substances Control, Toxic Substances Control Account by Jim Dobbas, Inc.. by Jim Dobbas, Inc.. (Attachments: # 1 Jim Dobbas Inc.'s Counterclaim, # 2 Exhibit A to Counterclaim, # 3 Exhibit B to Counterclaim, # 4 Jim Dobbas Inc.'s Cross−Claims, # 5 Exhibit A to Cross−Claim)(King, Jennifer) Modified on 6/12/2014 (Zignago, K.). (Entered: 06/10/2014) |
| 06/10/2014 | 24 | ANSWER with Jury Demand, CROSS−CLAIM against Pacific Wood Preserving, West Coast Wood Preserving, LLC by David Van Over. by David Van Over. (Attachments: # 1 Proposed Order) (Manzer, C) Modified on 9/13/2019 (Kirksey Smith, K). (Entered: 06/12/2014) |
| 06/10/2014 | 42 | [DISREGARD SEE ECF NO. 55] PROPOSED ORDER granting access to electronic filing by David Van Over. (Michel, G) Modified on 10/10/2014 (Shaddox−Waldrop, A). (Entered: 09/08/2014) |
| 06/24/2014 | 25 | NOTICE of Errata to 23 Counterclaim by Jim Dobbas, Inc. (King, Jennifer) Modified on 6/25/2014 (Zignago, K.). (Entered: 06/24/2014) |
| 07/01/2014 | 26 | STIPULATION extending time to respond to Counterclaim of defendant Jim Dobbas, Inc. by California Department of Toxic Substances Control. (Beck, Dennis) Modified on 7/2/2014 (Marciel, M) (Entered: 07/01/2014) |
| 07/07/2014 | 27 | MOTION TO DISMISS; MOTION TO STRIKE by California Department of Toxic Substances Control, Toxic Substances Control Account. Motion Hearing SET for 8/25/2014 at 02:00 PM in Courtroom 5 (WBS) before Senior Judge William B. Shubb. (Attachments: # 1 Memorandum of Points and Authorities, # 2 Proposed Order, # 3 Proof of Service) (Heller, Thomas) Modified on 7/8/2014 (Michel, G). (Entered: 07/07/2014) |
| 07/07/2014 | 28 | STIPULATION FOR EXTENSION OF TIME to respond to the 24 Counterclaim by West Coast Wood Preserving, LLC. (Attachments: # 1 Signataure Page) (Brown, Lester) Modified on 7/8/2014 (Michel, G). (Entered: 07/07/2014) |
| 07/07/2014 | 29 | STIPULATION FOR EXTENSION OF TIME to respond to the 23 Crossclaim by West Coast Wood Preserving, LLC. (Brown, Lester) Modified on 7/8/2014 (Michel, G). (Entered: 07/07/2014) |
| 07/07/2014 | 30 | NOTICE OF ERRATA re 28 Stipulation for Extension of Time by West Coast Wood Preserving, LLC. (Attachments: # 1 Exhibit 1) (Brown, Lester) Modified on 7/8/2014 (Michel, G). (Entered: 07/07/2014) |

| 08/04/2014 | 31 | ANSWER with Jury Demand, CROSSCLAIM against Jim Dobbas, Inc. by West Coast Wood Preserving, LLC. by West Coast Wood Preserving, LLC.(Brown, Lester) (Entered: 08/04/2014) |
|---|---|---|
| 08/04/2014 | 32 | ANSWER with Jury Demand, CROSSCLAIM against David Van Over by West Coast Wood Preserving, LLC. by West Coast Wood Preserving, LLC.(Brown, Lester) (Entered: 08/04/2014) |
| 08/07/2014 | 33 | STIPULATION and PROPOSED ORDER to Continue Hearing on Plaintiffs' 27 Motion to Dismiss Counterclaim and to Strike Portions of Answers, by Jim Dobbas, Inc.. (King, Jennifer) Modified on 8/8/2014 (Kastilahn, A). (Entered: 08/07/2014) |
| 08/11/2014 | 34 | STIPULATION and ORDER signed by Senior Judge William B. Shubb on 8/8/14 re 27 Motion to Dismiss/Motion to Strike : Motion Hearing reset for 9/8/2014 at 02:00 PM in Courtroom 5 (WBS) before Senior Judge William B. Shubb. (Manzer, C) (Entered: 08/11/2014) |
| 08/19/2014 | 35 | STIPULATION and PROPOSED ORDER to 27 strike portions of West Coast Preserving, LLC's Answer. (Attachments: # 1 Proof of Service) (Heller, Thomas) Modified on 8/20/2014 (Marciel, M) (Entered: 08/19/2014) |
| 08/20/2014 | 36 | STIPULATION and ORDER signed by Senior Judge William B. Shubb on 8/20/14 ORDERING that WCWP's demand for a jury trial and prayer for attorney's fees are stricken from WCWP's Answer to Plaintiffs' Complaint; WCWP's Fifth (Laches), Tenth (Minimal Contribution), Eleventh (Waiver), and Twelfth (Failure to Mitigate) Affirmative Defenses are stricken from WCWP's Answer to Plaintiffs' Complaint; and If WCWP is found to be liable to Plaintiffs in this case, nothing in this stipulation shall affect WCWP's rights under 42 U.S.C. section 9613(f)(1) with respect to the Court's allocation of response costs in resolving contribution claims among liable persons. This stipulation does not resolve the portions of the Motion that concern the counterclaim and answer of Defendant Jim Dobbas, Inc. and the answer of Defendant David Van Over. Therefore, the Motion remains set for hearing at the above date and time. (Becknal, R) (Entered: 08/20/2014) |
| 08/21/2014 | 37 | STIPULATION extending time to respond to West Coast Wood Preserving's 23 Crossclaim by Jim Dobbas, Inc.. (King, Jennifer) Modified on 8/25/2014 (Marciel, M) (Entered: 08/21/2014) |
| 08/22/2014 | 38 | OPPOSITION by Jim Dobbas, Inc. to 27 Motion to DismissMotion to Strike. (King, Jennifer) (Entered: 08/22/2014) |
| 08/28/2014 | 40 | SUMMONS RETURNED UNEXECUTED as to Continental Rail, Inc. (Manzer, C) (Entered: 08/29/2014) |
| 08/29/2014 | 39 | REPLY by California Department of Toxic Substances Control, Toxic Substances Control Account re 38 Opposition to Motion, 27 Motion to DismissMotion to Strike. (Attachments: # 1 Proof of Service)(Heller, Thomas) (Entered: 08/29/2014) |
| 09/08/2014 | 41 | MINUTES (Text Only) for proceedings held before Senior Judge William B. Shubb: MOTION HEARING held on 9/8/2014 re 27 Plaintiffs' Motion to Dismiss Defendant Jim Dobbas, Inc.'s Counterclaim, and to Strike Portions of Answers of Defendants Jim Dobbas, Inc., David Van Over and West Coast Wood Preserving, LLC. Counsel argue. Court grants defendant David Van Over's request for leave to file an opposition and orders the opposition to be filed no later than 9/29/2014. Plaintiffs' reply shall be filed no later than 10/6/2014. Plaintiffs' Motion to Strike Portions of Answer of Defendant David Van Over 27 is reset for 10/20/2014 at 02:00 PM in Courtroom 5 (WBS) before Senior Judge William B. Shubb. Plaintiff's counsel, Thomas Heller, is granted leave to appear by telephone on 10/20/2014. Court takes the motion as to the remaining defendants UNDER SUBMISSION. Court shall prepare and issue a separate order. Plaintiffs Counsel Thomas Heller (via telephone), Dennis Beck, Jr. present. Defendants Counsel Jennife Hartman King, David Van Over (pro per), Lester Brown present. Court Reporter: Kathy Swinhart. (Kirksey Smith, K) (Entered: 09/08/2014) |
| 09/08/2014 | | SERVICE BY MAIL: MINUTES (TEXT ONLY) of 9/8/2014 motion hearing, served on David Van Over. (Kirksey Smith, K) (Entered: 09/08/2014) |
| 09/16/2014 | 43 | ORDER signed by Senior Judge William B. Shubb on 9/16/14 DENYING 27 Motion to Dismiss and GRANTING in part and DENYING in part 27 Motion to Strike. Jim |

| | | |
|---|---|---|
| | | Dobbas, Inc. has 20 days to file an amended answer if it can do so consistent with this order. (Manzer, C) (Entered: 09/16/2014) |
| 09/16/2014 | | SERVICE BY MAIL: 43 Order on Motions served on David Van Over. (Manzer, C) (Entered: 09/16/2014) |
| 09/22/2014 | 44 | NOTICE of APPEARANCE by Jennifer Hartman King on behalf of Jim Dobbas, Inc.. (King, Jennifer) (Entered: 09/22/2014) |
| 09/25/2014 | 45 | AMENDED ANSWER and Jury Demand to Plaintiffs California Department of Toxic Substances Control and the Toxic Substances Control Account Complaint by Jim Dobbas, Inc.(King, Jennifer) Modified on 9/26/2014 (Becknal, R). (Entered: 09/25/2014) |
| 09/25/2014 | 46 | ANSWER and Jury Demands to West Coast Wood Preserving, LLC's Crossclaim by Jim Dobbas, Inc.(King, Jennifer) Modified on 9/26/2014 (Becknal, R). (Entered: 09/25/2014) |
| 09/29/2014 | 48 | OPPOSITION to 27 Motion to Strike by Defendant David Van Over. (Michel, G) (Entered: 09/30/2014) |
| 09/30/2014 | 47 | ANSWER to 23 Counterclaim by California Department of Toxic Substances Control, Toxic Substances Control Account. (Beck, Dennis) Modified on 10/1/2014 (Michel, G). (Entered: 09/30/2014) |
| 10/02/2014 | 49 | MOTION for Leave to File Counterclaim by West Coast Wood Preserving, LLC. Motion Hearing set for 11/3/2014 at 02:00 PM in Courtroom 5 (WBS) before Senior Judge William B. Shubb. (Attachments: # 1 Declaration of Lester O. Brown, # 2 Exhibit A to Brown Declaration, # 3 Proposed Order)(Brown, Lester) (Entered: 10/02/2014) |
| 10/02/2014 | 50 | MOTION for Leave to File Third Party Complaint by West Coast Wood Preserving, LLC. Motion Hearing set for 11/3/2014 at 02:00 PM in Courtroom 5 (WBS) before Senior Judge William B. Shubb. (Attachments: # 1 Declaration of Lester O. Brown, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Proposed Order)(Brown, Lester) Modified on 10/3/2014 (Reader, L). (Entered: 10/02/2014) |
| 10/02/2014 | 51 | [DISREGARD SEE ECF NO. 55] PROPOSED ORDER to allow defendant permission to file electronically by David Van Over. (Reader, L) Modified on 10/10/2014 (Shaddox−Waldrop, A). (Entered: 10/03/2014) |
| 10/06/2014 | 52 | REPLY by plaintiffs to defendants' 48 Opposition to Motion to Dismiss and to Strike. (Attachments: # 1 Proof of Service) (Heller, Thomas) Modified on 10/7/2014 (Marciel, M) (Entered: 10/06/2014) |
| 10/06/2014 | 53 | WITHDRAWAL of 50 Motion for Leave to file Third−Party Complaint by West Coast Wood Preserving, LLC. (Brown, Lester) Modified on 10/7/2014 (Marciel, M) (Entered: 10/06/2014) |
| 10/06/2014 | 54 | MINUTE ORDER (TEXT ONLY): Pursuant to the Withdrawal of Motion 53 , the Motion for Leave to File Third Party Complaint 50 filed by West Coast Wood Preserving, LLC is WITHDRAWN. The 11/3/2014 hearing for the Motion 50 is VACATED. (Shaddox−Waldrop, A) (Entered: 10/06/2014) |
| 10/06/2014 | | SERVICE BY MAIL: 54 Minute Order served on David Van Over. (Shaddox−Waldrop, A) (Entered: 10/06/2014) |
| 10/09/2014 | 55 | EX PARTE APPLICATION and PROPOSED ORDER by defendant David Van Over for permission to file and receive documents electronically. (Marciel, M) Modified on 10/15/2014 (Kaminski, H). (Entered: 10/10/2014) |
| 10/10/2014 | 56 | STATEMENT of NON−OPPOSITION TO EX PARTE APPLICATION by Defendant West Coast Wood Preserving, LLC re 55 Proposed Order. (Brown, Lester) (Entered: 10/10/2014) |
| 10/10/2014 | 57 | STATEMENT of Non−Opposition by Plaintiffs California Department of Toxic Substances Control, Toxic Substances Control Account, Counter Defendants California Department of Toxic Substances Control, Toxic Substances Control Account re 55 Proposed Order. (Attachments: # 1 Proof of Service)(Beck, Dennis) |

| | | (Entered: 10/10/2014) |
|---|---|---|
| 10/10/2014 | 58 | STATEMENT of Non−Opposition to Van Over's Ex Parte Application Requesting Permission to File and Receive Documents Electronically by Defendant Jim Dobbas, Inc. re 55 Proposed Order. (King, Jennifer) (Entered: 10/10/2014) |
| 10/10/2014 | 59 | REQUEST for Telephonic Appearance by Jennifer Hartman King at Hearing by Jim Dobbas, Inc. re 27 Motion to DismissMotion to Strike filed by California Department of Toxic Substances Control, Toxic Substances Control Account. (Attachments: # 1 Proposed Order)(King, Jennifer) (Entered: 10/10/2014) |
| 10/15/2014 | 60 | ORDER signed by Senior Judge William B. Shubb on 10/14/14: 59 Request to appear telephonically at the hearing on October 20, 2014 be, and the same hereby is, DENIED. (Kaminski, H) (Entered: 10/15/2014) |
| 10/15/2014 | 61 | ORDER granting 55 EX PARTE APPLICATION for permission to file and receive documents electronically signed by Senior Judge William B. Shubb on 10/14/14. (Kaminski, H) (Entered: 10/15/2014) |
| 10/16/2014 | 62 | ORDER signed by Senior Judge William B. Shubb on 10/16/2014 GRANTING 27 Plaintiffs' motion to strike the jury demand of defendant David van Over, GRANTING 27 Plaintiffs' motion to strike the prayer for attorney's fees of defendant David van Over and DENYING 27 Plaintiffs' motion to strike David van Over affirmative defenses with respect to the ninth, tenth, and thirty−four affirmative defenses and GRANTED in all other aspects. David Van Over has 20 days from the date of this order to file an amended answer and counterclaim consistent with this order. (Donati, J) (Entered: 10/16/2014) |
| 10/16/2014 | 63 | MINUTE ORDER (TEXT ONLY): In light of the 10/16/2014 Order 62 , the 10/20/2014 hearing on the Plaintiffs' Motion to Strike Portions of Answer of Defendant David Van Over 27 is VACATED. (Shaddox−Waldrop, A) (Entered: 10/16/2014) |
| 10/17/2014 | 64 | STATEMENT of NON−OPPOSITION by California Department of Toxic Substances Control, Toxic Substances Control Account to 49 MOTION for Leave to File Counterclaim. (Beck, Dennis) (Entered: 10/17/2014) |
| 10/20/2014 | 65 | STATEMENT of NON−OPPOSITION by Jim Dobbas, Inc. to 49 MOTION for Leave to File Counterclaim. (King, Jennifer) (Entered: 10/20/2014) |
| 10/23/2014 | 66 | ORDER signed by Senior Judge William B. Shubb on 10/22/14 ORDERING that WCWP's MOTION for Leave to file Counterclaim 49 is GRANTED. (Mena−Sanchez, L) (Entered: 10/23/2014) |
| 10/27/2014 | 67 | COUNTERCLAIM against All Plaintiffs by West Coast Wood Preserving, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Brown, Lester) (Entered: 10/27/2014) |
| 11/14/2014 | 68 | MOTION for LEAVE to AMEND 1 COMPLAINT by plaintiffs. Motion Hearing set for 12/15/2014 at 2:00 PM in Courtroom 5 (WBS) before Senior Judge William B. Shubb. (Attachments: # 1 Memorandum of Points and Authorities, # 2 Declaration of Thomas G. Heller, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Proposed Order, # 9 Proof of Service) (Heller, Thomas) Modified on 11/26/2014 (Marciel, M) (Entered: 11/14/2014) |
| 11/18/2014 | 69 | ANSWER by California Department of Toxic Substances Control, Toxic Substances Control Account.(Heller, Thomas) (Entered: 11/18/2014) |
| 11/25/2014 | 70 | STATEMENT of NON−OPPOSITION by defendant West Coast Wood Preserving, LLC to 68 Motion for Leave to Amend 1 Complaint. (Brown, Lester) Modified on 11/26/2014 (Marciel, M) (Entered: 11/25/2014) |
| 11/26/2014 | 71 | STATEMENT of NON−OPPOSITION by defendant Jim Dobbas, Inc. to plaintiffs' 68 Motion for Leave to Amend 1 Complaint. (King, Jennifer) Modified on 12/1/2014 (Marciel, M) (Entered: 11/26/2014) |
| 12/01/2014 | 72 | STATEMENT of NON−OPPOSITION by David Van Over to 68 Motion for Leave to Amend 1 Complaint. (Van Over, PRO−SE E−FILER, David) (Entered: 12/01/2014) |

| 12/08/2014 | 73 | REQUEST for JUDICIAL NOTICE by California Department of Toxic Substances Control in re 68 Motion to Amend the Complaint/Petition. (Attachments: # 1 Exhibit A, # 2 Proof of Service)(Beck, Dennis) Modified on 12/9/2014 (Zignago, K.). (Entered: 12/08/2014) |
| --- | --- | --- |
| 12/08/2014 | 74 | NOTICE of Errata by California Department of Toxic Substances Control, Toxic Substances Control Account. (Attachments: # 1 Exhibit A − Request for Judicial Notice, # 2 Proof of Service)(Beck, Dennis) (Entered: 12/08/2014) |
| 12/10/2014 | 75 | ORDER signed by Senior Judge William B. Shubb on 12/10/2014 GRANTING 68 Plaintiffs' Motion for leave to file a First Amended Complaint. (Kirksey Smith, K) (Entered: 12/10/2014) |
| 12/10/2014 | 76 | MINUTE ORDER (TEXT ONLY): Pursuant to the Court's 75 Order filed 12/10/2014, the parties are hereby notified that the hearing date on 68 Plaintiffs' Motion for Leave to File First Amended Complaint set for 12/15/2014 is VACATED. (Kirksey Smith, K) (Entered: 12/10/2014) |
| 12/11/2014 | 77 | FIRST AMENDED COMPLAINT against All Defendants by California Department of Toxic Substances Control, Toxic Substances Control Account. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Heller, Thomas) (Entered: 12/11/2014) |
| 12/12/2014 | 78 | SUMMONS ISSUED as to *Collins & Aikman Products, LLC* with answer to complaint due within *21* days. Attorney *Thomas Gerald Heller* *State of California, Office of the Attorney General* *300 South Spring Street, Suite 1702* *Los Angeles, CA 90013*. (Verduzco, M) (Entered: 12/12/2014) |
| 12/15/2014 | 79 | MOTION for SUMMARY JUDGMENT by West Coast Wood Preserving, LLC. Motion Hearing set for 1/26/2015 at 2:00 PM in Courtroom 5 (WBS) before Senior Judge William B. Shubb. (Attachments: # 1 Statement of Undisputed Facts, # 2 Declaration of Stephen Ryan, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Proposed Order) (Brown, Lester) Modified on 12/16/2014 (Reader, L). (Attachment 3 replaced on 12/18/2014) (Kaminski, H). (Entered: 12/15/2014) |
| 12/15/2014 | 80 | DECLARATION of Lester O. Brown in SUPPORT OF 79 MOTION for SUMMARY JUDGMENT. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V, # 23 Exhibit W, # 24 Exhibit X, # 25 Exhibit Y, # 26 Exhibit Z)(Brown, Lester) Modified on 12/16/2014 (Reader, L). (Entered: 12/15/2014) |
| 12/15/2014 | 81 | REQUEST for JUDICIAL NOTICE by West Coast Wood Preserving, LLC in re 79 Motion for Summary Judgment,. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit M, # 13 Exhibit N)(Brown, Lester) Modified on 12/16/2014 (Reader, L). (Entered: 12/15/2014) |
| 12/16/2014 | 82 | NOTICE OF ERRATA Exhibit L Mislabeled as Exhibit M Inadvertently omitted by West Coast Wood Preserving, LLC re 81 Request for Judicial Notice. (Attachments: # 1 Exhibit L − Request for Judicial Notice, # 2 Exhibit M − Request for Judicial Notice)(Brown, Lester) Modified on 12/17/2014 (Reader, L). (Entered: 12/16/2014) |
| 12/16/2014 | 83 | REQUEST for Removal and Replacement of Incorrectly Filed Document by West Coast Wood Preserving, LLC re 79 MOTION for SUMMARY JUDGMENT filed by West Coast Wood Preserving, LLC. (Attachments: # 1 Corrected Exhibit A − Ryan Declaration, # 2 Proposed Order, # 3 Corrected 79−3 attached to Proposed Order)(Brown, Lester) (Entered: 12/16/2014) |
| 12/18/2014 | 84 | ORDER signed by Senior Judge William B. Shubb on 12/17/14: The Clerk of the Court shall remove Docket Number 79−3, and replace it with the corrected version, a copy of which is attached to this Order. (Kaminski, H) (Entered: 12/18/2014) |
| 12/24/2014 | 85 | ANSWER with Jury Demand by Jim Dobbas, Inc.. Attorney Gleason, Nicole R. added.(Gleason, Nicole) (Entered: 12/24/2014) |

| 12/30/2014 | 86 | STIPULATION and PROPOSED ORDER for Continuance of Hearing re 79 MOTION for SUMMARY JUDGMENT by California Department of Toxic Substances Control, Toxic Substances Control Account. (Heller, Thomas) (Entered: 12/30/2014) |
|---|---|---|
| 12/31/2014 | 87 | MOTION FOR LEAVE to file an Amended Cross−Claim AMEND by Jim Dobbas, Inc. Motion Hearing SET for 2/9/2015 at 02:00 PM in Courtroom 5 (WBS) before Senior Judge William B. Shubb. (Attachments: # 1 Memorandum of Points and Authorities, # 2 Declaration of Jennifer Hartman King, # 3 Exhibit A, # 4 Exhibit B, # 5 Proposed Order) (King, Jennifer) Modified on 1/5/2015 (Michel, G). (Entered: 12/31/2014) |
| 01/05/2015 | 88 | STIPULATION and ORDER signed by Senior Judge William B. Shubb on 12/31/14 ORDERING that the hearing on the MOTION for SUMMARY JUDGMENT 79 is CONTINUED to 2/9/2015 at 02:00 PM in Courtroom 5 (WBS) before Senior Judge William B. Shubb. All oppositions must be filed and served by 1/23/2015, and any reply must be filed and served by 1/30/2015. (Kastilahn, A) (Entered: 01/05/2015) |
| 01/05/2015 | 89 | ANSWER by West Coast Wood Preserving, LLC.(Brown, Lester) (Entered: 01/05/2015) |
| 01/05/2015 | 90 | MOTION for Leave to File Crossclaim Against Collins & Aikman Products, LLC by West Coast Wood Preserving, LLC. Motion Hearing set for 2/9/2015 at 02:00 PM in Courtroom 5 (WBS) before Senior Judge William B. Shubb. (Attachments: # 1 Declaration of Lester O. Brown, # 2 Proposed Order)(Brown, Lester) (Entered: 01/05/2015) |
| 01/05/2015 | 91 | NOTICE by The Corporation Trust Company stating they are unable to accept service for Continental Rail, Inc.. (Zignago, K.) (Entered: 01/06/2015) |
| 01/06/2015 | 92 | SUMMONS RETURNED EXECUTED: Collins & Aikman Products, LLC served on 12/18/2014, answer due 1/8/2015. (Heller, Thomas) (Entered: 01/06/2015) |
| 01/07/2015 | 93 | CERTIFICATE of SERVICE by California Department of Toxic Substances Control, Toxic Substances Control Account re 77 Amended Complaint. (Heller, Thomas) (Entered: 01/07/2015) |
| 01/09/2015 | 94 | PROPOSED ORDER re Motion for Leave to file a First Amended Crossclaim Judge William B. Shubb by David Van Over. (Attachments: # 1 MOTION FOR LEAVE to file a First Amended Crossclaim, # 2 Proposed First Amended Crossclaim) (Van Over, PRO−SE E−FILER, David) Modified on 1/12/2015 (Michel, G). (Entered: 01/09/2015) |
| 01/20/2015 | 95 | STIPULATION and PROPOSED ORDER to further continue hearing on 79 Motion for Summary Judgment by plaintiffs. (Heller, Thomas) Modified on 1/21/2015 (Marciel, M) (Entered: 01/20/2015) |
| 01/23/2015 | 96 | STATEMENT of NON−OPPOSITION by California Department of Toxic Substances Control, Toxic Substances Control Account to 90 MOTION for Leave to File Crossclaim Against Collins & Aikman Products, LLC, 94 Motion for Leave to file a First Amended Crossclaim, 87 Motion for Leave to file an Amended Cross−Claim. (Beck, Dennis) (Entered: 01/23/2015) |
| 01/23/2015 | 97 | STIPULATION and ORDER 95 signed by Senior Judge William B. Shubb on 1/23/2015 continuing 79 Defendant West Coast Wood Preserving, LLC's Motion for Summary Judgment to 3/9/2015 at 02:00 PM in Courtroom 5 (WBS) before Senior Judge William B. Shubb. All opposition papers to the motion shall be filed and served (via CM/ECF or mail) by 2/20/2015. Any reply papers shall be filed and served (via CM/ECF or mail) by 2/27/2015. (Kirksey Smith, K) (Entered: 01/23/2015) |
| 01/26/2015 | 98 | STATEMENT of NON−OPPOSITION by Jim Dobbas, Inc. to 90 MOTION for Leave to File Crossclaim Against Collins & Aikman Products, LLC, 94 Motion for Leave to file a First Amended Crossclaim. (Gleason, Nicole) (Entered: 01/26/2015) |
| 02/04/2015 | 99 | ORDER signed by Senior Judge William B. Shubb on 2/3/2015 ORDERING that Defendant Jim Dobbas, Inc.'s 87 motion for leave to file a First Amendment Cross−Claim is GRANTED. Defendant West Coast Wood Preserving's 90 motion for leave to file an amended Answer including new cross−claims is GRANTED. |

| | | Defendant David van Over's 94 motion for leave to file a First Amendment Cross−Claim is GRANTED. (Zignago, K.) (Entered: 02/04/2015) |
|---|---|---|
| 02/06/2015 | 100 | MINUTE ORDER (TEXT ONLY): The Court, having issued an 99 Order ruling on 87 Defendant Jim Dobbas, Inc's Motion for Leave to File First Amended Cross−Claim and 90 Defendant West Coast Wood Preserving, LLC's Motion for Leave to File Cross−claim Against Collins & Aikman Products, LLC, hereby VACATES the motion hearing date of 2/9/2015. No appearance is necessary. (Kirksey Smith, K) (Entered: 02/06/2015) |
| 02/11/2015 | 101 | FIRST AMENDED CROSSCLAIM to DTSC's 1 COMPLAINT against Collins & Aikman Products, LLC; Continental Rail, Inc.; Pacific Wood Preserving; David Van Over; and West Coast Wood Preserving, LLC by Jim Dobbas, Inc.; DEMAND for Jury Trial. (King, Jennifer) Modified on 2/12/2015 (Marciel, M) (Entered: 02/11/2015) |
| 02/12/2015 | 102 | SUMMONS ISSUED as to *Collins & Aikman Products, LLC; Continental Rail, Inc.; Pacific Wood Preserving; David Van Over* with answer to complaint due within *21* days. Attorney *Jennifer Hartman King* *King Williams & Gleason LLP* *520 Capitol Mall, Suite 750* *Sacramento, CA 95814* (Marciel, M) (Entered: 02/12/2015) |
| 02/12/2015 | 103 | NOTICE of LODGING of Administrative Record by California Department of Toxic Substances Control, Toxic Substances Control Account. (Attachments: # 1 Exhibit 1 − Certification and Index, # 2 Proof of Service) (Heller, Thomas) Modified on 2/13/2015 (Marciel, M) (Entered: 02/12/2015) |
| 02/13/2015 | | ACKNOWLEDGEMENT of RECEIPT for 103 Administrative Record − DVD from plaintiffs' counsel Thomas Heller. (Marciel, M) (Entered: 02/13/2015) |
| 02/16/2015 | 104 | NOTICE OF ASSOCIATION OF COUNSEL by California Department of Toxic Substances Control, Toxic Substances Control Account. Attorney Zuckerman, Laura J. ADDED. (Zuckerman, Laura) Modified on 2/17/2015 (Michel, G.). (Entered: 02/16/2015) |
| 02/20/2015 | 105 | ***DISREGARD*** OPPOSITION by Jim Dobbas, Inc. to 79 Motion for Summary Judgment. (King, Jennifer) (Entered: 02/20/2015) |
| 02/20/2015 | 106 | CLERK'S NOTICE re 105 Opposition to Motion: Please DISREGARD filing − Document filed in error. (Marrujo, C) (Entered: 02/20/2015) |
| 02/20/2015 | 107 | OPPOSITION by California Department of Toxic Substances Control, Toxic Substances Control Account to 79 Motion for Summary Judgment. (Attachments: # 1 Response to Statement of Undisputed Facts)(Heller, Thomas) (Entered: 02/20/2015) |
| 02/20/2015 | 108 | DECLARATION of Peter MacNicholl in OPPOSITION TO 79 Motion for Summary Judgment. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15)(Heller, Thomas) (Entered: 02/20/2015) |
| 02/20/2015 | 109 | DECLARATION of Laura J. Zuckerman in OPPOSITION TO 79 Motion for Summary Judgment. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12)(Heller, Thomas) (Entered: 02/20/2015) |
| 02/20/2015 | 110 | REQUEST for JUDICIAL NOTICE by California Department of Toxic Substances Control, Toxic Substances Control Account in re 107 Opposition to Motion. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Heller, Thomas) (Entered: 02/20/2015) |
| 02/20/2015 | 111 | RESPONSE by California Department of Toxic Substances Control, Toxic Substances Control Account to 81 Request for Judicial Notice,. (Heller, Thomas) (Entered: 02/20/2015) |
| 02/20/2015 | 112 | CERTIFICATE of SERVICE by California Department of Toxic Substances Control, Toxic Substances Control Account re 110 Request for Judicial Notice, 109 Declaration, 107 Opposition to Motion, 108 Declaration, 111 Response. (Heller, Thomas) (Entered: 02/20/2015) |

| | | |
|---|---|---|
| 02/20/2015 | 113 | PARTIAL JOINDER by Jim Dobbas, Inc. in Opposition to 79 Motion for Summary Judgment and partial statement of non−opposition. (King, Jennifer) Modified on 2/23/2015 (Becknal, R). (Entered: 02/20/2015) |
| 02/27/2015 | 114 | NOTICE of Change of Designation of Counsel for Service by All Plaintiffs. (Zuckerman, Laura) (Entered: 02/27/2015) |
| 02/27/2015 | 115 | REPLY by West Coast Wood Preserving, LLC(Limited Liability Company) re 79 Motion for Summary Judgment. (Attachments: # 1 Declaration of Elaina Jackson, # 2 Declaration of Darrel Nicholas, # 3 Declaration Supplemental of Lester O. Brown)(Brown, Lester) (Entered: 02/27/2015) |
| 03/02/2015 | 116 | MOTION for SUMMARY JUDGMENT by Jim Dobbas, Inc.. Motion Hearing set for 4/6/2015 at 02:00 PM in Courtroom 5 (WBS) before Senior Judge William B. Shubb. (Attachments: # 1 Points and Authorities, # 2 Statement of Undisputed Facts In Support, # 3 Proposed Order)(King, Jennifer) Modified on 3/3/2015 (Meuleman, A). (Entered: 03/02/2015) |
| 03/02/2015 | 117 | REQUEST to Further Continue Hearing on West Coast Wood Preserving's Motion for Summary Judgment by Jim Dobbas, Inc. re 97 Stipulation and Order. (King, Jennifer) Modified on 3/3/2015 (Meuleman, A). (Entered: 03/02/2015) |
| 03/03/2015 | 118 | STATEMENT of Non−Opposition to Continuance Request by Plaintiff California Department of Toxic Substances Control re 117 Request. (Zuckerman, Laura) (Entered: 03/03/2015) |
| 03/03/2015 | 119 | ORDER signed by Senior Judge William B. Shubb on 3/3/2015 GRANTING 117 Defendant Jim Dobbas' Request to Continue Motion Hearing : Good cause appearing, IT IS HEREBY ORDERED that the hearing on 79 Defendant West Coast Preserving, LLC's motion for summary judgment currently scheduled for 3/9/2015, be, and the same hereby is, CONTINUED to 4/6/2015, at 2:00 p.m. in Courtroom 5 (WBS) before Senior Judge William B. Shubb. (Kirksey Smith, K) (Entered: 03/03/2015) |
| 03/05/2015 | 120 | STIPULATION and [PROPOSED] ORDER for Continuation of Summary Judgment Motion Hearing 79 Due to Settlement In Principle. (Brown, Lester) Modified on 3/9/2015 (Mena−Sanchez, L). (Entered: 03/05/2015) |
| 03/06/2015 | 121 | STIPULATION and ORDER 79 signed by Senior Judge William B. Shubb on 3/6/2015 resetting Defendant West Coast Wood Preserving, LLC's Motion for Summary Judgment on 7/27/2015 at 02:00 PM in Courtroom 5 (WBS) before Senior Judge William B. Shubb. The Court further sets a hearing date on the Motion to Approve the Consent Decree for 7/13/2015 at 02:00 PM in Courtroom 5 (WBS) before Senior Judge William B. Shubb. (Kirksey Smith, K) (Entered: 03/06/2015) |
| 03/18/2015 | 122 | STIPULATION and PROPOSED ORDER for Continuation of Hearing Due to Settlement in Principle re 116 MOTION for SUMMARY JUDGMENT by California Department of Toxic Substances Control, Toxic Substances Control Account. (Beck, Dennis) (Entered: 03/18/2015) |
| 03/19/2015 | 123 | STIPULATION and ORDER 122 signed by Senior Judge William B. Shubb on 3/19/2015 DENYING request to continue Dobbas' Motion for Summary Judgment: The court cannot continue the hearing on this motion for the length of time requested. The motion remains scheduled for hearing at 2:00 p.m. on 4/6/2015. If the parties do not wish to submit the motion for decision at that time, they may alternatively agree that the motion be withdrawn, without prejudice to being refiled at a later date consistent with the court's Pretrial Scheduling Order. (Kirksey Smith, K) (Entered: 03/19/2015) |
| 03/19/2015 | 124 | STIPULATION AND ORDER FOR WITHDRAWAL of 116 MOTION for SUMMARY JUDGMENT by Jim Dobbas, Inc. supported by Stipulated Request and Proposed Order filed by Defendant Jim Dobbas, Inc. and Plaintiffs (Gleason, Nicole) Modified on 3/19/2015 (Kirksey Smith, K). (Entered: 03/19/2015) |
| 03/20/2015 | 125 | STIPULATION and ORDER signed by Senior Judge William B. Shubb on 3/20/2015. ORDERING defendant Jim Dobbas' 116 Motion for Summary Judgment WITHDRAWN WITHOUT PREJUDICE to being refiled at a later date consistent with the Court's Pretrial Scheduling Order. The 4/6/2015 motion hearing date before |

SER344

| | | |
|---|---|---|
| | | Judge Shubb is VACATED. (Shaddox−Waldrop, A) (Entered: 03/20/2015) |
| 03/25/2015 | 126 | REQUEST FOR ENTRY OF DEFAULT as to Collins & Aikman Products, LLC by California Department of Toxic Substances Control. (Zuckerman, Laura) (Entered: 03/25/2015) |
| 03/25/2015 | 127 | DECLARATION of Laura J. Zuckerman re 126 Request for Entry of Default. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Zuckerman, Laura) (Entered: 03/25/2015) |
| 03/25/2015 | 128 | CERTIFICATE of SERVICE by California Department of Toxic Substances Control re 126 Request for Entry of Default, 127 Declaration. (Zuckerman, Laura) (Entered: 03/25/2015) |
| 03/26/2015 | 129 | CLERK'S ENTRY OF DEFAULT as to *Collins & Aikman Products, LLC* (Kaminski, H) (Entered: 03/26/2015) |
| 05/10/2015 | 130 | ANSWER with Jury Demand by David Van Over.(Van Over, PRO−SE E−FILER, David) (Entered: 05/10/2015) |
| 06/02/2015 | 131 | NOTICE of Lodging of Proposed Consent Decree with Defendant West Coast Wood Preserving, LLC by California Department of Toxic Substances Control, Toxic Substances Control Account. (Attachments: # 1 Proposed Consent Decree)(Beck, Dennis) (Entered: 06/02/2015) |
| 06/15/2015 | 132 | SUMMONS RETURNED UNEXECUTED as to Continental Rail, Inc. Process attempted upon The Corporation Trust Company but Continental Rail, Inc. is inactive. (Meuleman, A) (Entered: 06/16/2015) |
| 07/06/2015 | 133 | STIPULATION and PROPOSED ORDER for Continue Hearing on Motion to Approve Consent Decree Between Plaintiffs and Defendant West Coast Wood Preserving, LLC and Vacate Hearing on Defendant West Coast Wood Preserving, LLC's Motion for Summary Judgment by California Department of Toxic Substances Control, Toxic Substances Control Account. (Beck, Dennis) (Entered: 07/06/2015) |
| 07/10/2015 | 134 | STIPULATION and ORDER signed by Senior Judge William B. Shubb on 7/9/15. Hearing set for Motion to Approve the Consent Decree on 8/24/2015 at 02:00 PM in Courtroom 5 (WBS) before Senior Judge William B. Shubb. The 7/27/15 hearing on the Motion for Summary Judgment is VACATED. (Manzer, C) (Entered: 07/10/2015) |
| 07/15/2015 | 135 | NOTICE of LODGING Proposed Consent Decree with defendant Jim Dobbas, Inc. by plaintiffs. (Attachments: # 1 Proposed Consent Decree) (Zuckerman, Laura) Modified on 7/16/2015 (Marciel, M) (Entered: 07/15/2015) |
| 07/23/2015 | 136 | NOTICE of Association of Counsel and Request to Remove Dennis L. Beck, Jr., from Service List, by California Department of Toxic Substances Control, Toxic Substances Control Account. (Zuckerman, Laura) (Entered: 07/23/2015) |
| 07/24/2015 | 137 | MOTION for JUDICIAL APPROVAL *of Consent Decree Between Plaintiffs and West Coast Wood Preserving, LLC* by California Department of Toxic Substances Control. Motion Hearing set for 8/24/2015 at 02:00 PM in Courtroom 5 (WBS) before Senior Judge William B. Shubb. (Attachments: # 1 Memorandum of Points and Authorities, # 2 Declaration of Peter MacNicholl)(Karlin, Olivia) Modified on 7/27/2015 (Reader, L). (Entered: 07/24/2015) |
| 08/24/2015 | 138 | MINUTES (Text Only) for proceedings before Senior Judge William B. Shubb: MOTION HEARING held on 8/24/2015 re 137 Plaintiffs' MOTION for JUDICIAL APPROVAL Consent Decree. Counsel argue. MOTION SUBMITTED. The Court shall prepare and issue a separate order. Plaintiffs Counsel Laura Zuckerman present. Defendants Counsel Lester Brown present. Court Reporter: Kimberly Bennett. (Kirksey Smith, K) (Entered: 08/24/2015) |
| 08/25/2015 | 139 | MEMORANDUM AND ORDER RE: MOTION FOR ORDER APPROVING CONSENT DECREE signed by Senior Judge William B. Shubb on 8/24/15 ORDERING that plaintiffs' motion for approval of the Consent Decree be, and the same hereby is, GRANTED. IT IS FURTHER ORDERED that all claims for contribution or indemnity against West Coast Wood Preserving, LLC arising out of response costs incurred at the Elmira Site be, and the same hereby are, DISMISSED pursuant to 42 U.S.C. § 9613(f)(2). (Becknal, R) (Entered: 08/25/2015) |

| 09/02/2015 | 140 | CERTIFICATE of SERVICE by Jim Dobbas, Inc.. (Gleason, Nicole) (Entered: 09/02/2015) |
|---|---|---|
| 09/16/2015 | 141 | CONSENT DECREE between plaintiffs and defendant West Coast Wood Preserving, LLC signed by Senior Judge William B. Shubb on 9/15/15. (Kaminski, H) (Entered: 09/16/2015) |
| 09/18/2015 | 142 | MOTION for Judicial Approval of Consent Decree between Plaintiffs and Defendant Jim Dobbas, Inc. Motion Hearing SET for 10/19/2015 at 02:00 PM in Courtroom 5 (WBS) before Senior Judge William B. Shubb. (Zuckerman, Laura) Modified on 9/23/2015 (Mena−Sanchez, L). (Entered: 09/18/2015) |
| 09/18/2015 | 143 | MEMORANDUM of Points and Authorities by Plaintiffs in SUPPORT of 142 MOTION for Judicial Approval of Consent Decree. (Zuckerman, Laura) Modified on 9/23/2015 (Mena−Sanchez, L). (Entered: 09/18/2015) |
| 09/18/2015 | 144 | DECLARATION of Peter MacNicholl in SUPPORT OF 142 MOTION for Judicial Approval of Consent Decree. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Zuckerman, Laura) Modified on 9/23/2015 (Mena−Sanchez, L). (Entered: 09/18/2015) |
| 09/18/2015 | 145 | MINUTE ORDER (TEXT ONLY): The parties are hereby notified that the 142 Plaintiffs' Motion for Judicial Approval of Consent Decree Between Plaintiffs and Jim Dobbas, Inc. is improperly noticed on an unavailable motion date. The motion shall be heard on 11/2/2015 at 02:00 PM in Courtroom 5 (WBS) before Senior Judge William B. Shubb. Counsel for plaintiff is instructed to immediately file and serve an amended notice of motion setting forth the above−referenced date and time, or the motion shall be stricken. The parties are further instructed to review Judge Shubb's calendaring information on the court's website for available hearing dates prior to filing any motions. (Kirksey Smith, K) (Entered: 09/18/2015) |
| 09/18/2015 | 146 | AMENDED MOTION re 142 MOTION for Judicial Approval of Consent Decree by Plaintiffs. Motion Hearing SET for 11/2/2015 at 02:00 PM in Courtroom 5 (WBS) before Senior Judge William B. Shubb. (Zuckerman, Laura) Modified on 9/23/2015 (Mena−Sanchez, L). (Entered: 09/18/2015) |
| 11/02/2015 | 147 | MINUTE ORDER (TEXT ONLY): The parties are hereby notified 146 Plaintiffs' Amended Motion for Judicial Approval of Consent Decree Between Plaintiffs and *Jim Dobbas, Inc. is continued from 11/2/2016 to 11/16/2015 at 01:30 PM in Courtroom 5 (WBS) before Senior Judge William B. Shubb. (Kirksey Smith, K) *Modified on 11/2/2015 (Kirksey Smith, K). (Entered: 11/02/2015) |
| 11/13/2015 | 148 | MINUTE ORDER (TEXT ONLY): On the Court's own motion, the parties are hereby notified that 146 Plaintiffs' Amended Motion for Judicial Approval of Consent Decree Between Plaintiffs and Jim Dobbas, Inc. now set for hearing on 11/16/2015 is taken off calendar and under submission, no appearance is necessary. The Court shall issue a separate order. (Kirksey Smith, K) (Entered: 11/13/2015) |
| 11/16/2015 | 149 | MEMORANDUM AND ORDER signed by Senior Judge William B. Shubb on 11/13/15 ORDERING that granting 146 Motion for Approval of the Consent Decree between plaintiffs and Jim Dobbas, Inc. is GRANTED; all claims for contribution or indemnit against Jim Dobbas, Inc. arising out of response costs incurred at the Elmira Site are DISMISSED pursuant to 42 U.S.C. § 9613(f)(2). (Benson, A) (Entered: 11/16/2015) |
| 11/18/2015 | 150 | CONSENT DECREE BETWEEN PLAINTIFFS AND DEFENDANT JIM DOBBAS, INC. signed by Senior Judge William B. Shubb on 11/17/15. (Benson, A) (Entered: 11/18/2015) |
| 11/18/2015 | 151 | ORDER signed by Senior Judge William B. Shubb on 11/17/15 ORDERING that, pursuant to the 150 Consent Decree, that Jim Dobbas, Inc.'s 23 , 25 counterclaims against plaintiffs are DISMISSED. (Benson, A) (Entered: 11/18/2015) |
| 01/19/2016 | 152 | STIPULATION and PROPOSED ORDER for Extension of Cut−Off Dates and Trial by California Department of Toxic Substances Control, Toxic Substances Control Account. (Zuckerman, Laura) (Entered: 01/19/2016) |

| 01/20/2016 | 153 | STIPULATION AND ORDER signed by Senior Judge William B. Shubb on 1/19/2016 ORDERING that fact discovery be completed by 8/3/2016; ORDERING that expert reports be due on 8/31/2016; ORDERING that expert discovery be completed by 10/31/2016; ORDERING that motions be filed by 1/6/2017; CONTINUING the Final Pretrial Conference to 3/13/2017 at 01:30 PM in Courtroom 5 (WBS) before Senior Judge William B. Shubb; CONTINUING the Trial to 5/9/2017 at 09:00 AM in Courtroom 5 (WBS) before Senior Judge William B. Shubb. (Michel, G.) (Entered: 01/20/2016) |
|---|---|---|
| 12/15/2016 | 154 | STIPULATION and PROPOSED ORDER for Extension of Cut−Off Dates and Trial by California Department of Toxic Substances Control, Toxic Substances Control Account. (Zuckerman, Laura) (Entered: 12/15/2016) |
| 12/19/2016 | 155 | STIPULATION and ORDER signed by Senior Judge William B. Shubb on 12/16/16 ORDERING that the Motion filing deadline is EXTENDED to 5/5/2017, the Final Pretrial Conference is EXTENDED to 7/17/2017 at 01:30 PM, and the Trial is EXTENDED to 9/12/2017 at 09:00 AM. (Kastilahn, A) (Entered: 12/19/2016) |
| 05/05/2017 | 156 | MOTION for PARTIAL SUMMARY JUDGMENT on the Liability of Defendant David Van Over by CA Dept. of Toxic Substances Control, Toxic Substances Control Account. Motion Hearing set for 6/12/2017 at 01:30 PM in Courtroom 5 (WBS) before Senior Judge William B. Shubb. (Zuckerman, Laura) Modified on 5/8/2017 (Reader, L). (Entered: 05/05/2017) |
| 05/05/2017 | 157 | DECLARATION of Olivia W. Karlin in Support of 156 Motion for Partial Summary Judgment. (Attachments: # 1 Exhibit A)(Zuckerman, Laura) Modified on 5/8/2017 (Reader, L). (Entered: 05/05/2017) |
| 05/05/2017 | 158 | DECLARATION of Jason Xiao in Support of 156 Motion for Partial Summary Judgment. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Zuckerman, Laura) Modified on 5/8/2017 (Reader, L). (Entered: 05/05/2017) |
| 05/05/2017 | 159 | STATEMENT of Undisputed Facts and Conclusions of Law by Plaintiffs CA Dept of Toxic Substances Control, Toxic Substances Control Account re 156 Motion for Partial Summary Judgment. (Zuckerman, Laura) Modified on 5/8/2017 (Reader, L). (Entered: 05/05/2017) |
| 05/05/2017 | 160 | NOTICE of Lodging [Proposed] Order by CA Dept of Toxic Substances Control, Toxic Substances Control Account re 156 Motion for Partial Summary Judgment. (Zuckerman, Laura) Modified on 5/8/2017 (Reader, L). (Entered: 05/05/2017) |
| 05/05/2017 | 161 | DECLARATION of Deena Stanley in Support of 156 Motion for Partial Summary Judgment. (Attachments: # 1 Exhibit A , # 2 Exhibit B, # 3 Exhibit C)(Karlin, Olivia) Modified on 5/8/2017 (Reader, L). (Entered: 05/05/2017) |
| 05/05/2017 | 162 | PROPOSED ORDER re 156 Motion for Partial Summary Judgment by CA Dept of Toxic Substances Control. (Karlin, Olivia) Modified on 5/8/2017 (Reader, L). (Entered: 05/05/2017) |
| 05/05/2017 | 163 | MEMORANDUM of Points and Authorities by CA Dept of Toxic Substances Control, Toxic Substances Control Account in Support of 156 Motion for Partial Summary Judgment. (Zuckerman, Laura) Modified on 5/8/2017 (Reader, L). (Entered: 05/05/2017) |
| 06/07/2017 | 164 | NOTICE to RESCHEDULE HEARING on 156 Motion for Partial Summary Judgment: Motion Hearing set for 6/12/2017 at 01:30 PM in Courtroom 5 (WBS) before Senior Judge William B. Shubb. (Van Over, PRO−SE E−FILER, David) (Entered: 06/07/2017) |
| 06/07/2017 | 165 | STIPULATION and PROPOSED ORDER for Continuance of June 12, 2017 Hearing Date re 156 Motion for Partial Summary Judgment. by California Department of Toxic Substances Control, Toxic Substances Control Account. (Zuckerman, Laura) (Entered: 06/07/2017) |
| 06/08/2017 | 166 | STIPULATION and ORDER signed by Senior Judge William B. Shubb on 06/08/17 ORDERING that the following dates are RESET re 156 Motion for Partial Summary Judgment: Van Over Opposition due 06/16/17; reply due 06/26/17; and Motion Hearing is RESET for 7/10/2017 at 01:30 PM in Courtroom 5 (WBS) before Sen |

| | | |
|---|---|---|
| | | Judge William B. Shubb. (Benson, A) (Entered: 06/08/2017) |
| 06/12/2017 | 167 | MINUTE ORDER (TEXT ONLY): On the Court's own motion, the parties are hereby notified that the Final Pretrial Conference is reset for 8/28/2017 at 01:30 PM in Courtroom 5 (WBS) before Senior Judge William B. Shubb. The Court Trial is reset for 10/24/2017 at 09:00 AM in Courtroom 5 (WBS) before Senior Judge William B. Shubb. (Kirksey Smith, K) (Entered: 06/12/2017) |
| 06/21/2017 | 168 | RESPONSE by David Van Over to 156 Motion for Partial Summary Judgment, 162 Proposed Order, 160 Notice. (Van Over, PRO−SE E−FILER, David) (Entered: 06/21/2017) |
| 06/26/2017 | 169 | REPLY by California Department of Toxic Substances Control, Toxic Substances Control Account re 156 Motion for Partial Summary Judgment. (Zuckerman, Laura) (Entered: 06/26/2017) |
| 07/06/2017 | 170 | ORDER signed by Senior Judge William B. Shubb on 7/6/17, ORDERING that 156 Motion for Partial Summary Judgment is GRANTED as follows: (1) Defendant Van Over is jointly and severally liable for costs plaintiffs incurred and may incur in the future in responding to the release and threatened release of hazardous chemicals at the Elmira site, to the extent recovery of such costs is authorized under CERCLA; (2) The amount of past response costs plaintiffs are authorized to recover under CERCLA is yet to be determined. (Kastilahn, A) (Entered: 07/06/2017) |
| 07/31/2017 | 171 | STIPULATION and PROPOSED ORDER for Extension of Pretrial Dates and Trial by California Department of Toxic Substances Control, Toxic Substances Control Account. (Zuckerman, Laura) (Entered: 07/31/2017) |
| 08/01/2017 | 172 | STIPULATION and ORDER signed by Senior Judge William B. Shubb on 7/31/2017 ORDERING the Final Pretrial Conference CONTINUED to 1/16/2018 at 01:30 PM in Courtroom 5 (WBS) before Senior Judge William B. Shubb; and the Bench Trial CONTINUED to 3/13/2018 at 09:00 AM in Courtroom 5 (WBS) before Senior Judge William B. Shubb. (Washington, S) (Entered: 08/01/2017) |
| 10/30/2017 | 173 | NOTICE OF LODGING by California Department of Toxic Substances Control. (Attachments: # 1 Proposed Consent Decree)(Karlin, Olivia) Modified on 10/31/2017 (Washington, S). (Entered: 10/30/2017) |
| 12/26/2017 | 174 | STIPULATION and PROPOSED ORDER for Extension of Pretrial Dates and Trial; Declaration of Laura J. Zuckerman, by California Department of Toxic Substances Control, Toxic Substances Control Account. (Zuckerman, Laura) Modified on 12/27/2017 (Kastilahn, A). (Entered: 12/26/2017) |
| 12/27/2017 | 175 | STIPULATION and ORDER for continuance of pretrial dates 174 signed by Senior Judge William B. Shubb on 12/27/2017 resetting the Pretrial Conference date for 4/9/2018 at 01:30 PM in Courtroom 5 (WBS) before Senior Judge William B. Shubb. The Bench Trial is reset for 6/5/2018 at 09:00 AM in Courtroom 5 (WBS) before Senior Judge William B. Shubb. (Kirksey Smith, K) (Entered: 12/27/2017) |
| 02/15/2018 | 176 | NOTICE of LODGING of Proposed Consent Decree by California Department of Toxic Substances Control. (Attachments: # 1 Proposed Consent Decree)(Karlin, Olivia) Modified on 2/15/2018 (Benson, A.). (Entered: 02/15/2018) |
| 02/16/2018 | 177 | MOTION to APPROVE CONSENT JUDGMENT Between Plaintiffs and Defendant David Van Over by California Department of Toxic Substances Control, Toxic Substances Control Account. Motion Hearing set for 3/19/2018 at 01:30 PM in Courtroom 5 (WBS) before Senior Judge William B. Shubb. (Zuckerman, Laura) Modified on 2/20/2018 (Fabillaran, J). (Entered: 02/16/2018) |
| 02/16/2018 | 178 | DECLARATION of William Beckman in support of 177 Motion to Approve Consent Judgment. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Zuckerman, Laura) Modified on 2/20/2018 (Fabillaran, J). (Entered: 02/16/2018) |
| 02/16/2018 | 179 | MEMORANDUM by California Department of Toxic Substances Control, Toxic Substances Control Account in support of 177 Motion to Approve Consent Judgment. (Zuckerman, Laura) Modified on 2/20/2018 (Fabillaran, J). (Entered: 02/16/2018) |

| 03/21/2018 | 180 | MINUTES (Text Only) for proceedings before Senior Judge William B. Shubb: MOTION HEARING Re: 177 Motion for Judicial Approval of Consent Decree between Plaintiffs and defendant David Van Over held on 3/19/2018. No appearance by defendant David Van Over. Plaintiff's counsel informs the Court that defendant has no opposition to the motion. After further discussion with plaintiff's counsel, the Court found that the proposed consent decree is procedurally and substantively fair and APPROVED the settlement. Matter submitted. Court to issue separate order. Plaintiffs' Counsel Laura Zuckerman present. Defendant Not present. Court Reporter: Kelly O'Halloran. (Kirksey Smith, K) (Entered: 03/21/2018) |
|---|---|---|
| 03/21/2018 | 181 | MEMORANDUM AND ORDER signed by Senior Judge William B. Shubb on 3/20/2018 ORDERING that plaintiffs' 177 Motion for Judicial Approval of the Consent Decree between plaintiffs and Van Over is GRANTED; all claims for contribution against Van Over arising out of response costs incurred at the Site are, DISMISSED pursuant to 42 U.S.C. § 9613(f)(2). (Becknal, R) Modified on 9/13/2019 (Kirksey Smith, K). (Entered: 03/21/2018) |
| 03/28/2018 | 182 | CONSENT DECREE between Plaintiffs and Defendant David Van Over, signed by Senior Judge William B. Shubb on 3/27/18. (Kastilahn, A) (Entered: 03/28/2018) |
| 05/25/2018 | 183 | ABSTRACT OF JUDGMENT ISSUED. (Hunt, G) (Entered: 05/25/2018) |
| 08/21/2019 | 184 | MOTION for DEFAULT JUDGMENT by California Department of Toxic Substances Control, Toxic Substances Control Account. Motion Hearing set for 9/23/2019 at 01:30 PM in Courtroom 5 (WBS) before Senior Judge William B. Shubb. (Zuckerman, Laura) (Entered: 08/21/2019) |
| 08/21/2019 | 185 | MEMORANDUM by California Department of Toxic Substances Control, Toxic Substances Control Account in SUPPORT of 184 Motion for Default Judgment. (Zuckerman, Laura) (Entered: 08/21/2019) |
| 08/21/2019 | 186 | DECLARATION of Robin McGinnis in support of 184 Motion for Default Judgment. (Zuckerman, Laura) (Entered: 08/21/2019) |
| 08/21/2019 | 187 | DECLARATION of Anthony Westlake in support of 184 Motion for Default Judgment. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Zuckerman, Laura) (Entered: 08/21/2019) |
| 08/21/2019 | 188 | DECLARATION of Jason Xiao in support of 184 Motion for Default Judgment. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Zuckerman, Laura) (Entered: 08/21/2019) |
| 08/21/2019 | 189 | DECLARATION of McKinley Lewis, Jr. in support of 184 Motion for Default Judgment. (Attachments: # 1 Exhibit A, Part 1, # 2 Exhibit A, Part 2, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N)(Zuckerman, Laura) (Entered: 08/21/2019) |
| 08/21/2019 | 190 | DECLARATION of Laura J. Zuckerman in support of 184 Motion for Default Judgment. (Attachments: # 1 Exhibit A)(Zuckerman, Laura) (Entered: 08/21/2019) |
| 08/21/2019 | 191 | PROPOSED ORDER re Granting re 184 Motion for Default Judgment. (Zuckerman, Laura) (Entered: 08/21/2019) |
| 08/21/2019 | 192 | MINUTE ORDER (TEXT ONLY): The parties are hereby notified that 184 Plaintiffs' Motion for Default Judgment has been improperly noticed before Senior District Senior Judge William B. Shubb, and therefore, the 9/23/2019 hearing date is VACATED. Pursuant to Local Rule *302(c)(19), this motion shall be heard before the assigned Magistrate Judge, Edmund F. Brennan. The filer is instructed to contact Magistrate Judge Brennan's courtroom clerk for an available hearing date. (Kirksey Smith, K) *Modified on 8/21/2019 (Kirksey Smith, K). (Entered: 08/21/2019) |
| 08/21/2019 | 193 | CERTIFICATE of SERVICE by California Department of Toxic Substances Control, Toxic Substances Control Account re 185 Memorandum in Support of Motion, 189 Declaration, 191 Proposed Order, 187 Declaration, 184 Motion for Default Judgment, 188 Declaration, 190 Declaration, 186 Declaration. (Zuckerman, Laura) (Entered: 08/21/2019) |

| 08/21/2019 | 194 | NOTICE to RESCHEDULE HEARING on 184 Motion for Default Judgment : Motion Hearing set for 9/25/2019 at 10:00 AM in Courtroom 8 (EFB) before Magistrate Judge Edmund F. Brennan. (Zuckerman, Laura) (Entered: 08/21/2019) |
|---|---|---|
| 08/21/2019 | 195 | CERTIFICATE of SERVICE by California Department of Toxic Substances Control, Toxic Substances Control Account re 194 Notice to Reschedule Hearing on Motion. (Zuckerman, Laura) (Entered: 08/21/2019) |
| 09/18/2019 | 196 | MOTION to INTERVENE and to VACATE DEFAULT by The Travelers Indemnity Company. Attorney Potente, Alexander Eugene added. Motion Hearing set for 10/21/2019 at 01:30 PM before Senior Judge William B. Shubb. (Potente, Alexander) Modified on 9/19/2019 (Huang, H). (Entered: 09/18/2019) |
| 09/18/2019 | 197 | DECLARATION of Alexander E. Potente in support of 196 Motion to Intervene and to Vacate Default. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Potente, Alexander) Modified on 9/19/2019 (Huang, H). (Entered: 09/18/2019) |
| 09/18/2019 | 198 | EX PARTE APPLICATION for Order to Continue 184 Motion for Default Hearing or for Order Shortening Time for 196 Motion to Intervene and to Vacate Default Hearing by The Travelers Indemnity Company. (Potente, Alexander) Modified on 9/19/2019 (Huang, H). (Entered: 09/18/2019) |
| 09/19/2019 | 199 | OPPOSITION by California Department of Toxic Substances Control, Toxic Substances Control Account to 198 Ex Parte Application. (Zuckerman, Laura) (Entered: 09/19/2019) |
| 09/19/2019 | 200 | DECLARATION of Laura J. Zuckerman re 199 Opposition to Motion. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Zuckerman, Laura) (Entered: 09/19/2019) |
| 09/19/2019 | 201 | CERTIFICATE of SERVICE by California Department of Toxic Substances Control, Toxic Substances Control Account re 199 Opposition to Motion, 200 Declaration. (Zuckerman, Laura) (Entered: 09/19/2019) |
| 09/19/2019 | 202 | JOINDER by The Continental Insurance Company in re 196 Motion to Intervene and Vacate Default filed by The Travelers Indemnity Company. Attorney Thorpe, Sara M. added. (Thorpe, Sara) (Entered: 09/19/2019) |
| 09/19/2019 | 203 | JOINDER by The Continental Insurance Company in re 198 Ex Parte Application. (Thorpe, Sara) Modified on 9/20/2019 (Huang, H). (Entered: 09/19/2019) |
| 09/20/2019 | 204 | REPLY by The Travelers Indemnity Company to 198 Ex Parte Application. (Potente, Alexander) (Entered: 09/20/2019) |
| 09/20/2019 | 205 | MOTION to INTERVENE and SET ASIDE DEFAULT by The Continental Insurance Company. Motion Hearing set for 10/21/2019 at 01:30 PM in Courtroom 5 (WBS) before Senior Judge William B. Shubb. (Attachments: # 1 Declaration, # 2 Exhibit)(Thorpe, Sara) Modified on 9/23/2019 (Coll, A). (Entered: 09/20/2019) |
| 09/23/2019 | 206 | MINUTE ORDER: Proposed Intervenor The Traveler Indemnity Company's Ex Parte Application for an order to continue hearing on Pltfs' Motion for Default Judgment 196 is GRANTED in part. The 9/25/2019 hearing re: Pltfs' Motion for Default Judgment 184 is VACATED pending the resolution of the Motions to Intervene 196 , 205 . If necessary, Pltfs' Motion for Default Judgment will be placed back on the Court's calendar via Minute Order and the parties will be notified accordingly. Ordered by Magistrate Judge Edmund F. Brennan on 9/23/2019. (Text only entry)(Cannarozzi, N) (Entered: 09/23/2019) |
| 09/23/2019 | 207 | NOTICE of RELATED CASE 2:19−cv−01892 by The Travelers Indemnity Company. (Potente, Alexander) (Entered: 09/23/2019) |
| 09/26/2019 | 208 | ORDER RELATING CASES signed by Senior Judge William B. Shubb on 9/25/2019 ORDERING that cases 2:14−cv−0595 WBS EFB and 2:19−cv−1892 KJM AC are RELATED. Case No. 2:19−cv−1892, is reassigned to District Judge William B. Shubb and Magistrate Judge Edmund F. Brennan. (Becknal, R) (Entered: 09/26/2019) |
| 09/27/2019 | 209 | NOTICE OF INTERESTED PARTIES by The Travelers Indemnity Company. (Potente, Alexander) (Entered: 09/27/2019) |

| 10/03/2019 | 210 | STIPULATION and PROPOSED ORDER for Continuance of Hearing re 205 Motion to Intervene and to Set Aside Default by California Department of Toxic Substances Control, Toxic Substances Control Account. (Zuckerman, Laura) (Entered: 10/03/2019) |
| 10/03/2019 | 211 | EX PARTE REQUEST to CONTINUE Hearing on 196 Motion to Intervene and to Vacate Default by California Department of Toxic Substances Control, Toxic Substances Control Account. (Zuckerman, Laura) Modified on 10/4/2019 (York, M). (Entered: 10/03/2019) |
| 10/03/2019 | 212 | CERTIFICATE of SERVICE by California Department of Toxic Substances Control, Toxic Substances Control Account re 211 Ex Parte Application, 210 Stipulation and Proposed Order. (Zuckerman, Laura) (Entered: 10/03/2019) |
| 10/04/2019 | 213 | STIPULATION and ORDER for continuance 210 signed by Senior Judge William B. Shubb on 10/4/2019 resetting 205 The Continental Insurance Company's Motion to Intervene and to Set Aside Default for 12/2/2019 at 01:30 PM in Courtroom 5 (WBS) before Senior Judge William B. Shubb. *Because the Travelers Indemnity Company does not join in the stipulation to continue the hearing, the hearing on its motion to intervene and vacate the default remains set for 10/21/2019. (Kirksey Smith, K) *Modified on 10/4/2019 (Kirksey Smith, K). (Entered: 10/04/2019) |
| 10/04/2019 | 214 | OPPOSITION by Intervenor The Travelers Indemnity Company to 211 Ex Parte Application. (Attachments: # 1 Declaration, # 2 Exhibit A)(Potente, Alexander) (Entered: 10/04/2019) |
| 10/07/2019 | 215 | OPPOSITION by California Department of Toxic Substances Control, Toxic Substances Control Account to 196 Motion to Intervene and Vacate Default. (Attachments: # 1 Declaration, # 2 Proof of Service)(Zuckerman, Laura) (Entered: 10/07/2019) |
| 10/11/2019 | 216 | REPLY in support of 196 Motion to Intervene by The Travelers Indemnity Company. (Potente, Alexander) Modified on 10/15/2019 (Huang, H). (Entered: 10/11/2019) |
| 10/17/2019 | 217 | MOTION to INTERVENE as Alleged Insurer of Defendant Collins & Aikman Products, LLC and to VACATE DEFAULT. Attorney Constantinides, Stratton P. added. Motion Hearing set for 12/2/2019 at 01:30 PM in Courtroom 5 (WBS) before Senior Judge William B. Shubb. (Attachments: # 1 Declaration)(Constantinides, Stratton) Modified on 10/18/2019 (Huang, H). (Entered: 10/17/2019) |
| 10/18/2019 | 218 | JOINDER by Allstate Insurance Company re 196 Motion to Intervene. Attorney Quintero, Maria S. added. (Attachments: # 1 Memorandum)(Quintero, Maria) Modified on 10/21/2019 (Coll, A). (Entered: 10/18/2019) |
| 10/18/2019 | 219 | CORPORATE DISCLOSURE STATEMENT by Intervenor Defendant Allstate Insurance Company. (Quintero, Maria) (Entered: 10/18/2019) |
| 10/21/2019 | 220 | MINUTES (Text Only) for proceedings before Senior Judge William B. Shubb: MOTION HEARING held on 10/21/2019 re 196 The Travelers Indemnity Company's Motion to Intervene and to Vacate Default. Counsel argue. MOTION SUBMITTED. The Court shall issue a separate order. Plaintiffs' Counsel Laura Zuckerman present. Defendants' Counsel Alex Potente present; Intervenor's Counsel: Maria Quintero present. Court Reporter: Vicki Britt (Diamond). (Kirksey Smith, K) (Entered: 10/21/2019) |
| 10/22/2019 | 221 | ORDER signed by Senior Judge William B. Shubb on 10/22/2019 DENYING 196 Traveler's Motion to Intervene. (Kirksey Smith, K) (Entered: 10/22/2019) |
| 11/04/2019 | 222 | MOTION to INTERVENE and to VACATE DEFAULT by Allianz Underwriters Insurance Company. Attorney Constantinides, Stratton P. added. Motion Hearing set for 12/2/2019 at 01:30 PM in Courtroom 5 (WBS) before Senior Judge William B. Shubb. (Attachments: # 1 Declaration)(Constantinides, Stratton) Modified on 11/5/2019 (York, M). (Entered: 11/04/2019) |
| 11/08/2019 | 223 | TRANSCRIPT REQUEST by California Department of Toxic Substances Control, Toxic Substances Control Account for proceedings held on 10/21/19 before Judge William B. Shubb. Court Reporter Diamond Court Reporters. (Zuckerman, Laura) (Entered: 11/08/2019) |

| 11/11/2019 | 224 | TRANSCRIPT REQUEST by Travelers for proceedings held on 10/21/19 before Judge William B. Shubb. Court Reporter Diamond Court Reporters. (Constantinides, Stratton) Modified on 11/12/2019 (Benson, A.). (Entered: 11/11/2019) |
| 11/15/2019 | 225 | ASSOCIATION of ATTORNEY: Added attorney Timothy Martin Thornton for California Department of Toxic Substances Control,Timothy Martin Thornton for Toxic Substances Control Account. (Thornton, Timothy) (Entered: 11/15/2019) |
| 11/18/2019 | 226 | TRANSCRIPT of Motion to Intervene and to Vacate Default held on October 21, 2019, before Senior Judge William B. Shubb, filed by Diamond Court Reporters, Phone number 916−498−9288. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction must be filed within 5 court days. Redaction Request due 12/9/2019. Redacted Transcript Deadline set for 12/19/2019. Release of Transcript Restriction set for 2/18/2020. (Rivas, A) (Entered: 11/18/2019) |
| 11/18/2019 | 227 | OPPOSITION by California Department of Toxic Substances Control, Toxic Substances Control Account to 205 Motion to Intervene, 217 Motion to Intervene, 222 Motion to Intervene. (Zuckerman, Laura) (Entered: 11/18/2019) |
| 11/18/2019 | 228 | DECLARATION of Laura Zuckerman in opposition to 205 Motion to Intervene, 217 Motion to Intervene, 222 Motion to Intervene. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Zuckerman, Laura) (Entered: 11/18/2019) |
| 11/18/2019 | 229 | CERTIFICATE of SERVICE by California Department of Toxic Substances Control, Toxic Substances Control Account re 227 Opposition to Motion, 228 Declaration. (Zuckerman, Laura) (Entered: 11/18/2019) |
| 11/25/2019 | 230 | REPLY by Allianz Underwriters Insurance Company re 227 Opposition to Motion. (Constantinides, Stratton) (Entered: 11/25/2019) |
| 11/25/2019 | 231 | REPLY by The Continental Insurance Company re 227 Opposition to Motion. Attorney Constantinides, Stratton P. added. (Constantinides, Stratton) (Entered: 11/25/2019) |
| 11/25/2019 | 232 | REPLY by Century Indemnity Company re 227 Opposition to Motion. (Constantinides, Stratton) (Entered: 11/25/2019) |
| 11/27/2019 | 233 | NOTICE OF INTERESTED PARTIES by Proposed Intervenor The Continental Insurance Company. (Thorpe, Sara) Modified on 12/3/2019 (Benson, A.). (Entered: 11/27/2019) |
| 12/02/2019 | 234 | NOTICE OF INTERESTED PARTIES by Proposed Intervenor Century Indemnity Company. (Constantinides, Stratton) Modified on 12/3/2019 (Benson, A.). (Entered: 12/02/2019) |
| 12/02/2019 | 235 | NOTICE OF INTERESTED PARTIES by Proposed Intervenor Allianz Underwriters Insurance Company. (Constantinides, Stratton) Modified on 12/3/2019 (Benson, A.). (Entered: 12/02/2019) |
| 12/02/2019 | 236 | MINUTES (Text Only) for proceedings before Senior Judge William B. Shubb: MOTION HEARING held on 12/2/2019 re Proposed Intervenor The Continental Insurance Company's 205 Motion to Intervene and to Set Aside Default, Proposed Intervenor Century Indemnity Company's 217 Motion to Intervene and Proposed Intervenors Allianz Underwriters Insurance Company's, Chicago Insurance Company's and Fireman's Fund Insurance Company's 222 Motion to Intervene and to Vacate Default. Counsel argue. MOTION SUBMITTED. The Court shall issue a separate order. Counsel for Plaintiffs: Laura Zuckerman and Timothy Thornton present. Counsel for Proposed Intervenors Allianz Underwriters Insurance Company, Chicago Insurance Company and Fireman's Fund Insurance Company: Thomas Vandenburg present. Counsel for Proposed Intervenor The Continental Insurance Company: Randall Berdan present. Court Reporter: Kacy Barajas. (Michel, G.) (Entered: 12/02/2019) |
| 12/04/2019 | 237 | ORDER signed by Senior Judge William B. Shubb on 12/3/2019 DENYING the motions to intervene and vacate default filed Continental (Docket No. 205 ), Century(Docket No. 217 ), and Allianz (Docket No. 222 ). (Becknal, R) (Entered: |

| | | 12/04/2019) |
|---|---|---|
| 12/18/2019 | 238 | MINUTE ORDER: Plaintiffs' California Department of Toxic Substances Control and the Toxic Substances Control Account Motion for Default Judgment 184 is ordered set for hearing on 1/29/2020 at 10:00 AM in Courtroom 8 (EFB) before Magistrate Judge Edmund F. Brennan. Ordered by Magistrate Judge Edmund F. Brennan on 12/18/2019. (Text only entry)(Cannarozzi, N) (Entered: 12/18/2019) |
| 12/18/2019 | 239 | MINUTE ORDER: (TEXT ONLY): The Court hereby orders a Status Conference Re Further Proceedings set for 3/2/2020 at 01:30 PM in Courtroom 5 (WBS) before Senior Judge William B. Shubb. A joint status report shall be filed no later than 2/18/2020. (Kirksey Smith, K) (Entered: 12/18/2019) |
| 12/23/2019 | 240 | TRANSCRIPT REQUEST by Century Indemnity Company for proceedings held on 12/2/19 before Judge William B. Shubb. Court Reporter Kacy Barajas. (Constantinides, Stratton) (Entered: 12/23/2019) |
| 01/03/2020 | 241 | NOTICE of APPEAL by The Continental Insurance Company as to 237 Order on Motion to Intervene,,. (Filing fee $ 505, receipt number 0972−8649608) (Constantinides, Stratton) (Entered: 01/03/2020) |
| 01/06/2020 | 242 | APPEAL PROCESSED to Ninth Circuit re 241 Notice of Appeal filed by the Continental Insurance Company. Notice of Appeal filed *1/3/2020*, Complaint filed *3/3/2014* and Appealed Order/Judgment filed *12/4/2019*. Court Reporter: *K. Barajas, V. Britt,*. *Fee Status: Paid on 1/3/2020 in the amount of $505.00* (Attachments: # 1 Appeal Information) (Becknal, R) (Entered: 01/06/2020) |
| 01/08/2020 | 243 | USCA CASE NUMBER 20−15029 for 241 Notice of Appeal filed by The Continental Insurance Company. (Donati, J) (Entered: 01/08/2020) |
| 01/17/2020 | 244 | MOTION to STAY by Allianz Underwriters Insurance Company, Century Indemnity Company, The Continental Insurance Company. Motion Hearing set for 2/24/2020 at 01:30 PM in Courtroom 5 (WBS) before Senior Judge William B. Shubb. (Constantinides, Stratton) (Entered: 01/17/2020) |
| 01/23/2020 | 245 | TRANSCRIPT of Proceedings, Motions to Intervene held on December 2, 2019, before Senior Judge William B. Shubb, filed by Court Reporter Kacy Barajas, Phone number 916−426−7640 E−mail kbarajas.csr@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction must be filed within 5 court days. Redaction Request due 2/13/2020. Redacted Transcript Deadline set for 2/24/2020. Release of Transcript Restriction set for 4/23/2020. (Barajas, K) (Entered: 01/23/2020) |
| 01/23/2020 | 246 | MINUTE ORDER: In light of the pending Motion to Stay 244 the 1/29/2020 hearing re: Plaintiffs' California Department of Toxic Substances Control and the Toxic Substances Control Account Motion for Default Judgment 184 is ordered CONTINUED to 3/4/2020 at 10:00 AM in Courtroom 8 (EFB) before Magistrate Judge Edmund F. Brennan. Ordered by Magistrate Judge Edmund F. Brennan on 1/23/2020. (Text only entry)(Cannarozzi, N) (Entered: 01/23/2020) |
| 02/03/2020 | 247 | TRANSCRIPT REQUEST by Allianz Underwriters Insurance Company, Century Indemnity Company, The Continental Insurance Company for proceedings held on 12/2/19 before Judge William B. Shubb. Court Reporter Kacy Barajas. (Constantinides, Stratton) (Entered: 02/03/2020) |
| 02/10/2020 | 248 | OPPOSITION to 244 Motion to Stay by California Department of Toxic Substances Control, Toxic Substances Control Account. (Attachments: # 1 Declaration)(Zuckerman, Laura) Modified on 2/10/2020 (York, M). (Entered: 02/10/2020) |
| 02/10/2020 | 249 | CERTIFICATE of SERVICE by California Department of Toxic Substances Control, Toxic Substances Control Account re 248 Opposition to Motion. (Zuckerman, Laura) (Entered: 02/10/2020) |
| 02/11/2020 | 250 | TRANSCRIPT REQUEST by California Department of Toxic Substances Control, Toxic Substances Control Account for proceedings held on 12/02/19 before Judge |

| | | |
|---|---|---|
| | | William B. Shubb. Court Reporter Kacy Barajas. (Zuckerman, Laura) (Entered: 02/11/2020) |
| 02/14/2020 | 251 | REPLY by Century Indemnity Company re 248 Opposition to Motion. (Constantinides, Stratton) (Entered: 02/14/2020) |
| 02/18/2020 | 252 | STATUS REPORT by California Department of Toxic Substances Control, Toxic Substances Control Account. (Zuckerman, Laura) (Entered: 02/18/2020) |
| 02/19/2020 | 253 | CERTIFICATE of SERVICE by California Department of Toxic Substances Control, Toxic Substances Control Account re 252 Status Report. (Zuckerman, Laura) (Entered: 02/19/2020) |
| 02/24/2020 | 254 | MINUTES (Text Only) for proceedings before Senior Judge William B. Shubb: MOTION HEARING held on 2/24/2020 re 244 Proposed Intervenors' Motion to Stay Pending Appeal. Counsel argue. MOTION SUBMITTED. The Court shall prepare and issue a separate order. Plaintiffs' Counsel Laura Zuckerman present. Proposed Intervenors's Counsel Thomas Vandenburg present. Court Reporter: Kimberly Bennett. (Kirksey Smith, K) (Entered: 02/24/2020) |
| 02/26/2020 | 255 | ORDER signed by Senior Judge William B. Shubb on 02/25/20 STAYING case; VACATING 03/02/20 status conference. (Benson, A.) (Entered: 02/26/2020) |
| 02/26/2020 | 256 | MINUTE ORDER: In light of the Court's Order 255 staying this matter pending the Proposed Intervenors' appeal, the Clerk is directed to administratively terminate Plaintiff's Motion for Default Judgment 184 . Counsel for Plaintiff may re−notice their motion for default judgment after the stay has been lifted. Ordered by Magistrate Judge Edmund F. Brennan on 2/26/2020. (Text only entry) (Cannarozzi, N) (Entered: 02/26/2020) |
| 10/01/2020 | 257 | ORDER by Chief Judge Kimberly J. Mueller: The Court having considered the equitable division and efficient and economical determination of court business, hereby reassigns this case from Magistrate Judge *Edmund F. Brennan* to *Magistrate Judge Jeremy D. Peterson* for all further proceedings. As of October 1, 2020, Magistrate Judge Jeremy D. Peterson is reassigned to the Sacramento Division of the Eastern District of California. (Zignago, K.) (Entered: 10/01/2020) |